UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EASTERN PROFIT CORPORATION LIMITED,

        Plaintiff,

   v.

STRATEGIC VISION US LLC,

        Defendant.

Civil Action No. 18 CV 2185

---

# DEFENDANT STRATEGIC VISION US LLC'S
# MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO UNSEAL

Respectfully submitted,

PHILLIPS LYTLE LLP
Attorneys for
*Strategic Vision US LLC*
340 Madison Avenue, 17th Floor
New York, New York 10173

David J. McNamara
Heather H. Kidera
– Of Counsel –

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND .................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

POINT I    THE CASE FILE SHOULD BE UNSEALED BECAUSE THERE ARE NO INTERESTS THAT OVERCOME THE STRONG PRESUMPTION OF PUBLIC ACCESS TO JUDICIAL DOCUMENTS ............................................................................................. 2

POINT II   THE CASE FILE SHOULD BE UNSEALED BECAUSE THERE ARE NO EXTRAORDINARY CIRCUMSTANCES THAT JUSTIFY THE EXTREME MEASURE OF SEALING THE ENTIRE CASE ................... 6

CONCLUSION .................................................................................................................... 7

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Bernstein v. Bernstein Litowitz Berger & Grossman LLP*,
    814 F.3d 132 (2d Cir. 2016) ................................................................................................ 3, 4, 5

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
    NO. 14-CV-6867, 2016 WL 1071107 (S.D.N.Y. Jan. 12, 2015) ................................................ 3, 5

*Century Indem. Co. v. Equitas Ins. Ltd.*,
    No. 11 Civ. 1034, 2011 WL 4526672 (S.D.N.Y. Sept. 27, 2011) ................................................ 2

*Doe v. Pub. Citizen*,
    749 F.3d 246 (4th Cir. 2014) ........................................................................................................ 4

*Evolution Markets, Inc. v. Alpental Energy Partners, LLC*,
    221 F. Supp. 3d 361 (S.D.N.Y. 2016) .......................................................................................... 5

*Fed. Trade Comm'n v. Abbvie Prods. LLC*,
    713 F.3d 54 (11th Cir. 2013) ........................................................................................................ 3

*Hartford Courant Co. v. Pellegrino*,
    380 F.3d 83 (2d Cir. 2004) ........................................................................................................... 5

*Newsday LLC v. City of Nassau*,
    730 F.3d 156 (2d Cir. 2013) ......................................................................................................... 3

*Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*,
    No. 14-CV-04394, 2016 WL 7188795 (S.D.N.Y. Dec. 7, 2016) ................................................. 4

*Standard Chartered Bank Int'l (Americas) Ltd. v. Calvo*,
    757 F. Supp. 2d 258 (S.D.N.Y. 2010) ................................................................................ 2, 3, 4, 6

*United States v. Amodeo*,
    71 F.3d 1044 (2d Cir.1995) .......................................................................................................... 4

*United States v. Biaggi (In re N.Y. Times Co.)*,
    828 F.2d 110,116 (2d Cir. 1987) ............................................................................................... 4, 5

*Veleron Holdings, B.V. v. Morgan Stanley*,
    No. 12 Civ. 5966, 2014 WL 1569610 (S.D.N.Y. Apr. 16. 2014) ................................................ 6

*Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*,
    21 F.3d 24 (2d Cir. 1994) ............................................................................................................. 2

**Statutes**

Fed. R. Civ. P. 5.2(d) ............................................................................................................. 2, 3

U.S. Constitution, First Amendment ........................................................................................ 5

## PRELIMINARY STATEMENT

Defendant, Strategic Vision US LLC ("Strategic Vision" or "Defendant"), respectfully submits this memorandum of law in support of its motion to unseal this action (the "Motion"). At the request of plaintiff, Eastern Profit Corporation Limited ("Eastern" or "Plaintiff"), an *ex parte* order sealing this entire action on a preliminary basis was entered at the time the action was commenced. Eastern has not, and cannot, overcome the strong presumption of public access to the documents filed in this action. The only basis alleged by Eastern for sealing this action is a confidentiality provision in a purported private agreement between the parties, which is wholly insufficient. Moreover, there are no extraordinary circumstances that would justify the extreme measure of sealing the entire case file. The Motion should accordingly be granted.

## BACKGROUND

Eastern commenced this action on or about March 12, 2018. *See* Summons and Complaint, attached as Exhibit A to Declaration of Heather H. Kidera dated April 3, 2018 ("Kidera Decl."). Also on or about March 12, 2018, Eastern made a request to file the Complaint and accompanying case-initiating documents under seal. *Id.* ¶3. Neither Strategic Vision nor its counsel was provided with notice that Eastern intended to seek this relief.[1] *Id.* ¶4. The only apparent documentation submitted by Eastern in support of its request is the Complaint, which alleges that the purported contract between Eastern and Strategic Vision "contains a confidentiality clause which prohibits either party from disclosing to any third party the existence of the contract, any work relate to the contract, and the participants in formulating, supervising or executing the contract's provisions."

---

[1] The exact manner in which Eastern made this request is unclear, but it appears that Eastern simply made an oral request to the Court. *Id.* ¶4.

Complaint ¶7. The referenced contract is not attached to the Complaint. *See generally* Complaint.

On March 12, 2018, the Honorable Sidney Stein entered an *ex parte* order (the "Order") granting Eastern's request to file the case-initiating documents under seal on a preliminary basis, with the express limitation that the order was "only until the judge assigned to this action has an opportunity to review this application." *See* Order, attached as Ex. B to Kidera Decl. A search on the CM/ECF system indicates that the entire case file (the "Case File") has been placed under seal. Kidera Decl. ¶7. As a result, in addition to the filed documents themselves, neither the docket sheet nor the case caption is available to be accessed by the public. *Id.*

## ARGUMENT

### POINT I

### THE CASE FILE SHOULD BE UNSEALED BECAUSE THERE ARE NO INTERESTS THAT OVERCOME THE STRONG PRESUMPTION OF PUBLIC ACCESS TO JUDICIAL DOCUMENTS

A central tenet of the American legal system is "a strong presumption of public access to court records." *Standard Chartered Bank Int'l (Americas) Ltd. v. Calvo*, 757 F. Supp. 2d 258, 259-60 (S.D.N.Y. 2010) (quoting *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994)); *see also Century Indem. Co. v. Equitas Ins. Ltd.*, No. 11 Civ. 1034 (NRB), 2011 WL 4526672, at *2 (S.D.N.Y. Sept. 27, 2011) ("[W]hen a party seeks to avail itself of the court system, it must do so consistent with the rules, including public access, of the public forum."). Nevertheless, under certain circumstances, sealing a document from public view may be appropriate. Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction."). Even

- 2 -

where a filing has been sealed, however, a court may subsequently unseal it. *See id.* ("The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."). Here, for the following reasons, the strong presumption of public access to the Case File has not, and cannot, be overcome. Accordingly, there is no basis for the Case File to remain sealed and the Court should grant the Motion.

A presumption of public access applies to all documents that are judicial in nature. *Standard Chartered*, 757 F. Supp. 2d at 260. Judicial documents are "those relevant to the performance of the judicial function and useful in the judicial process." *Id.* To determine whether a document is "judicial," courts look at the "'relevance of the document's specific contents to the nature of the proceeding' and the degree to which 'access to the [document] would materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (alteration & ellipses in original) (quoting *Newsday LLC v. City of Nassau*, 730 F.3d 156, 166-67 (2d Cir. 2013)). Pleadings, such as a complaint, "plainly meet" this test. *Id.* at 140.

Here, the Case File currently consists of the Summons and Complaint and other case-initiating documents, and thus it is indisputably "judicial" in nature. *See, e.g., id.* ("A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.") (quoting *Fed. Trade Comm'n v. Abbvie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)). Likewise, a docket sheet is without question a judicial document. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, NO. 14-CV-

6867 (VEC), 2016 WL 1071107, at *6 (S.D.N.Y. Jan. 12, 2015) ("The ability of the public and press to inspect docket sheets is a critical component to providing meaningful access to civil proceedings. The docket sheet provides onlookers an overview of the court proceedings and allows them to ascertain the parties to the case, the materials that have been filed, and the trial judge's decisions.") (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 268 (4th Cir. 2014)), *aff'd*, 814 F.3d 132 (2d Cir. 2016). Accordingly, the presumption of public access applies to the Case File.

Judicial documents such as the Case File may be sealed only when the presumption of public access is outweighed by "'countervailing factors,' such as '(i) the danger of impairing law enforcement or judicial efficiency and (ii) the privacy interests of those resisting disclosure.'" *Bernstein*, 814 F.3d at 143 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995)). Specific interests in favor of sealing include an ongoing investigation, avoiding risk to a witness, national security, and trade secrets. *Id.* "Moreover, 'the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'" *Standard Chartered*, 757 F. Supp. 2d at 260 (ellipsis in original) (quoting *United States v. Biaggi (In re N.Y. Times Co.)*, 828 F.2d 110, 116 (2d Cir. 1987)).

Here, none of the interests necessary to justify sealing exist. Indeed, the only purported basis for sealing is a provision in an alleged contract (a copy of which has not even been submitted) stating that the existence of the contract should remain confidential. This type of alleged private agreement among the parties is insufficient to overcome the strong presumption of public access to core litigation documents. *See, e.g., Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-04394(AJN)(BCM), 2016 WL 7188795, at *3 (S.D.N.Y. Dec. 7, 2016) (rejecting plaintiff's request to file agreement with

confidentiality provision under seal based on plaintiff's "circular" argument that the agreement "should be kept confidential because it is confidential," and stating that "[t]he existence of such a clause, standing alone, says little about the merits of a later judicial sealing request"); *Evolution Markets, Inc. v. Alpental Energy Partners, LLC*, 221 F. Supp. 3d 361, 371, 373 (S.D.N.Y. 2016) (dismissing defendant's breach of contract counterclaim based on plaintiff's failure to file action under seal where contract contained confidentiality provision extending to the existence of the agreement since "there was no way the contract could bind the Court to enter a sealing order" and "the text of the contract does not contain any sort of information that normally qualifies as a trade secret or that is otherwise entitled to protection from public disclosure in a court of law . . . [defendant] would be hard pressed to establish that this or any court would have permitted the case to be litigated under seal").[2]

For the foregoing reasons, the presumption of public access to the Case File has not, and cannot, be overcome. The Motion should be granted.

---

[2] For certain types of documents, the First Amendment of the Constitution provides additional protection in favor of public access. A court will seal a document that is protected by the First Amendment presumption of access only when sealing "is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein*, 814 F.3d at 144 (quoting *Biaggi*, 828 F.2d at 116). Here, the Case File (consisting of the Complaint and other case-initiating documents) would qualify for additional protection under the First Amendment. *See Bernstein*, 2016 WL 1071107, at *8 ("Two reasons compel the conclusion that the Complaint is protected by the qualified First Amendment presumption of access. First, like docket sheets, access to complaints is 'a necessary corollary of the capacity to attend the relevant proceedings,' which is protected by a qualified First Amendment right.") (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004)). Moreover, no "higher values" have been or could be identified that would outweigh the First Amendment presumption. The Case File should be unsealed on this additional basis.

## POINT II

### THE CASE FILE SHOULD BE UNSEALED BECAUSE THERE ARE NO EXTRAORDINARY CIRCUMSTANCES THAT JUSTIFY THE EXTREME MEASURE OF SEALING THE ENTIRE CASE

As a general matter, the sealing of an entire case file is an extreme measure. *See Veleron Holdings, B.V. v. Morgan Stanley*, No. 12 Civ. 5966(CM), 2014 WL 1569610, at *6 (S.D.N.Y. Apr. 16. 2014) ("Sealing an entire case file, or any significant part of it, is particularly disfavored, because it conceal[s] the very existence of lawsuits from the public. Indeed, that has been described as a measure of last resort.") (internal quotation marks omitted); *Standard Chartered*, 757 F. Supp. 2d at 260 (denying plaintiff's application to seal the entire case file and stating, "[a]pplications like this one spawn considerable mischief. If granted, they conceal the very existence of lawsuits from the public. Moreover, they impose a substantial burden on the courts and the judges to whom sealed actions are assigned. This Court will not permit the parochial interest of one party to trump the public interest in the efficient and transparent administration of justice."). Indeed, the Judicial Conference of the United States sets forth stringent criteria for sealing an entire civil case file, which (in the absence of a statute or rule) includes "a showing of extraordinary circumstances and the absence of narrower feasible and effective alternatives" that justify sealing the entire file. Judicial Conference of the United States, Judicial Conference Policy on Sealed Cases (Sept. 13, 2011).

Here, there are no "extraordinary circumstances" that could justify shielding the entire Case File (and indeed, the existence of the lawsuit at all) from public view. The alleged private agreement among the parties cannot justify this extreme measure. For this

additional reason, there is no basis for the Case File to remain sealed. The Motion should accordingly be granted.

## CONCLUSION

For the foregoing reasons, Strategic Vision respectfully submits that its motion to unseal the Case File should be granted in its entirety, together with such other relief as the Court may deem just and proper.

Dated: New York, New York
April 3, 2018

PHILLIPS LYTLE LLP

By: /s/ Heather Kidera

David J. McNamara
Heather H. Kidera
Attorneys for Defendant
*Strategic Vision US LLC*
340 Madison Avenue, 17th Floor
New York, New York 10173
Telephone No.: (212) 759-4888
dmcnamara@phillipslytle.com
hkidera@phillipslytle.com

Doc #05-493971

## **CERTIFICATE OF COMPLIANCE**

In accordance with Rule 2(D) of Judge John G. Koeltl's Individual Practices, I hereby certify that this memorandum contains 7,000 words or fewer, and otherwise complies with the formatting rules set forth therein.

*/s/ Heather K*
Heather H. Kidera, Esq.