UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

EASTERN PROFIT CORPORATION LIMITED,

Plaintiff,

v.

STRATEGIC VISION US LLC,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: _7/30/18_

Civil Action No. 18-CV-2185

## STIPULATED PROTECTIVE ORDER GOVERNING
## DESIGNATION AND DISCLOSURE OF CONFIDENTIAL INFORMATION

In the interests of (i) ensuring an efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting the Parties' and non-Parties' confidential information from improper disclosure or use, and pursuant to Fed. R. Civ. P. 26(c)(1)(G), the Court enters the following Stipulated Protective Order.

### A. DEFINITIONS

1.  As used herein:

(a)  "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript or other material containing such information;

(b)  "disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part;

(c)  "document" is defined as the term is used in Fed. R. Civ. P. 34(a);

(d)    "Plaintiff" means Eastern Profit Corporation Limited;

(e)    "Defendant" means Strategic Visions US LLC;

(f)    "Party" or "Parties" means Plaintiff and/or Defendant in this Action;

(g)    "this Action" means the above-captioned action pending in this Court, including any pretrial, trial, post-trial or appellate proceedings.

(h)    "Investigation" means the work of Defendant that is the subject of this Action; and

(i)    "Protected Person" means any non-Party person or entity that has produced information or from which information was sought by Defendant in connection with the Investigation.

## B. DESIGNATION OF CONFIDENTIAL INFORMATION

2.    **Designation of Confidential Information by a Party.** A Party may designate as "Confidential" any information disclosed in this Action by the Party or by any other person or entity, but only to the extent that such information constitutes Confidential Information as defined in Paragraph 1(a) of this Order. Such designations constitute a representation to the Court that such Party and counsel in good faith believe that the information so designated constitutes Confidential Information as defined in Paragraph 1(a) of this Order.

3.    **Designation of Confidential Information by a Non-Party.** A Protected Person may designate as "Confidential" any information it has disclosed in connection with the Investigation, or hereafter discloses in this Action, but only to the extent that such information constitutes Confidential Information as defined in Paragraph 1(a) of this Order. Such designations constitute a representation to the Court that such Protected Person (and

counsel, if any) in good faith believes that the information designated "Confidential"

constitutes Confidential Information as defined in Paragraph 1(a) of this Order.

    4.    Consent to Jurisdiction. By invoking this Order and designating any

information as "Confidential" hereunder, a Protected Person consents to the jurisdiction of

the United States District Court for the Southern District of New York solely for the

purpose of enforcing the terms of this Protective Order and waives any right the Protected

Person may otherwise have to object to the jurisdiction of this Court with respect to a

challenge to any designation under this Order.

    5.    **Discovery Materials in this Action**. Designation of deposition transcripts

and documents produced in this Action after this Order is entered is governed as follows:

    (a)    Depositions. All transcripts of depositions taken in this Action will be treated

as "Confidential" in their entirety for 21 days after the date a full and final copy of the

transcript has been made available to the deponent (or, if applicable, deponent's counsel).

Following the deposition, at any time during the 21-day period, any Party, deponent, or

deponent's counsel may designate as "Confidential," in accordance with Paragraphs 2 and 3

of this Order, any portion of the transcript, by page and line, and any deposition exhibits

produced by the deponent or the deponent's employer. Such designations must be provided

to Plaintiff's and Defendant's counsel in writing to be deemed effective. Any portion of the

transcript or exhibits not so designated pursuant to this provision will not be treated as

"Confidential" under this Order, notwithstanding any prior designation.

    (b)    Documents. A Party or Protected Person who designates as "Confidential"

any document produced in this Action must stamp or label each page of each such

document with the designation "Confidential." If the entire document does not constitute

Confidential Information, the Party or Protected Person must stamp or label only those pages that contain Confidential Information. Any documents produced by Protected Persons that are not so designated pursuant to this provision will not be treated as "Confidential" under this Order, notwithstanding any prior designation.

(c)    The Parties must retain copies of all documents containing Confidential Information which are provided in discovery under this Order.

6.    **Subsequent Designation**. If a Party or Protected Person inadvertently fails to designate any information as "Confidential" pursuant to Paragraph 5, it may later so designate by notifying the receiving Parties in writing. The receiving Parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation. No person or Party, however, shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

## C. CHALLENGE TO DESIGNATION

7.    **Information from Public and Other Rightful Sources**. Designation of documents or information as "Confidential" shall not be effective as to information obtained from the public domain or from sources (other than the Protected Person) who were rightfully in possession of the information, regardless of whether such information is also contained in materials designated as "Confidential" pursuant to this Order.

8.    **Challenge to Designation**. Any Party may challenge a "Confidential" designation at any time. A failure of any Party to challenge expressly a designation of "Confidential" shall not constitute a waiver of the right to assert at any subsequent time that the material designated does not constitute Confidential Information or is not an appropriate designation for any reason.

9.    **Procedures for Challenge**.  Any Party that disagrees with the designation of any information as "Confidential" may notify the designating Party or the designating Protected Person of such disagreement in writing, copying the other Party.  The designating Party or Protected Person shall then have ten business days from receipt of the notification to move the Court for an order upholding the designation.  The burden of proving that the designation is proper under Rule 26(c)(1)(G) shall be upon the designating Party or Protected Person.  The designated information shall be treated as "Confidential" (as originally designated) under this Order until the Court rules on the designating Party's timely filed motion.  If the designating Party or Protected Person fails to move the Court in accordance with this Paragraph, or if the Court finds the designation of "Confidential" to have been inappropriate, the challenged designation shall be considered rescinded.  The Parties thereafter shall not be required to treat the information as "Confidential" under this Order.

10.    **Other Limitations on the Scope of this Order**.  Nothing in this Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing.  Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

### D. DISCLOSURE OF CONFIDENTIAL INFORMATION

11.    **Disclosure of Confidential Information**.  Except as otherwise authorized by this Order, information designated as "Confidential" pursuant to this Order (and for which designation has not been rescinded pursuant to Paragraph 9) may be disclosed only to the individuals set forth below and may be used by those individuals only in connection with this Action:

(a)    the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b)    Attorneys, employees, and independent contractors retained by the Parties in connection with this litigation;

(c)    authors, addressees, and recipients of particular information designated as Confidential solely to the extent that the disclosing Party believes in good faith that the person has previously had lawful access to the particular information disclosed or to be disclosed;

(d)    persons (and their counsel) whom counsel for the Parties believe in good faith to have, or have had, prior access to Confidential Information, or who have been participants in a communication that is the subject of the Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated; provided that, unless and until counsel confirms that any such persons have or have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

(e)    testifying or consulting experts retained by a Party to assist in the prosecution or defense of this Action, including employees of the firm with which the expert or consultant is associated to the extent necessary to assist the expert's work in this Action.

12.    **Execution of Notice of Order.** Before any information designated as "Confidential" may be disclosed to any person described in Paragraph 11(e) of this Order, such person must first have read this Order and have executed the agreement included as

Appendix A hereto.  Counsel for the Party making the disclosure must retain the original of such executed agreement for a period of at least one year following the final resolution of this Action, but each executed agreement is only subject to discovery by the other Party if the Party retaining the executed agreement has disclosed, pursuant to Rule 26(a)(2), the identity of the expert who executed the agreement (in which case any agreements executed by employees of the firm with which the expert consultant is associated are also discoverable).  No individual described in Paragraph 11 of this Order to whom information designated as "Confidential" is disclosed may disclose that Confidential Information to any other individual, except as provided in this Order.

13.   **Other Permitted Uses of Designated information**.  Notwithstanding the provisions of this Order, nothing in this Order:

(a)     limits a Party's or Protected Person's use or disclosure of its own information designated as "Confidential";

(b)     prevents the Parties, subject to taking appropriate steps to preserve the further confidentiality of such information, from disclosing information designated as "Confidential" either (1) to another court of law; or (2) as may be required by law; or

(c)     prevents Defendant from disclosing information designated as Confidential: (i) to duly-authorized representatives of the United States Government; (ii) in the course of legal proceedings to which the United States is a party; (iii) for the purpose of securing compliance with any Final Judgment in this action; or (iv) for law enforcement purposes, as authorized by law.  Except when used for law enforcement purposes or where prohibited by law or regulation, the Defendant will promptly inform the party or person who designated the information as "Confidential" at least ten business days before disclosure is made if

Defendant intends to make disclosure pursuant to this paragraph. When disclosing Confidential Information as authorized by this provision, Defendant shall seek to preserve confidentiality beyond the authorized disclosure.

14.    **Notice of Other Permissible Disclosures**. The Party intending to make any disclosure pursuant to Paragraph 13 of this Order must give notice to that effect to the Party or Protected Person who designated as "Confidential" the information to be disclosed at least ten business days prior to making any such disclosure.

### E. USE OF CONFIDENTIAL INFORMATION IN LITIGATION

15.    Use of Designated Information in Court Filings.

(a)    Motion to Seal. Concurrently with the filing with the Court of any document containing or referring to Confidential Information, the Parties shall comply with applicable rules for filing a Motion to Seal accompanied by

(i)    a memorandum that identifies, with. specificity, the documents or portions thereof for which sealing is requested, states the reasons why sealing is necessary, explains (for each document or group of documents) why less drastic alternatives to scaling will not afford adequate protection, and addresses the factors governing scaling of documents reflected in controlling case law, and

(ii)    a non-confidential descriptive index of the documents at issue.

(b)    Submission to the Court. Concurrently with the filing of the Motion to Seal, the filing Party shall submit to chambers a sealed attachment labeled "Confidential Information to be Submitted to Court in Connection with Motion to Seal" containing the documents at issue for the Court's *in camera* review. The sealed attachment containing Confidential Information shall **NOT** be filed with the Clerk of Court.

(c)   <u>Notice to Protected Persons</u>.  Within three business days after the date of filing, the filing Party must provide notice of the filing to all Protected Persons who produced the information designated as "Confidential" that was contained in the filing, identifying with specificity the information contained in the filing that the Protected Person designated as "Confidential."  The Protected Person may thereafter submit to the Court information in support of the filing Party's Motion to Seal.

16.   <u>Use of Designated Information at Trial</u>.

(a)   <u>Use of Documents on the Party's Exhibits Lists or Designated Deposition Testimony</u>:  Documents or deposition testimony used at trial that were designated "Confidential" by a Protected Person will be disclosed on the record and made part of the public record, and any examination relating to such information will likewise be conducted in open court, after compliance with the following process.

(i)   Within five days after the Parties exchange initial pre-trial exhibit lists and deposition designations, each Party shall provide an "Initial Notice" to each Protected Person of any documents designated "Confidential" by the Protected Person that appear on the Party's exhibit list or deposition testimony designated "Confidential" by the Protected Person that have been designated by the Party.  The Party that included the document on its exhibit list or designated the deposition testimony shall provide such Initial Notice to the Protected Person by providing a copy of the document and/or deposition testimony designated "Confidential."  Initial Notice may be provided by electronic mail, facsimile, or overnight delivery to the Protected Person, with a copy provided to the other Party.

(ii)     If the Protected Person objects to the public disclosure of all or part of the information identified in the Initial Notice, it shall, within seven days of the date on which the Initial Notice was sent, identify the Confidential Information for which it seeks additional protection by electronic mail to the Party that provided the Initial Notice. The Protected Person and the Party that provided the Initial Notice shall attempt to resolve the Protected Person's confidentiality concerns by, for example, redacting irrelevant Confidential Information.  If no such resolution is reached and the Protected Person continues to object to potential public disclosure of the information at trial, the Protected Person must, within fourteen days after the Initial Notice was sent, file a motion for additional protection setting forth the specific Confidential Information by exhibit number and deposition page and line designation it seeks to protect and the restriction sought.

(b)     Use of other documents or deposition testimony on cross examination: Documents designated "Confidential" that are not listed on either Party's exhibit lists or "Confidential" deposition designations that will be used in cross-examination or in any other manner that is likely to publicly disclose the Confidential Information will be used in open court after compliance with the following process.

(i)     Each Party shall provide "Cross-Examination Notice" to any Protected Person as soon as practicable after the Party has in good faith determined that a document or portion of a deposition designated "Confidential" by the Protected Person that was not listed on either Party's exhibit list or designated by either Party will be used in cross-examination or in any other manner that is likely to publicly disclose the Confidential Information.  Any such document or deposition testimony designated "Confidential" will be presumed to be used in this manner unless counsel for the Party using the document or

deposition testimony believes in good faith that the portion likely to be read into the record is self-evidently not confidential.

(ii)     The Protected Person who receives Cross-Examination Notice is prohibited from disclosing, directly or indirectly, to the other Party or its counsel, or any other witness (or employer or counsel for such other witness) the fact of that Cross-Examination Notice or the identity of such materials identified in it, and such individuals who have notice of this Order are prohibited from receiving that information.

(iii)     A Protected Person who receives Cross-Examination Notice shall, if it intends to continue seeking protection for the identified material, discuss with the Party providing Cross-Examination Notice possible measures to limit the disclosure of Confidential Information contained in the documents or deposition testimony.  If the Protected Person and the Party cannot come to an agreement that resolves the Protected Person's confidentiality concerns, the Protected Person shall as soon as practicable file a motion for additional protection identifying the Confidential Information for which the Protected Person seeks protection and the restriction sought.  The Protected Person shall submit such motion to chambers and shall serve only the Party seeking to use the document or deposition testimony (and not the other Party).

17.     Nothing in this Order shall prevent any Party or non-party (including interested members of the public) from petitioning the Court for reconsideration of a determination pursuant to Paragraphs 15 or 16 of this Order that Court filings or proceedings shall remain confidential.

## F. PROCEDURES UPON TERMINATION OF LITIGATION

18.     Within ninety days after termination of this Action (including the resolution of all appeals, if any), all persons having received information designated as "Confidential" must either make a good faith effort to return such material and all copies thereof to the Party or Protected Person (or the person's counsel if represented by counsel) that produced it, or destroy all such material and certify that fact in writing to the Party or Protected Person. Counsel for Plaintiff and Defendant will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that Plaintiff's employees and Defendant's counsel and such counsel's employees must not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as "Confidential" to any person except pursuant to Court order or agreement with the Party or Protected Person that produced the information designated as "Confidential." All Confidential materials returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Paragraph. Nothing in this Paragraph, however, restricts the rights of the Parties under Paragraph 14 of this Order, or the rights of the Plaintiff to retain and use confidential materials for law enforcement purposes or as otherwise required by law. *This paragraph imposes no obligation on the Court or Court personnel JGK to return any materials to the parties.*

**Stipulated Protective Order -- Page 12**

## G. RIGHT TO SEEK MODIFICATION

19.     Nothing in this order prevents any Party or Protected Person from seeking

modification of this order upon motion duly made pursuant to the Rules of this Court.

Dated: _7/11/18_                         Dated: _7/24/18_

EASTERN PROFIT                           STRATEGIC VISION US LLC
CORPORATION LIMITED

By its attorneys,                        By its attorneys,

/s/ _____                      /s/ _____
Aaron A. Mitchell                        David J. McNamara
COHEN & HOWARD, LLP                      Heather H. Kidera
766 Shrewsbury Ave., Suite 200           PHILLIPS LYTLE LLP
Tinton Falls, NJ 07724                   340 Madison Avenue, 17th Floor
amitchell@cohenandhoward.com             New York, NY 10173
Telephone: (732) 747-5202                Telephone No.: (212) 759-4888
*Counsel for Plaintiff*                  dmcnamara@phillipslytle.com
                                         hkidera@phillipslytle.com
                                         *Counsel for Defendant*

SO ORDERED this _27_ day of _____July_____, 2018

_____
Hon. John G. Koeltl
UNITED STATES DISTRICT JUDGE

*This Order is not binding on the
Court or Court personnel.
The Court reserves the right to
amend it at any time.
So ordered.
Koeltl
U.S.D.J.
7/27/18*

Doc#01-3121110.2