UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EASTERN PROFIT CORPORATION LIMITED,<br><br>           Plaintiff,<br><br>v.<br><br>STRATEGIC VISION US, LLC,<br><br>           Defendant. | Case No. 18-CV-2185 (JGK) |

**PLAINTIFF EASTERN PROFIT CORPORATION LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT STRATEGIC VISION US LLC'S AMENDED COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 8, Plaintiff/Counterclaim-Defendant Eastern Profit Corporation Limited ("Eastern") in answer to the numbered paragraphs set forth in the counterclaim filed by Defendant/Counterclaimant Strategic Vision US LLC ("Strategic Vision") on September 17, 2018 (the "Counterclaim"), responds as follows:

**PARTIES**

42. Eastern admits that public records show that Strategic Vision is organized under the laws of the State of Nevada, and has a principal place of business in Nevada.

43. Eastern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and therefore denies the same.

44. Eastern admits that it is organized under the laws of Hong Kong and has a principal place of business in Hong Kong. Eastern also admits that it entered into a contract with Defendant Strategic Vision (the "Contract"). Eastern denies all other allegations contained in Paragraph 44.

1

45. Eastern states that to the extent that the last sentence of Paragraph 45 purports to describe the contents of an article, the article speaks for itself. Eastern denies all other allegations contained in Paragraph 45.

## THE AGREEMENT

46. Eastern denies that Mr. Guo was introduced to Strategic Vision by Mr. Lianchao and denies that Mr. Guo represented to Strategic Vision that Mr. Lianchao had authority to act for and on behalf of Mr. Guo. Eastern admits the remaining allegations contained in Paragraph 46.

47. Eastern admits the allegations contained in Paragraph 47 as they related to Mr. Lianchao but denies that Ms. Y facilitated conversations concerning the scope and methods of Strategic Vision's work in Mr. Guo's home in New York City.

48. Eastern admits that the parties discussed that the exchange of information between Strategic Vision and Mr. Guo should take place in person-to-person meetings, and that all communications related to the Contract had to remain secure and confidential. Eastern denies all remaining allegations contained in Paragraph 48.

49. Eastern admits the allegations contained in the first sentence of Paragraph 49, and that Mr. Guo did not identify Eastern by name as the entity that would enter into the Contract with Strategic Vision. Eastern denies all remaining allegations contained in Paragraph 49.

50. Eastern denies the allegations in Paragraph 50.

51. Eastern denies the allegations in Paragraph 51.

52. Eastern denies the allegations in Paragraph 52 except admits that Ms. Y had authority to sign the agreement on behalf of Eastern.

53. Eastern denies the allegations in Paragraph 53.

54. Eastern denies the allegations in Paragraph 54.

55. Eastern admits that $1,000,000 were wired to Strategic Vision's bank account by ACA Capital Group Limited ("ACA Capital") on January 2, 2018, and states that the payment was an advance payment to be used as a deposit against the last payments owed by Eastern during the final 1.3 months of the Contract as provided in the Contract. Eastern further states that Mr. Guo informed Strategic Vision that the payment from ACA Capital would come from Hong Kong, which is where ACA Capital is based, but admits that Mr. Guo did not provide Eastern with any further information regarding ACA Capital. Eastern denies all other allegations contained in Paragraph 55.

56. Eastern admits that $1,000,000 were wired to Strategic Vision's bank account by ACA Capital from Hong Kong as an advance payment to be used as a deposit against the last payments owed by Eastern during the final 1.3 months of the Contract. Eastern denies all other allegations contained in Paragraph 56.

57. Eastern admits the allegations contained in Paragraph 57 and respectfully refers to the Contract.

58. Eastern states that to the extent the allegations of Paragraph 58 seek to paraphrase or characterize the contents of the Contract, the Contract speaks for itself. Eastern denies all allegations to the extent that they are inconsistent with the Contract.

**STRATEGIC VISION'S PERFORMANCE UNDER THE AGREEMENT**

59. Eastern denies the allegations contained in Paragraph 59.

60 Eastern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and therefore denies the same.

61. Eastern denies the allegations contained in Paragraph 61.

62. Eastern states that to the extent the allegations of Paragraph 62 seek to paraphrase or characterize the contents of the Contract, the Contract speaks for itself. Eastern denies all other allegations contained in Paragraph 62.

63. Eastern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and therefore denies the same, except that it admits that Ms. Y delivered a flash drive to Strategic Vision that included an initial list of 15 subjects along with background information including family relationships for each of the 15 subjects.

64. Eastern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 64, and therefore denies the same. Eastern admits that on or around January 7, 2018, one day after Eastern delivered the flash drive to Strategic Vision, Strategic Vision claimed that the flash drive was infected with malware. Eastern denies all other allegations contained in Paragraph 64.

65. Eastern admits the allegation contained in the first sentence of Paragraph 65. Eastern lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65, and therefore denies the same.

66. Eastern denies the allegations contained in the first sentence of Paragraph 66. Eastern denies the allegations contained in the second sentence of Paragraph 66, except admits that because Strategic Vision had already failed to meet the deadlines set forth in the Contract, Mr. Guo invited Strategic Vision's representatives for meetings in New York, and that Mr. Guo invited Strategic Vision's representatives to Florida because he was already traveling in Florida at the time and wanted a meeting with Strategic Vision at the earliest date possible.

67. Eastern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and therefore denies the same.

68. Eastern states that to the extent the allegations of the first sentence of Paragraph 68 seek to paraphrase or characterize the contents of the Contract, the Contract speaks for itself, and Eastern denies any allegations inconsistent with the Contract. Eastern denies that Strategic Vision alerted Eastern that any of the research subjects were persons designated as "Records Protected," or that attempting to research them could be a criminal activity. Eastern lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68, and therefore denies the same.

69. Eastern denies the allegations contained in Paragraph 69.

70. Eastern denies the allegations contained in Paragraph 70.

71. Eastern denies the allegations contained in Paragraph 71.

72. Eastern denies the allegations contained in Paragraph 72.

73. To the extent the allegations of Paragraph 73 seek to paraphrase or characterize the contents of the Contract, Eastern states that the Contract speaks for itself. Eastern denies the remaining allegations in Paragraph 73.

74. Eastern admits that ACA Capital attempted to reverse its payment to Strategic Vision, but denies that it did so when Strategic Vision had already begun rendering services to Eastern pursuant to the Contract. Eastern further states that ACA Capital only attempted to reverse the payment because the payment was erroneously made before the parties had entered into the Contract. Eastern denies all remaining allegations contained in Paragraph 74.

## FIRST COUNTERCLAIM

### (Breach of Contract—Eastern and Mr. Guo)

75. Eastern repeats and re-alleges each of its responses to Paragraphs 1-74 of the Counterclaim as if set forth herein.

76. To the extent the allegations of Paragraph 76 seek to paraphrase or characterize the contents of the Contract, Eastern states that the Contract speaks for itself. Eastern denies any allegations that are inconsistent with the terms of the Contract.

77. Eastern denies the allegations contained in Paragraph 77.

78. To the extent the allegations of Paragraph 78 seek to paraphrase or characterize the contents of the Contract, Eastern states that the Contract speaks for itself. Eastern denies any allegations that are inconsistent with the terms of the Contract.

79. Eastern admits to the allegations contained in Paragraph 79.

80. Eastern denies the allegations contained in Paragraph 80.

81. Eastern denies the allegations contained in Paragraph 81.

82. Paragraph 82 sets forth a legal conclusion that is not an allegation of fact and does not require a response. To the extent that a response is required, Eastern denies the allegations contained in Paragraph 82.

83. Eastern denies the allegations contained in Paragraph 83.

84. Eastern denies the allegations contained in Paragraph 84.

85. Paragraph 85 sets forth a legal conclusion that is not an allegation of fact and does not require a response. To the extent that a response is required, Eastern denies the allegations contained in Paragraph 85.

86. Paragraph 86 sets forth a legal conclusion that is not an allegation of fact and does not require a response. To the extent that a response is required, Eastern denies the allegations contained in Paragraph 86.

**SECOND COUNTERCLAIM**

**(Promissory Estoppel—Mr. Guo)**

87. The allegations in Paragraph 87 are not directed at Eastern, and Eastern accordingly provides no answer thereto. To the extent a response is required, Eastern repeats and re-alleges each of its responses to Paragraphs 1-86 of the Counterclaim as if set forth herein.

88. The allegations in Paragraph 88 are not directed at Eastern, and Eastern accordingly provides no answer thereto. To the extent a response is required, Eastern denies that the Agreement was entirely negotiated at Mr. Guo's home, but admits that the Agreement was negotiated between Eastern and Strategic Vision. Eastern denies the remaining allegations in Paragraph 88.

89. The allegations in Paragraph 89 are not directed at Eastern, and Eastern accordingly provides no answer thereto. To the extent a response is required, Eastern denies the allegations in Paragraph 89.

90. The allegations in Paragraph 90 are not directed at Eastern, and Eastern accordingly provides no answer thereto. To the extent a response is required, Eastern denies the allegations in Paragraph 90.

91. The allegations in Paragraph 91 are not directed at Eastern, and Eastern accordingly provides no answer thereto. To the extent a response is required, Eastern denies the allegations in Paragraph 91.

92. The allegations in Paragraph 92 are not directed at Eastern, and Eastern accordingly provides no answer thereto. Paragraph 92 sets forth a legal conclusion that is not an allegation of fact and does not require a response. To the extent a response is required, Eastern denies the allegations in Paragraph 92.

93. The allegations in Paragraph 93 are not directed at Eastern, and Eastern accordingly provides no answer thereto. Paragraph 93 sets forth a legal conclusion that is not an allegation of fact and does not require a response. To the extent a response is required, Eastern denies the allegations in Paragraph 93.

## THIRD COUNTERCLAIM

### (Promissory Estoppel—Mr. Guo)

94. The allegations in Paragraph 94 are not directed at Eastern, and Eastern accordingly provides no answer thereto. To the extent a response is required, Eastern repeats and re-alleges each of its responses to Paragraphs 1-93 of the Counterclaim as if set forth herein.

95. The allegations in Paragraph 95 are not directed at Eastern, and Eastern accordingly provides no answer thereto. To the extent a response is required, Eastern denies the Mr. Guo is a principal of Eastern, but admits that Mr. Guo has knowledge of the Agreement.

96. The allegations in Paragraph 96 are not directed at Eastern, and Eastern accordingly provides no answer thereto. To the extent a response is required, Eastern denies the allegations in Paragraph 96.

97. The allegations in Paragraph 97 are not directed at Eastern, and Eastern accordingly provides no answer thereto. To the extent a response is required, Eastern denies the allegations in Paragraph 97.

98. The allegations in Paragraph 98 are not directed at Eastern, and Eastern accordingly provides no answer thereto. Paragraph 98 sets forth a legal conclusion that is not an allegation of fact and does not require a response. To the extent a response is required, Eastern denies the allegations in Paragraph 98.

## ANSWER TO PRAYER FOR RELIEF

Plaintiff/Counterclaim-Defendant, Eastern, denies that Defendant/Counterclaim-Plaintiff, Strategic Vision, is entitled to the judgment and relief prayed for in its Prayer for Relief.

## GENERAL DENIAL

Eastern denies each and every factual allegation in the Counterclaim that is not specifically admitted or otherwise addressed in the preceding Paragraphs and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Plaintiff/Counterclaim-Defendant Eastern asserts the following affirmative defenses in response to Defendant/Counterclaimant Strategic Vision's Counterclaim. Eastern reserves the right to add defenses that may be supported by the facts upon completion of discovery.

### First Affirmative Defense as to the First Counterclaim

(Failure to State a Claim)

Strategic Vision's Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense as to the First Counterclaim

(Fraudulent Misrepresentation)

Strategic Vision's Counterclaim is barred because Strategic Vision engaged in misrepresentations of facts, made promises without intent to perform, or concealed and suppressed material facts from Eastern, causing damage.

### Third Affirmative Defense as to the First Counterclaim

(Excuse)

Any alleged non-performance of the Contract by Eastern, which Eastern denies, was excused by the prior breach by Strategic Vision.

## RELIEF REQUESTED

WHEREFORE, Eastern prays for the following relief:

1) Dismissal of the Counterclaim with prejudice;

2) An award to Eastern of its costs and reasonable attorneys' fees; and

3) Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Eastern hereby demands a trial by jury on the Counterclaims and defenses so triable.

                     Eastern Profit Corporation Limited

                     By its attorneys,

                     BY:_/s/__Zachary Grendi_____
                        Zachary Grendi
                        Zeichner Ellman & Krause LLP
                        35 Mason Street
                        Greenwich, CT 06830
                        (203) 622-0900
                        (203) 862-9889 (fax)
                        zgrendii@zeklaw.com

Dated: October 1, 2018

**CERTIFICATION**

        I hereby certify that on October 1, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        BY:_____/s/_____
**Zachary Grendi**
**Zeichner Ellman & Krause LLP**
**35 Mason Street**
**Greenwich, CT 06830**
**Tel. (203) 622-0900**
**Fax. (203) 862-9889**
**zgrendi@zeklaw.com**