Erin N. Teske
Direct Dial: 646.218.7517
eteske@hodgsonruss.com



October 26, 2018

**VIA ECF**
Hon. John G. Koeltl
United States District Court
Southern District of New York
300 Quarropas St., Chambers 533
White Plains, NY 10601-4150

Re:   *Eastern Profit Corporation Limited v. Strategic Vision US, LLC, et al.,*
Case No. 18-CV-2185-JGK

Dear Judge Koeltl:

My firm represents counterclaim defendant Guo Wengui ("Mr. Guo") in the above-referenced action. Mr. Guo requests a pre-motion conference to seek leave to file a motion pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the counterclaims asserted against him in the Amended Answer and Counterclaims ("Amended Answer") filed on September 17, 2018 by defendant-counterclaim plaintiff Strategic Vision US, LLC ("Strategic"). Mr. Guo agreed to waive personal service and further agreed to move or otherwise respond to the Complaint within forty-five (45) days of such waiver – by November 8, 2018.

I.   **Background**[1]

This action arises out of a written contract between Strategic and plaintiff Eastern Profit Corporation Limited ("Eastern") in which Strategic agreed to perform research for Eastern (the "Contract"). *See* Amended Answer ¶¶ 57-60. The Contract was negotiated between representatives of Eastern and Strategic. *See* Amended Answer ¶ 88. Eastern engaged Strategic and also advanced $1 million to Strategic in connection with the Contract. *See* Amended Answer ¶ 55. Eastern sent to Strategic notice of its intent to terminate the Contract on February 23, 2018. *See* Amended Answer ¶ 79.

Eastern commenced this action on March 12, 2018 claiming, *inter alia*, that Strategic breached the Contract by missing deadlines, failing to perform the requisite research, and providing misinformation and also that Strategic made fraudulent misrepresentations upon which Eastern relied in entering into the Contract. *See* Complaint ¶¶ 9-14, 17-22. Strategic filed an Answer with Counterclaim against Eastern, alleging that Eastern interfered with Strategic's ability to perform its obligations and asserting a claim for breach of contract against Eastern. *See* Answer and Counterclaim (Document 22), p. 4.

---

[1] For the purposes of Mr. Guo's Rule 12(b)(6) motion and this letter only, the facts alleged in the Amended Answer and Counterclaims (Document 47) will be accepted as true.

Hon. John G. Koeltl
October 26, 2018
Page 2



On September 17, 2018, Strategic filed an Amended Answer with Counterclaims against Eastern and, for the first time, against Mr. Guo as the alleged principal of Eastern. Notwithstanding that Mr. Guo is not a party to the Contract and at all times acted in a representative capacity on behalf of Eastern, Strategic asserts counterclaims against Mr. Guo for breach of contract, promissory estoppel, and tortious interference.

## II.   Bases For Defendants' Motion To Dismiss

Strategic's claim against Eastern sounds in breach of a written contract. Its claims against Mr. Guo should be dismissed as Mr. Guo is not a party to the Contract and all of the actions purportedly taken by Mr. Guo were plainly taken in his capacity as a representative of Eastern. Strategic does not adequately allege that it is entitled to pierce the corporate veil of Eastern nor that Mr. Guo can be personally liable for the actions he took in his role as the alleged principal and agent of Eastern.

Strategic's claim for tortious interference alleges that Mr. Guo – as principal and agent of Eastern – intentionally interfered with Eastern's own Contract. It is axiomatic that a claim for tortious interference of a contract requires the existence of a contract between the claimant *and a third party*. *See Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996). Here, Strategic alleges that Mr. Guo, "as principal of Eastern and its primary point of contact," interfered with Eastern's own contract. *See* Amended Answer ¶ 95. There is no third party, as all of the actions allegedly taken by Mr. Guo were plainly taken in his capacity as Eastern's representative. *See* Amended Answer ¶¶ 96-97. Strategic does not allege any action taken by Mr. Guo beyond the scope of his role as a representative of Eastern. As an agent of Eastern, Mr. Guo cannot tortiously interfere with Eastern's own contract. Any actions of Eastern representatives, acting within the scope of their agency, that resulted in a breach of the Contract would simply give rise to a breach of contract claim against Eastern; Strategic cannot state a claim against Mr. Guo, personally, for tortious interference with Eastern's contract.

Strategic's claim for promissory estoppel is likewise insufficiently pleaded and deficient. "Promissory estoppel is a rule applicable only in the absence of an enforceable contract." *Holmes v. Lorch*, 329 F. Supp. 2d 516, 527 (S.D.N.Y. 2004). Here, there is no contention that the parties were not subject to a valid and enforceable written Contract. Indeed, both parties have affirmatively pleaded this fact. *See* Complaint ¶ 6; Amended Answer ¶ 57. Moreover, Strategic's promissory estoppel claim appears to be based upon a promise to be paid for services. *See* Amended Answer ¶¶ 88, 91. Payment terms are expressly included in the Contract and, thus, preclude any reasonable reliance on extra-contractual promises concerning payment. Moreover, there is simply no allegation that Mr. Guo made any promise other than in his role as alleged principal and representative of Eastern. Indeed, Strategic alleges that the Contract between Strategic and Eastern "was negotiated entirely between representatives of Strategic Vision and Mr. Guo." *See* Amended Answer ¶ 88. Mr. Guo cannot be personally liable on the grounds of promissory estoppel, where his alleged actions were limited to his role as Eastern's representative in negotiating the Contract.



Finally, Strategic's breach of contract claim against Mr. Guo, personally, depends upon its ability to pierce the corporate veil of Eastern and make Mr. Guo a party to a contract to which he is not a signatory. Strategic has failed to make the requisite showing to sustain such a claim. "Under New York law, a party seeking to pierce the corporate veil must generally show that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005); *see also TNS Holdings, Inc. v. MKI Secs. Corp.*, 92 N.Y.2d 335, 339 (1998) ("Evidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance."). "To avoid dismissal, a party seeking application of the doctrine must come forward with factual allegations as to both elements of the veil-piercing claim." *EED Holdings*, 228 F.R.D. at 512 (S.D.N.Y. 2005).

Here, Strategic has, in conclusory fashion and without any factual support, alleged that Eastern is the alter ego of Mr. Guo, but it has utterly failed to allege that Mr. Guo exercised his purported domination of Eastern with an intent to commit a fraud or wrong. Strategic's only allegations against Mr. Guo concern Mr. Guo's actions as a representative of Eastern in connection with the negotiation and alleged breach of Strategic's Contract with Eastern. "[I]t is well-established that an ordinary breach of contract, without evidence of fraud or corporate misconduct, is not sufficient to pierce the corporate veil." *Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, 270 F. Supp. 3d 716, 732 (S.D.N.Y. 2017); *see also Mirage Entertainment, Inc. v. FEG Entretenimientos S.A.*, 2018 WL 4103583 (S.D.N.Y. August 29, 2018) ("Critically, the wrongful or unjust act must consist of more than merely the breach of contract that is the basis of the party's lawsuit.") (internal quotations omitted); *Skanska USA Bldg. Inc. v. Atlantic Yards B2 Owner, LLC*, 146 A.D.3d 1, 12 (1st Dep't 2016) ("[A] simple breach of contract, without more, does not constitute a fraud or wrong warranting the piercing of the corporate veil."). The Amended Answer is devoid of a single allegation suggesting that Guo used Eastern to commit a fraud. To the contrary, the Amended Answer suggests that Eastern and Strategic entered into a thoughtfully-negotiated, written Contract, before the parties' relationship broke down and one or more parties breached the Contract. These facts simply cannot sustain veil-piercing claims.

Accordingly, counterclaim defendant Mr. Guo respectfully requests a pre-motion conference and leave to file a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6). If preferable to the Court, counsel for Mr. Guo is amenable to a telephonic conference.

Respectfully submitted,

Erin N. Teske

cc: Peter A. Sullivan, Esq. (via ECF)
Shrutih Ramlochan-Tewarie, Esq. (via ECF)

Hon. John G. Koeltl
October 26, 2018
Page 4



Zachary B. Grendi, Esq. (via ECF)
*Counsel for Plaintiff*

David J. McNamara, Esq. (via ECF)
Heather H. Kidera, Esq. (via ECF)
*Counsel for Defendant-Counterclaim Plaintiff*

Jillian M. Searles, Esq. (via ECF)
*Counsel for Counterclaim Defendant*