

**Phillips Lytle** LLP

**Via ECF** November 2, 2018

Honorable John G. Koeltl
United States District Court
Southern District of New York
50 Pearl St., Courtroom 14A
New York, NY 10007-1312

Re: Eastern Profit Corporation Limited v. Strategic Vision US, LLC, Civil Action No. 18-cv-2185

Dear Judge Koeltl:

We represent defendant-counterclaim plaintiff, Strategic Vision US, LLC ("Strategic Vision"), in the above-referenced matter. Strategic Vision submits this letter in connection with the request dated October 26, 2018 of counterclaim defendant Guo Wengui a/k/a Miles Kwok ("Mr. Guo") for a conference with Your Honor to discuss his proposed motion to dismiss the counterclaims against him [ECF Doc. No. 55]. The Court has scheduled a conference to discuss Mr. Guo's proposed motion for November 5, 2018 at 11:00 a.m. [ECF Doc. No. 56]. Strategic Vision provides the following summary of its response to Mr. Guo's proposed motion, which it will be prepared to discuss at the conference on November 5.

Mr. Guo's proposed motion to dismiss the counterclaims is without merit, and the Court should deny Mr. Guo's request to file such a motion. Critically, Mr. Guo directed all activities concerning the engagement of Strategic Vision by plaintiff, Eastern Profit Corporation Ltd. ("Eastern"), and ensured Strategic Vision that he would personally fund payment for its work. Indeed, Strategic Vision did not even know about the existence of Eastern until shortly before the contract was executed. Then, shortly thereafter, Mr. Guo began acting in an increasingly erratic and unreliable manner, which impacted Strategic Vision's ability to provide its services to Eastern.

Strategic Vision asserts the following counterclaims against Mr. Guo: (i) breach of contract; (ii) promissory estoppel; and (iii) tortious interference. Each of these claims has been sufficiently pleaded. First, with respect to the tortious interference claim, Mr. Guo argues that the claim should be dismissed because Mr. Guo was an agent of Eastern, and thus cannot be considered a "third party" as required for a tortious interference claim. However, an agent *will* be considered a "third party" when (i) he or she is acting outside the scope of his or her authority; or (ii) when the agent committed





an independent tortious act against the plaintiff. *See, e.g.*, *Albert v. Loksen*, 239 F.3d 256, 275 (2d Cir. 2001). Here, the Amended Complaint is replete with allegations that Mr. Guo acted outside the scope of his alleged authority. For example, against Eastern's best interest, Mr. Guo repeatedly ignored instructions from Strategic Vision about how to submit payment, how to provide the information necessary for Strategic Vision to conduct its work, and how interactions should be conducted given the nature of the parties' relationship. (Am. Cmpl. ¶¶ 56, 62, 66.) In addition, Strategic Vision alleges that Mr. Guo committed independent tortious acts, including security breaches that comprised Strategic Vision team members. (Am. Cmpl. ¶ 67.)

Second, with respect to Strategic Vision's promissory estoppel claim, the claim is not barred by the written contract between Eastern and Strategic Vision, as Mr. Guo argues. First, the contract is irrelevant, as there is no written agreement between Mr. Guo and Strategic Vision. Moreover, the promissory estoppel claim--which pertains to Mr. Guo's promises to adequately fund Eastern to induce Strategic Vision to enter into the agreement--does not contradict the terms of that contract. *Bader v. Wells Fargo Home Mortg. Inc.*, 773 F. Supp. 2d 397, 415 (S.D.N.Y. 2011) ("When an enforceable contract does exist, the parties cannot assert a claim for promissory estoppel based on alleged promises that contradict the written contract. That is because 'where the terms of an unambiguous contract are inconsistent with the statements that form the basis of the claim, the claiming party could not have *reasonably* relied on those statements as a matter of law.'") (emphasis in original). Here, Strategic Vision reasonably relied on Mr. Guo's representations regarding his personal financial commitment to adequately fund Eastern in entering into the subject agreement. The promissory estoppel claim should not be dismissed.

Third, with respect to Strategic Vision's breach of contract claim, it has adequately alleged a basis to pierce the corporate veil and hold Mr. Guo personally liable for Eastern's breach. Mr. Guo argues that Strategic Vision has failed to allege that Mr. Guo utilized his domination of Eastern to commit a fraud or wrong against Eastern. This is incorrect. Here, Strategic Vision has alleged that Mr. Guo expressly promised that he would adequately fund Eastern for the purpose of inducing Strategic Vision to enter into the contract. This alleges more than a mere breach of contract; indeed, this is precisely the type of abuse of corporate form that veil piercing is intended to avoid.





November 2, 2018

Indeed, one of the cases cited by Mr. Guo acknowledges that a veil piercing could have been upheld if "plaintiff [had] allege[d] that it believed it was contracting with or had rights vis-à-vis [the counterparty's affiliate] or any entity other than [the counterparty]. *Skanska USA Bldg. Inc. v. Atl. Yards B2 Owner, LLC*, 146 A.D.3d 1, 13 (1st Dep't 2016). The breach of contract claim against Mr. Guo should not be dismissed.

For the foregoing reasons, Mr. Guo's proposed motion to dismiss lacks merit. At the very least, Strategic Vision respectfully requests that it be allowed to depose Mr. Guo for the limited purpose of establishing his connection to Eastern and the funds transferred to Strategic Vision, prior to the Court entertaining his proposed motion to dismiss.

We look forward to discussing these issues further with Your Honor at the November 5 conference.

Respectfully submitted,

Phillips Lytle LLP

By */s/ Heather H. Kidera*

Heather H. Kidera

cc: Counsel of Record (by ECF)

Doc #05-500629