UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EASTERN PROFIT CORPORATION LIMITED,

    *Plaintiff-Counterclaim Defendant*,

vs.

STRATEGIC VISION US, LLC,

    *Defendant-Counterclaim Plaintiff*

GUO WENGUI a/k/a MILES KWOK,

    *Counterclaim Defendant.*

Case No. 18-cv-2185 (JGK)

---

## MEMORANDUM OF LAW IN SUPPORT OF
## COUNTERCLAIM-DEFENDANT'S MOTION TO DISMISS

**HODGSON RUSS LLP**

Jillian M. Searles, Esq.
Erin N. Teske, Esq.
605 Third Avenue, Suite 2300
New York, NY  10158
(212) 751-4300

*Attorneys for Counterclaim-Defendant
Guo Wengui*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT .................................................................................................................................3

    POINT I.     STRATEGIC'S CLAIM FOR TORTIOUS INTERFERENCE WITH A THIRD PARTY CONTRACT FAILS AS A MATTER OF LAW BECAUSE THERE IS NO THIRD PARTY .......................................................3

    POINT II.    STRATEGIC'S CLAIM FOR PROMISSORY ESTOPPEL FAILS AS A MATTER OF LAW BECAUSE THERE IS A WRITTEN CONTRACT GOVERNING THE PARTIES ...................................................5

    POINT III.   STRATEGIC'S CLAIM FOR BREACH OF CONTRACT AGAINST MR. GUO FAILS AS A MATTER OF LAW BECAUSE MR. GUO IS NOT A PARTY TO THE CONTRACT AND STRATEGIC HAS NOT SUFFICIENTLY PLEADED A BASIS TO PIERCE THE CORPORATE VEIL OF EASTERN ......................6

CONCLUSION ..............................................................................................................................8

## **TABLE OF AUTHORITIES**

                                                                             Page(s)

**Federal Cases**

*Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*,
    448 F.3d 573 (2d Cir. 2006) .................................................................................................. 5

*Capmark Fin. Group Inc. v. Goldman Sachs Credit Partners L.P.*,
    491 BR 335 (S.D.N.Y. 2013) .................................................................................................. 7

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
    228 F.R.D. 508 (S.D.N.Y. 2005) ........................................................................................ 6, 7

*Highland CDO Opportunity Master Fund, L.P. v. Citibank, NA.*,
    270 F. Supp. 3d 716 (S.D.N.Y. 2017) .................................................................................... 8

*Holmes v. Lorch*,
    329 F. Supp. 2d 516 (S.D.N.Y. 2004) .................................................................................... 5

*Kelly v. MD Buyline, Inc.*,
    2 F. Supp. 2d 420 (S.D.N.Y. 1998) ........................................................................................ 4

*Merex A.G. v Fairchild Weston Sys., Inc.*,
    29 F3d 821 (2d Cir. 1994) ...................................................................................................... 5

*Mirage Entm't, Inc. v. FEG Entretenimientos S.A.*,
    2018 WL 4103583 (S.D.N.Y. Aug. 29, 2018) ........................................................................ 8

*Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*,
    975 F. Supp. 2d 392 (S.D.N.Y. 2013) .................................................................................... 7

*In re Rave Communications, Inc.*,
    138 BR 390 (Bankr. S.D.N.Y. 1992) ...................................................................................... 7

*SungChang Interfashion Co., Ltd. v. Stone Mtn. Accessories, Inc.*,
    2013 WL 5366373 (S.D.N.Y. Sept. 25, 2013) ........................................................................ 5

*Trend & Style Asia HK Co. Ltd. v. Pac. Worldwide, Inc.*,
    14-CV-9992 SAS, 2015 WL 4190746 (S.D.N.Y. July 10, 2015) ............................................ 6

*In re Zinc Antitrust Litig.*,
    155 F. Supp. 3d 337 (S.D.N.Y. 2016) .................................................................................... 7

**State Cases**

*Clark-Fitzpatrick, Inc. v. Long Is. R. Co.*,
    70 N.Y.2d 382 (1987) ............................................................................................................ 5

*Lama Holding Co. v. Smith Barney Inc.*,
  88 N.Y.2d 413 (1996) ............................................................................................................3

*Murtha v. Yonkers Child Care Ass'n, Inc.*,
  45 N.Y.2d 913 (1978) ............................................................................................................4

*Skanska USA Bldg. Inc. v. Atlantic Yards B2 Owner, LLC*,
  146 A.D.3d 1 (1st Dep't 2016) ..............................................................................................8

*TNS Holdings, Inc. v. MKI Secs. Corp.*,
  92 N.Y.2d 335 (1998) ............................................................................................................6

**Rules**

Rule 12(b)(6) ..........................................................................................................................1, 2

Defendant Guo Wengui ("Mr. Guo"), by his attorneys, Hodgson Russ LLP, respectfully submits this memorandum of law in support of his motion, made pursuant to Rule 12(b)(6), for an order dismissing the counterclaims asserted against Mr. Guo in the Amended Answer and Counterclaims, dated September 17, 2018 ("Amended Answer"), by defendant-counterclaim plaintiff Strategic Vision US, LLC ("Strategic"), and granting such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

This case arises out of a written contract ("Contract") between Eastern Profit Corporation Limited ("Eastern") and Strategic. Eastern commenced this action alleging that Strategic breached the Contract. Strategic, in response, filed an answer with a counterclaim against Eastern for breach of contract. Strategic then amended its answer continuing to assert a counterclaim against Eastern for breach of contract and, for the first time, asserting counterclaims against Mr. Guo as the alleged principal of Eastern relating to his role in the negotiation of the Contract. Mr. Guo, however, is not himself a party to the Contract. And, as the Amended Answer acknowledges, Mr. Guo acted at all times in a representative capacity on behalf of Eastern. Nonetheless, Strategic asserts counterclaims against Mr. Guo personally for breach of contract, promissory estoppel, and tortious interference. Each of Strategic's claims as pleaded against Mr. Guo is deficiently pleaded as a matter of law and should be dismissed.[1]

Strategic's claim for tortious interference fails because there is no third-party with whom to interfere. It is axiomatic that a claim for tortious interference of a contract requires the existence of a contract between the claimant **and a third party**. Here, Strategic alleges that Mr.

---

[1] At the pre-motion conference held with the Court on November 5, 2018, Strategic was given the opportunity to amend its counterclaims against Mr. Guo by November 16, 2018, but Strategic declined to do so. *See* Order (Doc. No. 58), filed November 6, 2018.

1

Guo, "as principal of Eastern and its primary point of contact," interfered with Eastern's own contract. This is insufficient as a matter of law.

Strategic's claim for promissory estoppel is likewise insufficiently pleaded and deficient. Promissory estoppel provides relief only in the absence of an enforceable contract. Here, the parties agree that they were subject to a valid and enforceable written Contract. Indeed, both parties have affirmatively pleaded this fact. Moreover, Strategic's promissory estoppel claim appears to be based upon a promise to be paid for services. Payment terms are expressly included in the Contract and, thus, preclude any reasonable reliance on extra-contractual promises concerning payment. Moreover, there is simply no allegation that Mr. Guo made any promise during the negotiations that led to the Contract other than in his role as alleged principal and representative of Eastern.

Finally, Strategic's claim against Mr. Guo for breach of contract should be dismissed as Mr. Guo is not a party to the Contract and all of the actions purportedly taken by Mr. Guo were plainly taken in his capacity as a representative of Eastern. Thus, Strategic's claim for breach of contract against Mr. Guo, personally, depends upon whether Strategic is entitled to pierce the corporate veil of Eastern, and Strategic's allegations to that end are insufficient as a matter of law.

## STATEMENT OF FACTS[2]

Strategic and Eastern negotiated and entered into a written contract in which Strategic agreed to perform research for Eastern (the "Contract"). *See* Amended Answer ¶¶ 48-49, 57-60. Mr. Guo negotiated the Contract on behalf of Eastern. *See* Amended Answer ¶ 88. Eastern advanced $1 million to Strategic in connection with the Contract. *See* Amended Answer ¶ 55.

---

[2]   For the purpose of Mr. Guo's Rule 12(b)(6) motion only, the facts alleged in the Amended Answer and Counterclaims (Document 47) will be accepted as true.

2

Eastern sent notice of its intent to terminate the Contract to Strategic on February 23, 2018. *See* Amended Answer ¶ 79.

Eastern commenced this action on March 12, 2018 claiming, *inter alia*, that Strategic breached the Contract by missing deadlines, failing to perform the requisite research, and providing misinformation. Eastern also alleged that Strategic made fraudulent misrepresentations upon which Eastern relied in entering into the Contract. *See* Complaint ¶¶ 9-14, 17-22. Strategic filed an answer with counterclaim against Eastern, alleging that Eastern interfered with Strategic's ability to perform its obligations and asserting a claim for breach of contract against Eastern. *See* Answer and Counterclaim (Document 22), p. 4.

On September 17, 2018, Strategic filed its Amended Answer against Eastern and, for the first time, against Mr. Guo as the alleged principal of Eastern. Notwithstanding that Mr. Guo is not a party to the Contract and at all times acted in a representative capacity on behalf of Eastern, Strategic asserts counterclaims against Mr. Guo for breach of contract, promissory estoppel, and tortious interference.

## ARGUMENT

### I.
### STRATEGIC'S CLAIM FOR TORTIOUS INTERFERENCE WITH A THIRD PARTY CONTRACT FAILS AS A MATTER OF LAW BECAUSE THERE IS NO THIRD PARTY

It is axiomatic that a claim for tortious interference of a contract requires the existence of a contract between the claimant **and a third party**. *See Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996). Here, there is no third party. All of the allegations against Mr. Guo plainly, and often explicitly, concern actions taken by Mr. Guo in his capacity as a representative of Eastern. *See* Amended Answer ¶¶ 45, 52, 62, 66, 83, 95-97. Strategic alleges that Mr. Guo, "as

3

principal of Eastern and its primary point of contact," interfered with Eastern's own contract." *See* Amended Answer ¶ 95.

Strategic does not allege any action taken by Mr. Guo beyond the scope of his role as a representative of Eastern. As an agent of Eastern, Mr. Guo cannot tortiously interfere with Eastern's own contract. Any actions of Eastern's representatives, acting within the scope of their agency, that resulted in a breach of the Contract would simply give rise to a breach of contract claim against Eastern. Indeed, this Court has granted an individual's motion to dismiss tortious interference of a contract claim under the same circumstances as this case, because "a plaintiff cannot impose individual liability on a corporate officer or director because the defendant took actions in his official capacity that caused the company to breach its contract with the plaintiff." *Kelly v. MD Buyline, Inc.*, 2 F. Supp. 2d 420, 439 (S.D.N.Y. 1998); *see also Murtha v. Yonkers Child Care Ass'n, Inc.*, 45 N.Y.2d 913, 915 (1978) (confirming the Appellate Division's finding that there was no evidence to sustain the jury's verdict for plaintiff on plaintiff's claim for tortious interference against individuals because "[a] director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken."). This very issue has been decided and Strategic cannot possibly distinguish in any meaningful way the facts alleged here from the cases cited above.

Strategic cannot state a claim against Mr. Guo, personally, for tortious interference with Eastern's contract when Strategic has alleged that Mr. Guo acted in his capacity as a representative of Eastern and, thus, the claim should be dismissed.

4

## II.
## STRATEGIC'S CLAIM FOR PROMISSORY ESTOPPEL FAILS AS A MATTER OF LAW BECAUSE THERE IS A WRITTEN CONTRACT GOVERNING THE PARTIES

"Promissory estoppel is a rule applicable only in the absence of an enforceable contract." *Holmes v. Lorch*, 329 F. Supp. 2d 516, 527 (S.D.N.Y. 2004). "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Clark-Fitzpatrick, Inc. v. Long Is. R. Co.*, 70 N.Y.2d 382, 388 (1987); *see also Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 587 (2d Cir. 2006). Promissory estoppel is invoked in two situations: (1) to enforce a promise in the absence of bargained-for consideration; and (2) to provide relief to a party where a contract is rendered unenforceable by operation of the Statute of Frauds. *See Merex A.G. v Fairchild Weston Sys., Inc.*, 29 F3d 821, 825 (2d Cir. 1994). Neither of these two situations is present here.

There is no contention that the parties were not subject to a valid and enforceable written Contract. Indeed, both parties have affirmatively pleaded this fact. *See* Complaint ¶ 6; Amended Answer ¶ 57. Further, the substance of the purported promise is a term of the Contract. Strategic's promissory estoppel claim appears to be based upon a promise to be paid for services rendered. *See* Amended Answer ¶¶ 88, 91. Payment terms are expressly included in the Contract and, thus, preclude any reasonable reliance on extra-contractual promises concerning payment. Neither is there a statute of frauds or any other problem with the enforceability of the Contract. Strategic's promissory estoppel claim is nothing more than an attempt at a "second bite at the breach of contract apple." *SungChang Interfashion Co., Ltd. v. Stone Mtn. Accessories, Inc.*, 2013 WL 5366373, at *19 (S.D.N.Y. Sept. 25, 2013).

Moreover, there is simply no allegation that Mr. Guo made any promise other than in his role as alleged principal and representative of Eastern. Strategic alleges that the Contract between Strategic and Eastern "was negotiated entirely between representatives of Strategic Vision and Mr. Guo." *See* Amended Answer ¶ 88. Mr. Guo cannot be personally liable on the grounds of promissory estoppel, where his alleged actions were limited to his role as Eastern's representative in negotiating the Contract. *See Trend & Style Asia HK Co. Ltd. v. Pac. Worldwide, Inc.*, 14-CV-9992 SAS, 2015 WL 4190746, at *6 (S.D.N.Y. July 10, 2015) (granting motion to dismiss claim for promissory estoppel against an individual representative of a corporate entity where plaintiff failed to show basis to pierce corporate veil). Even if Strategic could state a claim for promissory estoppel – which they have not and cannot – such a claim would have to be against Eastern.

### III.
### STRATEGIC'S CLAIM FOR BREACH OF CONTRACT AGAINST MR. GUO FAILS AS A MATTER OF LAW BECAUSE MR. GUO IS NOT A PARTY TO THE CONTRACT AND STRATEGIC HAS NOT SUFFICIENTLY PLEADED A BASIS TO PIERCE THE CORPORATE VEIL OF EASTERN

Mr. Guo is not a party to the Contract. Strategic's breach of contract claim against Mr. Guo, personally, depends upon its ability to pierce the corporate veil of Eastern and make Mr. Guo a party to a contract to which he is not a signatory. Strategic has failed to make the requisite showing to sustain such a claim. "Under New York law, a party seeking to pierce the corporate veil must generally show that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005) (internal quotations omitted); *see also TNS Holdings, Inc. v. MKI Secs. Corp.*, 92 N.Y.2d 335, 339 (1998) ("Evidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or

malfeasance."). "To avoid dismissal, a party seeking application of the doctrine must come forward with factual allegations as to both elements of the veil-piercing claim." *EED Holdings*, 228 F.R.D. at 512.

"In addition, the standard for veil-piercing is very demanding. Thus, disregard of the corporate form is warranted only in extraordinary circumstances, and conclusory allegations of dominance and control will not suffice to defeat a motion to dismiss. The unadorned invocation of dominion and control is simply not enough to state a claim premised on veil piercing." *Capmark Fin. Group Inc. v. Goldman Sachs Credit Partners L.P.*, 491 BR 335, 347 (S.D.N.Y. 2013) (internal quotations and citations omitted). "In the absence of allegations that corporate formalities have been ignored, courts appropriately and routinely adhere to legal separateness." *In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016). Moreover, "[m]erely pleading that a corporation has insufficient assets to pay a claim is not enough to state a cause of action for fraud, and is not enough to state a cause of action to pierce the corporate veil." *In re Rave Communications, Inc.*, 138 BR 390, 395 (Bankr. S.D.N.Y. 1992). A claimant "must allege injustice or unfairness that is a result of an abuse of the corporate form. In other words, the corporation effectively must exist as a sham or shell through which the parent company perpetrates injustice." *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F. Supp. 2d 392, 406 (S.D.N.Y. 2013).

Here, Strategic has – in conclusory fashion and without any factual support – alleged that Eastern is the alter ego of Mr. Guo, but it utterly has failed to allege that Mr. Guo exercised his purported domination of Eastern with an intent to commit a fraud or wrong. Strategic's only allegations against Mr. Guo concern Mr. Guo's actions as a representative of Eastern in connection with the negotiation and alleged breach of Strategic's Contract with Eastern. "[I]t is well-established that an ordinary breach of contract, without evidence of fraud or corporate

7

misconduct, is not sufficient to pierce the corporate veil." *Highland CDO Opportunity Master Fund, L.P. v. Citibank, NA.*, 270 F. Supp. 3d 716, 732 (S.D.N.Y. 2017); *see also Mirage Entm't, Inc. v. FEG Entretenimientos S.A.*, 2018 WL 4103583 (S.D.N.Y. Aug. 29, 2018) ("Critically, the wrongful or unjust act must consist of more than merely the breach of contract that is the basis of the party's lawsuit.") (internal quotations omitted); *Skanska USA Bldg. Inc. v. Atlantic Yards B2 Owner, LLC*, 146 A.D.3d 1, 12 (1st Dep't 2016) ("[A] simple breach of contract, without more, does not constitute a fraud or wrong warranting the piercing of the corporate veil.").

The Amended Answer is devoid of a single allegation suggesting that Guo used Eastern to commit a fraud. To the contrary, the Amended Answer suggests that Eastern and Strategic entered into a thoughtfully-negotiated, written Contract before the parties' relationship broke down and one or more parties breached the Contract. These facts simply cannot sustain veil-piercing claims.

## CONCLUSION

For the foregoing reasons, Mr. Guo respectfully requests that the Court grant his motion to dismiss in its entirety and grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        November 29, 2018

HODGSON RUSS LLP

By: _____
Jillian M. Searles
Erin N. Teske
605 Third Avenue, Suite 2300
New York, New York 10158
(212) 751-4300
jsearles@hodgsonruss.com
eteske@hodgsonrss.com

*Attorneys for Counterclaim Defendant
Guo Wengui*

8

## CERTIFICATE OF WORD-COUNT COMPLIANCE

Erin N. Teske certifies that, pursuant to Rule 2, Part D of the Individual Practices of Judge John G. Koeltl, this brief contains 2,339 words.

Dated:   November 29, 2018

_____
Erin N. Teske