UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

EASTERN PROFIT CORPORATION LIMITED,

        Plaintiff-Counterclaim Defendant,

vs.                                                    Case No. 18-cv-2185

STRATEGIC VISION US, LLC,

        Defendant-Counterclaim Plaintiff,

vs.

GUO WENGUI a/k/a Miles Kwok,

        Counterclaim Defendant.
_____

**DEFENDANT-COUNTERCLAIM PLAINTIFF STRATEGIC VISION US LLC'S MEMORANDUM OF LAW IN OPPOSITION TO COUNTERCLAIM DEFENDANT GUO WENGUI'S MOTION TO DISMISS**

                                      Respectfully submitted,

                                      PHILLIPS LYTLE LLP
                                      Attorneys for
                                      *Strategic Vision US LLC*
                                      340 Madison Avenue, 17th Floor
                                      New York, New York 10173

David J. McNamara
Heather H. Kidera
– Of Counsel –

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND .......................................................................................................................... 1

ARGUMENT ................................................................................................................................ 4

POINT I   THE TORTIOUS INTERFERENCE CLAIM AGAINST
          MR. GUO HAS BEEN SUFFICIENTLY PLEADED ................................. 4

POINT II  THE PROMISSORY ESTOPPEL CLAIM AGAINST
          MR. GUO HAS BEEN SUFFICIENTLY PLEADED ................................. 6

POINT III THE BREACH OF CONTRACT CLAIM AGAINST
          MR. GUO HAS BEEN SUFFICIENTLY PLEADED ................................. 7

CONCLUSION ............................................................................................................................. 8

CERTIFICATE OF COMPLIANCE ............................................................................................ 1

# TABLE OF AUTHORITIES

Page

**Cases**

*Albert v. Loksen*,
  239 F.3d 256 (2d Cir. 2001) ................................................................................................ 5

*Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*,
  39 F. Supp. 3d 516, 528 (S.D.N.Y. 2014) ..................................................................... 7, 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................ 4

*Bader v. Wells Fargo Home Mortg. Inc.*,
  773 F. Supp. 2d 397 (S.D.N.Y. 2011) ................................................................................ 6

*Bank of N.Y. v. Berisford Int'l*,
  190 A.D.2d 622 (1st Dep't 1993) ....................................................................................... 5

*BIB Constr. Co. Inc. v. City of Poughkeepsie*,
  204 A.D.2d 947 (3d Dep't 1994) ........................................................................................ 5

*Cohen v. Davis*,
  926 F. Supp. 399 (S.D.N.Y. 1996) ..................................................................................... 5

*Riddell Sports Inc. v. Brooks*,
  872 F. Supp. 73 (S.D.N.Y. 1995) ....................................................................................... 5

*Skanska USA Bldg. Inc. v. Atl. Yards B2 Owner, LLC*,
  146 A.D.3d 1 (1st Dep't 2016) ............................................................................................ 8

*Welcome v. N.Y.C. Dep't of Educ.*,
  No. 17CV5407NGGVMS, 17-CV-5407, at *3 (E.D.N.Y. Nov. 6, 2018) ......................... 4

**PRELIMINARY STATEMENT**

Defendant-counterclaim plaintiff, Strategic Vision US LLC ("Strategic Vision" or "Defendant"), respectfully submits this memorandum of law in opposition to the motion of counterclaim defendant Guo Wengui a/k/a Miles Kwok ("Mr. Guo") to dismiss the counterclaims against him. Mr. Guo's proposed motion to dismiss the counterclaims ("Motion") is without merit and should be denied. Mr. Guo personally directed all activities concerning the engagement of Strategic Vision by his shell company, plaintiff, Eastern Profit Corporation Ltd. ("Eastern") for research services, which is at the center of this action. Critically, Mr. Guo ensured Strategic Vision that he would personally fund payment for its work through an entity controlled by him (which turned out to be Eastern). Indeed, Strategic Vision did not even know about the existence of Eastern until shortly before the contract was executed. Then, shortly thereafter, Mr. Guo began acting in an increasingly erratic and unreliable manner, which interfered with Strategic Vision's ability to conduct its research services under the Agreement. Under these circumstances, Mr. Guo is personally liable for the damages he caused in connection with his engagement of Strategic Vision, and the counterclaims against him should accordingly not be dismissed.

**BACKGROUND**

Eastern commenced this action against Strategic Vision asserting claims for breach of contract and fraudulent inducement on or about March 12, 2018, related to a Research Agreement between Strategic Vision dated as of December 29, 2017 (the "Agreement"). Strategic Vision filed its Amended Answer ("Am. Ans.") asserting counterclaims against Eastern and adding Mr. Guo as a counterclaim defendant on September 17, 2018 (ECF Doc. No. 47).

Eastern's principal is believed to be Mr. Guo.  (Am. Ans. ¶ 45.)  Mr. Guo is a Chinese national who sought out Strategic Vision to perform, *inter alia*, research and analytics on numerous Chinese Nationals whom Mr. Guo and his undisclosed Chinese associates suspected to be engaged in activities in the United States and elsewhere that are inconsistent with their standing in the Chinese Communist Party and/or the laws of the United States.  (*Id.* ¶ 45; Ex. A (article dated Oct. 3, 2017 regarding Mr. Guo and his "anti-communist rhetoric" and activities; *see also Chinese Fugitive Guo Wengui Amasses War Chest to Battle Beijing*, THE WALL STREET JOURNAL (Oct. 3, 2017).).  In or about December 2017, Mr. Guo was introduced to Strategic Vision by one of his associates, Mr. Lianchao Han ("Mr. Han").  (*Id.* ¶ 46.)  Mr. Guo represented to Strategic Vision that Mr. Han and Ms. Yvette Wang a/k/a/ Yanping Wang ("Ms. Y") each had authority to act for and on behalf of Mr. Guo.  (*Id.*)  Mr. Han and Ms. Y also served as Mr. Guo's interpreter, as Mr. Guo lacks a fluent command of the English language.  (*Id.*)  During negotiations, Strategic Vision informed Mr. Guo of various conditions and requirements necessary for it to effectively conduct its work, particularly given the nature of the parties' agreement and the work.  (*Id.* ¶ 48.)

As discussions between Strategic Vision and Mr. Guo progressed, they agreed to an initial scope of work and fee schedule for one year, including a 90-day startup period.  (*Id.* ¶ 49.)  Without identifying any particular entity by name, Mr. Guo informed Strategic Vision that he would cause his agreement with Strategic Vision to be entered into with a corporate entity controlled by him that he would fund as necessary to pay for Strategic Vision's services. (*Id.*)  Strategic Vision had no prior knowledge of Eastern; rather, its understanding is that Eastern was a shell corporation set up by Mr. Guo to execute the

contract and avoid tying himself to the Agreement.  Indeed, upon information and belief, Eastern has little to no assets and is undercapitalized, is under the complete dominion and control of Mr. Guo, and has failed to abide by corporate formalities.  (*Id.* ¶¶ 49-51.)  Strategic Vision reasonably and foreseeably relied on Mr. Guo's promise in determining to enter the Agreement with Eastern as the counterparty, and would not have entered into the Agreement with Eastern but for Mr. Guo's promise that he would adequately fund Eastern.  (*Id.* ¶ 54.)

Immediately upon entering into the Agreement, Strategic Vision commenced its work under the Agreement by, among other activities, recruiting, vetting, engaging and marshaling the initial efforts of various investigators and analysts in the United States, Europe and the Middle East, identifying trusted Chinese/English translators who are not Chinese nationals and analyzing initial data provided by Mr. Guo, without compromising or endangering the parties to the Agreement, or their respective principals and agents.  (*Id.* ¶ 60.)

However, Mr. Guo's conflicting instructions, inaccessible attempted communications, and bizarre behaviors created "irregular circumstances" that hindered and delayed Strategic Vison's work.  (*Id.* ¶ 61.)  Mr. Guo's conduct in this regard was intentional.  (*Id.*)  Among other conduct, Mr. Guo failed to provide a prioritized list of research subjects as agreed, repeatedly summoned Strategic Vision to in-person meetings and events (despite his verbal agreement with Strategic Vision that they should not meet in person), utilized a computer system that was infiltrated and compromised, provided contradictory instructions about which of his associates was trustworthy and how communications should be directed, insisted that Strategic Vision collect information using

methods that Strategic Vision warned Mr. Guo were illegal (including research on "Records Protected" persons), and demanded immediate delivery of preliminary and incomplete raw data rather than allowing Strategic Vision time to prepare formal reports as agreed. (*Id.*¶¶ 62-72.)

Strategic Vision, Mr. Guo and Eastern had agreed from the beginning of their negotiations that there would be unforeseen delays and difficulties in procuring information on the challenging task desired by Mr. Guo and Eastern, and agreed to work cooperatively when such delays arose, as memorialized in the Agreement. (*Id.* ¶ 73.) Despite this understanding, shortly after the Agreement was finalized, Eastern terminated the Agreement without justification or warning.

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In reviewing a complaint on a motion to dismiss for failure to state a claim, the court must accept as true all allegations of fact in the complaint and draw all reasonable inferences in favor of the plaintiff." *Welcome v. N.Y.C. Dep't of Educ.*, No. 17CV5407NGGVMS, 17-CV-5407, at *3 (E.D.N.Y. Nov. 6, 2018). Strategic Vision's counterclaims against Mr. Guo easily meet this standard.

## POINT I

### THE TORTIOUS INTERFERENCE CLAIM AGAINST MR. GUO HAS BEEN SUFFICIENTLY PLEADED

Mr. Guo incorrectly argues that Strategic Vision's tortious interference claim should be dismissed because Mr. Guo was an agent of Eastern, and thus cannot be

considered a "third party" as required for a tortious interference claim.  (Motion at 3-4.)  Critically, however, under New York law, an agent *is* considered a "third party" for purposes of a tortious interference claim when he or she is acting outside the scope of his or her authority, or when the agent committed an independent tortious act against the plaintiff.  *See, e.g., Albert v. Loksen*, 239 F.3d 256, 275 (2d Cir. 2001); *BIB Constr. Co. Inc. v. City of Poughkeepsie*, 204 A.D.2d 947, 948 (3d Dep't 1994) ("An exception to this rule arises, however, when an agent does not act in good faith and commits independent torts or predatory acts directed at another for personal pecuniary gain."); *Cohen v. Davis*, 926 F. Supp. 399, 405 (S.D.N.Y. 1996) (denying motion to dismiss tortuous interference claim against employees related to plaintiff's termination, where "she has alleged that the defendants were not acting in good faith as employees of Mount Sinai when they caused her termination" and thus were "third part[ies]" for purposes of the claim); *Riddell Sports Inc. v. Brooks*, 872 F. Supp. 73, 78 (S.D.N.Y. 1995) (denying motion to dismiss and finding "[i]f it is the case that one or more officers or directors, motivated by malice and acting outside of the scope of their corporate representative capacities, induced a breach, then a claim for tortious interference with contractual relations properly lies"); *Bank of N.Y. v. Berisford Int'l*, 190 A.D.2d 622, 622 (1st Dep't 1993) (affirming denial of motion to dismiss and finding that defendant was "not immune from liability on the ground that he was the general partner of the entity that allegedly breached the contract, as it is alleged that he was not acting in good faith and committed wholly independent torts directed at plaintiff for personal pecuniary gain").

Here, the Amended Answer is replete with allegations that Mr. Guo acted outside the scope of his alleged authority.  For example, against Eastern's best interest, Mr.

Guo repeatedly ignored instructions from Strategic Vision about how to submit payment, how to provide the information necessary for Strategic Vision to conduct its work, and how interactions should be conducted given the nature of the parties' relationship. (Am. Ans. ¶¶ 56, 62, 66.) Moreover, he provided conflicting instructions regarding which of his associates should be trusted and demanded that Strategic Vision engage in conduct that would have been a crime under federal law. (*Id.* ¶¶ 60-70.) In addition, Strategic Vision alleges that Mr. Guo committed independent tortious acts, including serious breaches of security that comprised Strategic Vision team members, and even caused some to quit. (*Id.* ¶ 67.) Mr. Guo's erratic conduct, completely at odds with the best interests of Eastern, was outside the scope of his authority as Eastern's agent and not undertaken in good faith. Thus, there is nothing that prohibits the tortious interference claim against Mr. Guo, and the Motion on this point should accordingly be denied.

## POINT II

### THE PROMISSORY ESTOPPEL CLAIM AGAINST MR. GUO HAS BEEN SUFFICIENTLY PLEADED

Mr. Guo argues that Strategic Vision's promissory estoppel claim against him is barred by the written contract between Eastern and Strategic Vision. (Motion at 5-6.) This is incorrect. First, the contract between Strategic Vision and Eastern is irrelevant, as there is no written agreement between Mr. Guo and Strategic Vision. Moreover, the promissory estoppel claim--which pertains to Mr. Guo's promises to adequately fund Eastern to induce Strategic Vision to enter into the agreement--does not contradict the terms of that contract. *Bader v. Wells Fargo Home Mortg. Inc.*, 773 F. Supp. 2d 397, 415 (S.D.N.Y. 2011) ("When an enforceable contract does exist, the parties cannot assert a claim for promissory estoppel based on alleged promises that contradict the written contract. That is

because 'where the terms of an unambiguous contract are inconsistent with the statements that form the basis of the claim, the claiming party could not have *reasonably* relied on those statements as a matter of law.'") (citations omitted)).

Here, Strategic Vision reasonably relied on Mr. Guo's representations regarding his personal financial commitment to adequately fund Eastern in entering into the subject agreement. Upon information and belief, Eastern has no assets, and thus Mr. Guo has breached his promise to Strategic Vision (which is wholly independent of the Agreement between Eastern and Strategic Vision). The Motion should accordingly be denied with respect to the promissory estoppel claim against Mr. Guo.

### POINT III

### THE BREACH OF CONTRACT CLAIM AGAINST MR. GUO HAS BEEN SUFFICIENTLY PLEADED

"[W]hether to pierce the corporate veil in a given instance will necessarily depend on the attendant facts and equities." *Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 39 F. Supp. 3d 516, 528 (S.D.N.Y. 2014) (citation omitted). In his Motion, Mr. Guo erroneously argues that Strategic Vision has failed to allege an adequate basis to pierce the corporate veil between Eastern and Mr. Guo. (Motion at 6-8.) Specifically, Mr. Guo argues that Strategic Vision has failed to allege that Mr. Guo utilized his domination of Eastern to commit a fraud or wrong against Eastern, but rather alleges nothing more than a breach of contract. (*Id.*) This is incorrect.

Here, Strategic Vision has alleged that Mr. Guo expressly promised that he would adequately fund Eastern for the purpose of inducing Strategic Vision to enter into the contract *with Eastern*. Strategic Vision would have never entered into the Agreement *with Eastern* specifically had it not received this express promise from Mr. Guo. This amounts to

more than a mere breach of contract; indeed, this is precisely the type of abuse of corporate form that veil piercing is intended to avoid. *See, e.g., Am. Federated Title Corp.*, 39 F. Supp. 3d at 516 (rejecting defendants' argument that allegations amounted to no more than breach of contract and finding that "New York courts have held that using a completely dominated dummy or shell company created for the sole purpose of signing [a] lease, then breaching the lease, is a sufficient wrong to justify piercing the corporate veil") (internal quotation marks and citations omitted). Indeed, even one of the cases cited by Mr. Guo acknowledges that a veil piercing could have been upheld if "plaintiff [had] allege[d] that it believed it was contracting with or had rights vis-à-vis [the counterparty's affiliate] or any entity other than [the counterparty]. *Skanska USA Bldg. Inc. v. Atl. Yards B2 Owner, LLC*, 146 A.D.3d 1, 13 (1st Dep't 2016). That is precisely the situation here, where Strategic Vision reasonably relied on Mr. Guo's express, personal promise that he would adequately fund a company controlled by him, which would be the counterparty to the Agreement. For the foregoing reasons, Strategic Vision has adequately pleaded veil piercing as to Mr. Guo, and the Motion should accordingly be denied with respect to the breach of contract claim.

## CONCLUSION

For the foregoing reasons, Strategic Vision respectfully submits that Mr. Guo's motion to dismiss should be denied with prejudice, together with such other relief as the Court may deem just and proper.

- 9 -

|  |  |
|---|---|
| Dated: New York, New York<br>December 14, 2018 | PHILLIPS LYTLE LLP<br><br>By: /s/ Heather H. Kidera<br>   David J. McNamara<br>   Heather H. Kidera<br>Attorneys for Defendant<br>*Strategic Vision US LLC*<br>340 Madison Avenue, 17th Floor<br>New York, New York 10173<br>Telephone No.: (212) 759-4888<br>dmcnamara@phillipslytle.com<br>hkidera@phillipslytle.com |

Doc #05-519504

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 2(D) of Judge John G. Koeltl's Individual Practices, I hereby certify that this memorandum contains 7,000 words or fewer, and otherwise complies with the formatting rules set forth therein.

                                                              /s/ Heather H. Kidera
                                                              Heather H. Kidera, Esq.