# ZEICHNER ELLMAN & KRAUSE LLP

### 1211 AVENUE OF THE AMERICAS
### NEW YORK, NEW YORK 10036

ZACHARY GRENDI
(203) 489-1233
zgrendi@zeklaw.com

WWW.ZEKLAW.COM

December 18, 2018

**VIA ECF**
Judge John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:    *Eastern Profit Corporation Limited v. Strategic Vision US LLC,*
>         Civil Action No. 18-CV-2185.

Dear Judge Koeltl,

Pursuant to Local Rule 37.2, Plaintiff Eastern Profit Corporation Limited ("Eastern") hereby requests an informal conference to discuss a discovery dispute between Eastern and Strategic Vision US LLC ("SV") concerning SV's responses and objections to Eastern's First Set of Interrogatories and Requests for Production to SV.

Eastern and SV have already met and conferred telephonically in good faith concerning this dispute, which has resulted in (hopefully) the narrowing of the items in dispute.[1]  Unfortunately, there are a number of interrogatories and requests for production where SV maintains its improper objections and refuses to produce responsive information or documents.   The dispute concerning those items is detailed below:

## I.    Interrogatory Objections Based Upon Confidentiality Promises by SV.

Eastern's interrogatories numbered 3, 5, 7, 10, 11 and 12 seek to discover the identities of various professionals (Interrogatory 3) investigators and analysts (Interrogatory 5), independent contractors (Interrogatory 7), cybersecurity experts (Interrogatory 10), computer experts (Interrogatory 11) and "team members" (Interrogatory 12) that SV consulted with in connection with the January 6, 2018 Research Agreement between SV and Eastern (the "Contract").  According to SV, it subcontracted with third parties to perform the work contemplated by the Contract.

---

[1] Eastern has requested that SV merely update its responses to interrogatories numbered 2 and 4 (consistent with SV's representations in its letter dated December 12, 2018) in order to resolve the dispute concerning those two items.

Z E I C H N E R   E L L M A N   &   K R A U S E LLP

E ASTERN P ROFIT C ORPORATION L IMITED v. S TRATEGIC V ISION US LLC
December 18, 2018
Page 2

SV now refuses to identify any of those third parties because SV has claimed, without citation to any applicable privilege, that SV is "unable to disclose their identities" due to *promises* of confidentiality to those third parties.

One of the key issues in this case is SV's performance (or lack thereof) under the Contract, both as to Eastern's claim and SV's counterclaim for breach of contract. Eastern seeks to discover who performed the research bargained for in the Contract, how it was performed, and why the results were unsatisfactory. Eastern cannot explore these important issues without knowledge of the various entities SV worked with in connection with the Contract. Simply put, they are key witnesses in this case.

SV's alleged promises of confidentiality to such entities/individuals do not trump SV's disclosure obligations pursuant to the Federal Rules of Civil Procedure. There is no applicable privilege that applies. Moreover, SV and Eastern entered into a bargained for, and specially tailored Stipulated Protective Order (Dkt. No. 40), in order to protect their confidentiality interests and those of third parties. SV can designate documents and information confidential if appropriate. SV has no legitimate basis to refuse to answer interrogatories numbered 3, 5, 7, 10, 11 and 12 and must fully answer them.

**II.     Invalid Objections to Requests for Production concerning the Payment of Third Parties to Perform the Services.**

SV's responses and objections to Eastern's Requests for Production numbered 1, 2, 3, 17 are improper and/or inadequate.

Requests for Production 1, 2, and 3 seek documents concerning how SV used the funds supplied by Eastern pursuant to the Contract. These requests for production go directly to how SV allegedly sought to perform under the Contract (by apparently hiring third parties) and whether SV misled Eastern into entering into the Contract by deceiving Eastern about SV's experience and network of contacts. SV's objection, that these requests are not relevant, is clearly improper. SV must provide documents responsive to Requests for Production 1, 2 and 3. To the extent SV objects based upon its supposed confidentiality promises discussed above, SV's objections are without merit.

Lastly, Request for Production 17 seeks to discover documents concerning SV team members who allegedly quit the SV team due to the alleged conduct of Mr. Guo and Eastern. As noted above, SV must provide documents responsive to Request for Production 17, regardless of what promises of confidentiality SV made to others.

ZEICHNER ELLMAN & KRAUSE LLP

EASTERN PROFIT CORPORATION LIMITED v. STRATEGIC VISION US LLC
December 18, 2018
Page 3

       In light of the foregoing, Eastern hereby requests an informal conference with the Court to discuss this discovery dispute between Eastern and SV.

              Eastern Profit Corporation Limited
              By its Attorneys


              _/s/_Zachary Grendi_____
              Zachary Grendi, Esq.
              Zeichner Ellman and Krause LLP
              1211 Ave of the Americas
              New York, NY 10036
              zgrendi@zeklaw.com
              203-489-1233

**CERTIFICATE OF SERVICE**

       I hereby certify that this document will be served by U.S. mail and email on all counsel of record on December 18, 2018.

              _/s/_Zachary Grendi_____
              Zachary Grendi, Esq.