UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————

EASTERN PROFIT CORPORATION LIMITED,

        *Plaintiff-Counterclaim Defendant*,

    vs.                                    Case No. 18-cv-2185 (JGK)

STRATEGIC VISION US, LLC,

        *Defendant-Counterclaim Plaintiff*,

GUO WENGUI a/k/a MILES KWOK,

        *Counterclaim Defendant.*
————————————————————

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF COUNTERCLAIM-DEFENDANT'S MOTION TO DISMISS

**HODGSON RUSS LLP**

Jillian M. Searles, Esq.
Erin N. Teske, Esq.
605 Third Avenue, Suite 2300
New York, NY  10158
(212) 751-4300

*Attorneys for Counterclaim-Defendant*
*Guo Wengui*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................... ii

PRELIMINARY STATEMENT ......................................................................1

ARGUMENT ................................................................................................2

     I.     STRATEGIC'S ARGUMENT THAT MR. GUO
           ACTED OUTSIDE THE SCOPE OF HIS AGENCY
           MISAPPREHENDS THE LAW OF AGENCY AND
           CORPORATE FORMATION ................................................................2

     II.    STRATEGIC'S CLAIM FOR PROMISSORY
           ESTOPPEL ON THE BASIS OF AN ORAL
           GUARANTEE TO PAY THE OBLIGATIONS OF
           EASTERN VIOLATES THE STATUTE OF FRAUDS .........................5

     III.   STRATEGIC DOES NOT PROVIDE A BASIS
           FOR PIERCING THE CORPORATE VEIL OF
           EASTERN AND HOLDING EASTERN'S
           CORPORATE REPRESENTATIVE PERSONALLY LIABLE ...........7

CONCLUSION .............................................................................................9

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Barbara v. MarineMax, Inc.*,
2012 WL 6025604 (E.D.N.Y. Dec. 4, 2012) ............................................................3

*CCM Rochester, Inc. v. Federated Investors, Inc.*,
234 F. Supp. 3d 501 (S.D.N.Y. 2017) ......................................................................6

*Roselink Investors, LLC v. Shenkman*,
386 F. Supp. 2d 209 (S.D.N.Y. 2004) ...................................................................3, 4

*Trend & Style Asia HK Co. Ltd. v. Pac. Worldwide, Inc.*,
14-CV-9992 SAS, 2015 WL 4190746 (S.D.N.Y. July 10, 2015) .............................6

**State Cases**

*Cavalla v. Ernest F. Elliot, Inc.*,
447 N.Y.S.2d 533 (2d Dep't 1982) ...........................................................................5

*Skanska USA Bldg. Inc. v. Atl. Yards B2 Owner, LLC*,
146 A.D.3d 1 (1st Dep't 2016) .................................................................................8

*Vivir of L I, Inc. v. Ehrenkranz*,
145 A.D.3d 834 (2d Dep't 2016) ..............................................................................5

**State Statutes**

General Obligations Law § 5–701(a)(2) ...........................................................................5

Defendant Guo Wengui ("Mr. Guo"), by his attorneys, Hodgson Russ LLP, respectfully submits this reply memorandum of law in further support of his motion, made pursuant to Rule 12(b)(6), for an order dismissing the counterclaims asserted against Mr. Guo by defendant-counterclaim plaintiff Strategic Vision US, LLC ("Strategic") in its Amended Answer and Counterclaims dated September 17, 2018 ("Amended Answer") (Dkt. No. 47), and granting such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

Strategic's claims against Mr. Guo for breach of contract and, in the alternative, under quasi contract theories, must be dismissed because Mr. Guo is not a signatory to the undisputed written contract ("Contract") governing the relationship between Strategic and Eastern and, as Strategic itself has alleged, Mr. Guo acted at all times as a representative of Eastern. Strategic's attempts to hold a corporate representative personally liable for the contractual obligations of the corporation he is alleged to have represented are contrary to well-settled laws of contract. Further, Strategic has provided no basis for piercing the corporate veil or otherwise allowing an end run around the laws of contract.

In its opposition to Mr. Guo's motion to dismiss, Strategic relies on two arguments. First, Strategic argues that Mr. Guo acted outside the scope of his agency. Its sole basis for this argument, however, is that Strategic does not agree with the actions Mr. Guo took on behalf of Eastern. This misapprehends the agency-principle relationship and the fundamental underpinnings of corporate formation. Eastern sets the parameters of Mr. Guo's agency; Strategic's opinion on what is and isn't in the best interest of Eastern is not relevant in determining the scope of Mr. Guo's agency. Strategic does not, because it cannot, allege that Eastern did not grant Mr. Guo the authority to negotiate and manage the Contract on behalf of Eastern. Strategic acknowledges that, at all times, it understood that Mr. Guo was acting on behalf of Eastern as its representative. It is

1

not sufficient to allege that Mr. Guo acted beyond his authority simply because Strategic opines that Mr. Guo's actions were not in Eastern's best interest.  Strategic should not be permitted an end run around the protections from personal liability afforded corporate representatives without satisfying the requirements necessary to pierce the corporate veil.  Moreover, any effort to hold Mr. Guo personally liable for the payment of Eastern's purported debt without a written guarantee would violate the Statute of Frauds.

Second, Strategic argues that is entitled to pierce the corporate veil of Eastern because Eastern was funded by Mr. Guo.  But Strategic was aware that Mr. Guo was providing the funding for Eastern and did not request or obtain a personal guarantee from Mr. Guo; nor did Strategic refuse to enter into the Contract.  Instead, Strategic entered into the Contract with Eastern negotiating for and expressly including in the Contract payment terms.  There is no allegation that Strategic was misled or defrauded.  To the contrary, Strategic alleges it had all of the relevant information at the time it entered into the Contract with Eastern.  These facts simply cannot be the basis for piercing the corporate veil.

**ARGUMENT**

**I.**

**STRATEGIC'S ARGUMENT THAT MR. GUO
ACTED OUTSIDE THE SCOPE OF HIS AGENCY
MISAPPREHENDS THE LAW OF AGENCY AND CORPORATE FORMATION**

Strategic acknowledges that generally an agent cannot be liable for tortious interference with the contract of its principal on whose behalf the agent acts.  To avoid the consequences of this conceded rule of law, Strategic argues that Mr. Guo's actions were beyond the scope of his agency, such that Mr. Guo committed an independent tortious act against Strategic.  This argument fails for three reasons.  First, it is contrary to the allegations in the Amended Answer to which this motion to dismiss is addressed.  The Amended Answer repeatedly

alleges that the actions taken by Mr. Guo in negotiating and handling the Contract were taken in his capacity as Eastern's representative and, indeed, many of the actions Strategic attributes to Mr. Guo in its opposition to this motion are also attributable to Eastern in the Amended Answer. *See* Amended Answer ¶¶ 61, 62, 63.

Second, notwithstanding that Strategic acknowledges that an independent tortious act is necessary to fall within an exception to the general rule that an agent cannot be liable for tortious interference with the contract of its principal on whose behalf the agent acts, Strategic does not allege any independent tortious act by Mr. Guo.  To the contrary, all of the actions allegedly taken by Mr. Guo, were allegedly taken in his capacity as a representative of Eastern and amount to no more than garden variety claims of breach of contract.  In its opposition to this motion to dismiss, Strategic argues that Mr. Guo ignored instructions from Strategic about how to submit payment, how to provide information to Strategic, and how to communicate with Strategic. All of these actions are, at worst, breaches of the contract.  Strategic does not allege that any of Mr. Guo's actions were taken in bad faith or maliciously.  Perhaps recognizing its shortcoming, Strategic argues in its opposition to this motion that Mr. Guo acted in bad faith (*see* Strategic's Opposition,[1] p. 6), but there is no such allegation in the Amended Answer[2] and, in any event, such an allegation would be entirely baseless.  There is no interpretation of these facts that could give rise to an independent tortious act against Strategic. *See Roselink Investors, LLC v. Shenkman*, 386 F. Supp. 2d 209, 228 (S.D.N.Y. 2004); *Barbara v. MarineMax, Inc.*, 2012 WL 6025604 at *

---

[1]   As used herein, "Strategic's Opposition" refers to Defendant-Counterclaim Plaintiff Strategic Vision US LLC's Memorandum of Law in Opposition to Counterclaim Defendant Guo Wengui's Motion to Dismiss, filed in this action on December 14, 2018 (Dkt. No. 67).

[2]   This Court expressly provided Strategic with an opportunity to amend further its Amended Answer in order to bolster its claims against Mr. Guo but Strategic refused the opportunity, and the deadline for doing so has passed. *See* Order, Dkt. No. 58.  It should not now be permitted to interject new allegations into its opposition to this motion.

18 (E.D.N.Y. Dec. 4, 2012) (granting motion to dismiss a tortious interference claim against individual corporate representatives where claimant failed to show that the individuals committed independent tortious acts against the plaintiffs). Likewise, Strategic argues in its opposition to this motion that Mr. Guo provided conflicting instructions to Strategic, but again, such allegations, even accepting them as true, do not give rise to an independent tortious action sufficient to state a claim for tortious interference.

Third, Strategic cannot baselessly assert that Mr. Guo acted beyond the scope of his agency where Strategic does not allege any facts necessary to make that determination and where such bald conclusions are contrary to the facts alleged in the Amended Answer. *See Roselink*, 386 F. Supp. 2d at 228 (granting summary judgment for the individual corporate representatives where there was no evidence that the actions taken by the individuals, although in their own best interest, were not also in the best interest of the corporation). It is axiomatic that Mr. Guo's authority on behalf of Eastern is determined by Eastern – not Strategic. Strategic does not purport to have any information concerning the scope of Mr. Guo's authority beyond what Strategic alleges in the Amended Answer, namely that "Mr. Guo is the principal of Eastern" (Amended Answer ¶ 50) and "Eastern is under the complete dominion and control of Mr. Guo" (Amended Answer ¶ 52). To allege that Mr. Guo had less than broad authority to act on behalf of Eastern is contrary to Eastern's express allegations in the Amended Answer.

Moreover, a real-world application of Strategic's argument would upend corporate law as we know it. Strategic seemingly argues that any action taken by a corporate representative that potentially creates liability for a corporation is beyond the representative's authority and exposes the corporate representative to personal liability. If Strategic's argument prevails, then every time a corporation breaches a contract, the person by whom the corporation acts may be

personally liable because, by Strategic's logic, to breach a contract is to act outside the scope of the person's authority. This would undermine entirely one of the fundamental tenets of corporate formation and void the necessity of piercing the corporate veil. *See Vivir of L I, Inc. v. Ehrenkranz*, 145 A.D.3d 834, 835 (2d Dep't 2016) ("The general rule is that a corporation exists independently of its owners, who are not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability.") (internal quotations omitted). Strategic has not pleaded any facts upon which a claim for tortious interference against Mr. Guo may be made. Accordingly, this claim should be dismissed.

## II.
### STRATEGIC'S CLAIM FOR PROMISSORY ESTOPPEL ON THE BASIS OF AN ORAL GUARANTEE TO PAY THE OBLIGATIONS OF EASTERN VIOLATES THE STATUTE OF FRAUDS

In response to Mr. Guo's motion to dismiss, Strategic argues that the Contract between Strategic and Eastern is irrelevant because Mr. Guo guaranteed that Eastern would pay Strategic for the services it provided to Eastern pursuant to the Contract, but this argument violates the statute of frauds. An oral promise to guarantee the debt of another is unenforceable pursuant to the Statute of Frauds. *See* General Obligations Law § 5–701(a)(2); *Cavalla v. Ernest F. Elliot, Inc.*, 447 N.Y.S.2d 533 (2d Dep't 1982) ("Where an individual attempts to guarantee the liability of a corporation, his personal liability for breach of contract does not attach unless he subscribes to the contract in his individual capacity."). Neither can Strategic argue that a promise to fund is meaningfully different than a promise to pay because Strategic would not be the beneficiary of a promise to fund and would not have any purported injury from the breach of such a promise, except to the extent that Strategic treats the promise as a promise to pay. Strategic's only alleged injury is the non-receipt of payment, and Strategic's promissory estoppel claim cannot be based upon a promise to pay, as it is barred by the Statute of Frauds.

Moreover, any promise purportedly made by Mr. Guo during the negotiations leading to the Contract allegedly were made in Mr. Guo's capacity as a representative of Eastern and incorporated into the existing Contract, whereby Eastern agreed to do exactly what Strategic claims Mr. Guo promised, namely pay Strategic for its services. *See* Amended Answer ¶ 88 ("The Agreement was negotiated entirely between representatives of Strategic Vision and Mr. Guo."). Mr. Guo cannot be personally liable on the grounds of promissory estoppel where his alleged actions were limited to his role as Eastern's representative in negotiating the Contract. *See Trend & Style Asia HK Co. Ltd. v. Pac. Worldwide, Inc.*, 14-CV-9992 SAS, 2015 WL 4190746, at *6 (S.D.N.Y. July 10, 2015) (granting motion to dismiss claim for promissory estoppel against an individual representative of a corporate entity where plaintiff failed to show basis to pierce corporate veil).

Strategic's opposition to this motion underscores its misapplication of promissory estoppel. Strategic bafflingly argues that Mr. Guo's promise induced Strategic to enter into the Contract, but promissory estoppel is not the proper remedy for such an injury. If Strategic seeks redress for entering into a contract into which it would not otherwise have entered, the proper legal theory would be fraudulent inducement. But Strategic has not pleaded this claim in name or in substance. Nowhere in the Amended Answer does Strategic allege that Mr. Guo acted fraudulently or intended to mislead Strategic or that he never intended sufficiently to fund Eastern.[3] Without any such allegation, Strategic could not state a cause of action against Mr. Guo for fraudulent inducement, even if it had identified such a claim against Mr. Guo, which it has not, despite ample opportunity by this Court. *See CCM Rochester, Inc. v. Federated Investors, Inc.*,

---

[3]   Indeed, Strategic could not make any such allegation, not only because it would be false but, because it would contradict the existing allegations in the Amended Answer, namely that Strategic received the initial $1,000,000 deposit for Strategic's services. *See* Amended Answer ¶ 55.

234 F. Supp. 3d 501, 506-07 (S.D.N.Y. 2017) (identifying "an intent to deceive" as a necessary element of fraudulent inducement and granting summary judgment dismissing the fraudulent inducement claim because "no rational juror could find that [defendant] possessed an intent to deceive").

This case is a breach of contract case between Strategic and Eastern, and Strategic's attempts to subject Mr. Guo to personal liability for breach of a contract to which he is not a signatory are tortured and fail to state a cause of action. Strategic's claim for promissory estoppel against Mr. Guo should be dismissed.

### III.
### STRATEGIC DOES NOT PROVIDE A BASIS FOR PIERCING THE CORPORATE VEIL OF EASTERN AND HOLDING EASTERN'S CORPORATE REPRESENTATIVE PERSONALLY LIABLE

Strategic's opposition to Mr. Guo's motion to dismiss belies entirely its efforts to pierce the corporate veil. To state a claim on the basis of piercing the corporate veil, a claimant must allege that an individual used the corporate form to commit a fraud or wrongdoing against the claimant. Here, Strategic does not allege that Mr. Guo abused the corporate form. To the contrary, Strategic alleges in the Amended Answer, and confirms in its opposition to this motion, that it was well aware prior to entering into the Contract with Eastern that Eastern allegedly was to be funded by Mr. Guo for the purpose of entering this Contract. *See* Amended Answer ¶ 49 ("Mr. Guo informed Strategic Vision that he would cause his agreement with Strategic Vision to be entered into with a corporate entity controlled by him that he would fund as necessary to pay for Strategic Vision's services."). There is no allegation that Strategic was defrauded by Eastern's corporate form, i.e. that Eastern misrepresented its ownership or controls or any other purported shortcomings. Rather, Strategic alleges that it knew at the time of signing the Contract that Mr.

Guo controlled and funded Eastern and, still, Strategic chose not to request or demand a personal guarantee from Mr. Guo and, still, Strategic chose to enter into the Contract with Eastern.

Highlighting the shortfall in its own pleading, Strategic points out that, in *Skanska USA Bldg. Inc. v. Atl. Yards B2 Owner, LLC*, 146 A.D.3d 1, 13 (1st Dep't 2016), the Court suggests that "a veil piercing could have been upheld if 'plaintiff [had] allege[d] that it believed it was contracting with or had rights vis-à-vis [the counterparty's affiliate] or any entity other than [the counterparty]." Strategic's Opposition, p. 8. Here, Strategic expressly alleges that it knew and understood the ownership and control of Eastern and that Mr. Guo would fund Eastern. The facts, as alleged by Strategic, render it impossible for Strategic to have believed that it had contractual rights as to any party other than Eastern and, indeed, that Strategic chose not to request or demand a personal guarantee from Mr. Guo. Far from being an unwitting party to the Contract, Strategic concedes that it had full knowledge of all the facts upon which it now bases its veil-piercing claim. Where Strategic was fully informed and passed up the opportunity to request or demand a guarantee, it should not now be entitled to pierce the corporate veil of Eastern to bind Mr. Guo to a Contract to which Strategic had every opportunity to require, but did not, that Mr. Guo be a signatory.

## CONCLUSION

For the foregoing reasons, Mr. Guo respectfully requests that the Court grant his motion to dismiss in its entirety and grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         January 4, 2019

                                        HODGSON RUSS LLP

                                        By: _____
                                            Jillian M. Searles
                                            Erin N. Teske
                                        605 Third Avenue, Suite 2300
                                        New York, New York 10158
                                        (212) 751-4300
                                        jsearles@hodgsonruss.com
                                        eteske@hodgsonrss.com

                                        *Attorneys for Counterclaim Defendant*
                                        *Guo Wengui*

## CERTIFICATE OF WORD-COUNT COMPLIANCE

Erin N. Teske certifies that, pursuant to Rule 2, Part D of the Individual Practices of Judge John G. Koeltl, this brief contains fewer than 2800 words.

Dated:   January 4, 2019

                                        _____
                                            Erin N. Teske