UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EASTERN PROFIT CORPORATION
LIMITED

                 Plaintiff,

v.

STRATEGIC VISION US LLC,

                 Defendant.

Case No. 18-CV-2185

**PLAINTIFF EASTERN PROFIT CORPORATION LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT STRATEGIC VISION US LLC'S COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 8, Plaintiff/Counterclaim-Defendant Eastern Profit Corporation Limited ("Eastern") in answer to the numbered paragraphs set forth in the counterclaim filed by Defendant/Counterclaimant Strategic Vision US LLC ("Strategic Vision") on April 3, 2018 (the "Counterclaim"), responds as follows:

**PARTIES**

42. Eastern admits that public records show that Strategic Vision is organized under the laws of the State of Nevada, and has a principal place of business in Nevada.

43. Eastern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and therefore denies the same.

44. Eastern admits that it is organized under the laws of Hong Kong and has a principal place of business in Hong Kong. Eastern also admits that it entered into a contract with Defendant Strategic Vision on January 6, 2018 (the "Contract"), which was negotiated in

Virginia and New York, and was signed in Virginia by both parties. Eastern denies all other allegations contained in Paragraph 44.

45. Eastern states that to the extent that the last sentence of Paragraph 45 purports to describe the contents of an article, the article speaks for itself. Eastern denies all other allegations contained in Paragraph 45.

### THE AGREEMENT

46. Eastern denies that Mr. Guo represented to Strategic Vision that Mr. Lianchao had authority to act for and on behalf of Mr. Guo. Eastern admits the remaining allegations contained in Paragraph 46, except that Ms. Y's last name is "Wong" and not "Wang."

47. Eastern admits the allegations contained in Paragraph 47.

48. Eastern admits that the parties discussed that the exchange of information between Strategic Vision and Mr. Guo should take place in person-to-person meetings, and that all communications related to the Contract had to remain secure and confidential. Eastern denies all remaining allegations contained in Paragraph 48.

49. Eastern admits the allegations contained in the first sentence of Paragraph 49, and that Mr. Guo did not identify Eastern by name as the entity that would enter into the Contract with Strategic Vision. Eastern denies all remaining allegations contained in Paragraph 49.

50. Eastern admits that $1,000,000 were wired to Strategic Vision's bank account by ACA Capital Group Limited ("ACA Capital") on January 2, 2018, and states that the payment was an advance payment to be used as a deposit against the last payments owed by Eastern during the final 1.3 months of the Contract as provided in the Contract. Eastern further states that Mr. Guo informed Strategic Vision that the payment from ACA Capital would come from Hong Kong, which is where ACA Capital is based, but admits that Mr. Guo did not provide

Eastern with any further information regarding ACA Capital. Eastern denies all other allegations contained in Paragraph 50.

51. Eastern admits that $1,000,000 were wired to Strategic Vision's bank account by ACA Capital from Hong Kong as an advance payment to be used as a deposit against the last payments owed by Eastern during the final 1.3 months of the Contract. Eastern denies all other allegations contained in Paragraph 51.

52. Eastern denies the allegations contained in the first sentence of Paragraph 52. Eastern admits all remaining allegations contained in Paragraph 52.

53. Eastern states that to the extent the allegations of Paragraph 53 seek to paraphrase or characterize the contents of the Contract, the Contract speaks for itself. Eastern denies all allegations to the extent that they are inconsistent with the Contract.

## **STRATEGIC VISION'S PERFORMANCE UNDER THE AGREEMENT**

54. Eastern denies the allegations contained in Paragraph 54.

55. Eastern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and therefore denies the same.

56. Eastern denies the allegations contained in Paragraph 56.

57. Eastern states that to the extent the allegations of Paragraph 57 seek to paraphrase or characterize the contents of the Contract, the Contract speaks for itself. Eastern denies all other allegations contained in Paragraph 57, and avers that the parties agreed, as provided in the Contract, that Eastern would provide Strategic Vision with 15 subjects for the first month with background information, including family relationships for the subjects.

58. Eastern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and therefore denies the same, except that it admits

that Ms. Y delivered a flash drive to Strategic Vision that included an initial list of 15 subjects along with background information including family relationships for each of the 15 subjects.

59. Eastern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 59, and therefore denies the same. Eastern admits that on or around January 7, 2018, one day after Eastern delivered the flash drive to Strategic Vision, Strategic Vision claimed that the flash drive was infected with malware. Eastern denies all other allegations contained in Paragraph 59.

60. Eastern admits the allegation contained in the first sentence of Paragraph 60. Eastern lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60, and therefore denies the same.

61. Eastern denies the allegations contained in the first sentence of Paragraph 61. Eastern denies the allegations contained in the second sentence of Paragraph 61, except admits that Mr. Guo invited Strategic Vision's representatives for meetings in New York, and that Mr. Guo invited Strategic Vision's representatives to Florida because he was already traveling in Florida at the time and wanted to accommodate a meeting with Strategic Vision at the earliest date possible, given the delays already incurred as a result of Strategic Vision's failure to meet the deadlines set forth in the Contract.

62. Eastern lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and therefore denies the same.

63. Eastern states that to the extent the allegations of the first sentence of Paragraph 63 seek to paraphrase or characterize the contents of the Contract, the Contract speaks for itself, and Eastern denies any allegations inconsistent with the Contract. Eastern denies that Strategic Vision alerted Eastern that any of the research subjects were persons designated as "Records

Protected," or that attempting to research them could be a criminal activity. Eastern lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63, and therefore denies the same.

64. Eastern denies the allegations contained in Paragraph 64.

65. Eastern denies the allegations contained in Paragraph 65.

66. Eastern denies the allegations contained in Paragraph 66.

67. Eastern denies the allegations contained in Paragraph 67.

68. To the extent the allegations of Paragraph 68 seek to paraphrase or characterize the contents of the Contract, Eastern states that the Contract speaks for itself. Eastern denies the remaining allegations in Paragraph 68.

69. Eastern admits that ACA Capital attempted to reverse its payment to Strategic Vision, but denies that it did so when Strategic Vision had already begun rendering services to Eastern pursuant to the Contract. Eastern further states that ACA Capital only attempted to reverse the payment because the payment was erroneously made before the parties had entered into the Contract. Eastern denies all remaining allegations contained in Paragraph 69.

## FIRST COUNTERCLAIM

70. Eastern repeats and re-alleges each of its responses to Paragraphs 1-69 of the Counterclaim as if set forth herein.

71. To the extent the allegations of Paragraph 71 seek to paraphrase or characterize the contents of the Contract, Eastern states that the Contract speaks for itself. Eastern denies any allegations that are inconsistent with the terms of the Contract.

72. Eastern denies the allegations contained in Paragraph 72.

73. To the extent the allegations of Paragraph 73 seek to paraphrase or characterize the contents of the Contract, Eastern states that the Contract speaks for itself. Eastern denies any allegations that are inconsistent with the terms of the Contract.

74. Eastern admits to the allegations contained in Paragraph 74.

75. Eastern admits that the Contract was terminated by March 21, 2018 because of Strategic Vision's breach and fraudulent inducement. Eastern denies all remaining allegations contained in Paragraph 75.

76. Eastern denies the allegations contained in Paragraph 76.

77. Paragraph 77 sets forth a legal conclusion that is not an allegation of fact and does not require a response. To the extent that a response is required, Eastern denies the allegations contained in Paragraph 77.

78. Paragraph 78 sets forth a legal conclusion that is not an allegation of fact and does not require a response. To the extent that a response is required, Eastern denies the allegations contained in Paragraph 78.

## ANSWER TO PRAYER FOR RELIEF

Plaintiff/Counterclaim-Defendant, Eastern, denies that Defendant/Counterclaim-Plaintiff, Strategic Vision, is entitled to the judgment and relief prayed for in its Prayer for Relief.

## GENERAL DENIAL

Eastern denies each and every factual allegation in the Counterclaim that is not specifically admitted or otherwise addressed in the preceding Paragraphs and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Plaintiff/Counterclaim-Defendant Eastern asserts the following affirmative defenses in response to Defendant/Counterclaimant Strategic Vision's Counterclaim. Eastern reserves the right to add defenses that may be supported by the facts upon completion of discovery.

## First Affirmative Defense

### (Failure to State a Claim)

Strategic Vision's Counterclaim fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

### (Fraudulent Misrepresentation)

Strategic Vision's Counterclaim is barred because Strategic Vision engaged in misrepresentations of facts, made promises without intent to perform, or concealed and suppressed material facts from Eastern, causing damage.

## Third Affirmative Defense

### (Excuse)

Any alleged non-performance of the Contract by Eastern, which Eastern denies, was excused by the prior breach by Strategic Vision.

## Fourth Affirmative Defense

### (The Contract is Illegal and Void as Against Public Policy)

Strategic Vision's Counterclaim is barred because the Contract is illegal and void because Strategic Vision is not a licensed private investigator under the laws of the State of Nevada or any other state.

## RELIEF REQUESTED

WHEREFORE, Eastern prays for the following relief:

1) Dismissal of the Counterclaim with prejudice;
2) An award to Eastern of its costs and reasonable attorneys' fees; and
3) Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Eastern hereby demands a trial by jury on the Counterclaims and defenses so triable.

                          Eastern Profit Corporation Limited

                          By its attorneys,

BY: /s/ Zachary Grendi
                          Zachary Grendi
                          Zeichner Ellman & Krause LLP
                          35 Mason Street
                          Greenwich, CT 06830
                          (203) 622-0900
                          (203) 862-9889 (fax)
                          zgrendii@zeklaw.com

Dated: April 15, 2019