# BARTON

James J. McGuire, Esq.
Direct dial: 212-885-8825
jmcguire@bartonesq.com

ATTORNEYS AT LAW

711 Third Avenue
14th Floor
New York, NY 10017

(212) 687.6262 Office
(212) 687.3667 Fax

bartonesq.com

April 18, 2019

**BY ECF**

Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
Courtroom 14A
500 Pearl Street
New York, New York 10007

Re: ***Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC***
**18-CV-2185 (JGK) -- Pre-Motion Conference Request**

Your Honor:

As counsel to defendant Strategic Vision US, LLC ("Strategic Vision"), we write to request a Pre-Motion Conference, pursuant to Rule 2(B) of Your Honor's Individual Practices, for the purpose of obtaining permission to move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") to dismiss Count II of the Amended Complaint ("AC") of plaintiff Eastern Profit Corporation Limited ("Eastern"). If permitted, Strategic Vision would so move against that fraudulent misrepresentation claim on the grounds that Eastern has failed to plead fraud with the particularity required by Fed. R. Civ. P. 9(b) ("Rule 9(b)") for the reasons set forth below.

It is well-settled that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). To survive a Rule 12(b)(6) motion, a Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. And, that Complaint must also "allow [ ] the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*"). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*





Rule 9(b), however, sets an even higher pleading standard than that articulated in *Twombly* and *Iqbal*, mandating that in all averments of fraud the circumstances constituting the fraud be pled with particularity. The default rule is that "Rule 9(b) pleadings cannot be based 'on information and belief'." *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972) (footnotes omitted). In addition, "[w]hile the rule is relaxed as to matters peculiarly within the adverse parties' knowledge, the allegations must then be accompanied by a statement of the facts upon which the belief is founded." *Id.* Dismissal is warranted, where, as here, plaintiff does not satisfy the heightened pleading standard established in Rule 9(b).

Pursuant to entrenched Second Circuit precedent, "[t]o state a claim for fraudulent misrepresentation under New York law 'a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance.' Fraud must be pled with particularity, Fed. R. Civ. P. 9(b), which requires that the plaintiff '(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent'." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 186–87 (2d Cir. 2004) (citation omitted) ("*Eternity*"). *See also M'Baye v. New Jersey Sports Prods. Inc.*, 2007 WL 431881, at *6 (S.D.N.Y. Feb. 7, 2007). Although scienter "may be averred generally, 'plaintiffs are still required to plead the factual basis which gives rise to a strong inference of fraudulent intent'." *Flutie Bros. v. Hayes*, 2006 WL 1379594, at *8 (S.D.N.Y. May 18, 2006). This "strong inference" of fraudulent intent "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Here, without question, each and every one of the fraudulent misrepresentation allegations in Count II of the AC fails to satisfy Rule 9(b). That Count consists of a mere seven paragraphs, spans less than two pages in the AC, and is fraught with the most conclusory of allegations. Eastern asserts that Strategic Vision "made the following representations to Eastern: a. [t]hat [it] had a highly skilled in-house team of investigators ready to conduct the detailed research Eastern required during a short time-frame; b. [t]hat its in-house team of investigators included former intelligence officers that were capable of conducting sophisticated financial tracking and asset tracing all over the world, including in China without violating the laws of the countries in which they were operating; and c. [t]hat it had represented other sophisticated clients in the past, including Republican politicians, a Middle Eastern prince, and a leader of the Russian opposition party." AC ¶ 34. Next, Eastern avers that "[u]pon information and belief, Strategic Vision misrepresented its capabilities, expertise and resources." *Id.* ¶ 35 (mislabeled ¶ 33). Earlier in the AC, Eastern claims that "[u]pon information and belief, this delay [in delivering reports] was caused in part by the fact that Eastern [sic] did not actually have an in-house team of investigators ready to conduct the research Eastern needed at the time that the parties entered into the Contract. Upon information and belief, Strategic Vision does not actually employ any investigators, but instead relies on independent contractors to provide investigative research for it." *Id.* ¶ 19.

Plaintiff further alleges that "Strategic Vision also told Eastern that Eastern's $1 million deposit would be used as a deposit against the last payments owed by Eastern at the end of the





Contract. Upon information and belief, Strategic Vision also knew this statement to be false." *Id.* ¶ 36 (mislabeled ¶ 34). The AC additionally maintains that "[u]pon information and belief, Strategic Vision has spent all of the $1 million deposit instead of holding it as a deposit against the payments owed by Eastern during the final 1.3 months of the Contract." *Id.* ¶ 26. Plaintiff, in sum, asserts that "[u]pon information and belief, Strategic Vision made the above-mentioned misrepresentations to lure Eastern into entering into the Contract and pay Strategic Vision the $1 million deposit." *Id.* ¶ 37 (mislabeled ¶ 35).

The paragraphs preceding Count II in the AC provide no further meaningful detail as to any of these purported misrepresentations. Noticeably absent are color or specificity regarding the exact misrepresentations supposedly made, who made them, and/or where and when they were made, as required by the first three of the well-settled four factor test under Rule 9(b). *See Eternity, supra*, 375 F.3d at 186-87. Simply put, Eastern propounds its fraudulent misrepresentation claim in a near factual vacuum, merely advancing evanescent and conclusory averments that must fail as a matter of law.

Moreover, the AC also fails to give rise to a "strong inference of fraudulent intent." While scienter can be averred generally, a plaintiff must plead "the factual basis which gives rise to a strong inference of fraudulent intent." *Flutie Bros., supra*, 2006 WL 1379594 at *8. To be sure, Eastern fails to allege "facts to show that defendants had both motive and opportunity to commit fraud," as well as "facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields*, *supra*, 25 F.3d at 1128.

Finally and more generally, Eastern's repetitive pleading "upon information and belief" runs afoul of Rule 9(b). In *Moll v. US Life Title Ins. Co. of New York*, 654 F. Supp. 1012, 1035 (S.D.N.Y. 1987), *on reconsideration sub nom., Moll v. U.S. Life Title Ins. Co. of New York*, 700 F. Supp. 1284 (S.D.N.Y. 1988), this Court granted a defense dismissal motion, where "[t]he preponderance of plaintiffs' allegations in their complaints [were] made upon information and belief" and plaintiffs failed to "adequately specify the sources of their information and belief under Rule 9(b)." As in *Moll*, the AC here solely contains conclusory, "upon information and belief" averments. Moreover, Eastern nowhere identifies the sources of its purported "information and belief." Such "threadbare" pleading is gravely defective as a matter of law. *Iqbal, supra,* 556 U.S. at 678. Accordingly, Strategic Vision would contend that the Court should dismiss Eastern's claim for fraudulent misrepresentation.

We look forward to the Court's decision upon this application for a Pre-Motion Conference.

Respectfully,

James J. McGuire

cc: All Counsel of Record (by ECF)