# BARTON

James J. McGuire, Esq.
Direct dial: 212-885-8825
jmcguire@bartonesq.com

ATTORNEYS AT LAW

April 26, 2019

**BY ECF**

Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
Courtroom 14A
500 Pearl Street
New York, New York 10007

711 Third Avenue
14th Floor
New York, NY 10017

(212) 687.6262 Office
(212) 687.3667 Fax

bartonesq.com

Re: ***Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC***
**18-CV-2185 (JGK) -- Pre-Motion Conference Request**

Your Honor:

    As counsel to defendant Strategic Vision US, LLC ("Strategic Vision"), we write, pursuant to Rule 2(B) of Your Honor's Individual Practices, to obtain permission to further address at the scheduled May 13, 2019 Pre-Motion Conference whether or not defendant might also move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), to dismiss Counts III and IV of the Amended Complaint ("AC") of plaintiff Eastern Profit Corporation Limited ("Eastern"). At the outset, we apologize to the Court for filing two successive Pre-Motion Conference letters. We recently substituted in as counsel to Strategic Vision and are in the course of learning this case. Recently and during that process, we uncovered defects in Eastern's pleadings beyond those profiled in our April 18, 2019 letter to Your Honor.

    Under well-established pleading standards, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). To survive a Rule 12(b)(6) motion, a Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. And, that Complaint must also "allow [ ] the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*"). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

    Count III of the AC, which seeks a Declaratory Judgment that the alleged contract at the center of this action is illegal and void as against public policy, must fail, since it does not plead a claim plausible on its face. Eastern alleges that the contract is "illegal and void as against public policy, because Strategic Vision agreed to perform investigations into the identities, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation and character of individuals without a private investigator license under the laws of the State of

**BARTON**

Nevada or any other state," and "because Strategic Vision attempted to perform investigations into the identities, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation and character of individuals without a private investigator license under the laws of the State of Nevada or any other state." AC ¶¶ 45-46 (mislabeled ¶¶ 43-44). Chapter 648 of the Nevada Revised Statutes governs private investigators within the State of Nevada and provides, in pertinent part, that "no person may: (a) Engage in the business of private investigator … unless the person is licensed pursuant to this chapter." N.R.S. 648.060. Likewise, "[n]o person may be employed by a licensee unless the person is registered pursuant to this chapter." *Id.* The legislation also makes it unlawful "for a person to allow an employee to perform any work regulated pursuant to the provisions of this chapter unless the employee is registered pursuant to this chapter." N.R.S. 648.203.

Eastern's reliance on Chapter 648 is woefully misplaced. As Eastern itself pleads and the evidence will bear out, "[u]pon information and belief, Strategic Vision does not actually employ any investigators, but instead relies on independent contractors to provide investigative research for it." AC ¶ 19. Accordingly, and by dint of Eastern's own contentions, it is the independent contractors -- and not Strategic Vision -- who are performing investigations and "engag[ing] in the business of private investigator" pursuant to N.R.S. 648.060. Thus, pursuant to a plain reading of the statute, Strategic Vision itself did not and does not need a private investigator's license, and Count III must be dismissed.

Moreover, Eastern's Declaratory Judgment cause fails for the additional reason that Eastern has not alleged any relevant nexus to Nevada, apart from the averments that Strategic Vision is incorporated in and has its principal place of business in Nevada, which are irrelevant in the context of the statute. Conspicuously absent from the AC are any averments that the parties contemplated that any services would be performed in Nevada or were, in fact, performed in Nevada.[1] Instead, Eastern generally alleges that "Strategic Vision performs investigations within the United States and in countries other than the United States." AC ¶ 42 (mislabeled ¶ 40). Eastern then asserts that "[i]n the Contract, Strategic Vision agreed to perform investigations on individual persons for the purpose of obtaining information concerning the identities, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation and character of individual persons." AC ¶ 43 (mislabeled ¶ 41). Finally, Eastern avers that "[a]fter the Contract was executed, Strategic Vision attempted to obtain information concerning the identities, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation and character of 15 individual persons identified by Eastern." AC ¶ 44 (mislabeled ¶ 42). In sum, Eastern's failure to plead any connection between Strategic Vision's services and the State of Nevada dooms Count III, as predicated upon the claim of the absence of a Nevada private investigator's license.

Eastern's cause for Declaratory Judgment is further defective as a matter of law, because it is duplicative of its breach of contract claim. Pursuant to well-settled authority, where "a claim for

---

[1] And, as the evidence will again bear out, no services were to be performed in Nevada.

declaratory judgment 'seeks a declaration of the same rights as will be determined under [an] action for breach of contract,' it [must be] dismissed as duplicative of the ... breach of contract claim." *Pers. Watercraft Prod. SARL v. Robinson*, No. 16-CV-9771 (AJN), 2017 WL 4329790, at *11 (S.D.N.Y. Sept. 1, 2017) ("*Pers. Watercraft*"). In *Pers. Watercraft*, plaintiff lodged separate claims for, *inter alia*, breach of contract and a Declaratory Judgment that there existed a binding and enforceable agreement between the parties. In that setting, the Court dismissed the Declaratory Judgment count as duplicative, holding that "[i]t would appear that such a declaration is a necessary antecedent to a finding of liability under the breach-of-contract claim." *Id.* See also *Summit Properties Int'l, LLC v. Ladies Prof'l Golf Ass'n*, 2010 WL 2382405, at *6 (S.D.N.Y. June 14, 2010). Here, the Court must necessarily rule on whether the contract is enforceable (or, otherwise put, not void) as a predicate to determining Eastern's breach of contract cause. Accordingly, the Declaratory Judgment claim must also, and independently, be dismissed as duplicative of the breach of contract cause.

Since Eastern's claim for Declaratory Judgment fails as a matter of law, its cause of action for unjust enrichment in Count IV must also be dismissed. The dismissal of the Declaratory Judgment claim, and its underlying premise that the contract is void as unlawful, vitiates any contention or that the contract is unenforceable. Under entrenched precedent, a quasi-contract unjust enrichment claim cannot be pleaded in the alternative to a breach of contract claim, where the enforceability of the contract is not challenged. "Unjust enrichment may be plead in the alternative where the plaintiff challenges the validity of the contract; it may not be plead in the alternative alongside a claim that the defendant breached an enforceable contract." *King's Choice Neckwear, Inc. v. Pitney Bowes, Inc.*, No. 09 CIV. 3980 (DLC), 2009 WL 5033960 (S.D.N.Y. Dec. 23, 2009), aff'd sub nom. *Kings Choice Neckwear, Inc. v. Pitney Bowes, Inc.*, 396 F. App'x 736 (2d Cir. 2010). See also *CCR Int'l, Inc. v. Elias Grp., LLC*, No. 15 CIV. 6563 (RWS), 2016 WL 206475 (S.D.N.Y. Jan. 15, 2016) ("Plaintiff has pled a fear, but not a claim, that the Assignment Agreement is invalid....Therefore, the quasi contract claims are duplicative of the breach claims, and must be dismissed."). Accordingly, Count IV, sounding in unjust enrichment, should be dismissed.

In these premises, we respectfully request that the Court address all issues raised in our two letters at the Pre-Motion Conference set for May 13, 2019.[2]

Respectfully,

James J. McGuire

cc: All Counsel of Record (by ECF)

---

[2] We are working under the belief that our filing of the April 18, 2019 letter commenced the motion to dismiss process, staying the time that Strategic Vision has to file its motion to dismiss and, ultimately, its Answer. See *Ricciuti v. New York City Transit Auth.*, 1991 WL 221110, at *2 (S.D.N.Y. Oct. 3, 1991) ("Any motion, particularly when the motion addresses a significant portion of the complaint (as in the present case), will suspend the time to answer any claim. As a matter of policy and judicial economy such a conclusion is required."). Accordingly, we understand that Strategic Vision will not need to file an Answer to any of Eastern's claims, until the Court has resolved any and all of Strategic Vision's motions.