ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400

DIRECT DIAL
(203) 489-1233                                                            WWW.ZEKLAW.COM
zgrendi@zeklaw.com

May 9, 2019

**BY ECF**

Judge John G. Koeltl
United States Courthouse
Southern District of New York
500 Pearl St.
New York, New York  10007-1312

**Eastern Profit Corporation Limited v. Strategic Vision US LLC,**
**Civil Action No. 18-CV-2185 (JGK)**

Dear Judge Koeltl,

Plaintiff Eastern Profit Corporation Limited ("Eastern") respectfully responds to the April 18, 2019 and April 26, 2019 pre-motion conference request letters (the "Pre-Motion Letters") submitted by defendant Strategic Vision US, LLC ("Strategic Vision").

While Eastern believes Strategic Vision's criticisms of the Amended Complaint lack merit, Eastern has today filed a Second Amended Complaint (Dkt. No. 93) under FRCP 15(a)(1).  By doing so, Eastern has addressed the issues raised by Strategic Vision's Pre-Motion Letters.  Accordingly, there is no longer any basis for Strategic Vision's proposed 12(b)(6) motion.

**Eastern Has A Right To File The Second Amended Complaint**
**As Of Course Under FRCP 15(A)(1)**

Eastern filed the Amended Complaint (Dkt. No. 88) upon the stipulation of the parties, so ordered by the Court.  The Amended Complaint added two counts – Count III (Declaratory Judgment) and Count IV (Unjust Enrichment).  Counts I (Breach of Contract) and II (Fraudulent Misrepresentation) of the Amended Complaint are substantively identical to those counts in the original Complaint (Dkt. No. 19).

Despite having made the strategic decision to answer the original complaint without seeking leave to make a 12(b)(6) motion, Strategic Vision now challenges the legal sufficiency of the fraudulent misrepresentation allegations in Count II.  Instead of engaging in potential motion practice addressed to this fraud count, Eastern filed the Second Amended Complaint (Dkt. No. 93) pursuant to FRCP 15(a)(1).

NEW YORK  |  CONNECTICUT  |  NEW JERSEY  |  ISRAEL  |  WASHINGTON D.C.

Z EICHNER  E LLMAN  &  K RAUSE LLP

Judge John G. Koeltl
May 9, 2019
Page 2

Rule 15(a)(1) provides:

A party may amend its pleading **once as a matter of course within**:
(A)     21 days after serving it, or
(B)     if the pleading is one to which a responsive pleading is required, 21
         days after service of a responsive pleading or **21 days after service
         of a motion under Rule 12(b), (e), or (f)**, whichever is earlier.
         (emphasis added).

Until it filed the Second Amended Complaint, Eastern had not exercised
its right to amend its complaint once as a matter of course under Rule 15(a)(1).  Eastern's
recent amendment by consent of the parties does not eliminate its amendment right under
Rule 15(a)(1).  See Ramirez v. County of San Bernadino, 806 F.3d 1002, 1007 (2015)
("We hold that Rule 15 provides different ways to amend a complaint, and these ways are
not mutually exclusive. Rule 15 is organized substantively, not chronologically. It does not
prescribe any particular sequence for the exercise of its provisions. That is, it does not
mandate that the matter of course amendment under 15(a)(1) be exhausted before an
amendment may be made under 15(a)(2), nor does it state that the ability to amend under
15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made. 15(a)(2)'s phrase "in
all other cases" does not indicate that it chronologically follows 15(a)(1)").  See also
Paladino v. Seals-Nevergold, Docket No. 17-cv-538, 2019 U.S. Dist. LEXIS 47140, at *8
(W.D.N.Y. Mar. 18, 2019) (distinguishing the case at issue but respecting the reasoning
of the Ramirez decision.); Nuclear Watch New Mexico v. United States DOE, Docket No.
1:16-cv-00433-JCH-SCY, 2018 U.S. Dist. LEXIS 116716, at *23 (D.N.M. July 12, 2018)
("district courts within the Tenth Circuit have held that a plaintiff preserves it's as of right
amendment under 15(a)(1) even if the plaintiff obtained previous amendments through a
different provision of Rule 15."); Duncan v. Liberty Mutual Ins. Co., Civil Action No. 16-
CV-12570, 2016 U.S. Dist. LEXIS 190088, at *3 (E.D. Mich. Sep. 28, 2016) ("Under Fed.
R. Civ. P. 15(a)(1), a party is given one "free shot" at amending its pleading.  Once the free
shot has been used, the party may amend only with consent or permission.  In the present
case, plaintiff used her one free shot to file her second amended complaint.  She was
within her rights to do so because her first amended complaint was filed with the state
court's permission, that is, under Fed. R. Civ. P. 15(a)(2).")

Since Strategic Vision has not filed a responsive pleading to Eastern's
amended complaint, the time for Eastern to file a second amended pleading as of course
has not yet commenced.  Eastern believes the Second Amended Complaint addresses
Strategic Vision's objections to the Amended Complaint, obviates the motion practice
proposed by Strategic Vision, and thus will conserve judicial resources and  reduce the
cost of this litigation.

ZEICHNER ELLMAN & KRAUSE LLP

Alternatively, if the Court concludes that Eastern may not amend its pleading as of right, Eastern hereby requests (and should be granted) leave to amend under Fed. R. Civ. P. 15(a)(2).  Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be "freely" given "when justice so requires."  The rule in the Second Circuit is "to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).  "Undue delay, undue prejudice to the opposing party, and futility of the amendment are among the reasons to deny leave."  Reubens v. N.Y.C. Dep't of Juvenile Justice, 930 F. Supp. 887, 888 (S.D.N.Y. 1996).  No prejudice to Strategic Vision will result from Eastern amending the Complaint it filed less than a month ago on April 15, 2019.

Strategic Vision's only criticism of Count II of the Amended Complaint is a purported lack of particularity under Rule 9(b).  One of the core reasons behind Rule 9(b) is to "provide a defendant with fair notice of a plaintiff's claim."  O'Brien v. National Property Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991).  Here, the pre-contract discussions between Strategic Vision and Eastern took place in New York and Virginia over a relatively brief period of time (late October 2017 through January 6, 2018) and were conducted by Strategic Vision by only two individuals - French Wallop and J. Michael Waller.  During the January 31, 2019 deposition of Yvette Wang, who participated in pre-contract negotiations on behalf of Eastern, Ms. Wang provided clarity about the "who, what, where, when, why" particularities of Count II of the Amended Complaint.  Strategic Vision already well knows the particularities about Eastern's fraudulent misrepresentation claim.

Critically, had Strategic Vision raised issues with the particularity of Eastern's claims at the outset of this litigation (instead of answering the original complaint), Eastern could have addressed those issues during the early stages of this litigation.  Strategic Vision cannot now complain that permitting an amendment at this stage of the proceeding would occasion delay or prejudice Strategic Vision, especially considering that Strategic Vision just requested and received a 90-day extension of the scheduling order's deadlines.  (Dkt. No. 86).  Given Strategic Vision's strategic decision to answer the initial complaint and then seek leave to move to dismiss the same claims repeated in the Amended Complaint months later, Eastern should have an opportunity to amend the allegations of the fraudulent misrepresentation claim to address Strategic Vision's particularity concerns and short-circuit the need for motion practice on this issue.

Strategic Vision's April 26, 2019 Letter also seeks leave to move to dismiss Counts III and IV of the Amended Complaint.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Fillmore East BS Finance Subsidiary LLC v. Capmark Bank,

ZEICHNER ELLMAN & KRAUSE LLP

Judge John G. Koeltl
May 9, 2019
Page 4

552 F. App'x 13, 18 (2d Cir. 2014) (citations omitted).  The Amended Complaint carries this burden regarding Counts III and IV.

Under the laws of Nevada and many other states, it is illegal to perform a private investigation without an instate private investigator's license or contract to perform a private investigation without a license.  See Nev. Rev. Stat. Ann. § 648.060; Va. Code Ann. § 9.1-139; D.C. Code § 47-2839; N.Y. Gen. Bus. Law § 70.  Private investigation contracts entered into by unlicensed investigators are void as a matter of public policy.  See Joe O'Brien Investigations v. Zorn, 263 A.D.2d 812, 814, 694 N.Y.S.2d 216 (App. Div. 1999) ("failure to secure a license as a private investigator would render any contract for such services malum in se"); Urban Protective Services v. Great Latin Restaurants, L.L.C., Docket No. CL-2006-12250, 2007 Va. Cir. LEXIS 33, at *2 (Cir. Mar. 5, 2007) (noting that security service contract [governed under the same statute as private investigations] was void and unenforceable because the servicer did not have a license); Dale Michael Landi v. Bernard Arkules, 172 Ariz. 126, 135, 835 P.2d 458, 467 (Ct App 1992) ("Defendants' performance of the contract involved the unlawful act of conducting a private investigation without a license.  The failure to obtain a license, permit, or certificate does not invalidate every contract as contrary to public policy.  However, the regulation of private investigators is so infused with important public policy considerations that a contract to perform investigations is, in the absence of a license, unenforceable.").

Here, Count III of the Amended Complaint alleges that Strategic Vision and its principal French Wallop have no private investigator license in any state.  Am. Compl. ¶¶ 27, 28.  The January 6, 2018 Research Agreement (the "Contract") tasked Strategic Vision, and Strategic Vision alone, with performing private investigations into multiple "subjects" or individuals identified by Eastern.  Id. ¶¶ 6, 21.  After the Contract was executed, Strategic Vision began a private investigation of those 15 individuals by investigating the "identities, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation and character" of those individuals.  Id. ¶ 44 (mislabeled ¶ 42).  The Contract is thus void because it was a contract to perform a private investigation, and Strategic Vision and its principal had no private investigator's license in any state.  Strategic Vision fruitlessly attacks this clearly plausible claim for declaratory relief from multiple fronts.

First, Strategic Vision incorrectly claims that Eastern had pled that Strategic Vision employs no investigators, did no investigatory work itself, and is therefore exempt from licensing requirements.  While Strategic Vision allegedly did improperly farm out some investigatory work to independent contractors in clear violation of the Contract's terms, Strategic Vision also unquestionably did private investigatory work itself

ZEICHNER ELLMAN & KRAUSE LLP

Judge John G. Koeltl
May 9, 2019
Page 5

within the United States through French Wallop.  In any event, Plaintiff has pled that
Strategic Vision conducted the private investigation and contracted to perform a private
investigation.  Id. ¶¶ 43, 44 (mislabeled ¶¶ 42, 43).

Second, Strategic Vision claims it has no nexus to Nevada.  In reality,
Strategic Vision is incorporated in Nevada, purports (in its Answer and Counterclaims) to
have its principal place of business in Nevada, and presented Eastern with a Contract that
references to "the laws of the State of Nevada."  (Doc. No. 22 ¶ 42).  Strategic Vision
cannot now claim that its investigation had nothing to do with Nevada, as that assertion
contradicts its own pleadings.  In any event, Eastern alleges that Strategic Vision has no
private investigation license in any state.  Whether the laws of Nevada, Virginia, New
York, Washington D.C., or any other potentially applicable state are applied, the Contract
is still void because of Strategic Vision's failure to obtain a private investigator's license.

Third, Strategic Vision claims that Count III of the Amended Complaint
duplicates Eastern's breach of contract claim.  "Two claims are duplicative of one another
if they arise from the same facts … and do not allege distinct damages.  Where a claimant
is entitled to a particular category of damages on one claim but not the other, the claims are
not duplicative." NetJets Aviation, Inc. v. LHC Communs., LLC, 537 F.3d 168, 175 (2d
Cir. 2008).  Eastern's breach of contract and declaratory judgment claims do not arise from
the same set of facts.  The declaratory judgment claim concerns Strategic Vision's lack of
a private investigator's license, while the breach of contract claim does not hinge upon that
fact.  Moreover, the damages available for the two claims are distinct.  In the event the
contract is declared void against public policy, Eastern's damages are easily measured by
the sum paid to Strategic Vision and no allowance may be made for partial performance or
quantum meruit.  Conversely, Eastern's breach of contract claim, even if successful, could
theoretically be reduced by partial performance or other possible mitigating factors.[1]

Thus, none of Strategic Vision's criticisms of Counts III or IV of the
Amended Complaint are meritorious.  Nonetheless, in the spirit of seeking to resolve this
conflict without the need for motion practice, Eastern filed its Second Amended Complaint
to provide further clarity and detail of the facts underlying Counts III and IV, thereby
hopefully obviating Strategic Vision's desire to engage in motion practice on these claims.

Eastern looks forward to discussing these matters at the conference
scheduled for May 13, 2019.

---

[1]   Since Eastern's declaratory judgment claim should not be dismissed, its claim for unjust enrichment
should survive as well.

NEW YORK  |  CONNECTICUT  |  NEW JERSEY  |  ISRAEL  |  WASHINGTON D.C.

Zeichner Ellman & Krause llp

Judge John G. Koeltl
May 9, 2019
Page 6

Respectfully submitted,

*Eastern Profit Corporation Limited*

_____/s/_____Zachary Grendi_____
Zachary Grendi, Esq.
Zeichner Ellman and Krause LLP
1211 Ave of the Americas
New York, NY 10036
zgrendi@zeklaw.com, 203-489-1233