UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTERN PROFIT CORPORATION LIMITED,<br><br>Plaintiff,<br><br>-against-<br><br>STRATEGIC VISION US, LLC,<br><br>Defendant-Counterclaim Plaintiff. | Case No. 18-CV-2185 (JGK)<br><br>DECLARATION OF JAMES J. McGUIRE, ESQ. IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE |

I, James J. McGuire, hereby declare, under penalties of perjury pursuant to 28 U.S.C. §1746, that the following is true and correct:

1. I am an attorney admitted to practice before the Courts of the State of New York, as well as this Court, and a Partner of Barton LLP ("Barton"), counsel to defendant-counterclaim plaintiff Strategic Vision US, LLC ("Strategic") in the above-captioned action. I respectfully make this Declaration based on my personal knowledge in support of Barton's application for an Order to Show Cause with respect to Barton's motion to withdraw forthwith as counsel to Strategic herein.

2. Plaintiff commenced this action against Strategic on or about March 12, 2018. Phillips Lytle LLP represented Strategic until Strategic retained Barton in or about March 2019. On or about March 11, 2019, Strategic and Barton executed a Law Firm Engagement Agreement ("Engagement Agreement"). On or about March 20, 2019, Barton filed a Notice of Substitution of Attorney, which the Court granted on March 29, 2019.

3. Without waiving any attorney-client privilege and/or attorney work product protections and to protect client confidentiality, I attest that by email, dated June 10, 2019, Strategic terminated (effective immediately) Barton as its counsel in the above-captioned action. Barton consents to that termination.

4. Without waiving any attorney-client privilege and/or attorney work product protections and to protect client confidentiality, I attest that the Engagement Agreement executed and agreed to by Strategic imposes a straight hourly rate billing structure. Strategic, through its Chief Executive Officer French Wallop, initialed the page of the Engagement Agreement containing Barton's hourly fee rates, thus indicating that she and Strategic understood them and agreed thereto. The Engagement Agreement also provides that Strategic must fully retire all invoices within fifteen (15) days of receipt.

5. Without waiving any attorney client privilege and/or attorney work product protections and to protect client confidentiality, I advise that by on or about April 26, 2019, Strategic was in breach of the Engagement Agreement as to payment for work performed by Barton on its behalf. Furthermore, Strategic is in breach of the Engagement Agreement today, has deliberately disregarded its obligations and refused to pay the firm's fees and costs as required under the Engagement Agreement, and is in significant arrears to Barton, notwithstanding the fact that the firm has made numerous attempts to obtain full and proper payment from Strategic and Ms. Wallop and alerted them that failure to make the requisite payment could result in Barton formally and publicly moving to withdraw as counsel in this case.

6. This action is in the discovery phase, and the initial pleadings are still open. The current deadline for completion of discovery is July 15, 2019. Barton is proceeding by way of application for an Order to Show Cause largely because of numerous upcoming deadlines in this matter, including that of June 14, 2019 for Strategic to respond to the Second Amended Complaint

(which was only filed on May 9, 2019) and submit expert reports. However, Barton cannot make any filings on Strategic's behalf, since Strategic has terminated Barton. In these premises and to safeguard the rights and interests of all affected parties, Barton respectfully requests that the Court order an immediate stay of this action pending the hearing sought pursuant to Barton's application for an Order to Show Cause.

7. As evidenced by numerous pieces of correspondence between the parties, which are not annexed to this Declaration to avoid any potential waiver of the attorney-client privilege and/or attorney work product protections and protect client confidentiality, the aforementioned fee dispute has resulted in an acrimonious and strained relationship between Barton and Strategic. Under the circumstances, Barton could not and cannot ethically continue to represent Strategic's interests in this action.

8. Barton LLP hereby asserts both a charging lien against Strategic and Ms. Wallop pursuant to N.Y. Judiciary Law § 475 and a retaining lien against Strategic and Ms. Wallop in aid of collecting its unpaid fees and costs.

9. The undersigned is available to address *in camera* and in further detail the issues addressed herein or in an additional Declaration to be filed under seal, so as to avoid any potential waiver of the attorney-client privilege and/or attorney work product protections and protect client confidentiality.

10. Barton LLP has not made a previous application for similar relief in this action.

11. I declare under penalties of perjury that the foregoing is true and correct.

Executed on June 11, 2019 in New York, New York.

_____
James J. McGuire