UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EASTERN PROFIT CORPORATION
LIMITED,

    Plaintiff,

    -against-

STRATEGIC VISION US, LLC,

    Defendant-Counterclaim Plaintiff.

Case No. 18-CV-2185 (JGK)

**MEMORANDUM OF LAW OF BARTON LLP IN SUPPORT OF ITS APPLICATION FOR ORDER TO SHOW CAUSE**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................... ii  
STATEMENT OF FACTS ............................................................................................................. 1  
ARGUMENT .................................................................................................................................. 1  
   I.   The Rules of Professional Conduct and Local Rule 1.4 Plainly Empower this Court to Relieve an Attorney of Record by Order. ............................................................................. 1  
   II.   Barton Must be Permitted to Withdraw, As It Has Been Terminated As Counsel. .............. 2  
   III.   Strategic's Failure to Fully and Timely Pay Barton's Legal Fees and Expenses Alone Constitutes Sufficient Good Cause for Permitting Withdrawal of Counsel. ........................ 3  
   IV.   The Fee Dispute Has Resulted in the Irreversible Breakdown of the Attorney-Client Relationship Between Barton and Strategic. ........................................................................ 4  
   V.   Withdrawal of Counsel Will Not Prejudice Strategic. .......................................................... 5  
CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

Cases

182 F. Supp. 2d 342 (S.D.N.Y. 2002) ............................................................................................2
*Allstate Ins. Co. v. Nandi*,
   258 F. Supp. 2d 309 (S.D.N.Y. 2003) .......................................................................................2
*Awolesi v. Shinseki*,
   31 F. Supp. 3d 534 (W.D.N.Y. 2014).........................................................................................2
*Blue Angel Films, Ltd. v. First Look Studios, Inc.*,
   No. 08 CIV. 6469 DAB JCF, 2011 WL 672245 (S.D.N.Y. Feb. 17, 2011)............................3, 5
*Casper v. Lew Lieberbaum & Co.*,
   No. 97 CIV. 3016 (JGK) (RLE), 1999 WL 335334 (S.D.N.Y. May 26, 1999) .........................2
*Cower v. Albany Law Sch. of Union Univ.*,
   No. 04 CIV. 0643 (DAB), 2005 WL 1606057 (S.D.N.Y. July 8, 2005)....................................3
*D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.*,
   No. 03 CIV. 3038 (RMB), 2006 WL 1676485 (S.D.N.Y. June 16, 2006).................................5
*HCC, Inc. v. R H & M Mach. Co.*,
   No. 96 CIV. 4920 (PKL), 1998 WL 411313 (S.D.N.Y. July 20, 1998).....................................3
*Karimian v. Time Equities, Inc.*,
   No. 10 CIV. 3773 AKH JCF, 2011 WL 1900092 (S.D.N.Y. May 11, 2011) ........................4, 5
*McGuire v. Wilson*,
   735 F. Supp. 83 (S.D.N.Y. 1990) ..........................................................................................3, 4
*Promotica of America, Inc. v. Johnson Grossfield, Inc.*,
   No. 98 CIV. 7414, 2000 WL 424184 (S.D.N.Y. Apr. 18, 2000)................................................5
*Shea v. F.C. Fin. Servs., Inc.*,
   No. 92 CIV. 5756 (JFK), 1994 WL 649176 (S.D.N.Y. Nov. 16, 1994).....................................4
*Spadola v. New York City Trans. Auth.*,
   No. 00 CIV 3262, 2002 WL 59423 (S.D.N.Y. Jan. 16, 2002) ...................................................3
*United States v. Parker*,
   439 F.3d 81 (2d Cir. 2006) ........................................................................................................3
*Winkfield v. Kirschenbaum & Phillips, P.C.*,
   No. 12 Civ. 7424 (JMF), 2013 WL 371673 (S.D.N.Y. Jan. 29, 2013).......................................5

Rules

Local Rule 1.4..................................................................................................................................1
Rule 1.16 of The New York State Rules of Professional Conduct..............................................1, 2

Pursuant to Southern District of New York Local Rule 1.4, Barton LLP ("Barton") respectfully submits this Memorandum of Law in support of its motion by way of application for an Order to Show Cause permitting it to withdraw as counsel of record to defendant-counterclaim plaintiff Strategic Vision US, LLC ("Strategic") in the above-captioned action. Barton LLP proceeds in this fashion, rather than by Notice of Motion, in order to obtain the most prompt adjudication possible and ensure that its withdrawal, given upcoming deadlines, will not unduly disrupt the existing case schedule or prejudice Strategic. Barton has not made a previous application for similar relief.

## STATEMENT OF FACTS

Barton respectfully refers the Court to the Declaration of James J. McGuire, Esq., dated June 11, 2019 ("McGuire Declaration"), for a rendition of the facts pertinent to this application.

## ARGUMENT

**I.     The Rules of Professional Conduct and Local Rule 1.4 Plainly Empower this Court to Relieve an Attorney of Record by Order.**

Pursuant to Local Rule 1.4 of the Southern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." Rule 1.16 of The New York State Rules of Professional Conduct permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Prof. Conduct Rule 1.16. Rule 1.16 also provides that "a lawyer **shall** withdraw from the representation of a client when: … (3) the lawyer is discharged." *Id.* (emphasis added).

1

## II.  Barton Must be Permitted to Withdraw, As It Has Been Terminated As Counsel.

As set forth in the McGuire Declaration, Strategic terminated Barton as its counsel, effective immediately, on June 10, 2019. Barton has agreed to the termination. *See* McGuire Decl. at ¶ 3. In these premises, Barton is ethically required to withdraw, and the Court should grant its application. *See Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2003) ("As Courts within this district have held, '[w]hile Local Rule 1.4 requires a court order to withdraw, when counsel has been discharged - and agreed to the termination - the order to withdraw should issue except under the most compelling circumstances.'") (citation omitted). As noted previously, Rule 1.16 of The New York State Rules of Professional Conduct mandates that an attorney withdraw if discharged by the client. Here, it is undisputed that Strategic has discharged Barton, and that Barton is moving to withdraw, as New York law requires. In such circumstances, the Court should grant that motion "except under the most compelling circumstances" not present here. *See Casper v. Lew Lieberbaum & Co.*, No. 97 CIV. 3016 (JGK) (RLE), 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999), *adhered to on reconsideration*, 182 F. Supp. 2d 342 (S.D.N.Y. 2002); *Awolesi v. Shinseki*, 31 F. Supp. 3d 534, 538 (W.D.N.Y. 2014) ("[W]here the client has terminated the relationship, **'by denying a counsel's motion to withdraw, even on the eve of trial, a court would be forcing an attorney to violate ethical duties and possibly to be subject to sanctions.'** Even where a local court rule requires a court order to withdraw, 'when counsel has been discharged - and agreed to the termination - **the order to withdraw should issue except under the most compelling circumstances.'**") (citations omitted) (emphasis added).

### III. Strategic's Failure to Fully and Timely Pay Barton's Legal Fees and Expenses Alone Constitutes Sufficient Good Cause for Permitting Withdrawal of Counsel.

Strategic has deliberately disregarded its obligation to pay substantial fees and costs owed to Barton, despite Barton's repeated requests for payment. *See* McGuire Decl. at ¶¶ 4-5. It is well settled in the Second Circuit that where the client has "'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006), quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990). Similarly, this Court has consistently held that the failure to pay legal fees is a legitimate ground for granting a motion to withdraw as counsel. *See, e.g.*, *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 CIV. 6469 DAB JCF, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 CIV. 0643 (DAB), 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw."); *Spadola v. New York City Trans. Auth.*, No. 00 CIV 3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002) (Counsel "has shown satisfactory reasons warranting its withdrawal as counsel of record" where plaintiff had failed to pay attorneys' fees and costs); *HCC, Inc. v. R H & M Mach. Co.*, No. 96 CIV. 4920 (PKL), 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."). Indeed, Courts in this District have repeatedly declined to force counsel to represent a client *pro bono*. *See, e.g., Cower*, 2005 WL 1606057, at *5 ("The Court cannot force Plaintiff's counsel to proceed *pro bono*, accordingly, standing alone, this is sufficient grounds to grant leave to withdraw."); *HCC, Inc.*, 1998 WL 411313, at *1 ("The Court will not impose on counsel an obligation to continue representing

3

[corporate] defendants *pro bono*..."). All of these rulings are instructive here and militate in favor of the granting of the instant motion.

### IV. The Fee Dispute Has Resulted in the Irreversible Breakdown of the Attorney-Client Relationship Between Barton and Strategic.

The fee dispute between Barton and Strategic has given rise to an acrimonious and strained relationship, such that Barton can no longer effectively and ethically prosecute Strategic's interests in this action. *See* McGuire Decl. at ¶ 7. Courts in this District have repeatedly allowed counsel to withdraw in just such a scenario. *See Karimian v. Time Equities, Inc.*, No. 10 CIV. 3773 AKH JCF, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (Indeed, 'strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds' for an attorney to withdraw ...) (citations omitted); *Shea v. F.C. Fin. Servs., Inc.*, No. 92 CIV. 5756 (JFK), 1994 WL 649176, at *1 (S.D.N.Y. Nov. 16, 1994) ("The movants seeks [sic] to be relieved as counsel because of irreconcilable differences between them and the defendant ... [and] state that they are not merely involved in a fee dispute, but that relations have become so strained between them and the defendant that continued representation of defendant is impossible. ... **It is not necessary for this Court to attempt to ascertain the true source of the acrimony between the movants and defendant. The existence of the acrimony by itself is enough to convince the Court that movants are no longer in a position to represent defendant's best interests in this action."**). For this additional reason as well, this Court should grant Barton's motion to withdraw as counsel.

## V. Withdrawal of Counsel Will Not Prejudice Strategic.

Courts in this District have held that "[w]here discovery has not yet closed and the case is not 'on the verge of trial readiness,' prejudice is unlikely to be found." *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (quoting *Blue Angel Films*, 2011 WL 672245, at *2); *Karimian*, 2011 WL 1900092, at *3. In fact, such Courts often grant motions to withdraw as counsel at even later stages of litigation than exist here. *See, e.g., D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.*, No. 03 CIV. 3038 (RMB), 2006 WL 1676485, at *1 (S.D.N.Y. June 16, 2006) (granting counsel's motion to withdraw due to lack of payment of fees, where discovery was complete, trial was "months away," and trial preparation work had already commenced); *Promotica of America, Inc. v. Johnson Grossfield, Inc.*, No. 98 CIV. 7414, 2000 WL 424184, at *1-2 (S.D.N.Y. Apr. 18, 2000) (granting motion to withdraw, where discovery was closed, and case was ready for trial).

To be sure, based upon the record before the Court -- with plaintiff only filing its Second Amended Complaint on May 9, 2019, discovery not closed, many of the key and pertinent issues in the case unresolved, and a number of major pre-trial proceedings yet to be completed -- the governing law strongly supports Barton's application. *See* McGuire Decl. at ¶ 6.

5

## CONCLUSION

For all of the foregoing reasons, Barton respectfully requests that the Court grant its motion to withdraw as counsel of record to defendant-counterclaim plaintiff Strategic. In addition, Barton respectfully requests that the Court stay this action until the hearing sought upon its application for an Order to Show Cause and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
 June 11, 2019

**BARTON LLP**

By: _____
 James J. McGuire

711 Third Avenue, 14th Floor
New York, NY 10017
jmcguire@bartonesq.com
*Tel.:* (212) 687-6262
*Fax:* (212) 687-3667

*Counsel to Defendant-Counterclaim Plaintiff Strategic Vision US, LLC*

6

## CERTIFICATION PURSUANT TO RULE 2(D)

I, James J. McGuire, attorney at law, hereby certify that the Memorandum of Law of Barton LLP in Support of its Application for Order to Show Cause ("Memorandum of Law") complies with the formatting rules articulated in Rule 2(D) of the Individual Practices of Judge John G. Koeltl. The Memorandum of Law contains 1,578 words, excluding the parts of the document that are exempted by Rule 2(D).

Dated: New York, New York
       June 11, 2019

_____
James J. McGuire