ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/30/19

ZACHARY GRENDI
(203) 489-1233
zgrendi@zeklaw.com

WWW.ZEKLAW.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/29/19

July 26, 2019

**VIA ECF**
Judge John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*A conference is already scheduled for August 1, 2019. The clerk shall close Document 117.*

*SO ORDERED,*
[signature]
7/26/19
USDJ

Re:   *Eastern Profit Corporation Limited v. Strategic Vision US LLC,*
      Civil Action No. 18-CV-2185(JGK)

Dear Judge Koeltl,

Pursuant to Rule 2(B) of Your Honor's Individual Rules of Practice plaintiff Eastern Profit Corporation Limited ("Eastern") hereby respectfully requests a pre-motion conference to discuss its proposed motion for summary judgment on Eastern's Second Amended Complaint and on Strategic Vision US's Counterclaim ("Strategic Vision"). As explained herein, defendant Strategic Vision was not a licensed private investigator, rendering the contract at issue illegal and void as against public policy. In the interest of efficiency, Eastern would be happy to address this proposed motion at the August 1, 2019 pre-motion conference already scheduled in this matter.

**I.   Relevant Facts.**

On January 6, 2019, Eastern and Strategic Vision entered into a research agreement (the "Agreement") whereby Strategic Vision agreed to perform highly confidential "research" for Eastern. Dkt No. 114, Answer to Second Amended Complaint ¶ 6. The Agreement was executed in Alexandria, Virginia. *Id.* ¶ 7. The focus of the research was to determine whether certain individuals connected to the Chinese government were engaged in corruption and/or if they were hiding the proceeds of corruption in the United States and/or abroad. The Agreement itself states that the purpose of the research to be performed was "detecting, stopping, and preventing crime or other harm to innocent people." *Id.* ¶ 6; Dkt. No. 93, Second Amended Complaint, Ex. A at 1. The Agreement details the type of investigatory research to be performed, which includes investigating crimes and civil wrongs, the location of stolen property, injuries to persons, as well as make investigations into the identities, habits, conduct, business, occupation, honesty, integrity, credibility, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation and character of individuals. *Id.*

ZEICHNER ELLMAN & KRAUSE LLP

EASTERN PROFIT CORPORATION LIMITED V. STRATEGIC VISION US LLC
July 26, 2019
Page 2

After execution of the Agreement, Eastern gave Strategic Vision a list of the initial fifteen research subjects (the "Subject List"). Answer, ¶ 65. Strategic Vision, through its CEO French Wallop, then began performing the functions of a private investigator, by, among other things, attempting to verify the identities of the persons on the Subject List and calling her contacts to get information about the persons on the Subject List. Answer ¶¶ 71-72. These activities took place in Virginia and Washington, D.C. *Id.* In addition, Ms. Wallop meet regularly in Alexandria, Virginia with her associate J. Michael Waller to discuss the progress of the research Agreement and investigative strategy.

As described in the Second Amended Complaint in more detail, the relationship between the parties broke down after Strategic Vision breached the Agreement by failing to timely deliver research reports to Eastern. Eastern filed this case in March of 2018, little more than two months after the Agreement was executed.

Strategic Vision and Ms. Wallop have no private investigator license in Virginia, or any other state or jurisdiction in the United States. Answer ¶¶ 88-95. They did not possess such license(s) at any time relevant to this case. *Id.*

## II. Legal Authorities and Proposed Argument.

Under the laws of Virginia[1], it is illegal for a person to solicit, perform or contract to perform a private investigation without a private investigator's license. See Va. Code Ann. § 9.1-139 ("No person shall engage in the private security services business [inclusive of private investigators] or solicit private security business in the Commonwealth without having obtained a license from the Department."). Private investigations entered into by unlicensed investigators are void as a matter of public policy. "[T]he law is well settled that where…the contract upon which suit is brought is forbidden by statute, the acceptance of benefits raises no implication of an obligation. The law is not chargeable with the absurdity of implying an obligation to do that which is forbidden." Urban Protective Servs. v. Great Latin Rests., L.L.C., No. CL-2006-12250, 2007 Va. Cir. LEXIS 33, at *7 (Cir. Ct. Mar. 5, 2007) (citations omitted).

---

[1] Due to the space limitations of this letter, and the fact that Virginia law applies to private investigations conducted within Virginia, only Virginia law is discussed in detail herein. In its motion, Eastern may also address the applicability of other states' laws, which similarly license private investigators and hold contracts with unlicensed private investigators to be voidable. D.C. Code § 47-2839; N.Y. Gen. Bus. Law § 70; Nev. Rev. Stat. Ann. § 648.060

ZEICHNER ELLMAN & KRAUSE LLP

EASTERN PROFIT CORPORATION LIMITED V. STRATEGIC VISION US LLC
July 26, 2019
Page 3

### III. Proposed Motion

Eastern respectfully requests the Court's leave to move for summary judgment on its Second Amended Complaint and Strategic Vision's Counterclaim because the Agreement is illegal and void as against public policy due to Strategic Vision's lack of a license.

In its proposed motion for summary judgment, Eastern Profit will offer irrefutable evidence that Strategic Vision solicited, contracted for (in the form of the Agreement), and actually performed a private investigation without a private investigator's license. As such, Strategic Vision broke the law and cannot now seek to retain any funds obtained due to its illegal conduct or the illegal Agreement. Nor can Strategic Vision seek to enforce any of the terms of the Agreement, or retain any funds procured by virtue of the Agreement, as it seeks to do in its Counterclaim. As such, Plaintiff's motion for summary judgment will boil down to one key legal question on a clear irrefutable set of facts – is the Agreement void against public policy due to Strategic Vision's failure to maintain a private investigator's license.

Strategic Vision respectfully requests the opportunity to discuss its proposed motions for summary judgment with the Court at the pre-motion conference already scheduled for August 1, 2019.

Eastern Profit Corporation Limited

_/s/_Zachary Grendi_
Zachary Grendi, Esq.
Zeichner Ellman and Krause LLP
1211 Ave of the Americas
New York, NY 10036
zgrendi@zeklaw.com, 203-489-1233