```
J6S6EASC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

EASTERN PROFIT CORPORATION
LIMITED,

         Plaintiff,

    v.                                  18 CV 2185(JGK)

STRATEGIC VISION, US, LLC,

         Defendant.
------------------------------x
                           New York, N.Y.
                           June 28, 2019
                           2:40 p.m.

Before:

                HON. JOHN G. KOELTL,

                           District Judge

                    APPEARANCES

ZEICHNER ELLMAN & KRAUSE, LLP
    Attorneys for Plaintiff
BY:  ZACHARY B. GRENDI

GRAVES GARRETT, L.L.C
    Attorneys for Plaintiff
BY:  EDWARD D. GREIM

BARTON LLP
    Attorneys for Defendant
BY:  JAMES J. MCGUIRE

J6S6EASC

1          (Case called)
2          MR. GRENDI:  Good afternoon, your Honor.  Zach Grendi
3  for Eastern Profit.
4          MR. GREIM:  Eddie Greim of Graves Garrett, L.L.C., for
5  Strategic Vision, defendant's counsel.
6          MR. MCGUIRE:  James McGuire of Barton, LLP.  We have
7  moved to withdraw and have been relieved.
8          THE COURT:  Yes.  Thank you.  I saw the obviously the
9  application to withdraw and then I saw the stipulation giving
10 you the right to withdraw and keeping, retaining the charging
11 liens.  I signed the stipulation.  So as far as I am concerned,
12 you have withdrawn and Mr. Greim is now representing Strategic
13 Vision.
14         MR. GREIM:  That's correct, your Honor.
15         MR. MCGUIRE:  May I be excused, your Honor?
16         THE COURT:  Yes.
17         MR. MCGUIRE:  Thank you.
18         THE COURT:  I hope to see you on another case.
19         MR. MCGUIRE:  Likewise, your Honor.  Thank you very
20 much.  Have a nice summer.
21         THE COURT:  Thank you.  You, too.
22         The matter is on by the microphones are not.  I think
23 we can all hear each other.
24         There was plaintiff's request for a premotion
25 conference with respect to a protective order to protect the

1    names of the parties who were to be investigated; right?

2            MR. GRENDI:  That's correct, your Honor.  In light of
3    the change of counsel and the recent joining in the case by
4    Mr. Greim, we were going to meet and confer further because the
5    meet and confer process had essentially been cut short by the
6    breakdown of the attorney-client relationship between Barton
7    and Strategic Vision.  So we had to file that premotion
8    conference letter in order to preserve or rights under the
9    protective order, but we're more than happy to work with
10   Attorney Greim and try to resolve this without the need for
11   motion practice.

12           THE COURT:  That's fine with you, Mr. Greim; right?

13           MR. GREIM:  That's right, your Honor.  I don't want to
14   withdraw our opposition, but I am reviewing the file and making
15   sense of the protective order.  I am not sure I am in the exact
16   same spot myself that we were before, but we're prepared to
17   have that discussion and see if we can work it out.

18           THE COURT:  Okay.  If you can't, write me a letter.
19   This case is on the cusp of whether I send it to the magistrate
20   judge for general pretrial.  I like to keep cases rather than
21   send them to the magistrate judge; but if I think that the
22   parties are not acting in a sufficiently reasonable fashion, I
23   may send it to the magistrate judge.  It would seem that the
24   dispute is one that can be resolved without motion practice.  I
25   urge you to do that.  If that is unsuccessful, send me a

1    letter.

2          Anything else?

3          MR. GREIM:  Your Honor, as I noted in the letter,
4    there were some deadlines.  The case was stayed.  One of them
5    was June 14th for the filing of the response to the second
6    amended complaint.  I proposed in my letter a new deadline for
7    that.  And just as importantly I think discovery ends as of
8    July the 15th.  I have conferred with plaintiff's counsel.  We
9    have a disagreement.  I would like to ask for more time.

10         We have not completed the 30(b)(6) deposition of the
11   plaintiff and there are some key witnesses that we would like
12   to depose.  I don't think there is much written discovery left
13   but there may be.  I am probably 72 hours into going through
14   the file, your Honor, but we do need more time.  I thought that
15   might be one thing to cover today.

16         THE COURT:  Sure.

17         MR. GREIM:  Our proposal, if I could, is that on
18   July 19th we would file either our answer or motion to dismiss,
19   the second amended complaint.  I know enough so far to be able
20   to say -- I am about 99 percent sure that we will not be
21   reasserting counterclaims against Mr. Wo to sort of streamline
22   this case.  We may well change or amend our counterclaim
23   against Eastern Profit as I go through the file and look and
24   see what has been pled.  And then our motion to dismiss would
25   not embrace the entire second amended complaint.  It probably

1   would not embrace the breach of contract claim.

2   　　　　I know that as we move forward, you might question the
3   usefulness of a motion to dismiss; but I think there are
4   counterclaims that can be gone.  Then we would like to take the
5   deposition of Mr. Wo.  I have spoken to his attorneys to signal
6   my intention to do that and they said they would work with me.
7   Then there are a few -- I believe, there are all third-party
8   witnesses.  There are about four other witnesses -- as I try to
9   decipher my notes from my client -- we would like to take.

10  　　　　For that reason, your Honor, I would like if I could
11  get an extension of discovery until November the 8th.  I think
12  that gives plenty of time to get these witnesses deposed.  I am
13  giving myself a little wiggle room only because I see there are
14  third-parties and they simply cannot be noticed up.

15  　　　　MR. GRENDI:  Your Honor, may I be heard?

16  　　　　THE COURT:  Sure.

17  　　　　MR. GRENDI:  The only reason that the defendant is in
18  this position is because defendant seemingly cannot get along
19  with her attorneys and has now fired two sets of attorneys.
20  Each time that happens, they are looking to extend the
21  deadlines in this case and take more discovery.  Eastern has
22  been trying to cooperate and work with them on discovery, but
23  it is practically impossible when attorneys keep changing and
24  we cannot set a deposition date and we cannot move forward with
25  the discovery that the series of counsel that Strategic Vision

has wanted to take keeps changing.  So we're prepared to proceed and keep the deadlines.

The order that your Honor had signed with respect the scheduling order said that it should not be disturbed except for very good cause shown.  Respectfully, your Honor, I don't think Strategic's ability to work with or pay attorneys is good cause for kicking out discovery again and open this case to now I think it is four or five depositions that could have been taken the preceding year.

With respect to the briefing schedule, we would ask for July 9th as opposed to July 19.  We're otherwise understanding that new counsel has to come in and plead and they need some time to do that.  Otherwise, we don't think the schedule should be otherwise disturbed.

MR. GREIM:  Your Honor, the only other thing I would add is the July 15th deadline may make it not even possible to sit down with Mr. Wo.  And frankly as I told my opposing counsel here while we were sitting around chatting and meeting each other, I would like to go through the productions and the interrogatory responses, which are somewhat old, and make sure I am comfortable with the responses and with the production.  I think I have that duty as new counsel on a case.  I am not suggesting that that by itself will take a long time, but I have got to get a sense of the file and I have got to be able to take even the 30(b)(6) of Mr. Wo who is at the center of

1   this entire case.
2           The other individuals will shed light on what I can
3   now see from the deposition transcripts.  Pretty important
4   which was what is the overall intent by this contract and what
5   was the use and what was the purpose of the contract.  And I
6   think I am going to have to talk to these other witnesses about
7   that question.  Again, in the best scheme of things I think it
8   is only a few people.  We'll move quickly.
9           I don't think it is fair to represent that the issue
10  is that the defendant cannot pay counsel.  There are many other
11  issues, which we will not get into which are privileged; but I
12  am ready to work with this client.  I am ready to dig in and
13  get this ready for trial and to keep talking to the magistrate
14  judge in the meantime as we learn more about the case and
15  compare notes.
16          THE COURT:  Have you had the settlement conference
17  with the magistrate judge?
18          MR. GRENDI:  Your Honor, we were on to meet with Judge
19  Freeman on the 2nd.  Prior to that of course myself and --
20          THE COURT:  The 2nd of July?
21          MR. GRENDI:  Yes, your Honor.  That was in light of
22  the change of counsel.  It was tentatively off until we could
23  speak to Judge Freeman.  We did have discussions and the
24  discussion we had with Judge Freeman is that settlement
25  negotiations were not going anywhere and it would probably not

1   be productive to meet with Judge Freeman.  That is where we
2   left off with Barton counsel.  I have not talked to new counsel
3   about it.
4           MR. GREIM:  Your Honor, I have no information about
5   that.  Perhaps that is where things stand, but I am not dialed
6   in on what happened in the settlement discussions.
7           THE COURT:  First, there have been answers before to
8   prior complaints about a motion to dismiss.  It's hard to see
9   that there is a good-faith basis for a motion to dismiss the
10  complaint.
11          MR. GREIM:  Your Honor, having gone through the file,
12  I saw that Mr. McGuire actually wrote a couple of separate
13  letters to you indicating that he intended to file a motion to
14  dismiss.  There was a conference held on May 13th and at that
15  point a new date was set.  Actually, it was June 14th for him
16  to file something.  He clarified with you during that
17  conference that he didn't have to write a separate letter for a
18  pretrial motion to have a separate conference.  In fact, he
19  could just file a motion to dismiss.
20          I believe a good-faith basis does exist.  Again, I am
21  new to this, but I have looked through what I have seen in the
22  file and I don't think that there is one on one Count One, but
23  I do believe there is on Count Two, which is that the contract
24  is illegal -- sorry, Count Two is fraud, Count Three is it is
25  illegal, and Count Four is unjust enrichment.

1       THE COURT:  What sense does it make to make a motion
2  to dismiss when you know the case is going to go forward on at
3  least one of the counts and you can make a motion for summary
4  judgment at the conclusion of all the discovery?
5       MR. GREIM:  Well, your Honor, I have considered that.
6  I have to say every 12 hours as I dig deeper in the file, I
7  find my mind changing a little bit as I read more.  I will say
8  this:  There is a discrete set of facts on the fraud issue.
9  There is a discrete set of facts on the illegality because it
10 goes to whether they had to be licensed somewhere.
11      THE COURT:  But so what?
12      MR. GREIM:  Well, your Honor --
13      THE COURT:  I haven't stayed the case.  I won't stay
14 the case.  You say there is a discrete set of facts.  You're
15 going to be taking discovery on all of that in any event.  It's
16 not as though you're going to change the nature of the
17 discovery based on your motion to dismiss.  So you make a
18 motion to dismiss on July the 19th.  That motion won't be fully
19 briefed until likely the end of August.  It won't be decided
20 until after the close of discovery.  So it is going to sit
21 there.  It strikes me it is a waste of good attorney time.
22      MR. GREIM:  I agree.  You convinced me, your Honor.  I
23 will say this:  There will be an answer and there will be
24 counterclaims.  And I really feel I must say I think there is a
25 good chance that we won't refile what we filed before.  We'll

1 probably account for the discovery and things like that.

2 THE COURT: Okay. Time to move or answer with respect
3 to the second amended complaint is July 19th. I will extend
4 the discovery cutoff until September 27. Dispositive motions,
5 if any, October 18th. Joint pretrial order, November 8, or
6 three weeks after decision of any dispositive motion. Ready
7 trial 48 hours' notice, two weeks after filing the joint
8 pretrial order.

9 I will enter an order.

10 MR. GREIM: Your Honor, I have a question of
11 clarification. I always have to ask this.

12 THE COURT: Sure.

13 MR. GRENDI: When there is a discovery deadline, our
14 last set of outgoing discovery is still direct discovery served
15 on the 27th or served so that it will answered by the 27th?

16 THE COURT: Served so it is answered. Discovery
17 cutoff is no further discovery.

18 MR. GREIM: Thank you.

19 THE COURT: No, thank you.

20 Anything else?

21 MR. GREIM: No, your Honor.

22 MR. GRENDI: No, your Honor.

23 THE COURT: Good to see you all. I will enter an
24 order incorporating these deadlines. Good afternoon all.

25 o0o