

Edward D. Greim
Direct Dial: (816) 256-4144
edgreim@gravesgarrett.com

July 30, 2019

<u>VIA ECF</u>
Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
Courtroom 14A
500 Pearl Street
New York, New York 10007

Re:  Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC, 18-cv-2185 (JGK)

Dear Judge Koeltl:

Defendant/Counterclaimant Strategic Vision US, LLC ("Strategic Vision") opposes ECF 117, Plaintiff/Counterclaim Defendant Eastern Profit Corp. Ltd. ("Eastern Profit")'s request to conduct piecemeal dispositive motion practice by filing an early partial summary judgment motion.

Just days ago (ECF 115, July 22, 2019), Eastern Profit asked to file a Rule 12(f) motion to strike some of the very claims Eastern Profit now wants to treat dispositively under Rule 56. The Court has not had the opportunity to consider that earlier request, which Eastern Profit seemingly abandons (or hedges) with its latest letter. Eastern Profit seems intent on multiplying motion practice even though the Court cautioned at the June 28, 2019 hearing that Strategic Vision's proposed Rule 12(b)(6) motion to dismiss Eastern Profit's claims (including its "illegality" claim) could not be taken up prior to the close of discovery and therefore was inadvisable. Eastern Profit's serial requests not only ignore that guidance, they are diverting scarce resources from discovery.

Purely as a procedural matter, the most recent proposed motion makes little sense. It concerns only two of Eastern Profit's four claims and likely will not resolve Strategic Vision's own two claims. As to them, Eastern Profit acknowledges uncertainty regarding even what law applies—Eastern Profit discusses Virginia law as providing its defense to the claims but then notes that law from New York, Nevada, and the District of Columbia might apply instead. As discussed below, if New York law applies, the question will be one of first impression. Eastern Profit describes Virginia law no differently, and cites no decision interpreting the relevant statute.

Against this undeveloped legal backdrop, an early partial summary judgment motion will necessarily consider only a fraction of the factual record. Eastern Profit has not even answered. On Friday, Strategic Vision will begin to take the deposition of Guo Wengui, Eastern Profit's alter ego, and other depositions and written discovery are scheduled into September. Courts in this district recognize that an incomplete factual record can hamper the just disposition of a dispute by



interfering with full consideration of matters of first impression. *Fine v. City of New York*, 71 F.R.D. 374, 375 (S.D. N.Y. 1976) ("Even if this [Rule 56] criterion appears satisfied, the Court may deny summary judgment as a matter of discretion. Such an approach is particularly desirable where, as here, the case presents two questions which are complex, one of which may be of first impression. Such matters ought to be resolved on a full plenary trial record, to assure a just result and facilitate appellate review.").

Finally, Eastern Profit's early partial summary judgment motion will drain resources. Strategic Vision would likely respond with a Rule 56(d)(2) declaration seeking to defer the motion until it takes depositions and receives responses to its document requests. This discovery would show where and how the contract was performed, and shed light on the plans of Guo to have his entity, Eastern Profit, leverage the fruits of the deal. Deferral, of course, would place the parties in the same position they would have been absent the motion, minus the wasted time and resources. Eastern Profit's proposal is not only procedurally unsound; it also lacks merit. A brief factual review is provided before addressing the law.

## Factual Background

Strategic Vision is a consulting firm that performs research and analysis in the area of global competitive and political intelligence. In late 2017, emissaries of Guo Wengui, Eastern Profit's alter ego, approached Strategic Vision to discuss whether it could aid Guo in his purported mission as an outspoken anti-Communist dissident. For over a month, Strategic Vision negotiated with Guo and his key advisors. Shortly before the contract was signed, Guo inserted Eastern Profit—an entity that had not been previously identified, but which filled a slot that Guo had said would be assumed by some corporate placeholder—as the purchasing party. The contract called for Strategic Vision to serve as Eastern Profit's global research consultant for a fixed period regarding a number of individuals Guo said were Chinese Communist Party (CCP) members or agents. Strategic Vision understood that its services would aid Guo's advertised efforts as a Chinese dissident to foster regime change in China by exposing CCP and government corruption.

At the time, Guo's representations seemed reliable. However, Strategic Vision later learned that Guo had falsely represented his status as a dissident and the purpose to which he intended to put Strategic Vision's work—representations material to Strategic Vision because it supports regime change in China and would never aid the work of someone like Guo, a CCP supporter.

## Substantive Considerations Against Early Summary Judgment

Eastern Profit's reliance on the Virginia licensing statute is late in coming. Eastern Profit entered into the contract without inquiring about Strategic Vision's licensure. Eastern Profit accepted the information conveyed by Strategic Vision without inquiring about Strategic Vision's licensure. Eastern Profit does not claim the research it received differed or was incomplete in any respect because it was provided by an entity not having a state license. Instead, Eastern Profit



alleges in Count I of the Second Amended Complaint (at ¶31) that the Research Agreement "is a valid and enforceable Contract between Easter and Strategic." Nevertheless, Eastern Profit contends that Strategic Vision is out of compliance and the contract void as illegal.

A motion for summary judgment at this juncture on that basis involves several complex questions rendered unanswerable by the absence of a complete factual record. This includes which licensure law, if any, governs. *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp.2d 127, 133 (E.D. N.Y. 2013) (identification of governing law critical to correct disposition of summary judgment). For example, Strategic Vision will show that the Virginia statute does not apply because it did not perform any private investigation in Virginia, despite Eastern Profit's apparent factual contention otherwise. At most, Strategic Vision signed the contract in Virginia. However, the gathering of the original research occurred overseas, not in the United States, and it was performed by specially-assembled teams of contractors who were not Strategic Vision employees. Strategic Vision itself did not conduct the research. Eastern Profit cites no cases in Virginia applying its licensure statute in these circumstances.

Further, the work product generated by that original research overseas was conveyed to Eastern Profit in New York, not Virginia. No New York case has applied its private investigation licensure statute in these circumstances. There is, however, precedent that early dispositive findings as to the application of a statute are inappropriate regarding state professional licensure requirements. *SD Protection Inc. v. Del Rio*, 498 F. Supp.2d 576, 581 (E.D. N.Y. 2007) ("There is very little case law as to what exactly constitutes a 'watch, guard, or patrol agency.' Making this determination will require a close review of SD's business activities, as well as the intent of the legislature in enacting Section 70.2. *This question should not be resolved so early in the litigation.*") (emphasis added). As *Del Rio* reasoned, "the question of whether [and entity] is 'doing business' in New York for the purposes of [the statute] cannot be resolved without discovery." 498 F. Supp.2d at 581. *See also Berkshire Engineering Corp. v. Scott-Paine*, 217 N.Y.S.2d 919, 921-22 (1961) (regarding application of the New York law requiring a certificate to do business, "[i]t is axiomatic that each case involving the question of what constitutes 'doing business' is to be determined in the light of its own particular facts.") (citations omitted).

Eastern Profit has shown no compelling reason to revisit the Court's June 28, 2019 guidance that dispositive motions not be filed during the few months allowed to finish discovery. Its proposed motion should instead be filed in the fall after the factual record is complete.

Respectfully submitted,

Edward D. Greim

cc: Counsel of record via ECF