ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036

WWW.ZEKLAW.COM

August 12, 2019

**VIA ECF**
Judge John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Eastern Profit Corporation Limited v. Strategic Vision US LLC,* Civil Action
            No. 18-CV-2185 (JGK).

Dear Judge Koeltl,

      Plaintiff/Counterclaim defendant Eastern Profit Corporation Limited ("Eastern") hereby respectfully responds to Strategic Vision U.S. LLC's ("Strategic Vision") letter dated August 6, 2019 concerning the alleged issues with obtaining a follow up 30(b)(6) deposition of Eastern Profit.

      Like his statements to the press concerning this case, Attorney Greim's letter is misleading. Strategic Vision claims an impasse that does not exist and which could just as easily have been resolved had Strategic Vision responded to Eastern's offer to produce a follow-up 30(b)(6) witness. Instead, Strategic Vision rashly filed the letter at issue – which seeks to bizarrely designate a non-party (Guo) as Eastern's 30(b)(6), despite Strategic Vision's insistence that Guo was a poor witness. A brief recitation of the facts is required to clarify the actual posture of this matter.

FACTUAL BACKGROUND CONCERNING THE 30(B)(6) ISSUE

      On January 31, 2019, Strategic Vision, through its then counsel Phillips Lytle LLP ("Phillips"), took the 30(b)(6) deposition of Eastern through Yvette Wang, one of the five people in the world who has direct first-hand knowledge of the interactions between the parties in this case.[1] Ms. Wang was prepared for the deposition by counsel, and answered hours of questioning concerning the negotiation of the Agreement, the representations between the parties, the execution of the Agreement, and the ultimate failure and termination of the Agreement.

      On February 15, 2019, Strategic Vision asserted that Ms. Wang was not knowledgeable enough about Eastern's corporate details and demanded a second 30(b)(6) deposition. Rather than mire the Court with wasteful motion practice, Eastern acceded to this request and waited for Strategic Vision to designate a new date and time for a follow up 30(b)(6) of Eastern. However,

---

[1] The other four individuals are French Wallop (CEO of Strategic Vision), Michael Waller (a friend of Ms. Wallop who has no formal affiliation with Strategic Vision), Lianchao Han (a dissident with informal ties to Eastern and Guo Wengui, and Guo Wengui.

NEW YORK | CONNECTICUT | NEW JERSEY | ISRAEL | WASHINGTON D.C.

ZEICHNER ELLMAN & KRAUSE LLP

EASTERN PROFIT CORPORATION LIMITED v. STRATEGIC VISION US LLC
August 12, 2019
Page 2

due to now apparent financial problems between Phillips and Strategic Vision, that follow up deposition was never scheduled. On March 29, 2019, Barton, LLP ("Barton") became Strategic Vision's new counsel.

Barton took a new approach to the contemplated follow up 30(b)(6) of Eastern. During a May 17, 2019 meet and confer call, Barton insisted that Guo Wengui ("Guo") act as Eastern's 30(b)(6) witness. While Guo declined to appear as Eastern's 30(b)(6) witness, in the interest of resolving the dispute between the parties and moving the case forward, Eastern proposed a stipulation, whereby Mr. Guo's answers (despite the fact that he was not actually a 30(b)(6) witness for Eastern), would be binding to Eastern, and that any further 30(b)(6) examination would be tabled (if not abandoned) until after Mr. Guo was deposed. Unfortunately, that framework collapsed before it could be finalized because Barton sought to withdraw from the case on June 11, 2019, as once again Strategic Vision failed to pay its attorneys.

Strategic Vision's latest set of attorneys, Graves Garret, LLC ("Graves"), had little understanding of the 30(b)(6) history outlined above, but nonetheless sought to take Mr. Guo's deposition as a non-party witness promptly. As was previously discussed with Barton, Eastern proposed that Mr. Guo's testimony could be binding on Eastern, with the express understanding that Eastern 1) did not control Mr. Guo and could not prepare him; 2) a follow up 30(b)(6) might be required if Guo was not knowledgeable about certain topics; and 3) Strategic Vision would not seek monetary sanctions, costs or fees in connection with a follow up 30(b)(6). Mr. Guo's deposition occurred on August 2, 2019.

On Saturday, August 3, Strategic Vision's counsel solicited Eastern's position on bringing back Guo as a follow up 30(b)(6). On August 5, 2019, the undersigned noted that designating Guo was practically impossible (due to Eastern's lack of control) but that Eastern was "*open to the concept of presenting another witness as Eastern's 30(b)(6) to close the loop on that piece of this case.* LMK your thoughts." (emphasis added) Before Eastern could suggest a new 30(b)(6) witness, Strategic Vision filed this letter.

PROPOSED RESOLUTION OF THE 30(B)(6) ISSUE

The questions Strategic Vision now seeks to probe are largely irrelevant given that Strategic Vision is no longer pursuing an alter ego claim, which was dismissed by this Court. That notwithstanding, Eastern proposes presenting Yvette Wang, with additional preparation, as a follow up 30(b)(6) witness if Strategic Vision is insistent upon another deposition.[2] Alternatively, or in conjunction therewith, Eastern is happy to work with Strategic Vision on a series of interrogatories to answer (within reason) appropriate corporate history questions concerning Eastern. While we understand that time is short in terms of the discovery deadline, the above history highlights that this

---

[2] As noted above, Eastern simply cannot make Mr. Guo its 30(b)(6) witness. Strategic Vision's assertion that Eastern *refused* to designate him is untrue – it cannot designate him.

ZEICHNER ELLMAN & KRAUSE LLP

EASTERN PROFIT CORPORATION LIMITED v. STRATEGIC VISION US LLC
August 12, 2019
Page 3

is entirely a problem of Strategic Vision's own making due to its inability or unwillingness to pay and retain the services of one law firm.  There is no excuse for Strategic Vision's unwillingness to confer concerning this issue and we are hopeful that its counsel will embrace the opportunity to confer meaningfully with Eastern to avoid motion practice.

On the wholly separate issue of the proposed deposition of Han Chunguang, Strategic Vision again misrepresents the interactions between the parties.  In addition to seeking five other depositions between now and September 27, 2019, Eastern now seeks to depose Han Chunguang, a man who both parties know never interacted with Strategic Vision concerning the Agreement at issue.  At the outset, Strategic Vision requested that Eastern produce Han Chunguang pursuant to a vanilla notice of deposition with no reference to the Federal Rules of Civil Procedure, or else it would subpoena Mr. Han itself.  Eastern informed Strategic Vision that it should take the later route and just issue a subpoena to that non-party.  Strategic Vision now apparently seeks to compel Eastern to produce Mr. Han because Strategic Vision's "resources" would be "sapped" by following the rules.

Strategic Vision's position is untenable and belies its improper agenda of seeking to harass Eastern with a fusillade of discovery.  Even if Eastern were required to produce Mr. Han, it would then seek a protective order because he has no "unique knowledge" about the issues germane to the parties' claims.   Mr. Han never met or communicated with Ms. Wallop or Mr. Waller and played no role in the inactions that form the basis of this dispute.  Strategic Vision merely seeks to depose him to pepper him with irrelevant questions concerning Eastern's other business dealings, how it got the loan that was used to pay Strategic Vision, and why it chose Golden Spring (NY) Limited as its power of attorney.  These inquiries have nothing to do with the dispute at issue (namely the Agreement between Eastern and Strategic Vision and the representations made at meetings Han never attended) and are clearly designed to try to dig up "dirt" as part of Strategic Vision's media based attack on anyone associated with Mr. Guo.

Accordingly, even if Strategic Vision had used proper legal process to place Mr. Han in a deposition (it does not) Eastern would proffer an affidavit from Mr. Han, attesting to his lack of knowledge and appropriately seek to quash such a harassing and wasteful deposition from going forward.  See In re in re Effecten-Spiegel AG, No. 18mc93 (DLC), 2018 U.S. Dist. LEXIS 135838, at *4 (S.D.N.Y. Aug. 10, 2018) (noting that courts must be vigilant to avoid subjecting company executives to burdensome discovery absent a showing that they are likely to have information useful to the litigation that cannot fairly and with less burden be found elsewhere); see also Consol. Rail Corp. v. Primary Indus. Corp., 92 Civ. 4927 (PNL), 92 Civ. 6313 (PNL), 1993 U.S. Dist. LEXIS 12600, at *3 (S.D.N.Y. Sep. 10, 1993)(unless it is shown the executive has some "unique knowledge pertinent to the issues in" the case, it is "appropriate to preclude a redundant deposition" of that individual).

Zeichner Ellman & Krause llp

Eastern Profit Corporation Limited v. Strategic Vision US LLC
August 12, 2019
Page 4

In light of the foregoing, Eastern respectfully requests that the relief sought by Strategic Vision in its August 6, 2019 letter concerning 30(b)(6) testimony and the deposition of Mr. Han be denied.

                          Eastern Profit Corporation Limited

                          _/s/_*Zachary Grendi*_____
                          Zachary Grendi, Esq.