**Mark A. Harmon**
Direct Dial: 646.218.7616
mharmon@hodgsonruss.com



August 16, 2019

**VIA ECF**

Hon. Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, NY 10007-1312

   Re: *Eastern Profit Corporation Limited v. Strategic Vision US, LLC, et al.*,
     Case No. 18-CV-2185-JGK

Dear Judge Freeman:

   We represent Guo Wengui ("Mr. Guo"), a non-party witness in the above-entitled action. We submit this letter in response to the August 6, 2019 letter[1] from Strategic Vision US, LLC ("Strategic") REDACTED To understand why Strategic's misleading application for relief should be denied in its entirety, it is important first to place the present dispute in its proper factual context.

  A. Procedural Background

   This case involves an ongoing contract dispute between two corporations, Eastern Profit Corporation Limited ("Eastern") and Strategic, to perform investigatory services on selected individuals. REDACTED Notwithstanding, Strategic's prior counsel attempted to insert Guo into these proceedings by filing a third-party complaint against him personally (Dkt. #s 47-48). That complaint was dismissed as patently deficient (Dkt. #96), and Strategic has not again attempted to assert any claims against Mr. Guo directly.

   Having failed to sustain a direct cause of action against Mr. Guo personally, Strategic recently shifted its tactics. Its July 19, 2019 Answer and Counterclaims to the Second Amended Complaint (Dkt. #114) (the "Amended Counterclaims") are an abuse of the court system as a public forum in order to inflict public harm and embarrassment on a non-party (Mr.

---

[1] Strategic's letter was submitted to Judge Koeltl in connection with its Motion for Leave to File Under Seal. *See* Dkt. #s 123-125.

605 Third Avenue ♦ Suite 2300 ♦ New York, New York  10158 ♦ telephone 212.751.4300 ♦ facsimile 212.751.0928
Albany ♦ Buffalo ♦ New York ♦ Palm Beach ♦ Saratoga Springs ♦ Toronto ♦ www.hodgsonruss.com

Hon. Debra C. Freeman
August 16, 2019
Page 2



Guo) by accusing him, for the first time, of being a spy for the Chinese government. This approach was adopted by Strategic's third set of counsel after the first two sets of counsel were unable to sustain breach of contract-related claims against Mr. Guo directly. That this newly-implemented tactic is nothing more than a thinly-disguised effort to generate negative press against Mr. Guo is best evidenced by the words of Strategic's own counsel. As explained in Eastern's letter dated August 12, 2019 letter (Dkt. #129), less than 72 hours after Strategic filed its Amended Counterclaims, The Wall Street Journal published an article entitled "Chinese Tycoon Holed Up in Manhattan Hotel is Accused of Spying for Beijing"[2] In that article, Edward Greim, counsel for Strategic was quoted as saying: *"Our goal is not only to hold Guo Wengui and his network accountable but also to protect supporters of a free China from further injury."* In other words, Strategic's counsel all but conceded to its use of a publicly-filed legal pleading as a negative press release against a non-party. This conduct by counsel was a clear indication that he and his client intended to misuse the discovery process in an attempt to harass, embarrass, and intimidate Mr. Guo by asking invasive questions that would be unrelated to the simple contract at issue in this action and would later be made available to the public.

Against this backdrop, and despite being a non-party but recognizing that he did have personal knowledge of certain events connected to the contract between Eastern and Strategic, Mr. Guo agreed to testify, without the need for a subpoena, as to relevant matters within his personal knowledge. As Strategic concedes, Mr. Guo – who has separate counsel from Eastern – was never offered as a 30(b)(6) witness. Rather, in agreeing to produce him voluntarily, Mr. Guo's counsel made it clear that he would be testifying solely in his personal capacity as a non-party witness and would not be educated as to topics about which he did not have personal knowledge. Mr. Guo's counsel further explained in writing that Eastern's decision to adopt some or all of Mr. Guo's testimony as its own would not alter the scope, length, or nature of Mr. Guo's appearance. On Friday, August 2, 2019, Mr. Guo was deposed by Edward Greim, counsel for Strategic. The deposition began at approximately 9:30 a.m. and was not completed until shortly after 7:00 p.m.[3]

    B.    <u>Strategic's Application Lacks Merit</u>

**REDACTED**

---

[2]  The hotel where Mr. Guo allegedly is "holed up" is a co-op apartment in The Sherry-Netherland where Mr. Guo has resided since 2015.

[3]  Because Mr. Guo does not speak English fluently, the use of a translator was necessary. 

**REDACTED**

Hon. Debra C. Freeman
August 16, 2019
Page 3



REDACTED

A review of the actual transcript[4] – a transcript that Strategic, tellingly, declined to provide to the Court – demonstrates that both of these allegations are without merit. Moreover, when coupled with the public statements of Strategic's counsel, it is clear that Strategic is attempting to exploit the discovery process to harass a non-party witness.

REDACTED

*See In re Six Grand Jury Witnesses*, 979 F2d 939, 943 (2d Cir. 1992) (recognizing that "[a]ll agree that the rules of discovery are to be applied broadly, but that according the discovery rules liberal treatment does not license opposing counsel to discover anything and everything. Limitations are imposed on discovery sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege.").

REDACTED

REDACTED

---

[4] At this time, the only transcript available to Mr. Guo is a "rough draft" transcript. Because the transcript is subject to the Stipulated Protective Order Governing Designation and Disclosure of Confidential Information (Dkt. #40), we will not append it to this filing. We will, however – consistent with Rule I.C of your Honor's Individual Rules – provide the Court with the "rough draft" that previously was provided to us by counsel for Strategic.

Hon. Debra C. Freeman
August 16, 2019
Page 4





---

5 REDACTED
Judge Koetl noted during a pre-motion conference on August 1, 2019, the mere fact that allegations appear in a legal pleading does not automatically make them relevant to the underlying claims and defenses at issue in an action.

6
7 REDACTED
8

Hon. Debra C. Freeman
August 16, 2019
Page 5



**REDACTED**

It is clear that these questions were not designed to elicit information relevant to the claims and defenses in this breach of contract action, but were intended solely to harass Mr. Guo and provide fodder for the publicity campaign Strategic and its counsel plan to wage against him. Strategic has made no secret of its attempt to turn this contract dispute between two entities into a fishing expedition regarding **REDACTED** as it has conceded as much to the press. Under these circumstances, Mr. Guo's counsel was well within its right to instruct Mr. Guo not to answer these patently improper questions. *See Kamens v. Horizon Corp.*, 81 F.R.D. 444 (S.D.N.Y. 1979) (court sustained instructions not to answer deposition questions on relevance grounds).

**REDACTED** This argument likewise is without merit. Rather, it is indicative of, and wholly consistent with, Mr. Guo's agreement to testify solely as to his personal knowledge. Whatever role Strategic believes that Mr. Guo played in the negotiation and execution of the contract at issue in this action, he remains a non-party and must be treated as such. He was not required to educate himself about topics to which he did not have prior personal knowledge and, as explained above, the fact that he would not be educated as to any potential deposition topics was made clear to Strategic's counsel in writing, in advance of the deposition.[9] Under these circumstances, the mere fact that Mr. Guo did not have information regarding a topic that Strategic, in its view, believes he should have been knowledgeable about is **REDACTED**

---

[9] **REDACTED**

Hon. Debra C. Freeman
August 16, 2019
Page 6





Respectfully submitted,

Mark A. Harmon

cc:   All Counsel of Record