UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTERN PROFIT CORPORATION LIMITED,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>STRATEGIC VISION US LLC,<br><br>    Defendant/Counterclaim Plaintiff. | Case No. 18-CV-2185 (JGK)-DCF |

**EASTERN PROFIT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO STRATEGIC VISION US LLC'S AMENDED COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 8, Plaintiff/Counterclaim-Defendant Eastern Profit Corporation Limited ("Eastern") in answer to the numbered paragraphs set forth in the amended counterclaims filed by Defendant/Counterclaimant Strategic Vision US LLC ("Strategic Vision") on August 8, 2019 (Dkt. No. 127) (the "Counterclaim"), responds as follows:

1.      Eastern admits that public records show that Strategic Vision is organized under the laws of the State of Nevada, and that it has a principal place of business in Virginia.

2.      Eastern admits the allegations contained in the first sentence of Paragraph 2 of the Counterclaim.  Eastern denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the second sentence of Paragraph 2 of the Counterclaim.  Eastern denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the third sentence of Paragraph 2 of the Counterclaim.

3.      Eastern admits the allegations in the first sentence of Paragraph 3 of the Counterclaim, but denies that it purports to engage in business activities in the State of New York

1

and elsewhere in the United States. Eastern denies the allegations in the second sentence of Paragraph 3 of the Counterclaim. Eastern denies the allegations in the third sentence of Paragraph 3 of the Counterclaim, except admits that Strategic Vision and Eastern negotiated the agreement annexed to Plaintiff's Second Amended Complaint as Exhibit A (the "Agreement") in late 2017 and early 2018, admits that Guo Wengui participated in those discussions on Eastern's behalf, admits that the parties exchanged several drafts of the Agreement prior to execution, and admits that Eastern's name was included in the Agreement prior to its execution. Eastern denies the allegations in the fourth sentence of Paragraph 3 of the Counterclaim and respectfully refers to the terms of the Agreement itself.

4. Eastern denies the allegations in the first sentence of Paragraph 4 of the Counterclaim, which is unintelligibly broad and vague, but admits that Eastern authorized Guo to communicate with Strategic Vision on Eastern's behalf concerning the Agreement, that Guo's representations to, and interactions with, Strategic Vision concerning the Agreement are binding upon Eastern, and that Eastern has not repudiated any such representations or interactions. Eastern denies the allegations in the second sentence of paragraph 4 of the Counterclaim. Eastern denies the allegations in the third, fourth and fifth sentences of Paragraph 4 of the Counterclaim, except admits that substantive interactions concerning the Agreement prior to its termination consisted of interactions between French Wallop, J. Michael Waller, Guo Wengui, Lianchao Han, and Yvette Wang.

5. Eastern admits that Han Chunguang is its "principal." Eastern denies the allegations contained in the second sentence of paragraph 5 of the Counterclaim. Eastern denies the allegations contained in the remaining sentences of paragraph 5 of the Counterclaim, which are vague, includes or is comprised of one or more legal conclusions to which no response is

required, except admits that the Companies Registry for the Government of the Hong Kong Special Administrative Region indicates that Eastern has one director named Guo Mei, who was appointed on June 27, 2017, admits that Guo Wengui has a daughter named Guo Mei.

6. Eastern denies the allegations contained in the first and second sentence of paragraph 6 of the Counterclaim, admits Guo's residence and the offices of Golden Spring (New York) Limited are both located in New York City and respectfully refers to the applicable power of attorney for its actual terms. Eastern denies the allegations contained in the third sentence of paragraph 6 of the Counterclaim except admits that Yvette Wang is the president of Golden Spring (New York) Limited. Eastern denies the allegations contained in the fourth sentence of paragraph 6 of the Counterclaim and respectfully refers to the deposition of Yvette Wang for Ms. Wang's actual testimony. Eastern denies the allegations contained in the fifth sentence of paragraph 6 of the Counterclaim but admits that Yvette Wang physically executed the Agreement on Eastern's behalf.

7. Eastern denies the allegations contained in the first sentence of paragraph 7 of the Counterclaim, but admits that Eastern Profit authorized two wires totaling $1,000,000 to be sent to Strategic Vision on or about January 2, 2018. Eastern denies the allegations contained in the second sentence of paragraph 7 of the Counterclaim, but admits that Eastern Profit authorized ACA to send two wires totaling $1,000,000 to be sent to Strategic Vision on or about January 2, 2018 on Eastern's behalf. Eastern admits the allegations contained in the third sentence of paragraph 7 of the Counterclaim, except denies knowledge or information sufficient to form a belief as to whether William Je, a/k/a Yu Jianming, is a "longtime Guo associate." Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in the fourth sentence of paragraph 7 of the Counterclaim, except admits that Karin Maistrello has notarized

3

documents executed by Eastern. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in the fifth sentence of paragraph 7 of the Counterclaim. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in the sixth sentence of paragraph 7 of the Counterclaim.

8. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Counterclaim, except that it admits that ACA wired $1,000,000 to Strategic Vision for Eastern pursuant to the Agreement.

9. The allegations contained in paragraph 9 of the Counterclaim are based on one or more written documents that speak for themselves and are the best evidence of their content and meaning. Eastern denies any characterizations or mischaracterizations of the documents by Strategic Vision against Eastern's interests in this case.

10. Eastern admits the allegations contained in paragraph 10 of the Counterclaim.

11. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of paragraph 11 of the Counterclaim. Eastern admits the allegations contained in the second sentence of paragraph 11 of the Counterclaim. The allegations contained in sentence three of paragraph 11 of the Counterclaim are based on one or more written documents that speak for themselves and are the best evidence of their content and meaning. Eastern denies any characterizations or mischaracterizations of the documents by Strategic Vision against Eastern's interests in this case. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in the fourth sentence of paragraph 11 of the Counterclaim. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in the fifth sentence of paragraph 11 of the Counterclaim, which is largely unintelligible, except admits that Gertz and Lianchao Han introduced Eastern to Strategic Vision for the purpose of

having Strategic Vision conduct investigatory research into Chinese nationals linked to top Party officials.

12. Eastern denies the allegations contained in the first sentence of paragraph 12 of the Counterclaim. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of paragraph 12 of the Counterclaim. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in the third sentence of paragraph 12 of the Counterclaim. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in the fourth sentence of paragraph 12 of the Counterclaim. Eastern denies the allegations contained in the fifth sentence of paragraph 12 of the Counterclaim, except admits that both parties agreed, in the Agreement, that "[t]he Contractor will conduct high quality original research and prepare reports on subjects chosen at Client's discretion, for the purpose of detecting, stopping, and preventing crime or other harm to innocent people."

13. Eastern denies the allegations contained in paragraph 13 of the Counterclaim.

14. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Counterclaim.

15. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Counterclaim.

16. Eastern denies the allegations contained in paragraph 16 of the Counterclaim, except admits that there were meetings at Mr. Guo's apartment at the Sherry-Netherland and that Lianchao Han and Yvette Wang often acted as Guo's interpreter because he lacks fluent command of English.

17. Eastern denies the allegations contained in paragraph 17 of the Counterclaim, except admits that Lianchao Han and Yvette Wang communicated with Strategic Vision concering the Agreement.

18. Eastern admits the allegations contained in paragraph 18 of the Counterclaim.

19. Eastern denies the allegations contained in paragraph 19 of the Counterclaim.

20. Eastern denies the allegations contained in paragraph 20 of the Counterclaim, except admits that the parties initially discussed a scope of work and fee schedule.

21. Eastern denies the allegations contained in paragraph 21 of the Counterclaim.

22. Eastern denies the allegations contained in paragraph 22 of the Counterclaim, except admits that the wire payments from ACA (on behalf of Eastern Profit) were sent to Strategic Vision on or about January 2, 2018 and that Eastern unsuccessfully attempted to reverse said wires because they were mistakenly made prior to the execution of the Agreement.

23. Eastern admits the allegations contained in paragraph 23 of the Counterclaim.

24. Eastern denies the allegations contained in paragraph 24 of the Counterclaim.

25. The allegations of Paragraph 25 of the Counterclaim are based on the Agreement, which is itself the best evidence of its content and meaning. Eastern denies any characterizations or mischaracterizations of the Agreement by Strategic Vision against Eastern's interests in the case.

26. The allegations of Paragraph 26 of the Counterclaim are based on the Agreement, which is itself the best evidence of its content and meaning.  Eastern denies any characterizations or mischaracterizations of the Agreement by Strategic Vision against Eastern's interests in the case.

27. Eastern denies the allegations contained in paragraph 27 of the Counterclaim.

28. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Counterclaim.

29. Eastern denies the allegations contained in paragraph 29 of the Counterclaim.

30. The allegations of Paragraph 30 of the Counterclaim are based on the Agreement, which is itself the best evidence of its content and meaning. Eastern denies any characterizations or mischaracterizations of the Agreement by Strategic Vision against Eastern's interests in the case.

31. Eastern denies the allegations contained in paragraph 31 of the Counterclaim, except admits that on January 6, 2018, Yvette Wang delivered flash drives to French Wallop containing the names of the 15 individuals to be researched by Strategic Vision pursuant to the Agreement.

32. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Counterclaim, except it denies that the flash drives contained malware, but admits that Strategic Vision claimed that the flash drives contained malware.

33. Eastern denies the allegations contained in paragraph 33 of the Counterclaim except admits that on January 8, 2018, Yvette Wang delivered flash drives to French Wallop containing the names of the 15 individuals to be researched by Strategic Vision pursuant to the Agreement.

34. Eastern denies the allegations contained in paragraph 34 of the Counterclaim, except admits that Strategic Vision was informed that Guo was under surveillance by the Chinese government.

35. Eastern denies the allegations contained in paragraph 35 of the Counterclaim, except admits that the parties often met at Guo's New York apartment concerning the Agreement.

36. Eastern denies the allegations contained in paragraph 36 of the Counterclaim.

37. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Counterclaim.

38. Eastern denies the allegations contained in paragraph 38 of the Counterclaim.

39. Eastern denies the allegations contained in paragraph 39 of the Counterclaim, except admits that Strategic Vision claimed it could not perform the research contemplated by the Agreement because Strategic Vision claimed that the subjects of the investigation were "Records Protected."

40. The allegations of Paragraph 40 of the Counterclaim comprise one or more legal conclusions to which no response from Eastern is required. To the extent an answer is deemed required, Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Counterclaim, except admits that Eastern had never heard of the alleged term "Records Protected" until Strategic Vision filed its first answer in this case.

41. Eastern denies the allegations contained in paragraph 41 of the Counterclaim.

42. The allegations of Paragraph 42 of the Counterclaim comprise one or more legal conclusions to which no response from Eastern is required. To the extent an answer is deemed required, Eastern denies the allegations contained in Paragraph 42, and respectfully refers to the termination letter, which is the best evidence of its contents. Eastern denies any characterizations or mischaracterizations of the termination letter by Strategic Vision against Eastern's interests in the case.

43. Eastern denies the allegations contained in paragraph 43 of the Counterclaim.

44. Eastern denies the allegations contained in paragraph 44 of the Counterclaim, except admits that it demanded the reports owed to it pursuant to the terms of the Agreement when Strategic Vision failed to perform.

45. Eastern denies the allegations contained in paragraph 45 of the Counterclaim, except admits that Strategic Vision hand-delivered data to Eastern on or about January 26, 2018.

46. The allegations of Paragraph 46 of the Counterclaim are based on the Agreement, which is itself the best evidence of its content and meaning. Eastern denies any characterizations or mischaracterizations of the Agreement by Strategic Vision against Eastern's interests in the case. To the extent a further answer is required, Eastern denies the allegations contained in Paragraph 46 of the Counterclaim.

47. Eastern denies the allegations contained in paragraph 47 of the Counterclaim, except admits that Strategic Vision offered to delay the start of the Agreement due to its own internal problems.

48. The allegations of Paragraph 48 of the Counterclaim comprise one or more legal conclusions to which no response from Eastern is required. To the extent an answer is deemed required, Eastern denies the allegations contained in paragraph 48 of the Counterclaim.

49. Eastern admits the allegations contained in paragraph 49 of the Counterclaim

50. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Counterclaim.

51. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Counterclaim.

52. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Counterclaim.

53. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Counterclaim.

54. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Counterclaim.

55. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Counterclaim.

56. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Counterclaim.

57. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Counterclaim.

58. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Counterclaim.

59. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 59 of the Counterclaim.

60. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Counterclaim.

61. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Counterclaim.

62. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Counterclaim.

63. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Counterclaim.

64. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Counterclaim.

65. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Counterclaim.

66. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66 of the Counterclaim.

67. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 67 of the Counterclaim.

68. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 68 of the Counterclaim.

69. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 69 of the Counterclaim.

70. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70 of the Counterclaim.

71. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the Counterclaim.

72. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 72 of the Counterclaim.

73. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 73 of the Counterclaim.

74. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 74 of the Counterclaim.

75. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75 of the Counterclaim.

76. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76 of the Counterclaim.

77. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 77 of the Counterclaim.

78. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78 of the Counterclaim.

79. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 79 of the Counterclaim.

80. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 80 of the Counterclaim.

81. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 81 of the Counterclaim.

82. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 82 of the Counterclaim.

83. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 83 of the Counterclaim.

84. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 of the Counterclaim.

85. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 85 of the Counterclaim.

86. Eastern denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 86 of the Counterclaim, except denies that Guo is an agent of influence on behalf of the Chinese Communist Party, Xi Jinping, and the Chinese MSS.

87. Eastern denies the allegations contained in paragraph 87 of the Counterclaim.

88. The allegations of Paragraph 88 of the Counterclaim comprise one or more legal conclusions to which no response from Eastern is required. To the extent an answer is deemed required, Eastern denies the allegations in Paragraph 88 of the Counterclaim.

89. Eastern hereby repeats and reasserts all prior answers to the Paragraphs of the Counterclaim as if set forth fully herein.

90. Eastern admits the allegations in Paragraph 90 of the Counterclaim.

91. Eastern admits the allegations in Paragraph 91 of the Counterclaim.

92. The allegations of Paragraph 88 of the Counterclaim comprise one or more legal conclusions to which no response from Eastern is required. To the extent an answer is deemed required, the allegations of Paragraph 88 of the Counterclaim are based on the Agreement, which is itself the best evidence of its content and meaning. Eastern denies any characterizations or mischaracterizations of the Agreement by Strategic Vision against Eastern's interests in the case.

93. Eastern denies the allegations in Paragraph 93 of the Counterclaim.

94. Eastern denies the allegations in Paragraph 94 of the Counterclaim.

95. The allegations of Paragraph 95 of the Counterclaim comprise one or more legal conclusions to which no response from Eastern is required. To the extent an answer is deemed required, Eastern denies the allegations in Paragraph 95 of the Counterclaim.

96. The allegations of Paragraph 96 of the Counterclaim comprise one or more legal conclusions to which no response from Eastern is required. To the extent an answer is deemed required, Eastern denies the allegations in Paragraph 96 of the Counterclaim.

97. The allegations of Paragraph 97 of the Counterclaim are based on the Agreement, which is itself the best evidence of its content and meaning. Eastern denies any characterizations or mischaracterizations of the Agreement by Strategic Vision against Eastern's interests in the case. Eastern does admit that the start date of the Agreement was amended to January 16, 2018.

98. The allegations of Paragraph 98 of the Counterclaim are based on the Agreement, which is itself the best evidence of its content and meaning. Eastern denies any characterizations or mischaracterizations of the Agreement by Strategic Vision against Eastern's interests in the case.

99. The allegations of Paragraph 99 of the Counterclaim are based on the Agreement and the termination letter, which are themselves the best evidence of their content and meaning. Eastern denies any characterizations or mischaracterizations of those documents by Strategic Vision against Eastern's interests in the case.

100. The allegations of Paragraph 100 of the Counterclaim comprise one or more legal conclusions to which no response from Eastern is required. To the extent an answer is deemed required, Eastern denies the allegations in Paragraph 100 of the Counterclaim.

101. Eastern denies the allegations in Paragraph 101 of the Counterclaim.

102. Eastern denies the allegations in Paragraph 102 of the Counterclaim.

103. Eastern denies the allegations in Paragraph 103 of the Counterclaim.

104. Eastern denies the allegations in Paragraph 104 of the Counterclaim and respectfully refers to the Agreement for its actual terms.

105. Eastern hereby repeats and reasserts all prior answers to the Paragraphs of the Counterclaim as if set forth fully herein.

106. Eastern denies the allegations in Paragraph 106 of the Counterclaim.

107. Eastern denies the allegations in Paragraph 107 of the Counterclaim.

108. Eastern denies the allegations in Paragraph 108 of the Counterclaim.

109. Eastern denies the allegations in Paragraph 109 of the Counterclaim.

110. Eastern denies the allegations in Paragraph 110 of the Counterclaim.

111. Eastern denies the allegations in Paragraph 111 of the Counterclaim.

112. Eastern denies the allegations in Paragraph 112 of the Counterclaim.

113. Eastern denies the allegations in Paragraph 113 of the Counterclaim.

114. Eastern denies the allegations in Paragraph 114 of the Counterclaim.

115. Eastern denies the allegations in Paragraph 115 of the Counterclaim.

116. Eastern denies the allegations in Paragraph 116 of the Counterclaim.

## ANSWER TO PRAYER FOR RELIEF

Plaintiff/Counterclaim-Defendant, Eastern, denies that Defendant/Counterclaim-Plaintiff, Strategic Vision, is entitled to the judgment and relief prayed for in its Prayer for Relief.

## GENERAL DENIAL

Eastern denies each and every factual allegation in the Counterclaim that is not specifically admitted or otherwise addressed in the preceding Paragraphs and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Plaintiff/Counterclaim-Defendant Eastern asserts the following affirmative defenses in response to Defendant/Counterclaimant Strategic Vision's Counterclaim. Eastern reserves the right to add defenses that may be supported by the facts upon completion of discovery.

### **First Affirmative Defense**
(Failure to State a Claim)

Strategic Vision's Counterclaim fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**
(Fraudulent Misrepresentation)

Strategic Vision's Counterclaim is barred because Strategic Vision engaged in misrepresentations of facts, made promises without intent to perform, or concealed and suppressed material facts from Eastern, causing damage.

### **Third Affirmative Defense**
(Excuse)

Any alleged non-performance of the Agreement by Eastern, which Eastern denies, was excused by the prior breach by Strategic Vision.

### **Fourth Affirmative Defense**
(Void Against Public Policy Due to Illegality)

Strategic Vision's claims are barred because it was not a licensed private investigator under the laws of any U.S. state or jurisdiction during any relevant time period. As such, the Agreement is illegal and void as against public policy, and Strategic Vision is barred from enforcing the Agreement or asserting any claims arising from Strategic Vision's entry into the Agreement.

### **Fifth Affirmative Defense**
(Economic Loss Doctrine)

Strategic Vision's claims are barred by the economic loss doctrine.

### **Sixth Affirmative Defense**
(N.Y. Bus. Corp. §§ 1301, 1304, et. seq.)

Strategic Vision lacks capacity and standing to use Eastern because, upon information and belief, Strategic Vision is and has been during the relevant timeframe purporting to do business regularly and systematically in New York and hold itself out as authorized to do business in New

York but is not and has not been registered to do business in the State of New York as required by N.Y. Bus. Corp. §§ 1301, 1304 et seq.

### Seventh Affirmative Defense
(Frustration of Purpose)

Strategic Vision's claims are barred by the doctrine of frustration of purpose.

### Eighth Affirmative Defense
(Equitable Estoppel)

Strategic Vision's claims are barred by the doctrine of equitable estoppel.

### Ninth Affirmative Defense
(Unclean Hands)

Strategic Vision's claims are barred by the doctrine of unclean hands.

### RELIEF REQUESTED

WHEREFORE, Eastern prays for the following relief:

A. Dismissal of the Counterclaim with prejudice;

B. An award to Eastern of its costs and reasonable attorneys' fees; and

C. Such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Eastern hereby demands a trial by jury on the Counterclaims and defenses so triable.

EASTERN PROFIT CORPORATION LIMITED,
By its attorneys,

_____/s/Zachary Grendi_____
Zachary Grendi, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1 Landmark Square
4th Floor
Stamford, CT 06901
203-489-1233
zgrendi@zeklaw.com

## Certificate of Service

I certify that this document was served via the Court's Electronic Case Filing System on the date of filing, August 21, 2019, to all counsel of record.

                        ___/s/_Zachary Grendi_____
                        Zachary Grendi
                        *Attorney for Eastern Profit Corporation Limited*