**Erin N. Teske**
Direct Dial: 646-218-7517
eteske@hodgsonruss.com

September 24, 2019

**VIA ECF**

Hon. Debra Freeman
United States District Court
Southern District of New York
500 Pearl St., Courtroom 17A
New York, New York 10007

      Re:    *Eastern Profit Corp. v. Strategic Vision US LLC*,
            *1:18-cv-2185-JGK ("Action")*

Dear Judge Freeman:

      On behalf of non-party Golden Spring (New York) Limited ("GSNY"), I write in response to a letter dated September 20, 2019 ("Letter"), submitted on behalf of defendant Strategic Vision US, LLC ("Strategic"), concerning discovery sought from GSNY. Much of the Letter constitutes an attack on GSNY's counsel in an attempt to demonstrate obstructionist tactics. While we demonstrably deny such assertions, we will not respond to Strategic's accusations and will deal instead only with Strategic's substantive requests and GSNY's objections.

      GSNY is not a party to this action. Although Strategic posits that non-party Guo Wengui ("Guo") owns and controls GSNY, and that GSNY and plaintiff Eastern Profit Corp. Ltd. ("Eastern") are one in the same and, with others, part of a control group of persons and entities, Strategic provides no evidence to support that conclusion. But whether or not the conclusion has any validity the issue is simply irrelevant to the question of what discovery is appropriate to obtain from GSNY in connection with Strategic's claims and defenses in this Action. As this Court has noted already on several occasions, there is a difference between curiosity fueled by a suspicious nature and the right to seek information in discovery. Here, as with many other of its past and ongoing demands, Strategic evidences that its requests are fueled by curiosity, not relevance.

      The Letter recounts Strategic's discussions with counsel for Eastern in efforts to resolve 30(b)(6) discovery to be provided by Yvette Wang, an employee of GSNY, on behalf of Eastern. The Letter indicates that counsel for the parties have resolved eighty to ninety percent of their issues respecting the scope of that 30(b)(6) deposition. As GSNY is not a party to this action, its role in discovery in this case should be no broader than the discovery sought or obtainable from Eastern – particularly where GSNY's only relevance to this Action is in its role

Hon. Debra Freeman
September 24, 2019
Page 2

as an agent for Eastern in the negotiation, execution, and performance of the contract between Eastern and Strategic.  If counsel for Eastern and Strategic have resolved those issues, then that resolution should form the perimeter of discovery obtainable from GSNY.  Of course, as counsel for GSNY, we do not object to the scope of any discovery to which Eastern has agreed, but Strategic apparently intends to go far broader and deeper into the activities of Ms. Wang and GSNY than would be relevant to its claims against Eastern, and to that, GSNY objects.

To be clear, GSNY has never stated that it will not produce documents or that it will not participate in a deposition.[1]  To the contrary, GSNY has made clear that it would produce any records in its possession custody or control that bear upon the contract with Eastern, negotiations regarding that contract, or the performance of that contract.  GSNY has now confirmed that all documents responsive to those subjects have previously been provided to Eastern's counsel and have been produced to Strategic.  What GSNY has objected to and what it continues to object to is an attempt to obtain discovery as to GSNY's unrelated business activities with people who, Strategic believes, have a relationship with Guo but who are not relevant to the disputed facts concerning the negotiation, execution, or performance of the contract between Eastern and Strategic.

Strategic continues to argue the same issues on which it has been rebuffed in the past, hoping that the Court will change its position or permit broadly enhanced discovery.  For example, in the Letter, Strategic once again argues for information regarding ACA and GSNY's relationship to ACA.  Yet, the premise for that discovery has already been debunked as Strategic has had to concede that its originally represented basis for claiming that payments made by ACA were relevant were based upon a false assertion.[2]  Strategic's representation that payments by ACA offered evidence that Guo was not a dissident because China would never have permitted those payments also proved to be a false lead.  Nevertheless, Strategic presses its request for discovery on transactions between GSNY and ACA entirely unrelated to the contract between Eastern and Strategic.

Regarding Strategic's request for recordings and video, I am informed that a search has been made for any recordings related to Ms. Wallop and/or Mr. Waller and that no such recordings have been found.  To the extent that Strategic seeks production of potential recordings with unrelated people[3] for more than a two year period, that request is entirely overbroad, burdensome and beyond the scope of permissible discovery in this case.

---

[1] We are in the process of obtaining potential dates for GSNY's deposition.

[2] Strategic first supported its request for information respecting the payment by ACA by representing to the Court that Strategic had recordings in which Guo had publicly stated he could not remove funds from Hong Kong because he was a dissident.  In fact, there was no such recording and statement.  Strategic next argued that China had the power to block payments from Hong Kong, but that also proved to be false.

[3] Strategic does not even attempt to relate these individuals, such as Steve Bannon, to a disputed fact relevant to this Action.

Hon. Debra Freeman
September 24, 2019
Page 3

       Finally, in light of the fact that it appears that Ms. Wang will be called upon to be a 30(b)(6) deponent for Eastern, we propose that only one deposition of Ms. Wang proceed and that she be examined at that time with respect to both Eastern and whatever role GSNY had in connection with the contract between Eastern and Strategic which is at the heart of this case. Considering that Strategic will be permitted to examine Ms. Wang on the broad scope of discovery to which Eastern has agreed, that questioning should encompass all testimony to which Strategic is entitled from Ms. Wang and GSNY.

                      Respectfully submitted,

                      /s/ *Erin Teske* _____

                      Erin N. Teske