

Edward D. Greim
Direct Dial: (816) 256-4144
edgreim@gravesgarrett.com

October 4, 2019

<u>VIA ECF</u>
Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007

  **Re:** **Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC, Case No. 18-cv-2185 (JGK)-DCF**
    **Golden Spring Subpoena**

Dear Judge Freeman:

  It is with a great deal of frustration and a measure of surprise that we find ourselves in the position of having to notify you on behalf of Defendant/Counterclaimant Strategic Vision US, LLC that non-parties Karin Maistrello and Golden Spring (New York) Limited and party Plaintiff/Counterclaim Defendant Eastern Profit have refused to obey orders from this Court to produce and otherwise cooperate in three areas of discovery. The discovery should be produced immediately and an appropriate sanction should be awarded in favor of Strategic Vision.

  First, after the Court gave each side the opportunity to argue the issue, on Sept. 18th, the Court ordered Maistrello to produce a select set of email communications reflecting her decision to resign from her directorship of ACA Capital Group Limited ("ACA") on the eve of the service of a Fed. R. Civ. P. 45 subpoena to ACA. This was after Strategic Vision had given counsel for Eastern Profit notice that a subpoena was being served to Maistrello as ACA's director. Understandably, Strategic Vision believes that Maistrello's last-minute resignation was an effort to avoid ACA being effectively served with the discovery. At Maistrello's deposition, when she acknowledged the existence of the emails, Strategic Vision asked for them on the record, and believed that Maistrello had agreed on the record to provide them. After the deposition, Strategic Vision again asked for them. Only later did Maistrello claim she had never agreed to produce the materials and that Strategic Vision was misinterpreting the record.

  Regardless of whether there was or was not an agreement by Maistrello to produce, in our last discovery conference (Sept. 18th), after hearing Maistrello's arguments, you directed Maistrello to immediately produce the emails. The call ended with the order that Maistrello immediately produce the materials, even if not in native format. The materials have not been produced in any format, and this is not a matter of oversight. Strategic Vision has reminded Maistrello's counsel about the emails multiple times after the discovery conference, to no avail. Indeed, Maistrello's counsel is not even acknowledging the requests, let alone complying with them (or the Court's order).

1100 Main Street, Suite 2700  Kansas City, MO 64105  **ph** 816.256.3181  www.gravesgarrett.com



Strategic Vision asks the Court to enter the appropriate relief against Maistrello, who is represented by counsel, regarding this blatant violation of the Court's order. That relief should, at a minimum, include the immediate production of the materials and Strategic Vision's legal fees regarding this matter.

Second, non-party Golden Spring (New York) Limited (represented by the same counsel as Maistrello) was ordered by the Court during that same Sept. 18th conference to provide dates for its corporate deposition.  The Court noted that the deposition should be calendared and then taken once the Court ruled on the open discovery issues about certain of the deposition subjects.  Again, Golden Spring has agreed all along to give a deposition—the scope of it is under review but the fact that it will occur is settled.  However, Strategic Vision has received no dates from Golden Spring. As with Maistrello, Strategic Vision seeks its legal fees regarding its numerous efforts to obtain a date for this deposition.

Finally, back on August 21, during a lengthy telephone conference, the Court heard argument and made the following findings regarding the deposition of Eastern Profit principal Chunguang Han, ordering that Han be deposed by Strategic Vision:

• But his name, Mr. Chunguang's name, appears on things that bear relation to this case, and so it's hard to fathom how he knows absolutely nothing about it and about the issues that are central to the case.  (82:24-83:3)

• When people are choosing who they want to depose in a case, deposing the person who's identified in interrogatory responses as a principal of the party is reasonable.  (89:20-23)

• I think you should be able to get Mr. Chunguang as a witness. It's just a question of where that testimony goes. And if he says a lot of "I don't know it" -- if he has a lot of "I don't know" responses, so be it, a lot of "I don't know responses." But use the chance to sit him down and ask him about things relative to the claims. (91:7-13)


Despite repeated requests to schedule the deposition, Strategic Vision has received not a single date from Eastern Profit. The same problem exists with Eastern's 30(b)(6) continuation deposition (some topics of which are still in dispute, even though the continuation happening is a certainty and the Court has already ordered Eastern Profit to provide deposition dates). Strategic Vision asked for dates from Eastern Profit's former counsel, but did not receive them, first because Golden Spring was slow in communicating with Eastern Profit's former counsel, and then because Eastern Profit's former counsel lost authority to set dates for several weeks before he ultimately withdrew. But although only a little over a week has passed, the same problem is asserting itself again with Eastern Profit's new counsel. The first request for dates was made to Eastern Profit's new counsel before an appearance was entered, and the request was repeated several times throughout the week of September 30-October 4. As of today, Strategic has learned that the first two weeks in October are too soon, and that Eastern Profit's counsel does not have another date.

If depositions do not resume until the last half of October, then no deposition will have taken place in this case for over 8 weeks—even for witnesses like Han Chunguang that this Court long ago ordered should be produced, and where there are no outstanding objections or legal



issues. How can this be? Perhaps the answer has something to do with the fact that the party to whom Eastern Profit's counsel must answer is actually the counsel for Eastern's "agent," Golden Spring—the same party that employs most of the key witnesses and, as noted above, refuses to provide dates for its own corporate representative deposition.

This continuing course of conduct shows a flagrant disregard for the Court's discovery decisions.  Strategic Vision has been cooperative. Rather than noticing these depositions, which would be well within Strategic Vision's rights, Strategic Vision has tried over and over again to work with the various sets of counsel on agreed dates.  Its good-faith efforts have been rebuffed.

Strategic Vision asks the Court to re-order the immediate deposition of Chunguang Han, and to order once again that Eastern Profit provide dates for its 30(b)(6) witness. This deposition should take place in October along with Golden Spring's 30(b)(6) deposition. Strategic Vision also seeks its legal fees to bring these matters to the Court.

Thank you for your assistance with discovery concerns.

Respectfully submitted,

Edward D. Greim
Attorneys for Defendant/Counterclaimant