**Erin N. Teske**
Direct Dial: 646-218-7517
eteske@hodgsonruss.com

October 10, 2019

**VIA ECF**

Hon. Debra Freeman
United States District Court
Southern District of New York
500 Pearl St., Courtroom 17A
New York, New York 10007

          Re:    *Eastern Profit Corp. v. Strategic Vision US LLC,*
                *1:18-cv-2185-JGK ("Action")*

Dear Judge Freeman:

       On behalf of non-party Karin Maistrello ("Maistrello"), I write in response to the letter filed on behalf of Strategic Vision US, LLC ("Strategic") dated October 4, 2019 ("Letter"), concerning Strategic's continued request for documents from Maistrello, which Strategic filed despite that we had scheduled a meet and confer to discuss this issue which had not yet taken place. I hesitate to write this letter, as I do not want to burden the Court, but in the event that the issues raised in the Letter are decided on submissions alone, I feel compelled to point out that Strategic's counsel has misquoted the transcript to which he cites.

       In an effort to insinuate that Maistrello destroyed or otherwise rid herself of emails, Strategic's counsel has mischaracterized and – worse – misquoted Maistrello's testimony. While Strategic's counsel states that Maistrello "testified that she had searched her inbox for 'William Je' and had found at least two other emails," this is demonstrably untrue. In fact, Maistrello testified that she searched for "William," – not William **Je** – which resulted in many more emails than those to or from William Je.[1] As Maistrello said, "By typing William, all the emails with 'William' come up but not necessarily this William." *See* Exhibit A, 47:25-48:18. As a result, she didn't know how many emails she had with William Je. *See* Exhibit A, 48:7-48:13. To state, as Strategic has done in its Letter, that Maistrello ran a search for emails with "William Je" and found four emails of which she only produced two is a complete fabrication. Strategic's counsel's misquotation of a non-party's testimony in order to justify his accusation of nefarious conduct is deeply unsettling, but unfortunately not inconsistent with past behavior.

---

[1] Attached hereto as Exhibit A is a copy of the relevant pages of Maistrello's deposition transcript.

Hon. Debra Freeman
October 10, 2019
Page 2

      Ms. Maistrello exhaustively searched her email following the deposition and has produced all emails requested by Strategic in her possession.

      Respectfully submitted,

      /s/ *Erin Teske*_____

      Erin N. Teske

# EXHIBIT A

Atkinson-Baker, Inc.
www.depo.com

```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE SOUTHERN DISTRICT OF NEW YORK

 3   ------------------------------------x

 4   EASTERN PROFIT CORPORATION LIMITED,

 5       Plaintiff/Counterclaim Defendant,    Case No.

 6          -against-                         18-cv-2185

 7   STRATEGIC VISION US, LLC,                   (JGK)

 8       Defendant/Counterclaim plaintiff.

 9   ------------------------------------x

10

11

12

13                    Karin MAISTRELLO

14                   NEW YORK, NEW YORK

15                    AUGUST 23, 2019

16

17

18   ATKINSON-BAKER, INC.

19   (800) 288-3376

20   www.depo.com

21
     REPORTED BY:   KATHLEEN T. KEILTY
22                  C.S.R. NO. 000755

23   FILE NO.:      AD0867C

24

25
```

**CERTIFIED COPY**

Atkinson-Baker, Inc.
www.depo.com

| | | |
|---|---|---|
| 1 | anything.  We just greeted each other, how are you, | 12:33 |
| 2 | and that was it. | |
| 3 | Q. Okay.  So far we've been talking about | |
| 4 | in-person discussions.  Before we move on, can you | |
| 5 | remember any other in-person discussions that you had | |
| 6 | with William Je in 2019? | |
| 7 | MS. TESKE:  Object to the form. | |
| 8 | A. No. | |
| 9 | MS. TESKE:  You can answer. | |
| 10 | Q. Okay.  Now we'll move to emails or | |
| 11 | other written communications or texts, okay? | |
| 12 | A. Mm-hmm. | |
| 13 | Q. Have you had any emails or texts or | |
| 14 | other written communications with William Je in 2019? | |
| 15 | A. Yes. | 12:34 |
| 16 | Q. When? | |
| 17 | A. One email on July 26th when I sent my | |
| 18 | resignation letter. | |
| 19 | Q. Did he respond to that email? | |
| 20 | A. Yes, he did. | |
| 21 | Q. What was his response? | |
| 22 | A. He accepted the document. | |
| 23 | Q. Did you bring a copy of that with you | |
| 24 | here today? | |
| 25 | A. Yes. | |

Atkinson-Baker, Inc.
www.depo.com

| | | |
|---|---|---|
| 1 | Q.    Can I please see it? | 12:35 |
| 2 | A.    Absolutely. | |
| 3 | MS. TESKE:  Can we take a short | |
| 4 | break, go off the record. | |
| 5 | MR. GREIM:  Sure. | |
| 6 | THE VIDEOGRAPHER:  We are off the | |
| 7 | record, 12:34 p.m. | |
| 8 | (Whereupon, a recess is taken.) | |
| 9 | (Whereupon, Maistrello Exhibit 1, | |
| 10 | resignation email, is marked for | |
| 11 | identification, as of this date.) | |
| 12 | (Whereupon, Maistrello Exhibit 2, PDF | |
| 13 | attachment to Maistrello Exhibit 1, is marked | |
| 14 | for identification, as of this date.) | |
| 15 | THE VIDEOGRAPHER:  We are back on | 12:38 |
| 16 | the record, 12:37 p.m. | |
| 17 | BY MR. GREIM: | |
| 18 | Q.    Okay.  Ms. Maistrello, what I've marked | |
| 19 | here are the documents you gave me, Plaintiff | |
| 20 | Exhibit 1 and Plaintiff Exhibit  -- I'm sorry, | |
| 21 | Maistrello Exhibit 1 and Maistrello Exhibit 2. | |
| 22 | Is Exhibit 1 the email by which you | |
| 23 | testify you forwarded your resignation to William Je? | |
| 24 | A.    Yes, it is. | |
| 25 | Q.    And is Exhibit 2 the PDF attachment to | |

Atkinson-Baker, Inc.
www.depo.com

```
 1  Exhibit 1.                                              12:39
 2       A.    It is.
 3       Q.    Do you have a copy of them in front of
 4  you still --
 5       A.    Yes.
 6       Q.    -- or you gave me your only copy?
 7       A.    I do.
 8       Q.    Oh, you do.
 9             Now, is it your testimony that Mr. Je
10  responded and said that he accepted it?
11       A.    Yes.
12       Q.    Okay.  Did you bring that email with
13  you?
14       A.    I did not.
15       Q.    Okay.  When did he -- I'd ask you to      12:39
16  produce that afterwards.
17       A.    Mm-hmm.
18       Q.    When did he send that to you?
19       A.    I believe right afterwards.
20       Q.    Did you understand that he was
21  expecting your email?
22       A.    Yes.
23       Q.    How did you understand that he was
24  expecting your email?
25       A.    Before this email, I wrote an email
```

Atkinson-Baker, Inc.
www.depo.com

|    |    |    |
|---:|----|---:|
| 1  | saying that I would like to resign, so he was | 12:39 |
| 2  | definitely expecting it. | |
| 3  |      Q.    When did you write that email? | |
| 4  |      A.    On the same day, so July 26th. | |
| 5  |      Q.    Okay.  At what time? | |
| 6  |      A.    I don't remember. | |
| 7  |      Q.    Do you have a copy of that email still? | |
| 8  |      A.    I do. | |

 1  saying that I would like to resign, so he was                12:39
 2  definitely expecting it.
 3         Q.    When did you write that email?
 4         A.    On the same day, so July 26th.
 5         Q.    Okay.  At what time?
 6         A.    I don't remember.
 7         Q.    Do you have a copy of that email still?
 8         A.    I do.
 9         Q.    I would like to ask that you produce
10  that.
11               And I'll say it on the record now,
12  we'll talk about it because this is really something
13  for me and your counsel, but I would like, if I
14  could, to have the electronic version of the emails
15  and responses.                                               12:40
16               MS. TESKE:  Follow up with me, if
17        you could.  I'm taking notes, but just in
18        case, just follow up with me in an email
19        after.
20               MR. GREIM:  Very good.
21         Q.    So when you told Mr. Je, you would like
22  to resign in the prior email that we don't have with
23  us here today, what was his response?
24               MS. TESKE:  Object to the form.
25               But you can answer.

| | | |
|---|---|---|
| 1 | A. | Okay. | 12:41
| 2 | Q. | Is that literally what the email said? |
| 3 | A. | I don't remember literally, but that |
| 4 | was definitely the meaning. |
| 5 | Q. | Did he tell you that a new director |
| 6 | would need to be appointed to fill your place? |
| 7 | A. | No. |
| 8 | | MS. TESKE: Object to the form. |
| 9 | Q. | Do you know whether a new director |
| 10 | needs to be appointed to take your place? |
| 11 | A. | No, I don't. |
| 12 | Q. | Are you aware of any other directors or |
| 13 | officers of ACA who are in the United States? |
| 14 | A. | No, I'm not. |
| 15 | Q. | How often does Mr. Je come to the | 12:41
| 16 | United States? |
| 17 | | MS. TESKE: Object to the form. |
| 18 | | Answer if you know. |
| 19 | A. | I don't know. |
| 20 | Q. | Your testimony is that you've met him |
| 21 | in person several times, though, in 2019? |
| 22 | A. | Yes. |
| 23 | | MS. TESKE: Object to the form, |
| 24 | | but go ahead. |
| 25 | Q. | I notice that the name William is |

Atkinson-Baker, Inc.
www.depo.com

```
 1  highlighted in plaintiff Exhibit 1.  Do you see that?      12:42
 2       A.     I do.
 3       Q.     Why is that?
 4       A.     'Cause when I did the search in my
 5  email everything that comes with that "William" gets
 6  highlighted.
 7       Q.     When you did that search, how many
 8  emails with William Je did you find in your inbox?
 9              MS. TESKE:  Object to the form.
10       A.     I don't know.
11       Q.     One or two or more than that?
12              MS. TESKE:  Object to the form.
13       A.     I really don't know.
14       Q.     Were they all listed together there
15  when you ran your search?                                  12:42
16              MS. TESKE:  Object to the form.
17       A.     By typing William, all the emails with
18  "William" come up but not necessarily this William.
19       Q.     Who drafted the resignation letter?
20       A.     William did.
21       Q.     Did he send this to you by email?
22       A.     He did.
23       Q.     Is that your signature?  And I'm
24  directing you now to Exhibit 2.  Is that your
25  signature on the line?
```