EX. F

# Donnelli, Jennifer

**From:** Teske, Erin <ETeske@hodgsonruss.com>
**Sent:** Friday, October 11, 2019 8:12 PM
**To:** Greim, Edward D.
**Cc:** Donnelli, Jennifer; Badell, Rebekah; Searles, Jillian; Harmon, Mark
**Subject:** RE: Eastern/Strategic: Deposition transcript

Eddie,

We do not represent ACA. We will not waste any more time running down answers to assuage your curiosity.

**Erin N. Teske**
Hodgson Russ LLP
Tel: 646.218.7517
Fax: 646.218.7690


**From:** Greim, Edward D. <EDGreim@gravesgarrett.com>
**Sent:** Friday, October 11, 2019 2:05 PM
**To:** Teske, Erin <ETeske@hodgsonruss.com>
**Cc:** Donnelli, Jennifer <JDonnelli@gravesgarrett.com>; Badell, Rebekah <RBadell@gravesgarrett.com>; Searles, Jillian <JSearles@hodgsonruss.com>; Harmon, Mark <MHarmon@hodgsonruss.com>
**Subject:** RE: Eastern/Strategic: Deposition transcript

Erin,
Thank you. Can you please tell me whether and when Golden Spring searched its email server for these emails, and whether it searched for sent, received, and deleted emails? Additionally, how (if at all) does GSNY back up emails, and did it take any steps to do so after SV raised concerns about Maistrello's purported resignation?

I would also like to ask that Golden Spring search for any emails pertaining to the subpoenas, ACA, or Maistrello's directorship status or attempted resignation, between or among any of the following, and between July 24 and today's date:

Karin Maistrello
William Je
Daniel Podhaskie
Yvette Wang.

Additionally, will Golden Spring make Daniel Podhaskie available for deposition about his communications with Maistrello (or with William Je, if any) regarding the subpoenas and her resignation? Please let me know.

Finally, I would also like to know whether your firm is representing ACA, and if you are not, who is.

Eddie

**From:** Teske, Erin <ETeske@hodgsonruss.com>
**Sent:** Friday, October 11, 2019 12:41 PM
**To:** Greim, Edward D. <EDGreim@gravesgarrett.com>
**Cc:** Donnelli, Jennifer <JDonnelli@gravesgarrett.com>; Badell, Rebekah <RBadell@gravesgarrett.com>; Searles, Jillian

1

<JSearles@hodgsonruss.com>; Harmon, Mark <MHarmon@hodgsonruss.com>
**Subject:** RE: Eastern/Strategic: Deposition transcript

Eddie,

I disagree with the characterizations in your email except to the extent to which I confirm them herein. My specific comments to your numbered points are as follows:

> (1) Maistrello's production includes all documents responsive to your requests in her possession, custody, and control. This understanding is based upon multiple privileged conversations I had with my client. She has exhaustively searched her email and does not have any relevant paper files.
> (2) Maistrello searched for these documents sometime after her deposition, which was the first time you requested them (with the exception of the resignation letter that she brought with her to her deposition in response to your request on the eve of her deposition).
> (3) When, specifically, Maistrello searched for responsive documents is not remotely relevant, and I am not inclined to detail for you whether I know and the extent of my knowledge as to when Maistrello searched for responsive documents. I have provided a time frame which is more than sufficient. I do not know what you mean by "second search."
> (4) I have had sufficient conversations with my client and received sufficient information from her to understand that she has exhaustively searched for responsive documents.
> (5) See above.
> (6) See above. I now know that Maistrello uses Outlook, not Google, as her mail server.
> (7) See Maistrello's deposition transcript and above.
> (8) Maistrello's refreshed recollection and understanding having conducted a search for additional emails is that communications with Mr. Je, if any, concerning her resignation, other than those provided to you, took place in person or over the phone.

**Erin N. Teske**
Hodgson Russ LLP
Tel: 646.218.7517
Fax: 646.218.7690


**From:** Greim, Edward D. <EDGreim@gravesgarrett.com>
**Sent:** Thursday, October 10, 2019 12:15 PM
**To:** Teske, Erin <ETeske@hodgsonruss.com>; Searles, Jillian <JSearles@hodgsonruss.com>; Harmon, Mark <MHarmon@hodgsonruss.com>
**Cc:** Donnelli, Jennifer <JDonnelli@gravesgarrett.com>; Badell, Rebekah <RBadell@gravesgarrett.com>
**Subject:** RE: Eastern/Strategic: Deposition transcript

Erin,
On our call this morning, you represented the following:
> (1) That your earlier representation to me that these 4 pages were the sum total of what's in Maistrello's possession, custody, and control is based on Maistrello's search of her own Google email, and her report to you.
> (2) That she performed this search sometime after her deposition but before the Monday production, and that she then gave the results to you.
> (3) That you do not know when she performed this second search, other than that it occurred after her deposition and before the Monday production.
> (4) That you do not know what terms she used to perform this second search.
> (5) That you will not tell me, and not ask Maistrello, when she performed the search or how she performed the search; and that you will not tell me when she gave you the responsive documents produced on Monday.
> (6) That you accept her reported search results as correct, as you are confident she knows how to search Google.

(7) That Maistrello searched only for "William" the first time, before her deposition (relying on her testimony regarding typing in "William" at deposition), but that you do not know what terms or method she used to perform the second search.

(8) That it is now Maistrello's position that the following sworn testimony is incorrect: (a) that Mr. Je replied to her email with the resignation letter and said that he accepted it; and (b) that before her resignation email, she wrote an email saying that she would like to resign; that she wrote it on July 26th; and that she has a copy of that email. By implication, her further testimony that Mr. Je responded to the "like to resign" email by emailing something to the effect of "okay" is also incorrect. See the transcript, pages 45:8 to 49:4. You state that these communications either occurred in person or via telephone.

Thank you for your time, and if I have misstated any of this at all, please let me know what it is. We are considering what, if anything, to do with this information.

Eddie

**From:** Teske, Erin <ETeske@hodgsonruss.com>
**Sent:** Thursday, October 10, 2019 9:13 AM
**To:** Greim, Edward D. <EDGreim@gravesgarrett.com>
**Cc:** Harmon, Mark <MHarmon@hodgsonruss.com>; Searles, Jillian <JSearles@hodgsonruss.com>; Badell, Rebekah <RBadell@gravesgarrett.com>; Donnelli, Jennifer <JDonnelli@gravesgarrett.com>
**Subject:** RE: Eastern/Strategic: Deposition transcript

Eddie,

I have a call at 10:30. Do you want to reschedule?

**Erin N. Teske**
Hodgson Russ LLP
Tel: 646.218.7517
Fax: 646.218.7690


**From:** Greim, Edward D. <EDGreim@gravesgarrett.com>
**Sent:** Tuesday, October 8, 2019 6:24 PM
**To:** Teske, Erin <ETeske@hodgsonruss.com>
**Cc:** Harmon, Mark <MHarmon@hodgsonruss.com>; Searles, Jillian <JSearles@hodgsonruss.com>; Badell, Rebekah <RBadell@gravesgarrett.com>; Donnelli, Jennifer <JDonnelli@gravesgarrett.com>
**Subject:** RE: Eastern/Strategic: Deposition transcript

Will call your direct line.

**From:** Teske, Erin <ETeske@hodgsonruss.com>
**Sent:** Tuesday, October 08, 2019 4:41 PM
**To:** Greim, Edward D. <EDGreim@gravesgarrett.com>
**Cc:** Harmon, Mark <MHarmon@hodgsonruss.com>; Searles, Jillian <JSearles@hodgsonruss.com>; Badell, Rebekah <RBadell@gravesgarrett.com>; Donnelli, Jennifer <JDonnelli@gravesgarrett.com>
**Subject:** Re: Eastern/Strategic: Deposition transcript

That's fine. Speak to you then.

Sent from my iPhone