# EX. G

Erin N. Teske
Direct Dial: 646-218-7517
eteske@hodgsonruss.com



August 9, 2019

**VIA E-MAIL**

Edward D. Greim, Esq.
Graves Garrett LLC
1100 Main Street
Kansas City, MO 64105

      Re:    *Eastern Profit Corp. v. Strategic Vision US LLC*,
             1:18-cv-2185-JGK ("Action")
             <u>Subpoena to Karin Maistrello</u>

Dear Eddie:

      We represent Karin Maistrello in connection with the Subpoena To Testify At A Deposition In A Civil Action directed to her dated July 24, 2019 ("Subpoena") and served on July 27, 2019. The requests for documents annexed to the Subpoena ("Requests") do not concern Ms. Maistrello individually; rather, the Requests – which are palpably overbroad – seek documents of ACA, which are more appropriately directed to ACA. The sole Request for documents of Ms. Maistrello, individually, is patently immaterial to the Action and plainly harassing.

      Seven of the eight Requests seek documents of ACA, including "documents reflective the ownership, management, governance, and structure of ACA," "communication between ACA and any other party," "financial statements or tax returns ... of ACA," and "documents regarding transfers of funds between ACA to any other person." These Requests are more appropriately directed to ACA and, as directed to Ms. Maistrello, flout the protections provided to non-parties by Rule 45 of the Federal Rules of Civil Procedure. *See* F.R.C.P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction."). Moreover, Ms. Maistrello is no longer a director of ACA and does not have access to ACA's books, records, or communications.

      The only Request seeking documents of Ms. Maistrello, individually, seeks "all documents reflecting or relating to your work for or with Guo Wengui, ACA, Golden Spring, Steve Bannon, or any entity funded, owned or controlled at least in part by Wengui, between January 1, 2017 and July 1, 2019." Not only is this Request patently overbroad, the requested

Edward D. Greim, Esq.
August 9, 2019
Page 2



documents have no bearing whatsoever on the Action and can only be intended to intimidate and harass Ms. Maistrello. *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2018 WL 6712769, at *5 (S.D.N.Y. Nov. 30, 2018) (finding that documents requested by a subpoena must be relevant to the claims or defenses in the action).

This Action concerns alleged breaches of contract between Eastern Profit Corporation Limited ("Eastern") and Strategic Vision US LLC ("Strategic"). ACA allegedly made the initial payment to Strategic under the relevant contract, a fact which is itself immaterial to the breach of contract claims. ACA's financial records and communications do not have any relevance to the claims or defenses in the Action. Likewise, Ms. Maistrello's work for non-party entities is entirely irrelevant.

Ms. Maistrello further objects to the requests for the production of documents annexed to the Subpoena (the "Requests") on the following grounds:

1. Ms. Maistrello objects to the Requests on the grounds that they are oppressive, overbroad, and impose an undue burden and expense on her.

2. Ms. Maistrello objects to the Requests on the grounds that they are beyond the scope of the pleadings because they seek information concerning issues unrelated to the claims or defenses in this action.

3. Ms. Maistrello objects to the Requests to the extent that they purport to impose burdens or obligations beyond those set forth in the F.R.C.P., Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, or any applicable orders or rulings in this action.

4. Ms. Maistrello objects to the Requests on the grounds that that they are vague, ambiguous, and lack sufficient particularity.

5. Ms. Maistrello objects to the Requests on the grounds that they are oppressive, overbroad, and impose an undue burden and expense on GSNY, a non-party, to locate, review, and produce the requested documents or information in view of the relevance and materiality, if any, of said documents or information.

6. Ms. Maistrello objects to the Requests on the grounds that they are not properly limited in time.

7. Ms. Maistrello objects to the Requests to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, rule of privacy or confidentiality, protection, or restriction.

Edward D. Greim, Esq.
August 9, 2019
Page 3



8. Ms. Maistrello objects to the Requests to the extent that they seek confidential and/or proprietary business information or information which is otherwise constitutes protected financial, strategic, or trade-secret information.

9. Ms. Maistrello objects to the Requests to the extent that they assume facts presently in dispute and which may not be accurate.

10. Ms. Maistrello objects to the Requests to the extent that they seek documents or information (i) not in Ms. Maistrello's possession, custody, or control, (ii) already in Defendant's possession, custody, or control, or (iii) reasonably available to Defendant from a more convenient, more efficient, less burdensome, or less expensive source than Ms. Maistrello.

Without waiver of these objections, Ms. Maistrello does not have documents or information responsive to the Requests.

Based on these objections, Ms. Maistrello will not appear to provide testimony on August 23, 2019.

As stated above, Ms. Maistrello is no longer, and was not at the time she received a subpoena to ACA, dated July 24, 2019 ("ACA Subpoena"), a director of ACA. Thus, she cannot accept service of the ACA Subpoena.

If you wish to discuss further, please feel free to give me or Mark Harmon a call.

Very truly yours,

Erin N. Teske

Cc: Karin Maistrello

086828.00008 Litigation 15158816v1