# EX. I

## Donnelli, Jennifer

**From:** Greim, Edward D.
**Sent:** Friday, August 23, 2019 9:04 PM
**To:** Teske, Erin
**Cc:** Badell, Rebekah; Donnelli, Jennifer
**Subject:** Maistrello Docs

Erin:

This will confirm that we are asking Ms. Maistrello to produce the entire set of communications with Mr. Je (or anyone else, if undisclosed) regarding her purported resignation or about her deposition today. We would like the emails and docs (including the Word doc that the witness testified Je had drafted) in native format. Thank you.

Eddie

Edward Greim



Graves Garrett LLC

1100 Main Street, Suite 2700
Kansas City, MO 64105
Phone: (816) 256-4144
Fax: (816) 817-0863
EDGreim@gravesgarrett.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

1



**From:** Greim, Edward D.
**Sent:** Thursday, August 29, 2019 2:31 PM
**To:** 'Teske, Erin' <ETeske@hodgsonruss.com>; 'Harmon, Mark' <MHarmon@hodgsonruss.com>
**Cc:** 'Zachary B. Grendi' <ZGrendi@zeklaw.com>
**Subject:** Deposition dates

Erin and Mark:

I am emailing on two points. First, Erin, please send me the Maistrello documents you promised to produce last Friday. Remember that I would like to have electronic (native format) versions of the communications with Mr. Je and the attachments. You can email them to me. Second, please give me dates for Golden Spring's rescheduled deposition. I would like to propose that we simply make that the same date as Eastern's next attempt at a 30(b)(6), as I assume Yvette Wang will be testifying for both entities and Golden Spring will end up having the same knowledge as Yvette ends up developing on behalf of Eastern. Copying Zach.

I would like to suggest September 11 or 12, but if absolutely necessary we could go into the next week.

Eddie

Edward Greim



Graves Garrett LLC

1100 Main Street, Suite 2700
Kansas City, MO 64105
Phone: (816) 256-4144
Fax: (816) 817-0863
EDGreim@gravesgarrett.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

1

# Donnelli, Jennifer

**From:** Greim, Edward D.
**Sent:** Wednesday, September 4, 2019 3:44 PM
**To:** Teske, Erin; Harmon, Mark
**Cc:** Donnelli, Jennifer; Badell, Rebekah
**Subject:** RE: Deposition dates
**Attachments:** Pldg SV_9-4-19 EDG L Teske.pdf

Erin,

Please see the attached regarding Guo and Golden Spring.

Also, I am asking again for the Maistrello documents, which the witness agreed to provide on August 23. The request should be clear—we would like the entire series of native-file emails and attachments—but if you have any questions, please call. I am happy to receive them right now via email or link.

Eddie

**From:** Greim, Edward D.
**Sent:** Tuesday, September 03, 2019 5:15 PM
**To:** 'Teske, Erin' <ETeske@hodgsonruss.com>; 'Harmon, Mark' <MHarmon@hodgsonruss.com>
**Cc:** 'Zachary B. Grendi' <ZGrendi@zeklaw.com>
**Subject:** RE: Deposition dates

Erin and Mark:
I am following up again on all of the topics below. Please respond.

Also, please let me know when tomorrow you can confer with me regarding the subpoena to Guo.

Eddie

**From:** Greim, Edward D.
**Sent:** Friday, August 30, 2019 5:26 PM
**To:** 'Teske, Erin' <ETeske@hodgsonruss.com>; 'Harmon, Mark' <MHarmon@hodgsonruss.com>
**Cc:** 'Zachary B. Grendi' <ZGrendi@zeklaw.com>
**Subject:** RE: Deposition dates

Erin and Mark:
I am following up again on the documents and dates, as well as the Eastern Profit/Golden Spring proposal I made below. Please advise. Quite a bit of time has now passed since our call with the court and I've been trying to get several items from you, but I haven't gotten an acknowledgment or response for quite a while.

FYI: the SV 30b6 is now on September 12. All other dates are wide open, and I would like to propose the 13th.

Eddie

**From:** Greim, Edward D.
**Sent:** Thursday, August 29, 2019 2:31 PM
**To:** 'Teske, Erin' <ETeske@hodgsonruss.com>; 'Harmon, Mark' <MHarmon@hodgsonruss.com>

1

# Donnelli, Jennifer

| | |
|---|---|
| **From:** | Greim, Edward D. |
| **Sent:** | Monday, September 9, 2019 4:22 PM |
| **To:** | Teske, Erin; Harmon, Mark |
| **Cc:** | Donnelli, Jennifer; Badell, Rebekah |
| **Subject:** | Eastern Profit v Strategic Vision--promised follow-up and notes |
| **Attachments:** | Wang, Exhibit 01-C1.pdf; 149_Strategic_9-3-19 Letter to Judge Freeman - 30b6 Depo.pdf |

Dear Erin and Mark:

Thank you for your time this afternoon. This is the follow-up summary I promised at the conclusion of our call just now. You promised to get back to me by the end of the day tomorrow, and I will look forward to your response. I will also look for your available dates the week of Sept. 16.

1. Guo deposition

    On Roman I: you agreed to reconsider authenticating the links I sent in July. I said I might have more links, as Guo has been making postings about the case and my clients since then. You will not allow testimony on Guo's negotiations and communications with the CCP or the other items outlined there.
    II: questions about Guo's past and his reasons for coming to the U.S.: you stood on your objection.
    III: questions about other research: you stood on your objection.
    IV: relationships with or payments to key witnesses: you stood on your objection.

2. Guo document subpoena

    On video/audio recordings of SV-Guo meetings or regarding the negotiation or performance of the contract (requests 1(1) and 1(2)), you say you already checked with the client and he didn't have anything, but you will check again. You object to all of the other recordings we request.
    You reject request 2.
    On request 3 you will check on subpart (1) and subpart (5) to the extent there is an actual reference to this lawsuit, as distinguished from references to facts relevant to this lawsuit, and on subpart (6) you incorporate your answer to part 1. You object to all other subparts.
    On request 4, we are willing to narrow it to all docs reflecting a communication between Guo and any of the named people, since 1-1-17, regarding (a) my client, its two agents, or the negotiation or performance of the contract; (b) this lawsuit, using the narrow sense we discussed in request 3; and (c) regarding the factual allegations in the answer and counterclaims, including, inter alia, Guo's representations to my client, his status as a dissident, and the intended use of the fruits of the contract. I believe you stated "yes" to part a, but "no" to parts b and c, but I promised to email this to you so that you could confirm my offer with your client.

3. Golden Spring deposition

    The topics I have been proposing are simply those in Wang Exhibit 1 (the original 30b6 notice of deposition) minus, for now, the discrete areas set forth in Dkt. 149, which are our remaining areas of disagreement. To this, I added GS's business dealings with EP, ACA, and Guo between 1-1-17 and 7-1-19. You agree to EP but disagree on ACA and Guo. I am waiting to hear from you on at least the Wang Ex. 1 topics, minus, for now, the discrete areas set forth in Dkt. 149, which is the bare minimum that EP will be testifying to at its rescheduled deposition. It is possible that the court will grant us some of the disputed areas, in which case I would ask that Yvette Wang also be deemed to be wearing her Golden Spring hat for those questions.

1

4. Golden Spring documents

On documents, you do not object to items 2 and 3 but say you are checking with your client to see whether all responsive docs were already produced. My offer to narrow topics 1-5-7 to just two categories was rejected. You have objected to those categories except to the extent they pertain to Golden Spring's relationship with Eastern.

On item 4 (GS's or Wang's other research on the same 15 names or, generally, other similar research), you reject this request in its entirety. On item 6, you incorporate your responses regarding the Guo document subpoena. All of our other other revised requests are rejected.

I asked you again to provide a date certain on which you will produce the documents to which no objection was made.

5. Maistrello documents

You disagree that you agreed to produce the documents or that the witness did. You say that those are only relevant if the court decides we should be able to depose ACA—a question you distinguish from the ruling the court has already made on the relevance of the ACA-EP "loan" and the wiring of the money. I said I disagreed with this position and that the witness had already been allowed to provide testimony on the contents of the documents, as well as providing printed-out versions of two of the documents. I said I would present this to the court and our next opportunity.

Eddie

Edward Greim



Graves Garrett LLC

1100 Main Street, Suite 2700
Kansas City, MO 64105
Phone: (816) 256-4144
Fax: (816) 817-0863
EDGreim@gravesgarrett.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.