

1313 N. Market Street
Suite 5100
Wilmington, DE  19899-1709
302.777.6500
Fax 302.421.8390

Joanna J. Cline
direct dial: (302) 777-6542
clinej@pepperlaw.com

October 24, 2019

BY CM/ECF

The Honorable Debra Freeman
United States Magistrate Judge
Daniel Patrick Moynihan,
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re: *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, C.A. No. 18-cv-2185 (JGK)

Dear Judge Freeman:

We write on behalf of plaintiff Eastern Profit Corporation Limited ("Eastern") to address two issues raised but not resolved during the October 22, 2019 teleconference with Your Honor: (i) the propriety of certain topics proposed by Strategic Vision US LLC ("Strategic Vision") for Eastern's second Fed. R. Civ. P. 30(b)(6) deposition, which is currently scheduled to take place on October 30, 2019; and (ii) the appropriate duration of the deposition.

As previously explained by the parties (Dkt. Nos. 141, 149), Eastern has agreed, at Strategic Vision's request, to produce Yvette Wang to testify on behalf of Eastern in a second Rule 30(b)(6) deposition to address a discrete set of issues.  What's more, Eastern has agreed to prepare Ms. Wang on most of the topics that Strategic Vision has proposed for the deposition.  The topics that remain in dispute (Topic Nos. 4, 5) are untethered to any claim or defense that is at issue in this case, and instead, relate solely to Strategic Vision's alter-ego theory, which has been dismissed by the Court (*see* Dkt. No. 96).  As a consequence, the burden of preparing Eastern's 30(b)(6) witness on these topics far outweighs any potential benefit that Strategic Vision could hope to obtain from the testimony, and Strategic Vision's attempt to require Eastern to prepare on those topics should be rejected.  Furthermore, because Ms. Wang has already testified as Eastern's 30(b)(6) witness for a full seven hours and given the limited scope of Eastern's second 30(b)(6) deposition, Strategic Vision should be limited to two hours of questioning.

Philadelphia    Boston    Washington, D.C.    Los Angeles    New York    Pittsburgh    Detroit
Berwyn    Harrisburg    Orange County    Princeton    Rochester    Silicon Valley    Wilmington

www.pepperlaw.com



The Honorable Debra Freeman
Page 2

**Topic No. 4**.  The parties' sole dispute with respect to Topic No. 4 is whether Strategic Vision should be permitted to ask questions regarding the transfer of ownership of Eastern from Han Chunguang to Guo Mei, Guo Wengui's daughter, in 2017.  Strategic Vision contends that it should be allowed to inquire into this stock transfer to establish that Guo controls Eastern.  But, whether Guo controls Eastern or not is irrelevant to the claims and defenses at issue in this litigation.  Eastern has already admitted that "Eastern authorized Guo [Wengui] to communicate with Strategic Vision on Eastern's behalf concerning the Agreement, that Guo's representations to, and interactions with, Strategic Vision concerning the Agreement are binding upon Eastern, and that Eastern has not repudiated any such representations or interactions." (Dkt. No. 142 at 2).  Eastern has also admitted that Guo Wengui "was acting [as] Eastern's agent in negotiating [the] contract."  (Aug. 21, 2019 Hearing Tr., at 36:8-12).  Whether Guo controlled Eastern has no bearing on Strategic Vision's ability to recover under any of its claims or prevail under any of its defenses.  Indeed, during yesterday's teleconference, the Court asked Strategic Vision to provide some legal authority suggesting that control is somehow relevant to establishing its claims or defenses. Strategic Vision has cited *none*.  (Dkt. No. 186 at 3).  That is because the control inquiry that Strategic Vision is seeking to explore is not relevant to any claim or defense at issue in this litigation; instead, it relates solely to Strategic Vision's dismissed alter-ego theory. *See e.g.*, *MWH Int'l, Inc. v. Inversora Murten*, 2015 U.S. Dist. LEXIS 24129, at *40 (S.D.N.Y. Feb. 11, 2015) (discussing the role of "control" in the alter-ego inquiry).  Eastern respectfully submits that Strategic Vision should not be permitted to pursue this irrelevant line of questioning.

**Topic No. 5**.  With respect to Topic No. 5, Strategic Vision seeks to probe into Eastern's assets, liabilities, income, bank or financial accounts, and loans.  Strategic Vision claims that it is entitled to seek such testimony because, according to Strategic Vision, Eastern cannot show it has been damaged unless it shows that it has "a financial life of its own." (Dkt. No. 186).  Strategic Vision cites no case for that proposition because it has no basis in the law—the source of funds that Eastern used to provide the contract consideration or the status of Eastern's assets has nothing to do with Strategic Vision's contract defenses.  Even if Strategic Vision's theory were correct, it should be returning the $1 million to ACA, as Strategic Vision would have no defense to an unjust enrichment claim brought by ACA.  In any event, even though Strategic Vision's relentless quest is unjustified, Eastern has already produced its loan agreement with ACA and has agreed to prepare Ms. Wang to testify regarding the ACA loan, the negotiations thereof, the loan agreement, and the payment history of the ACA loan.  Whether Eastern has assets, liabilities, income, back accounts, or other loans is even more egregiously irrelevant than the information about the ACA loan that Eastern has already agreed to produce.  Like Topic No. 4, it relates solely to Strategic Vision's dismissed alter-ego theory.  *See e.g.*, *Miller v. Astucci U.S. Ltd.*, 2007 U.S. Dist. LEXIS 4436, at *21 (S.D.N.Y. Jan. 12, 2007) (analyzing whether a defendant had "assets, liabilities, or income of its own" in assessing alter-ego claim).  And again, Strategic Vision's request to pursue discovery relating solely to a dismissed legal theory should not be allowed.

**Topic No. 7.**  With respect to Topic No. 7, Strategic Vision seeks to inquire into: (i) whether Eastern "hired other researchers to investigate the same subjects" that Strategic Vision was tasked with investigating; and (ii) *any other research* that Eastern or Mr. Guo obtained regarding *any*



The Honorable Debra Freeman
Page 3

subjects from January 2015 to present. (Dkt. No. 186 at 3). Eastern agrees to prepare Ms. Wang to testify regarding the first line of inquiry, but should not be compelled to testify regarding the second line of inquiry. Whether Eastern or Mr. Guo sought to obtain research regarding targets *other than the targets that Strategic Vision were investigating* has no bearing on any claim or defense at issue in this litigation, including Strategic Vision's frustration of purpose defense. Thus, the Court should not require Eastern to undertake the burden of preparing Ms. Wang to testify regarding such research.

**Duration**. Finally, the parties disagree regarding the appropriate duration of Eastern's second 30(b)(6) deposition. Strategic Vision contends that it should be permitted to question Ms. Wang for *at least* seven hours. (Dkt. No. 186 at 2). But that position contravenes the Federal Rules of Civil Procedure. Depositions are generally "limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d). As noted above, Eastern has already produced Ms. Wang as Eastern's 30(b)(6) witness for a full seven hours. Eastern's second 30(b)(6) deposition is intended solely to address issues that Strategic Vision contends were not adequately addressed at Eastern's first deposition and allegations that were first introduced in pleadings that have been filed since Eastern was first deposed. Nevertheless, Strategic Vision asserts that *Eastern* is somehow trying to "seek a redo on discovery" (Dkt. No. 186 at 1). That is not so. Prior counsel for Eastern never agreed that Eastern's second 30(b)(6) deposition could proceed for seven hours; in fact, prior counsel never even discussed the proper duration with opposing counsel. Further, contrary to Strategic Vision's assertion, it is actually *Strategic Vision* that is seeking to obtain a "redo" of Eastern's entire 30(b)(6) deposition by requesting that the deposition proceed for a full seven hours. Strategic Vision's attempt to do so should be rejected and Eastern's second 30(b)(6) deposition should be limited to no more than two hours. *See Black v. Buffalo Meat Serv.*, 2018 U.S. Dist. LEXIS 109338, at *28-29 (W.D.N.Y. June 29, 2018) (limiting continuation of 30(b)(6) deposition to "one and a half hours" where the 30(b)(6) witness had already testified for seven hours).

We would be happy to address any questions that Your Honor may have on the teleconference currently scheduled for Monday, October 28, 2019 at 11:30 a.m..

Respectfully submitted,

Joanna J. Cline

cc: All Counsel of Record (By CM/ECF)