**Mark A. Harmon**
Direct Dial: 646.218.7616
mharmon@hodgsonruss.com



October 28, 2019

**VIA ECF**

Hon. Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, NY 10007-1312

      Re:    *Eastern Profit Corporation Limited v. Strategic Vision US, LLC, et al.*,
            Case No. 18-CV-2185-JGK

Dear Judge Freeman:

      We represent Guo Wengui ("Mr. Guo") and Golden Spring (New York) Ltd. ("GSNY"), non-parties in connection with the above-entitled action. We submit this letter in response to subpoenas issued by defendant Strategic Vision US, LLC ("Strategic") to T-Mobile USA, Inc. ("T-Mobile") and AT&T Corp. ("AT&T") (the "Subpoenas"). The Subpoenas are dated October 22, 2019, and seek the following information:

- T-Mobile Subpoena: Billing and activity records from January 1, 2017 to July 1, 2019 for two (2) telephone numbers; and

- AT&T Subpoena: Call logs, SMS records (including text message logs), and subscriber information (including internal "CT Reports") from January 1, 2017 to July 1, 2019 for eight (8) telephone numbers.

      Five (5) of the ten (10) telephone numbers listed in the Subpoenas belong to GSNY. Upon information and belief, the remaining five (5) telephone numbers may have been associated with GSNY at some point in the past. Notwithstanding that the Subpoenas seek information pertaining directly to our non-party clients, we were not given notice of the issuance of the Subpoenas by counsel for Strategic. It is, therefore, unclear whether the Subpoenas actually were served on October 22, 2019. Nevertheless, Strategic has imposed a deadline on both T-Mobile and AT&T of October 29, 2019 to produce the above-requested information.

      As with Strategic's earlier wildly overbroad and oppressive discovery tactics directed at non-parties, the information now sought by Strategic – over two and a half years of telephone records from ten (10) phone numbers, all belonging to non-parties – is patently overbroad, unduly burdensome, and plainly harassing. Moreover, it is in line with Strategic's

Hon. Debra C. Freeman
October 28, 2019
Page 2



continued efforts to make public all of the information it receives in discovery as part of its ongoing, publicly-stated effort to *"hold Guo Wengui and his network accountable."*[1]  Put simply, Strategic's attempts to unduly burden two non-party entities (T-Mobile and AT&T) in an effort to obtain two-and-a-half plus years' worth of telephone records from GSNY and Mr. Guo must not be countenanced.  After all, while a party generally may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party, the Federal Rules of Civil Procedure provide protection to all non-party witnesses to ensure both that the discovery requests are not unduly burdensome and that the information sought is relevant to the action.  *See* Fed.R.Civ.P. 26 and 45; *see also*, *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) (courts have discretion to circumscribe discovery even of relevant evidence by making "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

       As such, we request a telephonic conference at the Court's convenience so that Strategic may be required to demonstrate that the broad and personally invasive discovery it now seeks from T-Mobile and AT&T is relevant to its claims or defenses in this action and is not yet another attempt by Strategic to conduct a fishing expedition meant to further harass Mr. Guo and GSNY, which would require that the Subpoenas be quashed and protective orders be issued.  *See Winfield v. City of New York*, No. 15-CV-05236, 2018 WL 716013, at *4 (S.D.N.Y. Feb. 1, 2018) ("The party seeking discovery bears the initial burden of proving the discovery is relevant."); *see also*, *Barbara v. MarineMax, Inc.*, No. 12 Civ. 368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) ("The party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition.") (internal quotations and citations omitted).

Respectfully submitted,

Mark A. Harmon

cc: All Counsel of Record

---

[1] As the Court is aware, Strategic's counsel, Mr. Greim, is quoted by the Wall Street Journal in its article, "Chinese Tycoon Holed Up in Manhattan Hotel Is Accused of Spying for Beijing," as wanting to hold Mr. Guo accountable.