

Edward D. Greim
Direct Dial: (816) 256-4144
edgreim@gravesgarrett.com

November 1, 2019

**VIA ECF**
Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007

    Re:    Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC, Case No. 18-cv-2185 (JGK)-DCF

Dear Judge Freeman:

    On behalf of Defendant/Counterclaimant, this letter alerts the Court to a procedural deficiency in the October 28, 2019 letter motion of nonparties Guo Wengui ("Guo") and Golden Spring (New York) Ltd. ("GSNY"), ECF 188, requesting a telephonic conference to address discovery sought by Strategic Vision from T-Mobile and AT&T. The Court should deny the requested conference because this letter was the first Strategic has heard of any objection to these subpoenas; the two nonparties—represented by the Hodgson Russ firm—failed to confer (or even notify Strategic Vision) regarding this apparent dispute before involving the Court.

    This Court's rules prohibit a premature presentation of a discovery dispute: "any letter application seeking the Court's resolution of a discovery dispute must be accompanied by a statement that the moving party has conferred (or made substantial efforts to confer) in good faith with its adversary, in an informal attempt to resolve, or at least narrow, the dispute. The Court… **will not consider any discovery dispute where the moving party has not satisfied the good-faith conference requirement**." The Court goes on to define a "good faith conference" as including, "at a minimum," "efforts to engage in a meaningful dialog, in an attempt to resolve any discovery issues." This did not happen here.

    Strategic Vision stands ready to confer in good faith at any time, and will await contact by counsel for nonparties Guo and GSNY. To the extent the Court nevertheless believes the matter to be ripe, Strategic Vision provides this response to the nonparties' letter.

    1.   **Strategic Vision Complied with Rule 45's Notice and Timing Requirements**

    Nonparties Guo and GSNY complain that counsel for Strategic did not provide them with notice of the issuance of the October 22, 2019 subpoenas to T-Mobile and AT&T. Yet as counsel for Guo and GSNY is surely aware, Rule 45 does not require notice to nonparties. Strategic Vision complied with Rule 45's requirement that notice be given to each party to the action.



The nonparties further complain about Strategic Vision's one-week deadline for T-Mobile and AT&T to produce responsive documents, but they do not argue the timing is unduly burdensome for these carriers or otherwise unreasonable. As Guo and GSNY are aware, FRCP 45 does not provide a minimum time period for compliance with a subpoena, and subpoena compliance may be shorter than 30 days if reasonable under the circumstances. *See Subair Sys., LLC v. Precisionaire Sys., Inc.*, 2008 WL 1914876, at *2 & n. 4 (S.D. Fla. Apr. 26, 2008) (ten days-notice reasonable under FRCP 45). In any event, the close of discovery is quickly approaching in this case, and Strategic Vision has yet to receive responsive records from the October 22, 2019 subpoenas to AT&T and T-Mobile.

### 2. The Information Sought is Relevant, Discoverable, and Not Unduly Burdensome

Rule 45 empowers a party to serve a subpoena that commands a nonparty to produce documents, electronically stored information [ESI], or tangible things. In the absence of undue burden, requiring a nonparty to travel more than 100 miles, disclosure of privileged materials, or disclosure of a trade secret or other confidential commercial information, subpoenas to nonparties are generally enforced. *Probulk Carriers Ltd. v. Marvel Int'l Mgmt. and Transp.*, 180 F.Supp.3d 290, 292, 293 (S.D.N.Y. 2016) (requiring compliance with a nonparty subpoena where objecting nonparty "has given no reason to think that the search for responsive documents would take an inordinate amount of time or require the expenditure of substantial sums.").

Generally, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense [.]" Fed.R.Civ.P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y.2004); *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).*Cohen v. City of New York*, 255 F.R.D. 110, 117 (S.D.N.Y. 2008). Here, "the challenged subpoena seeks information which is calculated to lead to the discovery of admissible evidence, [so] the records sought are relevant." *Syposs v. United States*, 181 F.R.D. 224, 229 (W.D.N.Y. 1998)

Guo and GSNY contend the subpoenas for phone records of ten (10) phone numbers relate to their representatives, asserting "upon information and belief, the remaining five (5) telephone numbers may have been associated with GSNY at some point in the past." Several of the phone numbers belong to Guo or GSNY. And, by our review, at least one of the phone numbers belongs to Yvette Wang, who is both Plaintiff's Rule 30(b)(6) witness as well as GSNY's 30(b)(6) witness in an upcoming deposition. The Court's October 28 Order allowed discovery to nonparties Guo (who Plaintiff admitted in its answer to Strategic Vision's claims acted as its agent in negotiating the contract between the parties), Yvette Wang, and GSNY, and set the stage for continued depositions of Guo and of Yvette Wang, who serves as corporate representative for both Plaintiff Eastern Profit and GSNY.

The discovery sought here is plainly relevant: the requested phone records of Guo, GSNY, and Wang will help determine whether, when, and between whom reported discussions and conversations occurred, and reviewing records of these conversations (and patterns of communications) will enable Strategic to prepare for, and question, both Guo and Wang, as GSNY's 30(b)(6) representative, at upcoming depositions.



      Just this week, during Strategic Vision's October 30, 2019 deposition of Wang serving as Plaintiff Eastern Profit's 30(b)(6) representative, Wang testified numerous times about oral communications relevant to this action. She indicated that a significant amount of business related to the instant contract and the actions leading up to it—none of which was previously disclosed—was conducted orally rather than in writing. Moreover, the Court's Oct. 28, 2019 Order specifically allowed Strategic Vision to seek discovery, including deposition questioning, related to a variety of communications by Guo. This includes but is not limited to Guo's communications with key witnesses, including with Yvette Wang and individuals believed to be associated with the CCP. The phone records sought by the Oct. 22 subpoena seek similar, and just as relevant, discovery from Guo and GSNY.

      Furthermore, it is unclear to us (and neither Guo nor GSNY attempt to carry their burden of explaining) how they have a privacy interest in the call log information maintained by their phone carriers. That is particularly true for GSNY, which can hardly claim a privacy interest in what it thinks are phone carriers' logs of its employees' phone calls. In civil discovery, phone carriers routinely respond to such requests, which seek the phone company's data associated with electronic communications—not the contents of the communications themselves.

      Finally, there is no burden or cost issue here, as it is the carriers, not Guo or GSNY, who are producing the information.

      We remain available to confer with counsel for nonparties Guo and GSNY, as required by the Court's standing rule. Until then, we believe a telephone conference requiring the Court's time is premature and unnecessary.

      Respectfully submitted,

      Edward D. Greim
      Attorneys for Defendant/Counterclaimant