**Erin N. Teske**
Direct Dial: 646-218-7517
eteske@hodgsonruss.com

November 4, 2019

Hon. Debra Freeman
United States District Court
Southern District of New York
500 Pearl St., Courtroom 17A
New York, New York 10007

        Re:    *Eastern Profit Corp. v. Strategic Vision US LLC*,
               *1:18-cv-2185-JGK ("Action")*

Dear Judge Freeman:

        On behalf of Golden Spring (New York) ("GSNY"), I write in response to the letter dated November 1, 2019 ("Letter") submitted on behalf of defendant Strategic Vision US, LLC ("Strategic"). Incredibly, after submitting multiple letters to the Court without complying with its obligations to meet and confer, Strategic is now demanding that GSNY be held to a higher standard. Moreover, it demands this higher standard in connection with a non-party's request to quash two subpoenas ("Subpoenas") issued to AT&T Corp. ("AT&T") and T-Mobile USA, Inc. ("T-Mobile"), which were issued on seven days' notice to AT&T and T-Mobile, without notice to the non-parties whom the Subpoenas concern.

        Notably, Strategic did not seek the discovery at issue directly from the non-parties. Strategic did not provide the non-parties with notice of the Subpoenas, and Strategic did not otherwise consult with the non-parties concerning the Subpoenas or the substance thereof. In light of the numerous sweeping demands Strategic has made to GSNY and Guo, its decision to pursue instead these Subpoenas to AT&T and T-Mobile demanding compliance in seven days without providing notice to GSNY, Guo, or any other non-party whom the Subpoenas concern is nothing more than an effort to avoid the protections to which our non-party clients are entitled and which the Court's rulings have acknowledged. Whether Strategic had a duty to notify the non-parties is beside the point – or it is the reason it chose that path rather than seek discovery directly. Strategic's purported willingness to confer rings hollow.

        GSNY did not receive sufficient notice of the Subpoenas to pursue a meet and confer before submitting a Letter to this Court, which was the only way GSNY was able to preserve its rights and the status quo at the last minute. The Subpoenas request more than two-and-a-half years' worth of telephone records for ten phone numbers of GSNY and others, and Strategic's purported basis for requesting this invasive and private information of non-parties is

Hon. Debra Freeman
November 4, 2019
Page 2

that Plaintiff's 30(b)(6) representative Yvette Wang testified that she had oral conversations. Strategic does not identify why the telephone records of non-parties is remotely relevant to this action. This invasive and wildly overbroad request is yet another example of Strategic's scorched-earth approach to discovery, irrespective of what is relevant and proportionate to this action or whether there is any basis for using the information obtained.

Strategic continues to use the discovery process as a way to intimidate and harass non-parties. Every piece of information Strategic obtains, no matter how irrelevant or how disproportionate, prompts additional irrelevant yet time consuming and harassing requests for discovery from non-parties. Strategic's continual demands for more and more trifling information must come to an end.

Respectfully submitted,

Erin N. Teske

ENT/dmp