Erin N. Teske
Direct Dial: 646.218.7517
eteske@hodgsonruss.com

November 8, 2019

**VIA ECF**

Hon. Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, NY 10007-1312

    Re: *Eastern Profit Corporation Limited v. Strategic Vision US, LLC, et al.*,
       Case No. 18-CV-2185-JGK

Dear Judge Freeman:

    We represent Guo Wengui ("Mr. Guo") and Golden Spring (New York) Ltd. ("GSNY"), non-parties in connection with the above-entitled action. We submit this letter in response to two subpoenas issued by defendant Strategic Vision US, LLC ("Strategic") to Google, LLC (the "Subpoenas"). The Subpoenas are dated November 4, 2019, and seek the following information by November 12, 2019:

- <u>Google Subpoena 1 (YouTube)</u>: Account information, billing records, and tracking data related to three YouTube accounts for a period of nearly three years and the discovery of additional YouTube accounts associated with the accountholders thereof; and

- <u>Google Subpoena 1 (Gmail)</u>: Account information, billing records, and tracking data related to six email addresses and the discovery of additional email accounts associated with the accountholders thereof.

    These Subpoenas, attached as Exhibit A, are harassing of non-parties. One of the three YouTube accounts and one of the six email addresses for which information is requested are Mr. Guo's and one of the six email addresses is that of Yvette Wang ("Ms. Wang"), President of GSNY. As with prior subpoenas to AT&T and T-Mobile requesting information pertaining directly to our non-party clients, we were not given notice of the issuance of the Subpoenas by counsel for Strategic. The Subpoenas request responsive information by November 12, 2019 and, thus, to ensure preservation of our client's rights and safety, we submit this letter to Your Honor requesting a telephonic conference concerning the propriety of the Subpoenas.

    As with Strategic's earlier wildly overbroad and oppressive discovery tactics directed at non-parties, the information now sought by Strategic – nearly three years' of

geographic and tracking data, billing information, and private contact information – is patently overbroad, unduly burdensome, and plainly harassing. Moreover, the Subpoenas pose a danger to Mr. Guo's and Ms. Wang's safety.

Mr. Guo is an outspoken Chinese dissident, against whom China is engaging in disinformation campaigns[1] and for whom China issued an Interpol red notice.[2] It is well-published that China's dissenters have a tendency to disappear,[3] and Mr. Guo is genuinely concerned for his safety. Indeed, Strategic testified that it was concerned about its own safety simply by associating with Mr. Guo.[4] Now, Strategic is attempting to obtain geographic tracking information about Mr. Guo and Ms. Wang, which in the wrong hands, could compromise their safety.

While a party generally may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party, the Federal Rules of Civil Procedure ("FRCP") provide protection to all non-party witnesses to ensure both that the discovery requests are not unduly burdensome and that the information sought is relevant to the action. *See* Fed.R.Civ.P. 26 and 45; *see also, Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) (courts have discretion to circumscribe discovery even of relevant evidence by making "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."). Moreover, this Court has recognized that the 2015 amendment to FRCP Rule 26(b)(1) to require that discovery be "proportional to the needs of the case" serves "to exhort judges to exercise their preexisting control over discovery more exactingly." *Robertson v. People Mag.*, 2015 WL 9077111, at *2 (S.D.N.Y. Dec. 16, 2015). The invasive discovery Strategic seeks from non-parties – including billing information and geographic tracking information – is not remotely relevant to this breach of contract action and it should not be countenanced. Moreover, the discovery requested poses a substantial threat to non-parties' security and is harassing.

---

[1] Tom Uren, Elise Thomas, and Jacob Wallis, "Tweeting Through the Great Firewall: Preliminary Analysis of PRC-Linked Information Operations on the Hong Kong Protests," pp. 14-20, AUSTRALIAN STRATEGIC POLICY INSTITUTE, September 2019. A copy of this report is attached hereto as Exhibit B.

[2] Michael Forsythe, *China Seeks Arrest of Billionaire Who Accused Officials' Relatives of Graft*, N.Y. TIMES, April 19, 2017, https://www.nytimes.com/2017/04/19/world/asia/china-guo-wengui-interpol-voice-of-america.html.

[3] *See, e.g.*, Andreas Illmer, *China Disappearances Show Beijing Sets Its Own Rules*, BBC, October 17, 2018, https://www.bbc.com/news/world-asia-china-45806904; Michael Caster, *Swedish Bookseller's Disappearance in China is Just the Tip of the Iceberg*, CNN, January 25, 2018, https://www.cnn.com/2018/01/25/opinions/gui-minhai-china-caster-intl/index.html; Sophie Richardson, China Disappeared Interpol's chief. The World Can't Pretend It's Business as Usual, THE WASHINGTON POST, October 9, 2018, https://www.washingtonpost.com/opinions/china-disappeared-interpols-chief-the-world-cant-pretend-its-business-as-usual/2018/10/09/835bf628-cbf6-11e8-a3e6-44daa3d35ede_story.html.

[4] *See* Transcript of Ms. Wallop, 168:25-169:4 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Hon. Debra C. Freeman
November 8, 2019
Page 3

      As such, we request a telephonic conference at the Court's convenience so that Strategic may be required to demonstrate that the broad and personally invasive discovery it now seeks from Google is relevant to its claims or defenses in this action and is not yet another attempt by Strategic to conduct a fishing expedition meant to further harass Mr. Guo and GSNY, which would require that the Subpoenas be quashed and protective orders be issued. *See Winfield v. City of New York*, No. 15-CV-05236, 2018 WL 716013, at *4 (S.D.N.Y. Feb. 1, 2018) ("The party seeking discovery bears the initial burden of proving the discovery is relevant."); *see also, Barbara v. MarineMax, Inc.*, No. 12 Civ. 368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) ("The party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition.") (internal quotations and citations omitted).

                                                                                Respectfully submitted,

                                                                                Erin N. Teske

cc:     All Counsel of Record