# Exhibit D



# CAP 622 COMPANIES ORDINANCE Section 454 Private company required to have at least one director

454.Private company required to have at least one director

(1)A private company must have at least one director.

457.Requirement to have at least one director who is natural person(1)This section applies to a private company other than a private company that is a member of a group of companies of which a listed company is a member.(2)The company must have at least one director who is a natural person.

458.Direction requiring company to appoint director(1)If it appears to the Registrar that a company is in contravention of section 453(2), 454(1) or 457(2), the Registrar may direct the company to appoint a director or directors in compliance with that section.(2)The direction must specify—(a)the statutory requirement of which the company appears to be in contravention;(b)subject to subsection (3), the period within which the company must comply with the direction; and(c)that a failure to comply with the direction is an offence under subsection (6).(3)The period must not be less than one month or more than 3 months after the date on which the direction is given.(4)The Registrar may, before the end of the period specified in the direction, by notice in writing extend the period.(5)The company must comply with the direction by making the

necessary appointment or appointments before the end of the period specified in the direction, or, if the period is extended by the Registrar under subsection (4), the extended period.(6)If a company fails to comply with a direction under this section, the company, and every responsible person of the company, commit an offence, and each is liable to a fine at level 6 and, in the case of a continuing offence, to a further fine of $2,000 for each day during which the offence continues.

461.Validity of acts of director(1)The acts of a person acting as a director are valid despite the fact that it is afterwards discovered—(a)that there was a defect in the appointment of the person as a director;(b)that the person was not qualified to hold office as a director or was disqualified from holding office as a director;(c)that the person had ceased to hold office as a director; or(d)that the person was not entitled to vote on the matter in question.(2)Subsection (1) applies even if—(a)the appointment of the person as a director is void under section 456(3) or 459(2); or(b)the resolution for the appointment of the person as a director is void under section 460(3).

462.Resolution to remove director(1)A company may by an ordinary resolution passed at a general meeting remove a director before the end of the director's term of office, despite anything in its articles or in any agreement between it and the director.(2)Subsection (1) does not, if the company is a private company, authorize the removal of a director who has held office for life since 31 August 1984.(3)Subsections (4), (5), (6), (7) and (8) apply in relation to a removal of a director by resolution, irrespective of whether the removal by resolution is under subsection (1) or otherwise.(4)Special notice is required of a resolution—(a)to remove a director; or(b)to appoint somebody in place of a director so removed at the meeting at which the director is removed.**Note—**

See also section 578 which sets out the requirements regarding special notice.(5)A vacancy created by the removal of a director, if not filled at the meeting at which the director is removed, may be filled as a casual vacancy.(6)A person appointed director in place of a removed director is to be regarded, for the purpose of determining the time at which that person or any other director is to retire, as if that person had become director on the day on which the person removed was last appointed a director.(7)In relation to a resolution to remove a director before the end of the director's term of office, no share may, on a poll, carry a greater number of votes than it would carry in relation to the generality of matters to be voted on at a general meeting of the company.(8)If a share carries special voting rights (that is to say, rights different from those carried by other shares) in relation to some matters but not others, the reference in subsection (7) to the generality of matters to be voted on at a general meeting of the company is to be construed as a reference to the matters in relation to which the share carries no special voting rights.(9)This section is not to be regarded as depriving a person of compensation or damages payable to the person in respect of the termination of—(a)the person's appointment as director; or(b)any appointment terminating with that as director.

464.Resignation of director(1)A director of a company may, unless it is otherwise provided in the articles of the company or by any agreement with the company, resign as director at any time.(2)If a director of a company resigns, the company must deliver a notice of the resignation to the Registrar in the manner required by section 645(4).(3)Despite subsection (2), if the director resigning has reasonable grounds for believing that the company will not deliver the notice, the director resigning must deliver to the Registrar for registration a notice of the resignation in the specified form.(4)The notice required to be delivered under subsection (3) must state—(a)whether the director resigning is required by the articles of the company or by any agreement with the company to give notice of resignation to the company; and(b)if notice is so required, whether the notice has been given in accordance with the requirement.(5)If notice of the resignation of a director of a company is required to be given by the articles of the company or by any agreement with the company, the resignation does not have effect unless the director gives notice in writing of the resignation—(a)in accordance with the requirement;(b)by leaving it at the registered office of the company; or(c)by sending it to the company in hard copy form or in electronic form.(6)In this section—director ( 董事 ) includes a reserve director and a person regarded as a director under section 455(4).