

Edward D. Greim
Direct Dial: (816) 256-4144
edgreim@gravesgarrett.com

November 21, 2019

<u>VIA ECF</u>
Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007

    Re:    Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC, Case No. 18-cv-2185 (JGK)-DCF
            Subpoena to LinkedIn related to Karin Maistrello

Dear Judge Freeman:

      Defendant/Counterclaimant Strategic Vision US, LLC ("Strategic Vision"), provides this response to the letter submitted by counsel for nonparty Karin Maistrello on November 18. The letter objects to Strategic Vision's subpoena to LinkedIn seeking information related to Ms. Maistrello's account, where she lists details of her employment with a witness in this matter, Golden Spring (New York) Ltd. Though counsel claims—incorrectly—that "it is clear [Maistrello] has no information concerning this action," Strategic Vision has withdrawn the portion of the LinkedIn subpoena related to Ms. Maistrello. *See* **Ex A.** Moreover, to expedite this dispute and resolve counsel's similar complaints about subpoenas to Google, Strategic Vision notified the subpoena recipients that it has withdrawn each of the subpoenas' Request No. 6, which we believe is the only request that could form the basis of the nonparties' objections to our seeking "geographic and tracking data." *See* **Ex. B.**

      Finally, we turn to a more pressing issue before this Court, which must be addressed. Counsel for Maistrello's letter includes a casual mention of a troubling and serious allegation: that Strategic Vision's Subpoena to LinkedIn "violates Rule 11 of the Federal Rules of Civil Procedure." Though it is unclear whether counsel intended this sentence to cause the court to issue Rule 11 sanctions, the claim is wholly without merit and is not appropriately before the Court. Among other deficiencies, Maistrello's counsel utterly failed to meet Rule 11's "strict procedural requirement" of a providing a 21-day safe-harbor after providing specific, written notice to opposing counsel. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

      As the advisory committee's notes to the Rule explain, a party complaining of a Rule 11 violation must first "give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." *See* Fed.R.Civ.P. 11(c)(2). Further, as this Court has held, "service of a warning letter will not suffice; the party seeking sanctions must serve a formal motion that 'describe[s] the specific conduct' that



allegedly violates Rule 11. Indeed, the Court has repeatedly refused to impose sanctions based on mere warning letters, even where the challenged conduct was sanctionable." *Holmes v. Harris*, No. 11 CIV. 1543 LTS DF, 2013 WL 1205581, at *5 (S.D.N.Y. Feb. 28, 2013) (Freeman, J.) (internal quotations omitted).

The Court should disregard the effort by Maistrello's counsel to raise the specter of a serious ethical violation without even attempting to comply with Rule 11's strict requirements.

Respectfully submitted,

*/s/ Edward D. Greim*

Edward D. Greim
Attorney for Defendant/Counterclaimant