

1313 N. Market Street
Suite 5100
Wilmington, DE  19899-1709
302.777.6500
Fax 302.421.8390

Joanna J. Cline
direct dial:  302.777.6547
clinej@pepperlaw.com

November 21, 2019

BY CM/ECF

Judge John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:   *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*,
             C.A. No. 18-cv-2185 (JGK)

Dear Judge Koeltl:

      Pursuant to Rule 2(B) of Your Honor's Individual Rules of Practice, plaintiff Eastern Profit Corporation Limited ("Eastern") hereby respectfully requests a pre-motion conference to seek leave to move for summary judgment on Strategic Vision US LLC's ("Strategic Vision") fraudulent inducement counterclaim on the basis that Strategic Vision cannot demonstrate, as a matter of law, the falsity of any provable material fact or reasonable reliance.

      "At summary judgment as well as at trial, a plaintiff must prove each element of fraudulent inducement by 'clear and convincing' evidence." *Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 219 (S.D.N.Y. 2007), *aff'd*, 354 F. App'x 496 (2d Cir. 2009); *White v. Potocska*, 589 F. Supp. 2d 631, 640 (E.D. Va. 2008).[1]  In Count II of its counterclaim, Strategic Vision alleges that Guo Wengui, in negotiating for Eastern the contract at issue in this lawsuit, falsely represented to Strategic Vision that he "was a Chinese dissident," that "he opposed the Chinese Communist Party," ("CCP") and that "he was actively working to find and publicize research regarding key Chinese leaders that he would then use to weaken the Chinese regime and support a move to a more democratic and U.S.-friendly regime."  Dkt. No. 127 ¶ 106. In addition to numerous other deficiencies, Strategic Vision's claim fails because the statements

---

[1] Given that the locus of the alleged fraud took place in Virginia (*i.e.*, Strategic Vision's principal place of business), Virginia law likely applies to Strategic Vision's fraud claim.  *Rosenberg v. Pillsbury Co.*, 718 F. Supp. 1146, 1150 (S.D.N.Y. 1989).  Because Virginia law regarding fraudulent inducement claims is consistent with New York law, Eastern cites to cases interpreting both Virginia and New York law.

November 21, 2019
Page 2

at issue are neither material nor provably false.  *Cresswell v. Sullivan & Cromwell*, 704 F. Supp. 392, 408 (S.D.N.Y. 1989) ("[T]o be material, the information withheld "must go to the essential factual essence of the transaction."); *see also Fierro v. Gallucci,* 2010 U.S. Dist. LEXIS 27664, at *47 n.30 (E.D.N.Y. Mar. 24, 2010) (dismissing fraud claim where claim was based upon alleged misrepresentations that were "not statements of fact capable of proof.").

Furthermore, Strategic Vision's claim fails because it cannot establish "reasonable reliance," which "is an essential element of fraudulent inducement."  *Kriegel v. Donelli*, 2014 U.S. Dist. LEXIS 90086, at *34 (S.D.N.Y. June 30, 2014); *Mizell v. Sara Lee Corp.*, 2005 U.S. Dist. LEXIS 36988, at *17 (E.D. Va. June 9, 2005).  "Given that it is an indispensable element of fraudulent inducement, if a plaintiff cannot establish reasonable reliance, summary judgment is warranted."  *Kriegel*, 2014 U.S. Dist. LEXIS 90086, at *37; *PNC Bank, Nat'l Assoc. v. Dominion Energy Mgmt.*, 2018 U.S. Dist. LEXIS 62577, at *48 (E.D. Va. Apr. 11, 2018).

As an initial matter, "[i]n situations where there is a written contract, . . . courts are typically reluctant to consider a plaintiff's reliance upon oral communications reasonable." *Elite Physician Servs., LLC v. Citicorp Payment Servs.*, 2009 U.S. Dist. LEXIS 134966, at *18 (S.D.N.Y. Oct. 8, 2009); *Foremost Guar. Corp. v. Meritor Sav. Bank*, 910 F.2d 118, 124 (4th Cir. 1990).  Moreover, it is well-settled that reliance is not reasonable where a plaintiff failed to use means available to it to verify alleged extra-contractual representations.  *Elite Physician Servs., LLC v. Citicorp Payment Servs.*, 2009 U.S. Dist. LEXIS 134966, at *18 (S.D.N.Y. Oct. 8, 2009); *White*, 589 F. Supp. 2d at 650-51.

Indeed, if a "plaintiff has the means available to it of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, the ***plaintiff must make use of those means***, ***or it will not be heard to complain*** that it was induced to enter into the transaction by misrepresentations[.]"  *PHL Variable Ins. Co. v. Town of Oyster Bay*, 2017 U.S. Dist. LEXIS 83262, at *42-43 (E.D.N.Y. May 30, 2017); *White*, 589 F. Supp. 2d at 650 n.18 (requiring "the higher standard of reasonable reliance to establish fraud.").  "***The touchstone of reasonableness is prudent investigation***."  *See id.* at 650-51. "A plaintiff cannot claim that its reliance was reasonable and justified when it makes a partial inquiry, with full opportunity of complete investigation, and elects to act upon the knowledge obtained from the partial inquiry."  *Id.*

Here, Strategic Vision is unable to establish reasonable reliance as a matter of law.  As admitted by Strategic Vision's representatives during its Rule 30(b)(6) depositions:

> 1. Strategic Vision did not negotiate into the Contract any written representations regarding the purpose for which the investigatory research would be used other than that it would be used "for the purpose of detecting, stopping, and preventing crime or other harm to innocent people."



November 21, 2019
Page 3

2.  Instead of negotiating what Strategic Vision now claims to be a material representation into the Contract, Strategic Vision relied solely upon the representations of two individuals who are not even associated with Eastern, including a reporter by the name of Bill Gertz, in deciding to enter into the Contract;

3.  Strategic Vision did not know for what purpose Eastern was proposing to use the investigatory research that Strategic Vision was seeking to provide to Eastern and thought that Eastern might "run it both ways" (that is, both for and against the CCP);

4.  In fact, despite touting itself as an investigatory firm with the ability to gain in depth and detailed information on research targets, Strategic Vision did not conduct *any* pre-contract due diligence or investigation, let alone a prudent investigation, regarding the background of Eastern or Guo, including into whether Guo was actually a dissident;

5.  Instead, Strategic Vision waited until months *after* the Contract was signed to even begin to investigate the background of Guo; and

6.  The evidence that Strategic Vision now seeks to introduce out of context to attempt to support its manufactured allegation that Guo is actually a supporter of the CCP comes from publicly available sources, such as news articles, affidavits filed in lawsuits, and YouTube videos that Strategic Vision could have easily accessed *before entering into the Contract*.

Strategic Vision 30(b)(6) Dep. Tr. at 12:5-21, 16:16-18:12, 26:22-27:2, 27:18-30:1, 57:14-21, 59:2-61:13, 73:8-13, 88:3-11, 89:17-91:1, 172:23-173:24; Strategic Vision Continuation 30(b)(6) Dep. Tr. at 11:11-14, 30:3-35:7.

These facts preclude a showing of reasonable reliance as a matter of law, and summary judgment as to Strategic Vision's fraudulent inducement claim is therefore warranted. For these reasons, Eastern respectfully requests a pre-motion conference to seek leave to move for summary judgment on Strategic Vision's fraudulent inducement counterclaim.

Respectfully submitted,

*/s/ Joanna J. Cline*

Joanna J. Cline

cc:   All Counsel of Record (By CM/ECF)