

1313 N. Market Street
Suite 5100
Wilmington, DE  19899-1709
302.777.6500
Fax 302.421.8390

Joanna J. Cline
direct dial:  302.777.6542
clinej@pepperlaw.com

November 22, 2019

BY CM/ECF

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*,
        C.A. No. 18-cv-2185 (JGK)

Dear Judge Freeman:

I write on behalf of Plaintiff/Counterclaim-Defendant Eastern Profit Corporation Limited ("Eastern") to respectfully request that the Court compel Defendant/Counterclaim-Plaintiff Strategic Vision US LLC ("Strategic Vision") to disclose to Eastern the identity of the natural person or persons that are paying Strategic Vision's attorneys' fees and legal expenses in this action, whether directly or indirectly through an intermediary company.  The basis for this request is as follows:

In its Amended Answer and Counterclaim, Strategic Vision requested an award of attorneys' fees as part of its prayer for relief.  Dkt. No. 127 at 55.  During the continuation of Strategic Vision's 30(b)(6) deposition on November 19, 2019, which related in part to damages per agreement of the parties, the Strategic Vision corporate representative was asked about Strategic Vision's claim for fees, including questions about whether Strategic Vision had in fact paid any attorney's fees in connection with this litigation, and if not, who was paying its counsel fees.  Counsel for Strategic Vision instructed the Strategic Vision representative not to answer those questions, and after a colloquy, counsel for Strategic Vision represented that Strategic Vision would stipulate to withdraw its claim for attorneys' fees rather than allow his witness to answer those questions.

Eastern has reason to believe, ironically, that Strategic Vision attorneys' fees and legal expenses are actually being paid by persons who are affiliated with the Chinese Communist

| Philadelphia | Boston | Washington, D.C. | Los Angeles | New York | Pittsburgh | Detroit |
| Berwyn | Harrisburg | Orange County | Princeton | Rochester | Silicon Valley | Wilmington |

www.pepperlaw.com


The Honorable Debra Freeman
Page 2
November 22, 2019

Party ("CCP").[1]  This development is both relevant and discoverable[2] because if true, that lone fact would single-handedly debunk Strategic Vision's fraud theory as a matter of law.

In Count II of its Counterclaim, Strategic Vision alleges that, in negotiating the contract at issue in this case, Guo Wengui falsely represented to Strategic Vision that he "was a Chinese dissident," that "he opposed the Chinese Communist Party," and that "he was actively working to find and publicize research regarding key Chinese leaders that he would then use to weaken the Chinese regime and support a move to a more democratic and U.S.-friendly regime." Dkt. No. 127 ¶ 106. Strategic Vision also claims that "Strategic Vision would not have entered into the Contract but for Guo's representations regarding his status [and] his position toward the Chinese Communist regime . . . ." *Id.* ¶ 115.

If, as Eastern suspects, an affiliate of the CCP is in fact paying Strategic Vision's attorneys' fees and legal expenses in this matter, Strategic Vision's fraud Counterclaim necessarily falls apart. Not only might it show that the CCP views Mr. Guo as an opponent to the regime—thereby verifying the accuracy of Mr. Guo's alleged representation—but it would also wholly contradict Strategic Vision's claim that Strategic Vision would not have entered into the Contract with Eastern but for Guo's representations regarding his opposition to the CCP.

Stated differently, not only would that fact controvert the alleged falsity of Guo's purported representations, it would also preclude a finding of actual or reasonable reliance and therefore justify the entry of summary judgment dismissing Strategic Vision's fraud Counterclaim.  *See Kriegel v. Donelli*, 2014 U.S. Dist. LEXIS 90086, at *34 (S.D.N.Y. June 30, 2014) ("Given that it is an indispensable element of fraudulent inducement, if a plaintiff cannot establish reasonable reliance, summary judgment is warranted."); *PNC Bank, Nat'l Assoc. v. Dominion Energy Mgmt.*, 2018 U.S. Dist. LEXIS 62577, at *48 (E.D. Va. Apr. 11, 2018); *Mizell v. Sara Lee Corp.*, 2005 U.S. Dist. LEXIS 36988, at *17 (E.D. Va. June 9, 2005).

For these reasons, Strategic Vision should be compelled to disclose to Eastern the identity of the natural person or persons that are paying Strategic Vision's attorneys' fees and legal expenses in this action, whether directly or indirectly through an intermediary company.

---

[1]  Strategic Vision's prior counsel withdrew because Strategic Vision failed to pay the firm's legal fees. Dkt. No. 102. Curiously, since entering their appearances on behalf of Strategic Vision, Strategic Vision's new attorneys have engaged in expensive, burdensome, scorched-earth discovery tactics, seeking to take many additional depositions and issuing double-digit third party subpoenas regarding areas of inquiry completely untethered to the claims and defenses at issue in this litigation, notwithstanding that fact discovery is nearly closed and the amount in dispute in this matter is just roughly one million dollars.

[2]  *Cohen v. Cohen*, 2015 U.S. Dist. LEXIS 21319, at *2-3, 8-11 (S.D.N.Y. Jan. 29, 2015); *Alfadda v. Fenn*, 1994 U.S. Dist. LEXIS 11939, at *15 (S.D.N.Y. Aug. 24, 1994); *see also Pray v. N.Y.C. Ballet Co.*, 1997 U.S. Dist. LEXIS 21986, at *2 (S.D.N.Y. Sep. 26, 1997).



The Honorable Debra Freeman
Page 3
November 22, 2019

                                                  Respectfully submitted,

                                                  */s/ Joanna J. Cline*

                                                  Joanna J. Cline

cc:      All Counsel of Record (By CM/ECF)