HCCP 595 of 2018

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS (CRIMINAL) NO. 595 OF 2018

_____

IN THE MATTER OF THE

ORGANIZED AND SERIOUS CRIMES ORDINANCE, CAP 455

AND

IN THE MATTER OF

_____

| | |
|---|---|
| The Secretary for Justice | Applicant |
| and | |
| Male KWOK Ho-wan, alias GUO Wengui [Holder of Hong Kong Identity Card No. P746467(7), Hong Kong Passport No. KJ0398054] | Respondent 1 ("R1") |
| Male GUO Qiang [Holder of Hong Kong Identity Card No. R650107(8), Hong Kong Passport No. D00060651] | Respondent 2 ("R2") |

23 OCT 2018

Female QU Guojiao
[Holder of Hong Kong Identity Card No. M500018(7), China
Identity Card No. 411282198504283120, Two-Way Permit
No. W93528483, China Passport No. E18527647]

Respondent 3 ("R3")

AAGV Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1911605]

Respondent 4 ("R4")

BSA Strategic Fund I
[A company incorporated in the Cayman Islands,
Registration No. AP-295226]

Respondent 5 ("R5")

Insight Phoenix Fund
[A company incorporated in the Cayman Islands,
Registration No. HL-295485]

Respondent 6 ("R6")

Alfonso Global Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1844508]

Respondent 7 ("R7")

Allied Capital Global Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1861854]

Respondent 8 ("R8")

Creative Apex Investments Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1846480]

Respondent 9 ("R9")

Crystal Breeze Investments Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1863100]

Respondent 10 ("R10")

Elite Well Global Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1863603]

Respondent 11 ("R11")

Globalist International Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1862561]

Respondent 12 ("R12")

Infinitum Developments Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1862564]

Respondent 13 ("R13")

Infinite Increase Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1863589]

Respondent 14 ("R14")

Noble Fame Global Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1863591]

Respondent 15 ("R15")

Eastern Profit Corporation Limited
[A company incorporated in Hong Kong, Company
Registration No. 1648534]

Respondent 16 ("R16")

Alfa Global Ventures Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1845331]

Respondent 17 ("R17")

Ace Decade Holdings Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1828656]

Respondent 18 ("R18")

Hong Kong International Funds Investments Limited
[A company incorporated in Hong Kong, Company
Registration No. 1080095]

Respondent 19 ("R19")

Anton Development Limited
[A company incorporated in Hong Kong, Company
Registration No. 2234318]

Respondent 20 ("R20")

Bravo Luck Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1767862]

Respondent 21 ("R21")

China Golden Spring Group (Hong Kong) Limited
[A company incorporated in Hong Kong, Company
Registration No. 2048511]

Respondent 22 ("R22")

Rosy Acme Ventures Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1825025 ]

Respondent 23 ("R23")

Leading Shine Limited
[A company incorporated in the British Virgin Islands,
BVI Company No. 1568037]

Respondent 24 ("R24")

Male HAN Chunguang
[Holder of Hong Kong Identity Card No. M587855(7), China
Identity Card No. 371327198903056433, Two-Way Permit
No. W76211695, China Passport No. E64316613]

Respondent 25 ("R25")

Male ZHANG Wei
[China Identity Card No. 410181198111220513, Two-Way
Permit No. W52480166]

Respondent 26 ("R26")

Female GUO Lijie                                        Respondent 27 ("R27")
[China Identity Card No. 410103197801153748, Two-Way
Permit No. W48032209]

---

**RESTRAINT ORDER**
**PROHIBITING DISPOSAL OF ASSETS**
**IN HONG KONG AND ELSEWHERE**
**[S.15 OF THE ORGANIZED AND SERIOUS CRIMES ORDINANCE,**
**Cap. 455]**

---

**IMPORTANT NOTICE TO THE RESPONDENT**

(1)        This Order prohibits you from dealing with your property in Hong Kong Special Administrative Region ('Hong Kong') or outside Hong Kong.

(2)        The Order is subject to any exceptions, which are set out in the Order. You should read the whole of this document carefully.   You are advised to consult a solicitor as soon as possible.   You have the right to ask the Court to vary or discharge this Order.

(3)        If you disobey this Order, you may be found guilty of Contempt of Court and you may be sent to prison or fined or your property may be seized.   It is a criminal offence if you deal with property, which is subject to a restraint order.

## BEFORE THE HONOURABLE MR. JUSTICE LI IN CHAMBERS
## (NOT OPEN TO PUBLIC)

## ORDER

An application was made on the 18th day of October, 2018 by Assistant Director of Public Prosecutions for the Secretary for Justice, to the Judge who has read the draft order, and the affirmation listed in Schedule 1 and accepted the undertakings of the Secretary for Justice in Schedule 2 at the end of this Order. After hearing the application, the Judge made the following Order :-

**IT IS ORDERED** that :-

## RESTRICTION ON DISPOSAL OF PROPERTY

1.          The Respondents whether by themselves, their servants, agents, attorneys, or otherwise, must not :-

    (a) remove from Hong Kong any of their property which is located in Hong Kong, whether in their own names or not, and whether solely or jointly owned,
    and

    (b) in any way dispose of, or deal with, or diminish the value of any of their property, which is located within Hong Kong or outside Hong Kong, whether in their own names or not, and whether solely or jointly owned.

2.        For the purpose of this Order, the Respondents' property includes any property which they have the power, directly or indirectly, to dispose of or deal with as if they are their own.   The Respondents are to be regarded as having such power if a third party holds or controls the property in accordance with their direct or indirect instructions.

3.        Without prejudice to the generality of the foregoing, this prohibition includes the following property in particular :

<u>Respondent 1</u>

(i)   Chose in action represented by credit balances held in the following bank accounts held by R1:

| S/N | Name of Institution | Account Number | Balance |
|-----|---------------------|----------------|---------|
| 1 | The Hongkong and Shanghai Banking Corporation Limited | 611035023888 | HK$ 651,977.46<br>HK$ 647,424.32<br>US$ 304,442.45<br>JPY 497 |
| | | Subtotal | HK$ 3,658,865.56 |

<u>Respondent 3</u>

(i)   Chose in action represented by credit balances held in the following bank account held by R3 but subject to the effective control of **R1**:

| S/N | Name of Institution | Account Number | Balance |
|-----|---------------------|----------------|---------|
| 2 | DBS Bank (Hong Kong) Limited | 513241488 | HK$ 4,338,167.19 |

(ii)   Cash in the following amounts seized from the below premises in the presence of R3 which was subject to the effective control of **R1**:

| S/N | Entity | Account Number | Balance |
|---|---|---|---|
| 3 | Cash (Seized inside 49/F, Bank of China Tower from the search operation in August 2017) | HK$ 1,244,730 GBP 70,000 US$ 100,000 EUR 57,877.60 JPY 3,119,300 AED 11,000 CHF 710.35 | HK$ 3,522,940.36 |

## Respondent 4

(i)   Chose in action represented by credit balances held in the following accounts held by R4 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 4 | Haitong International Securities Company Limited | 02-0296792-33 | HK$ 40,691,385.46 |

(ii) Securities held in the following account held by R4 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Shares Balance |
|---|---|---|---|
| 5 | Haitong International Securities Company Limited | 02-0296792-33 | 9,600,000 shares Haitong Securities Company Limited ("Haitong") |
| **Total: 9,600,000 shares (Haitong)** | | | HK$ 70,272,000 |

(As of closing price on 2018-09-24, Haitong (6837): HK$7.32 listed in Hong Kong, Founder Securities listed in Shanghai (601901): RMB$ 5.54/ HK$ 6.371)

## Respondent 5

(i)   Chose in action represented by credit balances held in the following accounts held by R5 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 6 | DBS Bank Limited Hong Kong Branch | 10012420188 | US$ 53,418.00 |
| 7 | | 10012421888 | RMB$ 2,438,148.00 |
| 8 | | 10012419588 | HK$ 51,708,360.00 |
| 9 | Haitong International Securities Company Limited | 02-0287955-33 | HK$ 4,885,665.83 |
| 10 | | 02-0310110-33 | HK$ 8,053,387.33 |
| 11 | Oceanwide Securities Company Limited (previously known as Quam Securities Company Limited) | 602965-01-M-000 | RMB$ 18,649,277.26 |
| 12 | BOCOM International Securities Limited | 108165641 | HK$ 17,411,817.04 RMB$ 51,937.81 |
| 13 | | 108065642 | HK$ 307,617.19 |
| | | | **HK$ 107,091,104.22** |

(ii)  Securities held in the following accounts held by R5 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Shares Balance |
|---|---|---|---|
| 14 | DBS Bank Limited Hong Kong Branch | HK1500003745 | 101,844,000 shares (Haitong) |
| 15 | Haitong International Securities Company Limited | 02-0287955-33 | 19,463,200 shares (Haitong) |
| 16 | | 02-0310110-33 | 31,835,600 shares (Haitong) |

| | | | |
|---|---|---|---|
| 17 | Oceanwide Securities Company Limited (previously known as Quam Securities Company Limited) | 602965-01-M-000 (outstanding margin loan of HK$ 59,062,279) | 49,000,000 shares (Haitong)<br><br>6,204,909 shares Founder Securities (Founder) |
| 18 | BOCOM International Securities Limited | 108165641 | 68,868,800 shares (Haitong)<br><br>5,799,834 shares (Founder) |
| **Total: 271,011,600 shares (Haitong)**<br>**12,004,743 shares (Founder)** | | | HK$ 2,001,224,850.65 |

## Respondent 6

(i)   Chose in action represented by credit balances held in the following accounts held by R6 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 19 | Bank of China (Hong Kong) Limited | 012-875-00-54092-2 | HK$ 25,405,113 |
| 20 | | 012-875-92-73033-9 | US$ 103 |
| 21 | | 012-875-12-44402-5 | HK$ 2,885.05 |
| 22 | | 012-875-06-06263-5 | RMB$ 153,296 |
| 23 | China Galaxy International Securities (Hong Kong) Co., Limited | M114065000 | RMB$ 14.64 |
| **Total:** | | | **HK$ 25,585,103.54** |

(ii)   Securities held in the following accounts held by R6 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Shares Balance |
|---|---|---|---|
| 24 | Bank of China (Hong Kong) Limited | 012-228-71-50472-1 | 30,065,200 shares (Haitong)<br>17,032,900 shares (Founder) |

| | | | |
|---|---|---|---|
| 25 | GF Securities (Hong Kong) Brokerage Limited | 10910396 Outstanding Margin : HK$ 481,649,515.51 | 146,000,000 shares (Haitong) |
| 26 | China Merchants Securities (HK) Co., Ltd | 01869250 Outstanding Margin : HK$ 172,505,482 | 54,000,000 shares (Haitong) |
| Total:   230,065,200 shares (Haitong) 17,032,900 shares (Founder) | | | HK$ 1,138,438,872.68 |

## Respondent 7

(i)   Chose in action represented by credit balances held in the following accounts held by R7 but subject to the effective control of **R1**

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 27 | China Construction Bank (Asia) Corporation Limited | 11747330 | US$ 128.93 RMB$ 796.81 HK$ 50,018.37 |
| 28 | | 11747306 | HK$ 1,000.00 |
| 29 | | 11747314 | US$ 128.93 |
| 30 | | 11747322 | RMB$ 796.88 |
| 31 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800032298 | HK$ 684,175.12 HK$ 534,854.62 US$ 51,924.30 RMB$ 28,132.12 |
| Total: | | | HK$ 1,708,644.53 |

## Respondent 8

(i)   Chose in action represented by credit balances held in the following account held by R8 but subject to the effective control of **R1** :

11

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 32 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800033469 | HK$ 33,449.01 |

## Respondent 9

(i)   Chose in action represented by credit balances held in the following account held by R9 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 33 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800033444 | HK$ 33,929.24 |

## Respondent 10

(i)   Chose in action represented by credit balances held in the following account held by R10 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 34 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800033452 | HK$ 32,517.16 |

## Respondent 11

(i)   Chose in action represented by credit balances held in the following account held by R11 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 35 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800033477 | HK$ 32,517.16 |

**Respondent 12**

(i)   Chose in action represented by credit balances held in the following account held by R12 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|-----|---------------------|----------------|---------|
| 36 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800033389 | HK$ 32,517.16 |

**Respondent 13**

(i)   Chose in action represented by credit balances held in the following account held by R13 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|-----|---------------------|----------------|---------|
| 37 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800033372 | HK$ 32,517.16 |

**Respondent 14**

(i)   Chose in action represented by credit balances held in the following account held by R14 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|-----|---------------------|----------------|---------|
| 38 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800033397 | HK$ 32,517.16 |

**Respondent 15**

(i)   Chose in action represented by credit balances held in the following account held by R15 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 39 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800033364 | HK$ 32,517.16 |

## Respondent 16

(i)   Chose in action represented by credit balances held in the following accounts held by R16 but subject to the effective control of **R1 :**

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 40 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800032263 | HK$ 381.25<br>RMB$ 502,615.69<br>US$ 0.74<br>EUR 0.52 |
| | Total: | | **HK$ 578,399.78** |

## Respondent 17

(i)   Chose in action represented by credit balances held in the following accounts held by R17 but subject to the effective control of **R1 :**

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 41 | China Construction Bank (Asia) Corporation Limited | 11759329 | US$ 128.93<br>RMB$ 797.00<br>HK$ 50,018.35 |
| 42 | | 11759264 | HK$ 1,000.00 |
| 43 | | 11759272 | US$ 128.93 |
| 44 | | 11759280 | RMB$ 796.94 |
| 45 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800032280 | US$ 79,916.27 |
| | Total: | | **HK$ 674,200.89** |

Respondent 18

(i)   Chose in action represented by credit balances held in the following accounts held by R18 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 46 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800032319 | HK$ 1,684.88 US$ 93,033.83 |
| | Total: | | **HK$ 722,697.06** |

Respondent 19

(i)   Chose in action represented by credit balances held in the following accounts held by R19 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 47 | China Minsheng Banking Corp., Ltd. Hong Kong Branch | 800032255 | HK$ 145.37 US$ 20,760.73 RMB$ 30,709.64 |
| 48 | DBS Bank (Hong Kong) | 471879681 | HK$ 5,045 |
| 49 | Limited | 475817573 | US$ 448,662.78 |
| | Total: | | **HK$ 3,678,538.66** |

Respondent 20

(i)   Chose in action represented by credit balances held in the following accounts held by R20 but subject to the effective control of **R1** :

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 50 | | 471492183 | HK$ 15,500,000.00 |
| 51 | DBS Bank (Hong Kong) Limited | 475445573 | HK$ 829,698,403.54 US$ 93,025,947.02 |
| 52 | | 475445672 | RMB$ 3,007,078.10 |
| | Total: | | **HK$ 1,569,607,632.76** |

**Respondent 21**

(i)   Chose in action represented by the credit balances held in the following account held by R21 but subject to the effective control of **R1 and R2**:

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 53 | UBS AG<br>Hong Kong Branch | 371236 | US$ 15,393,793.48 |
| Total: | | | HK$ 119,301,899.47 |

**Respondent 22**

(i)   Chose in action represented by credit balances held in the following accounts held by R22 but subject to the effective control of **R2 :**

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 54 | China Citic Bank | 744206777800 | HK$ 2,014,055.96 |
| 55 | International Limited | 744206777801 | US$ 4,157.6 |
| Total: | | | HK$ 2,046,277.36 |

**Respondent 23**

(i)   Chose in action represented by credit balances held in the following account held by R23 but subject to the effective control of **R1 :**

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 56 | China Construction Bank (Asia) Corporation Limited | 11673654<br>(Maintained in general ledger account 6307000-000 with serial no. 8473615) | HK$ 8,672,215.81 |

### Respondent 24

(i)   Real property held by R24 but subject to the effective control of **R1**:

| | | |
|---|---|---|
| LOT No | : | Rural Building Lot No. 1143 |
| Share of the LOT | : | / |
| Address | : | No. 20 and 22 South Bay Road, Hong Kong |
| Registered owner | : | R24 |
| Purchase price | : | HK$ 880,000,000 (as at 2011-03-31) |
| Estimated value | : | HK$ 2,224,000,000 (as at 2018-07-31) |

### Respondent 25

(i)  Chose in action represented by credit balances held in the following bank account held by R25 but subject to the effective control of **R1**:

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 57 | China Citic Bank International Limited | 744115843500 | HK$ 212,316.94 |

### Respondent 26

(i)  Chose in action represented by credit balances held in the following bank accounts held by R26 but subject to the effective control of **R1**:

| S/N | Name of Institution | Account Number | Balance |
|---|---|---|---|
| 58 | China Construction Bank (Asia) Corporation Limited | 11709984 | HK$ 55,020.11 RMB$ 796.94 US$ 128.93 |
| 59 | | 11709976 | RMB$ 796.94 |
| 60 | | 11709968 | US$ 128.93 |
| 61 | | 11709950 | HK$ 850.00 |
| Total: | | | HK$ 59,701.49 |

Respondent 27

(i)   Chose in action represented by credit balances held in the following bank accounts held by R27 but subject to the effective control of **R1**:

| S/N | Name of Institution | Account Number | Balance |
|-----|---------------------|----------------|---------|
| 62 | | 11708394 | US$ 128.93 |
| 63 | China Construction Bank (Asia) | 11708409 | RMB$ 796.94 |
| 64 | Corporation Limited | 11708386 | HK$ 57,811.90 |
| 65 | | 11708417 | HK$ 0.42 |
| Total: | | | HK$ 59,728.01 |

## DISCLOSURE OF INFORMATION

4.          Unless there is a further order of the Court, the Respondents shall file and serve upon the Secretary for Justice on or before **the 30th day of March, 2019** affidavits/affirmations disclosing for the preceding six years the full value of any salary or other earnings, together with any money, goods or other assets whatsoever which are held by them, whether in them own name or on their behalf by some other person or company, and whether located within or outside Hong Kong, and identifying with full particularity the nature and location of such assets and in whose names those assets are held and the sources from which such assets are derived and without prejudice to the generality of the foregoing :

(a)   details of all accounts held with banks, deposits taking companies or other financial institutions whether located within or outside Hong Kong, including details sufficient to identify the accounts, the present balance of the accounts and any encumbrances on the accounts;

(b)   particulars, including addresses, of all real property, whether freehold or leasehold, in which the Respondents have any proprietary interest, the nature and extent of that interest and details of any mortgage or charge thereon stipulating any sum loaned in respect of such property and how much is outstanding.   Full particulars of any rent paid to them, their servants or agents by any person including which account such rent is paid into or how such rent is otherwise applied;

(c)   particulars of all securities, including but not limited to unit trusts, shares or debentures in any company or corporation, public or private, whether incorporated in Hong Kong or elsewhere, insurance policies and any other deposits or investments held by them;

(d)   particulars of all personal property, including but not limited to jewellery, cash, motor vehicles, antiques or other items of value; and

(e)   particulars of any monies owed to them by other persons or companies or vice versa.

5.      No disclosure made in compliance with this Order shall be used as evidence against the Respondents in any criminal proceedings, except in proceedings under section 31 of the Crimes Ordinance, Cap. 200.

6.      The information disclosed in compliance with this Order shall not be

used for any purpose other than these proceedings and confiscation proceedings, and shall not be disclosed or otherwise divulged to any third party without the leave of this Court.

## QUALIFICATIONS

7.          Nothing in this Order shall :

(a)   prevent any person affected by this Order, including any financial institution, from paying any money restrained by this Order to the party responsible for enforcement of any Confiscation Order which may hereafter be made by the Court of First Instance or District Court against the Respondents in satisfaction of part or the whole of the said Confiscation Order; and

(b)   prevent the levy of distress upon any goods subject to this Order for the purpose of enforcement of any Confiscation Order which may hereafter be made by the Court of First Instance or District Court.

## DURATION OF THIS ORDER

8.          This Order will remain in force up to and including **the 30th day of April 2019** unless before then it is varied or discharged by a further order of the Court.   The application for continuation of this Order shall be heard by the Court at 9:30 am on **the 30th day of April, 2019.**   There be liberty to apply for an extension.

## EFFECT OF THIS ORDER

9.        A Respondent who is an individual who is ordered not to do something must not do it himself/herself or in any other way. He/She must not do it through others acting on his/her behalf or on his/her instructions or with his/her encouragement.

10.        A person who is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

11.        It is a Contempt of Court for any person notified of this Order knowingly to assist in or permit a breach of this Order.   Any person doing so may be imprisoned or fined, or have his/her/their assets seized.

## CRIMINAL OFFENCE FOR BREACHING THIS ORDER

12.        A person who knowingly deals in any realizable property in contravention of this Order commits an offence and is liable:

(a)   on conviction upon indictment to a fine of $500,000 or to the value of the realizable property the subject of the Restraint Order concerned which has been dealt with in contravention of that Order, whichever is the greater, and to imprisonment for 5 years; or

(b)   on summary conviction to a fine of $250,000 and to imprisonment for 2 years.

**SERVICE**

13(a).    This order and all court documents in these proceedings including but not limited to summonses, orders and incidental documents shall be served out of jurisdiction on R1, R2, R4 to R15, R17, R18, R21, R23, R24, R26 and R27 wherever he and/or she and/or it can be located, or at their respective last known address, or registered office or correspondence address or as appropriate in accordance with the law of the jurisdiction in which such respondent (a person or an entity) is present.

13(b).    Should service on those respondents as specified in para. 13(a) be unsuccessful, service of this order and all court documents in these proceedings including but not limited to summonses, orders, and incidental documents shall be served on them by way of any other means of service in accordance with the law of the jurisdiction in which such respondent (a person or an entity) is present, and such service shall be good and sufficient service of the said documents upon such respondent.

13(c).    This order and all court documents in these proceedings including but not limited to summonses, orders, and incidental documents shall be served on R3 and R25 by way of any means of service in accordance with the law of the jurisdiction in which she and/or he is present, and such service shall be good and sufficient service of the said documents upon her and him.

13(d).    This order and all court documents in these proceedings including but not limited to summonses, orders, and incidental documents shall be served on R16,

R19, R20 & R22 at its respective last known registered office, or correspondence office.

13(e)          Should service on those respondents as specified in para. 13(d) be unsuccessful, service of this order and all court documents in these proceedings including but not limited to summonses, orders, and incidental documents by way of advertising a notice of the same for <u>one</u> issue of an English language newspaper and a Chinese language newspaper circulated generally in Hong Kong shall be good and sufficient service of the said documents upon such respondent.

14.          Notice of this Order shall be given to person and companies affected by it.

## UNDERTAKINGS

15.          The Secretary for Justice gives to the Court the undertakings set out in Schedule 2 to this Order.

## VARIATION OR DISCHARGE OF THIS ORDER

16.          The Respondents, or anyone affected by this Order, may apply to the Court at any time to vary or discharge this Order (or so much of it as affects that person), but anyone wishing to do so should give not less than 3 clear days' notice before the date fixed for the application to the Secretary for Justice.

## REGISTRATION

17.　　　The Secretary for Justice be at liberty to lodge for registration of this Order at relevant government registry/registries.

## COUNSEL ACTING ON BEHALF OF THE SECRETARY FOR JUSTICE

18.　　　Counsel on behalf of the Secretary for Justice is :-

Ms. Denise CHAN
Assistant Director of Public Prosecutions
4/F., High Block, Queensway Government Offices
66 Queensway,
Hong Kong
Tel　: 2867 4953
Fax　: 2869 0236

## INTERPRETATION OF THIS ORDER

19.　　　In this Order "he", "him", or "his" include "she", "her", "hers" and "it" or "its" and "they", "them" or "their".

20.　　　When there are two or more Respondents then (unless otherwise stated) :-

(a)　references to "The Respondent" mean both or all of them;

(b)　an Order requiring "The Respondent" to do or not to do anything requires each Respondent to do it or not to do it; and

(c)　a requirement relating to service of this Order, or of any legal

proceedings on "The Respondent" means on each of them.

Dated this 18th day of October, 2018.

Registrar

## SCHEDULE 1

### Affirmation

The Judge has read the First Affirmation of Senior Inspector CHAN Sze-wing dated the 5th day of October, 2018 and the exhibits produced therein before making this Order.

## SCHEDULE 2

### Undertakings given to the Court by the Secretary for Justice

**AND UPON** the undertaking of the Secretary for Justice through the said Assistant Director of Public Prosecutions:

1.       To serve upon any banks which may hold accounts belonging to the Respondents and where applicable the Land Registries, the Company Registry, the Transport Department and any third parties of which the Secretary for Justice may be given notice, a copy of this Order.

2.       To pay the reasonable costs, damages, and expenses of any person or body, other than the Respondents, to whom notice of this Order may be given in ascertaining whether any assets that are the subject of the Order are within their possession or control or which are incurred by them in complying with the terms of this Order.

3.       If for any reason this Order ceases to have effect, the Secretary for

Justice will forthwith take all reasonable steps to inform, in writing, any person or company to whom he has given notice of this Order, or who he has reasonable grounds for supposing may act upon this Order, that it has ceased to have effect.