**Erin N. Teske**
Direct Dial: 646.218.7517
*eteske@hodgsonruss.com*

November 26, 2019

**VIA ECF**

Hon. Debra C. Freeman
United State District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York 10007-1312

       Re:   *Eastern Profit Corporation Limited v. Strategic Vision US, LLC, et al.*,
             Case No. 18-CV-2185-JGK

Dear Judge Freeman:

      We represent non-parties Guo Wengui ("Mr. Guo"), Yvette Wang ("Ms. Wang"), Golden Spring (New York) ("GSNY") and Karin Maistrello ("Ms. Maistrello") in connection with the above-entitled action. On their behalf, we submit this letter in connection with the proposed summary judgment motion ("Motion") of Eastern Profit Corp. Ltd. ("Eastern"). In light of Eastern's proposed Motion and the pending disputes over Strategic's invasive and harassing discovery from non-parties,[1] we respectfully request that non-party discovery be stayed pending the determination of the Motion. This letter is also submitted in opposition to the motion to compel further discovery from ACA on the basis that a subpoena directed to ACA was properly served on Ms. Maistrello

      On or about November 21, 2019, Eastern filed a letter ("Letter") to Judge Koeltl (*see* Dkt. 199) requesting a pre-motion conference concerning its proposed Motion for summary judgment on Strategic Vision US LLC's ("Strategic") fraudulent inducement claim on the basis that Strategic cannot demonstrate, as a matter of law, that it reasonably relied on any alleged representation of Mr. Guo that he is a Chinese dissident. If Eastern's Motion is granted, and it has cited extensive case law and testimony in support thereof, the issue Strategic has contrived as to whether Mr. Guo is a dissident is not relevant, and there is no basis to permit Strategic to continue to seek harassing and invasive discovery from non-parties.

      Eastern argues that reasonable reliance is an essential element of a fraudulent inducement claim, and that Strategic's admissions make clear that it is unable, as a matter of law, to establish reasonable reliance. *See* Letter (Dkt. 199), p. 2. Specifically, Eastern argues, reliance is not reasonable as a matter of law where a plaintiff failed to use means available to it to verify alleged extra-contractual representations. *See id.* To that end, Strategic apparently admits, *inter alia*, that:

---

[1]     The breadth of Strategic's non-party discovery requests now encompasses people so far removed from this breach-of-contract case as, *inter alia*, Steve Bannon, Bill Gertz (journalist), and Sasha Gong (journalist).

Hon. Debra C. Freeman
November 26, 2019
Page 2

1. Strategic Vision did not negotiate into the Contract any written representations regarding the purpose for which the investigatory research would be used other than that it would be used 'for the purpose of detecting, stopping, and preventing crime or other harm to innocent people.'

2. Instead of negotiating what Strategic Vision now claims to be a material representation into the Contract, Strategic Vision relied solely upon the representations of two individuals who are not even associated with Eastern, including a reporter by the name of Bill Gertz, in deciding to enter into the Contract;

3. Strategic Vision did not know for what purpose Eastern was proposing to use the investigatory research that Strategic Vision was seeking to provide to Eastern and thought that Eastern might 'run it both ways' (that is, both for and against the CCP);

4. In fact, despite touting itself as an investigatory firm with the ability to gain in depth and detailed information on research targets, Strategic Vision did not conduct any pre-contract due diligence or investigation, let alone a prudent investigation, regarding the background of Eastern or Guo, including into whether Guo was actually a dissident;

5. Instead, Strategic Vision waited until months after the Contract was signed to even begin to investigate the background of Guo; and

6. The evidence that Strategic Vision now seeks to introduce out of context to attempt to support its manufactured allegation that Guo is actually a supporter of the CCP comes from publicly available sources, such as news articles, affidavits filed in lawsuits, and YouTube videos that Strategic Vision could have easily accessed before entering into the Contract.

*See* Letter (Dkt. 199), pp. 2-3.

In response to the Letter, Judge Koeltl directed the parties to appear for a pre-motion conference on December 3, 2019.  *See* Dkt. 202.

Judge Koeltl's decision on Eastern's Motion may render moot the extensive and invasive discovery which Strategic is seeking from non-parties including, but not limited to subpoenas to Google, LLC, Twitter, Inc., LinkedIn Corporation, Verizon, LLC, T-Mobile USA, Inc., AT&T Corp., and YouTube concerning information of non-parties and a continued deposition of Mr. Guo concerning purported communications with members of the Chinese Communist Party (which Mr. Guo has already denied).[2]  Strategic's discovery requests of non-

---

[2]   In any event, Mr. Guo is not available on December 4, 2019.  If the Court denies our request to stay non-party discovery, we will provide to Strategic alternate days on which Mr. Guo is available.

Hon. Debra C. Freeman
November 26, 2019
Page 3

parties have been and continue to be invasive, harassing, and oppressive. We respectfully request that this discovery of non-parties be stayed until Judge Koeltl has determined the Motion and thus, whether such non-party discovery is relevant.

We further write in opposition to Strategic's request to compel further discovery from ACA. Strategic rehashes arguments it has already made to this Court and which this Court has already rejected. Worse, these arguments mischaracterize testimony and facts. Specifically, as its arguments concern our clients, Strategic suggests that Maistrello or, maybe worse, her counsel engaged in nefarious behavior in connection with her production of emails and that Mr. Guo maintained that the Mainland and CCP could not have frozen assets in Hong Kong in 2017 or 2018. Neither accusation could be further from the truth, and Strategic's accusations are reckless, if not ill intentioned.

With respect to Ms. Maistrello's emails, this issue has already been briefed in letters to the Court and the Court has already directed Strategic to heed Ms. Maistrello's response that she has produced all requested emails in her possession, custody, and control. *See* Dkt. 184 ("Defendant's request to compel non-party Karin Maistrello ('Maistrello') to produce certain emails (and for sanctions for her failure to produce those emails pursuant to a prior Order of this Court) is denied, based on the representation of Maistrello's counsel that Maistrello has produced all of the requested emails that she has been able to locate."). Further, in response to Strategic's request for additional discovery from Maistrello based on Strategic's argument that "[p]erhaps her resignation was never accepted, which would explain why ACA's official records in Hong Kong still show Maistrello as a director" (*see* Dkt. 177, p. 6), the Court held that "[t]o the extent Defendant has since sought further relief with respect to Maistrello, including an order requiring her to return for a continued deposition (see Dkt. 177), such relief as also denied as disproportionate to the needs of the case." *See* Dkt. 184.

With respect to Mr. Guo, Strategic bases its request to compel discovery from ACA, at least in part, on the fact that Mr. Guo previously maintained that the Mainland and CCP could not have frozen assets in Hong Kong in 2017 or 2018. *See* Dkt. 177, p. 2. This is categorically untrue. In fact, this issue arose because Strategic – not Mr. Guo – made affirmative representations to the Court that if Mr. Guo is a Chinese dissident he would not be able to move money out of China. *See* Dkt. 145, Transcript of Proceedings held on August 21, 2019, pp. 47-49. In any event, as recently as October 28, 2019, the Court held that "Defendant and the Nonparties have separately briefed this issue at this Court's invitation, and, having reviewed that briefing, the Court is unconvinced that the ability or inability of Guo to move money in and out of Hong Kong, using ACA or other means, is relevant to any of Defendant's asserted defenses or counterclaims." Nevertheless, Strategic continues to badger non-parties for vexatious discovery.

If the Court wishes, we are available for a conference to discuss further.

Respectfully submitted,

*/s/ Erin N. Teske*

Erin N. Teske