# Exhibit B

# Allison McGuire

| | |
|---|---|
| **From:** | Greim, Edward D. <EDGreim@gravesgarrett.com> |
| **Sent:** | Monday, December 2, 2019 1:26 PM |
| **To:** | Allison McGuire |
| **Cc:** | Alex Spiro; Donnelli, Jennifer; Badell, Rebekah |
| **Subject:** | RE: Eastern Profit Corporation Limited v. Strategic Vision US LLC |

**[EXTERNAL EMAIL]**

Allison,

We have just emerged from a call with the court to address multiple issues, including our request to approve a deposition of Mr. Bannon outside of the November 29 deadline for discovery. The Court indicated it will only approve such a request if we make a separate showing regarding our efforts to obtain Mr. Bannon's deposition before the November 29 deadline; the Court will also give you an opportunity to appear and present any points or evidence on that issue if you so desire. We intend to make such a showing in a forthcoming filing in the SDNY, and will send you a copy as it is filed. (This will be in the form of a letter-motion.) Please advise as to when you'll be available over the next 10 days for a call with the court on this question.

Eddie Greim

**From:** Allison McGuire <allisonmcguire@quinnemanuel.com>
**Sent:** Monday, November 25, 2019 7:07 PM
**To:** Greim, Edward D. <EDGreim@gravesgarrett.com>
**Cc:** Alex Spiro <alexspiro@quinnemanuel.com>; Donnelli, Jennifer <JDonnelli@gravesgarrett.com>; Badell, Rebekah <RBadell@gravesgarrett.com>
**Subject:** RE: Eastern Profit Corporation Limited v. Strategic Vision US LLC

Eddie,

Thank you for your explanation. I still fail to see how your theories about Mr. Bannon's relationship with Guo Wengui, another non-party, are relevant to the underlying contract dispute between Strategic Vision and Eastern Profit.

Furthermore, we disagree about the timeliness of a motion to quash. As you recall, we adjourned the deposition on Thursday, November 21, 2019, and agreed to a two-week extension prior to the November 22, 2019 return date. I did not commit to presenting Mr. Bannon at a future deposition and dispute your contention that a motion to quash would be untimely. We will take all steps necessary to preserve the rights of Mr. Bannon, a non-party to this litigation.

Best,
Allison

**From:** Greim, Edward D. [mailto:EDGreim@gravesgarrett.com]
**Sent:** Monday, November 25, 2019 6:33 PM
**To:** Allison McGuire <allisonmcguire@quinnemanuel.com>
**Cc:** Alex Spiro <alexspiro@quinnemanuel.com>; Donnelli, Jennifer <JDonnelli@gravesgarrett.com>; Badell, Rebekah <RBadell@gravesgarrett.com>
**Subject:** RE: Eastern Profit Corporation Limited v. Strategic Vision US LLC

**[EXTERNAL EMAIL]**

1

Allison,

Recall that in our conversation over a week ago, I spoke with you about several topics—I didn't just point you to the various paragraphs in the counterclaim that mention your client. I won't repeat all of that again. But we believe that Bannon has first-hand knowledge about the trip to visit Wang Qishan and to Abu Dhabi directly after Guo asked for instructions from Chinese leadership. He also reported on that trip to Guo and Lianchao Han, among others. Bannon also knows about the sources Guo has employed for his PR and litigation campaign in the US, as Bannon himself is receiving payment from the Guo network. In particular, we believe Bannon's payments for Saraca are actually coming from a Hong Kong entity that is controlled by Guo and another individual who turns out to have ties to the Mainland. Finally, we know that Bannon is conversant in this litigation and in the underlying contract because he gained access to a confidential deposition transcript of my client's agent (J. Michael Waller), from Guo; read it; and then used it to try to convince the Committee on the Present Danger: China, to retaliate against Waller, asserting that Waller was in danger of ruinous litigation because "Guo has more money than God." These all involve Bannon directly and are not discoverable from our opposing party, Eastern Profit.

This is just part of what we previously discussed, but I hope it refreshes your and your client's recollection and will aid you in preparing your client for next Wednesday's deposition in DC at 9AM. As you failed to timely file a motion to quash the subpoena before your unexcused non-appearance last Friday and had emailed that you needed more time to prepare him, we expect you to attend the later date you had promised was available, which has now been re-noticed. We will not seek sanctions for Mr. Bannon's initial non-appearance if you are there. If you fail to appear a second time, we will seek costs for both non-appearances.

Eddie

**From:** Allison McGuire <allisonmcguire@quinnemanuel.com>
**Sent:** Friday, November 22, 2019 10:52 AM
**To:** Greim, Edward D. <EDGreim@gravesgarrett.com>
**Cc:** Alex Spiro <alexspiro@quinnemanuel.com>; Donnelli, Jennifer <JDonnelli@gravesgarrett.com>; Badell, Rebekah <RBadell@gravesgarrett.com>
**Subject:** RE: Eastern Profit Corporation Limited v. Strategic Vision US LLC

Eddie,

Your characterization of our conversations is inaccurate. Regardless, while I appreciate your pointing me to the sections of your counterclaim referencing Mr. Bannon, I still fail to see how or why his testimony is relevant to the pending claims. At most, you allege that Mr. Bannon may have information about Guo Wengui's status as a Chinese dissident. However, the prior claims against Guo Wengui have been dismissed, and your counterclaim outlines a tenuous fraudulent misrepresentation claim based on conspiracy theories about whether Guo Wengui is a Chinese dissident or an agent of the Chinese Communist Party, which are wholly unrelated to the underlying breach of contract claims at issue. As you know, Mr. Bannon is a non-party public figure who has no involvement in the contractual relationship between Eastern Profit and Strategic Vision. As such, I fail to see why a deposition of Mr. Bannon is needed or appropriate. It would be helpful if you could explain what information you believe Mr. Bannon possesses that is relevant to the pending claims and why you believe you cannot obtain that information from the current parties to this action.

Best,
Allison

**From:** Greim, Edward D. [mailto:EDGreim@gravesgarrett.com]
**Sent:** Thursday, November 21, 2019 6:09 PM
**To:** Allison McGuire <allisonmcguire@quinnemanuel.com>

**Cc:** Alex Spiro <alexspiro@quinnemanuel.com>; Donnelli, Jennifer <JDonnelli@gravesgarrett.com>; Badell, Rebekah <RBadell@gravesgarrett.com>
**Subject:** RE: Eastern Profit Corporation Limited v. Strategic Vision US LLC

**[EXTERNAL EMAIL]**

Allison, I provided that information to you on Monday of this week during our first call and also referred you to the parts of our counterclaim that discuss Mr. Bannon. It was a substantial call, you were satisfied with what I told you, had no further questions, and said you would talk to your client about what I'd said and then get back to me with any follow-up. I didn't hear anything more for several days. In your second and last call with me, which I received at about 2:20 ET, you again raised no concerns about the appropriateness of a deposition. Rather, you represented that Mr. Bannon seemed to have been traveling internationally, and was hard to reach and might be unavailable. You also said other business had detained you this week, and on those grounds you offered December 5 for a new deposition date. I was unwilling to push it back given the end of discovery, but asked you to check with your client and call me back, and further offered to try to get on the phone with the court to get permission for a later date. I told you that I was heading to the airport for the deposition, and asked you to call me back sometime within the next hour and ten minutes, or about 3:45 ET, the latest time I could wait before driving to the airport. You did not call me. Instead, you emailed me after 4PM ET. In your email, you stated for the first time that your client would not be produced tomorrow morning, and the reason you gave was needing a "reasonable time" to prepare your client for the deposition. Your own proposed date, December 5, gives you a reasonable time, and the subpoena will be enforced on that date. This is not a document subpoena nor does it call for testimony under Rule 30b6, and so the scope will be testimony regarding the subject matter of the action, including the topics I discussed with you on Monday.

Eddie

**From:** Allison McGuire <allisonmcguire@quinnemanuel.com>
**Sent:** Thursday, November 21, 2019 4:50 PM
**To:** Greim, Edward D. <EDGreim@gravesgarrett.com>
**Cc:** Alex Spiro <alexspiro@quinnemanuel.com>; Donnelli, Jennifer <JDonnelli@gravesgarrett.com>; Badell, Rebekah <RBadell@gravesgarrett.com>
**Subject:** RE: Eastern Profit Corporation Limited v. Strategic Vision US LLC

Eddie,

Thanks for your accommodation. We are happy to discuss the conditions for a potential deposition of Mr. Bannon on December 5. To date, however, you have not clearly articulated any basis for why Mr. Bannon—a non-party—is relevant to this proceeding or what information he possesses that cannot be gained through party discovery. Please explain your basis for wanting to depose Mr. Bannon so we can better understand the nature of your request and the scope of your subpoena. Once we have that information, we will be in a better position to determine the appropriateness of a deposition on December 5.

Best,
Allison

**From:** Greim, Edward D. [mailto:EDGreim@gravesgarrett.com]
**Sent:** Thursday, November 21, 2019 4:55 PM
**To:** Allison McGuire <allisonmcguire@quinnemanuel.com>
**Cc:** Alex Spiro <alexspiro@quinnemanuel.com>; Donnelli, Jennifer <JDonnelli@gravesgarrett.com>; Badell, Rebekah <RBadell@gravesgarrett.com>
**Subject:** Re: Eastern Profit Corporation Limited v. Strategic Vision US LLC

3

**[EXTERNAL EMAIL]**

Ms. McGuire, you stated none of this on our call, nor did you raise any timing issues on our first call back on Monday. I asked you to call me back this afternoon and I gave you my exact schedule to the minute. I also offered to get on a call with the court. Instead, you waited past the time I told you I would be driving to the airport, and sent an email instead. Further, you never said you had inadequate prep time or stated the witness was actually unavailable, and public statements by him show that he is. We will treat this as a last minute no-show. We also confirm the December 5 date you proposed on our last call as a backup in case you were unable to reach your client. We trust that extra time satisfies your represented need to prep him. Please produce him at 9am at the same place noted in the subpoena.

Eddie

**From:** Allison McGuire <allisonmcguire@quinnemanuel.com>
**Sent:** Thursday, November 21, 2019, 3:01 PM
**To:** Greim, Edward D.
**Cc:** Alex Spiro
**Subject:** RE: Eastern Profit Corporation Limited v. Strategic Vision US LLC

Mr. Greim –

As discussed on our call this afternoon, you did not provide us with reasonable notice to prepare Mr. Bannon, a nonparty to this proceeding, for a deposition. As I stated, Mr. Bannon will not appear tomorrow. In addition you've failed to adhere to SDNY Local Civil Rule 26.4(a), which requires counsel to "cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures." Please feel free to contact with me any questions or concerns.

Best,
Allison

**From:** Greim, Edward D. [mailto:EDGreim@gravesgarrett.com]
**Sent:** Monday, November 18, 2019 3:23 PM
**To:** Allison McGuire <allisonmcguire@quinnemanuel.com>
**Cc:** Alex Spiro <alexspiro@quinnemanuel.com>
**Subject:** Re: Eastern Profit Corporation Limited v. Strategic Vision US LLC

**[EXTERNAL EMAIL]**

Allison, I am traveling and will try you now.

**From:** Allison McGuire <allisonmcguire@quinnemanuel.com>
**Sent:** Monday, November 18, 2019 12:14:44 PM
**To:** edgreim@gravesgarrett.com <edgreim@gravesgarrett.com>
**Cc:** Alex Spiro <alexspiro@quinnemanuel.com>
**Subject:** Eastern Profit Corporation Limited v. Strategic Vision US LLC

Mr. Greim –

We understand that you've issued a deposition subpoena to Steve Bannon on behalf of Strategic Vision in the above referenced case. Please let us know when you have a moment to discuss.

Thanks,
Allison

**allison mcguire** | associate
quinn emanuel urquhart & sullivan, llp
1300 I Street, NW, Suite 900 Washington, D.C. 20005
Main: 202.538.8000 | Direct: 202.538.8272 | Cell: 419.564.9659

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Edward Greim



1100 Main Street, Suite 2700
Kansas City, MO 64105
Phone: (816) 256-4144
Fax: (816) 817-0863
EDGreim@gravesgarrett.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

Edward Greim



1100 Main Street, Suite 2700
Kansas City, MO 64105
Phone: (816) 256-4144
Fax: (816) 817-0863
EDGreim@gravesgarrett.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

Edward Greim



1100 Main Street, Suite 2700
Kansas City, MO 64105
Phone: (816) 256-4144
Fax: (816) 817-0863
EDGreim@gravesgarrett.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

Edward Greim



1100 Main Street, Suite 2700
Kansas City, MO 64105
Phone: (816) 256-4144
Fax: (816) 817-0863
EDGreim@gravesgarrett.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

Edward Greim



1100 Main Street, Suite 2700
Kansas City, MO 64105
Phone: (816) 256-4144
Fax: (816) 817-0863
EDGreim@gravesgarrett.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.