

1313 N. Market Street
Suite 5100
Wilmington, DE  19899-1709
302.777.6500
Fax 302.421.8390

Joanna J. Cline
direct dial:  302.777.6542
clinej@pepperlaw.com

December 11, 2019

BY CM/ECF

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*,
          C.A. No. 18-cv-2185 (JGK)

Dear Judge Freeman:

I write on behalf of Plaintiff/Counterclaim-Defendant Eastern Profit Corporation Limited ("Eastern") in response to the December 6, 2019 letter motion (the "Motion"; Dkt. No. 212) submitted by Defendant/Counterclaim-Plaintiff Strategic Vision US LLC ("Strategic Vision") seeking leave to depose Stephen K. Bannon after the November 29, 2019 fact discovery deadline.

We oppose Strategic Vision's request.  The Federal Rules of Civil Procedure require that discovery sought in an action be "proportional to the needs of the case, considering the importance of the issues at stake in the action, *the amount in controversy*, the parties' relative access to relevant information, the parties' resources, the *importance of the discovery* in resolving the issues, *and whether the burden or expense of the proposed discovery outweighs its likely benefit*."  Fed. R. Civ. P. 26(b)(1) (emphasis added).

Strategic Vision's requested deposition of Mr. Bannon is not proportional to the needs of this case.  Indeed, Strategic Vision's Motion is just the latest instance in a series of scorched-earth discovery tactics that are far disproportionate to the needs of this case and serve only to increase the costs of litigation on the parties, non-parties, and the Court.  In its Motion, Strategic Vision purports to seek to take Mr. Bannon's deposition in an effort to prove up its fraud



The Honorable Debra Freeman
Page 2
December 11, 2019

claim—a claim in which Strategic Vision alleges that Guo Wengui lied to Strategic Vision about his status as a Chinese dissident.

Strategic Vision's claimed damages in connection with that claim *is just approximately $500,000*. Nevertheless, nearly all of Strategic Vision's vexatious discovery campaign to date has been purportedly geared toward proving Mr. Guo's alleged fraud. The significant burden of the discovery that Strategic Vision has already taken to date—which includes more than ten depositions and Strategic Vision's recent subpoena-spree upon a large number of additional third parties that have nothing to do with this case, including Cloudflare, Inc., Google, LLC, GoDaddy.com, LLC, Twitter, Inc., LinkedIn Corporation, Verizon, LLC, T-Mobile USA, Inc., and AT&T Corp.—has already far surpassed what is proportional to Strategic Vision's six-figures fraud claim. For that reason, Strategic Vision's request to take yet another deposition—this time of a non-party public official that has no demonstrable connection to the contract at issue between the parties—should be denied.

We look forward to addressing these issues with the Court during Friday's hearing.

Respectfully submitted,

*/s/ Joanna J. Cline*

Joanna J. Cline


cc:     All Counsel of Record (By CM/ECF)