

Edward D. Greim
Direct Dial: (816) 256-4144
edgreim@gravesgarrett.com

December 20, 2019

<u>VIA ECF</u>
Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007

**Re: Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC, 18-cv-2185 (JGK)-DCF/ Notification of Filing in D.C. District of Motion to Compel Steve Bannon Deposition, Motion to Expedite Briefing on Motion, and Motion to Transfer Matter of Bannon Subpoena to S.D. New York**

Dear Judge Freeman:

We write on behalf of Defendant/Counterclaimant Strategic Vision US, LLC to notify you that, on December 19, 2019, Strategic Vision filed a miscellaneous action in the District of Columbia federal court for relief concerning its Fed. R. Civ. P. 45 deposition subpoena to Stephen K. Bannon. Strategic Vision is also seeking (1) transfer to this Court and (2) an expedited briefing schedule. Because we know that this matter would have to be resolved quickly if transfer is granted (and during an inconvenient time, likely, for this Court and the parties), we write to keep this Court abreast of current developments.

1. **An application for transfer is pending**. The District of Columbia is "the district where compliance is required" under Rule 45; Mr. Bannon resides there. However, Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court … if the court finds exceptional circumstances..." Strategic Vision has asked the D.C. court to find that exceptional circumstances exist here for two reasons. First, "[r]uling on the subpoenaed documents' relevance would ... require[ ] the [compliance] Court to delve into the intricacies of the underlying dispute. Given the close relationship between the motion to [compel] and the merits of the complex underlying dispute, the issuing court [would be] in a better position to rule on the motion." *FDIC v. Galan–Alvarez*, 2015 WL 5602342 at *3 (D.D.C. Sept. 4, 2015). Second, transfer would "avoid interference with a time-sensitive discovery schedule issued in the underlying action." *See Duck v. SEC*, 317 F.R.D. 321, 325 (D.D.C. 2016).

2. **This is a time-sensitive matter.** On December 13, 2019, you set a deadline for the Bannon deposition of <u>January 10, 2020</u>. This month of runway was to allow time for Mr. Bannon to effectuate his planned motion to quash the Bannon subpoena under Rule 45(d)(3). That this was his intention was repeatedly confirmed in the lengthy correspondence to you at ECF 216, the very



1100 Main Street, Suite 2700 Kansas City, MO 64105 ph 816.256.3181 www.gravesgarrett.com




first paragraph of which stated "Mr. Bannon intends to file a motion to quash the subpoena in the compliance court (*i.e.*, the U.S. District Court for the District of Columbia) should Strategic Vision be permitted to take Mr. Bannon's deposition after the close of discovery."

In light of (1) your December 13 order, (2) the impending January 10th deadline, (3) your instruction for counsel to set the deposition date immediately, and (4) Mr. Bannon's a 10-page letter briefing why the subpoena should be quashed (ECF 216, easily convertible to a motion to quash), we expected Mr. Bannon to immediately file his motion in D.C. We fully expected to be briefing a motion to quash this week. However, Mr. Bannon still has not filed that motion.

Instead, Mr. Bannon postponed two scheduled conference calls to discuss deposition dates and scheduling of his promised motion; refused to provide deposition dates; and then finally failed to join his own conference line for the *third* rescheduled call, set for the Wednesday, December 19th. Later that day, Mr. Bannon revealed that he had expected motion practice to take months, so that the deposition would never actually occur; so long as his motion was filed and not ruled, he said, he was under no obligation to appear by January 10th, making that date a fantasy. The best he would offer after prolonged negotiation was a schedule in which his motion was not filed until December 23rd and his reply brief was due January 9th, the day before the placeholder that was ultimately set for the deposition—January 10th. Of course, no court can decide the motion on that timetable, meaning that Mr. Bannon's "timing" stratagem will have canceled his deposition by default. Even after all of this was raised with Mr. Bannon, his position continues to be that his motion, if it is ever filed, will be a "non-emergency" motion and that there is no need to brief it over the holidays. For the reasons discussed above, of course, this is tantamount to nullifying this Court's order that Mr. Bannon's deposition can and will take place by January 10th, absent an order from the D.C. court quashing the deposition.

Unwilling to let Mr. Bannon play this latest delaying tactic, Strategic Vision has filed its own Motion to Compel and Motion to Expedite Briefing (Exs. A and B hereto). (Strategic Vision tried unsuccessfully to negotiate a briefing schedule with Bannon on this motion, too.) On December 18th, Strategic Vision provided copies of all of its filings relating to the miscellaneous action to Mr. Bannon's counsel. This was because the opening of a miscellaneous action in that district is not via ECF and must be done manually. Despite acknowledging receipt of the papers, Mr. Bannon's counsel then engaged in a discussion about whether her receipt of the filings was true "service" when the D.C. clerk's office had not yet file-stamped the papers. (Ex. C) Mr. Bannon's approach to even these sorts of administrative issues further demonstrates his strategy to delay and thereby prevent Strategic Vision from obtaining the deposition.

Finally, Mr. Bannon orally threatened to file a Motion to Strike Strategic Vision's Motion to Compel as procedurally improper, an action calculated to cause further delay. The D.C. district has interpreted Rule 45, however, to allow Strategic Vision to seek an order compelling the deposition when the subpoenaed party, as here, does not timely move to quash:

> Pursuant to Fed. R. Civ. P. 45(d)(3), the court where compliance is required may quash or modify a subpoena once a party "timely" moves to quash or modify. Generally, courts have interpreted "timely" as "within the time set in the subpoena for compliance." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F.Supp.2d 270, 278, 278 n. 6 (D.D.C.2002) (citing *Innomed Labs, LLC v. Alza*



1100 Main Street, Suite 2700 Kansas City, MO 64105 ph 816.256.3181 www.gravesgarrett.com




> *Corp.,* 211 F.R.D. 237, 240 (S.D.N.Y.2002) ("it is reasonable to assume that the motion to quash should be brought before the noticed date of the scheduled deposition")) (agreeing that "timely" generally indicates "within the time set in the subpoena for compliance" but recognizing that "the time for compliance could be so small that it would not even permit time to file a motion to quash"). Motions to quash filed a significant amount of time after a subpoena's compliance deadline are untimely.

*HT S.R.L. v. Velasco*, 125 F. Supp.3d 211, 220-21, 229 (D. D.C. 2015) (overruled on other grounds). As the Court is aware, Mr. Bannon did not file a motion to quash the subpoena before the return date of November 22, 2019, and he did not appear for the deposition. (Ex. D, record of non-appearance) Strategic Vision believes Mr. Bannon has waived any objection to the subpoena. Regardless, Strategic Vision has filed the D.C. action to preserve its right to conduct the Bannon deposition by this Court's January 10th deadline.

We recognize that none of these issues are yet before you, but they may soon be. We will keep the Court apprised of the status of the Motion to Transfer.

Respectfully submitted,

Edward D. Greim

cc: Counsel of record via ECF
Counsel for Stephen Bannon via Electronic Mail



1100 Main Street, Suite 2700 Kansas City, MO 64105 ph 816.256.3181 www.gravesgarrett.com