# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA SERVED ON STEPHEN K. BANNON | ) ) ) ) ) ) ) ) |
| | Case No. _____ |
| CLYDE & CO., 1775 PENNSYLVANIA AVENUE, NW, SUITE 400, WASHINGTON, DC 20006 | |

## MOVANT'S MOTION TO TRANSFER VENUE PURSUANT TO FED. R. CIV. P. 45(F) AND POINTS AND AUTHORITIES IN SUPPORT

Movant Strategic Vision US LLC ("Movant" or "Strategic") moves to transfer the present miscellaneous action for subpoena enforcement to the issuing court, the Southern District of New York, pursuant to Fed. R.Civ.P. 45(f) so that the issuing court can order Stephen K. Bannon ("Respondent" or "Bannon") to appear for a deposition pursuant to Strategic's Rule 45 subpoena served on November 14, 2019 that is the subject of the Motion to Compel filed in this case. Dkt No. 1.

### BACKGROUND

On November 14, 2019, Movant, the Defendant-Counterclaimant in the underlying Southern District of New York litigation, served on Bannon, a nonparty, a subpoena and notice of deposition under Fed. R. Civ. P. 45. Bannon's deposition was noticed for November 22nd, within the discovery period. However, Bannon failed to attend; and Bannon then objected to giving testimony. After hearing arguments from Bannon and Strategic, the Southern District ordered a limited extension of discovery so that his deposition could be taken outside of the close of discovery, by January 10. Bannon agreed to January 10—the last permissible date—as a "placeholder" pending further discussions and motion practice. In those discussions, Bannon indicated he would not comply, would not file his long-promised

Motion to Quash in time to reasonably present this dispute to this Court, and would not attend the January 10 deposition so long as his as-yet unfiled motion was pending. Strategic therefore filed its Motion to Compel, initiating this action. Dkt. No. 1.

To ensure uniform results, maximize efficiency, and conserve judicial resources, Movant seeks to transfer this matter and its sole dispute—the Motion to Compel—to the issuing court, which is already "knee-deep in the nuances of the underlying litigation." *In re Braden*, 344 F. Supp. 3d 83, 94 (D.D.C. 2018). Because this case presents the exceptional circumstances contemplated in Rule 45(f), this Court should grant the motion to transfer.

## ARGUMENT

Under Fed. R. Civ. P. 45, a subpoena to a nonparty to submit to a deposition "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). If the subpoena's recipient does not comply to the serving party's satisfaction, the "serving party may move the court for the district where compliance is required for an order compelling production or inspection." *Id.* 45(d)(2)(B)(i). However, under Fed. R. Civ. P. 45(f), the court where compliance is required can transfer those motions to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." *Id.* 45(f).

Here, counsel for Bannon has indicated via telephone that they are not prepared to consent to a motion to transfer until they have reviewed Movant's motion to enforce the Bannon subpoena. Nevertheless, as explained below, because exceptional circumstances exist under Rule 45(f), the Court should exercise its discretion to transfer the matter to the issuing court.

The "exceptional circumstances" of Rule 45(f) warranting transfer are present here.

While the term "exceptional circumstances" is not defined in Rule 45(f), courts in this Circuit have considered "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014). Courts have also considered the goals of judicial economy and the avoidance of inconsistent results. *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014); *see also Lipman v. Antoon*, 284 F. Supp. 3d 8, 10 (D.D.C. 2018). Transfer is also appropriate when it would "avoid interference with a time-sensitive discovery schedule issued in the underlying action." *See Duck v. SEC.*, 317 F.R.D. 321, 325 (D.D.C. 2016). Transfer should be granted where "[r]uling on the subpoenaed documents' relevance would ... require[ ] the Court to delve into the intricacies of the underlying dispute. Given the close relationship between the motion to [compel] and the merits of the complex underlying dispute, the issuing court [would be] in a better position to rule on the motion." *FDIC v. Galan–Alvarez*, 2015 WL 5602342 at *3 (D.D.C. Sept. 4, 2015).

Here, the Southern District of New York is best positioned to address the subpoena dispute within the short time allowed by the tight schedule of the underlying case. "Exceptional circumstances" exist: the case, being prepared for summary judgment and trial, has seen more than 200 docket filings to date and multiple claims and counterclaims. The issuing court, though assignment to Magistrate Judge Debra Freeman, has held numerous discovery conferences and made rulings on discovery disputes, including resolving motions specifically related to the reopening of discovery to allow for the Bannon deposition.

On December 2, 2019, the issuing court requested Strategic show its efforts to take his deposition within the discovery period. The parties filed numerous motions related to the

deposition of Bannon before the issuing Court, including a motion for leave to depose Bannon filed by Strategic on December 6, 2019, and a ten-page motion in response filed by Bannon's counsel on December 11, 2019, objecting to the deposition. See Ex. A hereto, Case No. 1:18-cv-02185-JGK-DCF, Dkt. Nos. 212, 218, 219, 220. These motions also addressed in detail various arguments Bannon's counsel said it would make on a future (but still unfiled) motion to quash. However, those issues—the relevance of Bannon's testimony, proportionality, and the like—were not passed on by the Court.

After this extensive briefing, the Court held a December 13, 2019 phone conference in which it ordered discovery reopened for purposes of Bannon's deposition. The Court also ordered the parties to confer, prosecute any motion practice, and complete the deposition by January 10, 2020. This tight deadline arises from the schedule of the underlying litigation. Discovery is closed; Judge John G. Koeltl (presiding over the case) has called the parties to a January 14, 2020 pre-motion conference; summary judgment motions are likely due on January 31, 2020; and trial would be in the spring.

Because of the exigencies of time, the Court specifically instructed counsel for Bannon to provide Strategic with dates for the deposition—even if one or both parties contemplated filing motions to quash or compel in this Court. This schedule contemplated that potential motion practice would occur on an expedited basis, with an eye to having a ruling, either compelling an appearance or quashing the subpoena, before the new Bannon deposition deadline of January 10.

This matter should remain before Judge Freeman in the Southern District of New York. Understanding the relevance and importance of Bannon's testimony requires familiarity with the underlying counterclaims of Strategic Vision, which (as detailed in the

Motion to Compel) alleges that Bannon has important personal knowledge from working hand-in-glove with Guo Wengui, a self-proclaimed Chinese dissident billionaire who defrauded Strategic between 2017 and 2018. The legal-factual theory behind this fraud claim, including Bannon's close involvement in Guo's activity, has been at the core of most of Judge Freeman's many discovery rulings over the past four months—which themselves followed hundreds of pages of factual presentation and many hours of oral argument. Further, the parties have already briefed—and Judge Freeman has already read—their arguments on the motion to quash, even if Judge Freeman (properly) did not reach or consider those arguments in deciding to reopen discovery. Given the very short time for resolving this dispute, Judge Freeman's painstakingly accumulated knowledge and expertise is essential.

This Court, on the other hand, necessarily has "limited exposure to and understanding of the primary action." *Lipman v. Antoon*, 284 F. Supp. 3d 8, 13–14 (D.D.C. 2018) (internal quotations and citations omitted). Transferring this discovery dispute to the court where the underlying matter is pending, particularly given the scope and complexity of this litigation, the quickly approaching summary judgment deadline, and the fact that more than five separate filings briefing the underlying arguments have already been filed in the underlying matter, would promote convenience, obtain uniformity of results, and conserve judicial resources.[1]

## **CONCLUSION**

For all these reasons, Movant Strategic Vision respectfully requests the Court grant this Motion to Transfer its Motion to Compel to the United States District Court for the Southern District of New York, the court in which the underlying matter is pending.

---

[1] If the Court declines to transfer, Strategic asks this Court to order Bannon to appear for his deposition and grant the relief requested in the Motion to Compel filed contemporaneously with this Motion.

Dated December 18, 2019

Respectfully submitted,

GRAVES GARRETT LLC

_____
Edward D. Greim, D.D.C. Bar #MO008
1100 Main Street, Suite 2700
Kansas City, MO 64105
Telephone: (816) 256-3181
Fax: (816) 256-5958
edgreim@gravesgarrett.com
ATTORNEY FOR MOVANT

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2019, the foregoing was served via electronic mail to all counsel of record, including:

Alexander Benjamin Spiro
Quinn Emanuel Urquhart & Sullivan (NYC)
51 Madison Avenue
New York, NY 10010
212-849-7000
Fax: 212-849-7100
alexspiro@quinnemanuel.com

Allison L McGuire
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20001
202-538-8272
allisonmcguire@quinnemanuel.com

_____
Attorney for Movant