**Erin N. Teske**
Direct Dial: 646.218.7517
*eteske@hodgsonruss.com*

December 23, 2019

**VIA ECF**

Hon. Debra C. Freeman
United State District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York 10007-1312

        Re:    *Eastern Profit Corporation Limited v. Strategic Vision US, LLC, et al.*,
              Case No. 18-CV-2185-JGK

Dear Judge Freeman:

      We represent non-party Guo Wengui ("Mr. Guo") in connection with the above-entitled action. We submit this letter respecting subpoenas issued to GoDaddy by defendant Strategic Vision US, LLC ("Strategic") in connection with this action.

      We do not know the extent or scope of the information requested by the subpoenas because Strategic has refused to provide us with copies of the subpoenas it served. Nonetheless, based on subpoenas served on third-party providers that we have seen and the arguments made by Strategic in an effort to validate the propriety of those subpoenas, we are confident that the information requested by the subpoenas to GoDaddy concern Mr. Guo. Indeed, Strategic has already issued subpoenas to AT&T, T-Mobile, Google, YouTube, LinkedIn, and others requesting personal and confidential information, including billing information, geographical tracking information, three years' worth of telephone records, and more. Strategic did not request this information from Mr. Guo himself, choosing instead to wait until the end of the discovery period to subpoena third-parties in an attempt to obtain the information without Mr. Guo's knowledge, as Strategic has refused to provide Mr. Guo with notice of any of the subpoenas it has issued.

      In response to the subpoenas referenced above, the Court informed Strategic's counsel that its attempts to obtain such invasive personal information from third parties must be sufficiently tailored and relevant to this action to warrant such requests. The Court further held in abeyance the outstanding subpoenas to which there is objection. Notwithstanding this Court's admonitions and directives to Strategic, Strategic is proactively pursuing information from GoDaddy pursuant to the subpoenas Strategic served upon it. When we received notice of the subpoenas to GoDaddy, we sent emails to Strategic's counsel and GoDaddy advising of our objection and requesting that GoDaddy withhold production pending further notice from the Court. Rather, than advise GoDaddy to withhold production, Strategic encouraged GoDaddy to produce information responsive to the subponeas, in violation of the spirit – if not the letter – of this Court's prior directives that subpoenas such as these be narrowly tailored and held in abeyance until Strategic demonstrate a need for such invasive personal information. At present, GoDaddy has indicated it will provide the information requested in Strategic's subpoenas at the close of business today absent a motion to quash.

Hon. Debra C. Freeman
December 23, 2019
Page 2

      As a result of the foregoing, we are compelled to write this letter motion requesting that the Court quash the GoDaddy subpoenas and clarify its position that all subpoenas issued by Strategic for personal information relating to Mr. Guo be held in abeyance until a final ruling is issued on the scope of any permissible personal information to which Strategic is entitled. .

      If the Court wishes, we are available for a conference to discuss further.

      Respectfully submitted,

      */s/ Erin N. Teske*

      Erin N. Teske