**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

EASTERN PROFIT CORPORATION LIMITED,

*Plaintiff/Counterclaim Defendant*,

v.

STRATEGIC VISION US, LLC,

*Defendant/Counterclaim Plaintiff*,

v.

GUO WENGUI a/k/a Miles Kwok,

*Counterclaim Defendant*.

Case No. 1:18-cv-2185-JGK

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH**

Jeffrey S. Gavenman (JG3738)
SCHULMAN BHATTACHARYA, LLC
7500 Old Georgetown Road, Suite 901
Bethesda, Maryland 20814
Telephone: (240) 356-8550
Facsimile: (240) 356-8558

*Counsel for Non-Party Kin Ming "William" Je*

December 23, 2019

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

FACTS ............................................................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

    I.      Strategic Cannot Demonstrate Good Cause for Extending Discovery. ........................... 3

    II.     The Subpoena Should be Quashed Regardless: Strategic Seeks to Uncover Private Information That has Nothing to do with This Dispute. ............................................. 4

        A.     Mr Je Has Standing to Move to Quash the Subpoena. ................................................ 5

        B.     The Information Strategic Seeks Impinges on Mr. Je's Privacy Interests and is Wholly Irrelevant to the Claims at Issue................................................................. 7

        C.     Mr. Je Should Be Awarded His Attorneys' Fees......................................................... 9

CONCLUSION............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*ADL, LLC v. Tirakian*,
   2007 WL 1834517 (E.D.N.Y. June 26, 2007) .................................................................. 6

*American Int'l Life Assurance Co. v. Vasquez*
   2003 WL 548736 (S.D.N.Y. Feb. 25, 2003) .................................................................... 9

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010) ........................................................................................... 6

*Carey v. Berisford Metals Corp.*,
   1991 WL 44843 (S.D.N.Y. Mar. 28, 1991) .................................................................... 5

*Catskill Dev., L.L.C. v. Park Place Enter. Corp.*,
   206 F.R.D. 78 (S.D.N.Y. 2002) ...................................................................................... 5

*Chazin v. Lieberman*,
   129 F.R.D. 97 (S.D.N.Y. 1990) ...................................................................................... 5

*Chemical Bank v. Dana*,
   149 F.R.D. 11 (D. Conn. 1993)……………………………………………………...…..6

*Cole v. City of New York*,
   2012 WL 1138570 (S.D.N.Y. Apr. 5, 2012) .................................................................. 4

*During v. City Univ. of N.Y.*,
   2006 WL 2192843 (S.D.N.Y. Aug. 1, 2006) ................................................................. 7

*Eisemann v. Greene*,
   1998 WL 16421 (S.D.N.Y. April 8, 1998) .................................................................... 7

*Estate of Ungar v. Palestinian Auth.*,
   400 F. Supp. 2d 541 (S.D.N.Y. 2005) ............................................................................ 8

*First Indem. of Am. Ins. Co. v. Shinas*,
   2005 WL 3535069 (S.D.N.Y. Dec. 23, 2005) ................................................................ 5

*Hughes v. Twenty-First Century Fox,Inc.*,
   2018 WL 1936086 (S.D.N.Y. April 24, 2018) .............................................................. 7

*In re Application of Barnet*,
   2014 WL 7409524 (S.D.N.Y. Dec. 30, 2014) ............................................................... 3

*In re Fitch Inc.*,
   330 F.3d 104 (2d Cir. 2003).................................................................................................. 5

*In re Orange Boat Sales*,
   239 B.R. 417 (S.D.N.Y. 1999).............................................................................................. 3

*In re Refco Sec. Litig.*,
   759 F. Supp. 2d 342 (S.D.N.Y. 2011)................................................................................... 7

*In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*,
   2010 WL 2219343 (E.D.N.Y. Feb. 5, 2010).......................................................................... 6

*John Wiley & Sons, Inc. v. Doe*
   284 F.R.D. 185, (S.D.N.Y. 2012) ......................................................................................... 6

*KGK Jewelry LLC v. ESDNetwork*,
   2014 WL 1199326 (S.D.N.Y. Mar. 21, 2014) ...................................................................... 8

*Malibu Media, LLC v. Doe*
   2016 WL 5478433 (S.D.N.Y. Sept. 29, 2016)....................................................................... 6

*McCarthy v. Sarroff*,
   2003 WL 21145573 (S.D.N.Y May 16, 2003) ..................................................................... 8

*Night Hawk Ltd. v. Briarpatch Ltd., L.P.*,
   2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003) .................................................................... 9

*Salvatorie Studios, Int'l v. Mako's Inc.*,
   2001 WL 913945 (S.D.N.Y. Aug. 14, 2001)........................................................................ 8

*Sec. & Exch. Comm'n v. Waldman*,
   2018 WL 3315721 (S.D.N.Y. July 5, 2018) ......................................................................... 4

*Trump v. Hyatt Corp.*,
   1994 WL 168021 (S.D.N.Y. Apr. 29, 1994)......................................................................... 5

*Vaigasi v. Solow Mgmt. Corp.*,
   2016 WL 616386 (S.D.N.Y. Feb. 16, 2017)......................................................................... 8

**Rules**

Fed. R. Civ. P. 26(c) .................................................................................................................... 8

Fed. R. Civ. P. 45(c)(1) ................................................................................................................ 8

Fed. R. Civ. P. 45(d)(3)(A) .......................................................................................................... 2

Kin Ming "William" Je ("Mr. Je"), by and through counsel, respectfully moves this Court, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to quash the subpoena served by Defendant/Counterclaim Plaintiff Strategic Vision US LLC ("Strategic") on Google, LLC (the "Subpoena").

## PRELIMINARY STATEMENT

Mr. Je is not a party to this action, and for good reason: he is not even arguably liable for any of the alleged misconduct. And as even a cursory review of the pleadings confirms, any action purportedly taken by Mr. Je is entirely immaterial to the claims at issue. Mr. Je's personal email account certainly has no bearing on the resolution of this contract dispute; it is not referenced once in the allegations. To that end, Mr. Je was surprised, to say the least, to discover that Strategic was seeking to uncover private information pertaining to Mr. Je's personal Gmail Account via a third-party subpoena.

In the Subpoena, Strategic demands, among other things, the personal identifying information, the billing records, and a three-year history of time-stamped logins and session activity information for Mr. Je's personal Gmail Account. Not only is this information wholly irrelevant to the underlying allegations, but the Subpoena is untimely on its face. The return date falls five days after the close of fact discovery. Strategic cannot possibly present any valid rationale for extending the discovery deadline now, when Strategic failed to exercise any diligence in issuing the Subpoena, and its effort to discover Mr. Je's highly private (and highly irrelevant) information amounts to nothing more than a fishing expedition. The Subpoena should be quashed, a protective order should be entered to prevent Strategic from further attempts at this fishing expedition, and Mr. Je should be awarded his attorneys' fees.

## FACTS

As is evident from the underlying allegations, Mr. Je has virtually nothing to do with this contract dispute. ECF Nos.[1] 93 & 114. Mr. Je is not referenced once in the Second Amended Complaint. ECF No. 93. The operative Answer and Counterclaims reference Mr. Je precisely once, but only to allege that he "signed" an immaterial "loan agreement" on ACA Cap's behalf. ECF No. 114 ¶ 7. Although ACA Cap is mentioned a handful of times, the allegations solely concern ACA Cap's alleged payment of funds to Strategic and supposed "unsuccessful attempts" to "reverse transfer" the same funds. ECF No. 114 ¶¶ 5, 7, 8, 22, 59, 101. Mr. Je's personal Gmail Account is not mentioned, referenced, or implicated in any way. ECF No. 114.

Nonetheless, on November 26, 2019, two days before Thanksgiving, Strategic issued the Subpoena (attached as Exhibit A) to Google, LLC, seeking information regarding Mr. Je's personal Gmail Account.[2] However, fact discovery in this case closed on November 29, 2019 (ECF No. 172), a mere three days after the Subpoena was issued, and the Subpoena lists a return date of December 4, 2019. *See* Ex. A. In the Subpoena, Strategic demands that Google produce, within four business days (eight calendar days), private information regarding Mr. Je's personal Gmail

---

[1] Mr. Je cites to entries on this Court's docket as "ECF No. [#]."

[2] Apparently, Strategic's instant efforts are nothing new. Instead, the Subpoena seemingly constitutes part of a larger "subpoena-spree" Strategic has now visited "upon a large number of additional third parties that have nothing to do with this case, including Cloudfare, Inc., Google, LLC, GoDaddy.com, LLC, Twitter, Inc., LinkedIn Corporation, Verizon, LLC, T-Mobile, Inc., and AT&T Corp." ECF No. 218 at p. 2; *see also* ECF No. 216 at p. 8 (noting that Strategic has now issued "over a dozen third party document and deposition subpoenas").

Account, including information described in Google's "Privacy Policy," along with Mr. Je's personal identifying information and a "listing of each date, time, and IP address used to log in" and "[a]ll login and session activity information, including IP addresses and time stamps," from January 1, 2017 through the present. Ex. A. To date, Google has refused to produce the requested documents and Mr. Je brings this motion to ensure that Google continues to withhold his private information.

## ARGUMENT

### I. Strategic Cannot Demonstrate Good Cause for Extending Discovery.

A district court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A).[3] Although the four business days Strategic provided for compliance is unreasonable on its face, it is otherwise problematic: fact discovery in this case closed on November 29, 2019. ECF No. 172. Accordingly, the Subpoena, which is dated November 26, 2019 and commands compliance by December 4, 2019, can only be justified by extending discovery. But Strategic has no good cause for the extension it implicitly requests.

"To demonstrate good cause, the party seeking a modification must show that the relevant deadline could not reasonably be met despite that party's diligence." *In re Orange Boat Sales*, 239 B.R. 417, 474 (S.D.N.Y. 1999); *see also In re Application of Barnet*, 2014 WL 7409524, at *3 (S.D.N.Y. Dec. 30, 2014) ("A finding of good cause depends on the diligence of the moving

---

[3] A subpoena must also be quashed or modified if it requires a person to comply beyond the geographical limits specified in Rule 45(c); requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

3

party."). Strategic cannot possibly suggest, must less prove, that it was diligent in its instant efforts. Strategic contemplated issuing this Subpoena months ago.

More specifically, on October 10, 2019, when the parties jointly requested that the close of discovery be extended until November 29, 2019, Strategic apprised the Court that the parties had already "discussed that a small number of additional Fed. R. Civ. P. 45 document subpoenas to non-parties may be necessary." ECF No. 172 at p. 1. Yet, after informing this Court of the parties' "discussion," Strategic let nearly seven weeks elapse before taking any action whatsoever to issue the Subpoena. *See* Ex. A. By the time Strategic got around to serving it, compliance was impossible. Even Strategic recognized as much. For that reason, the Subpoena lists a return date of December 4, 2019—five days after the close of discovery. *See* Ex. A; *see also* ECF No. 172.

Strategic's abject inattentiveness to the discovery cut-off date it requested cannot provide good cause to extend discovery. *See, e.g., Sec. & Exch. Comm'n v. Waldman*, WL 3315721, at *6 (S.D.N.Y. July 5, 2018) (denying modification of discovery deadlines due to "plaintiff's lack of diligence"). Indeed, the Subpoena should be quashed for Strategic's unjustified (and unjustifiable) delay alone. *See Cole v. City of New York*, No. 10 CIV. 5308 BSJ KNF, 2012 WL 1138570, at *5 (S.D.N.Y. Apr. 5, 2012) ("In light of the plaintiff's unjustified delay in serving the subpoenas at issue, and absent any authority that three to five business days is a reasonable time to comply with the subpoenas in circumstances such as these, the Court finds that the plaintiff's subpoenas did not provide reasonable time for compliance, warranting quashing of the subpoenas.").

## II. The Subpoena Should be Quashed Regardless: Strategic Seeks to Uncover Private Information That has Nothing to do with This Dispute.

The Subpoena should be quashed regardless. Because even if this Court declines to quash the Subpoena based on Strategic's inexcusable delay and failure to provide a remotely reasonable time for compliance, Strategic has no need whatsoever for the information it requests. Motions to

4

quash are "entrusted to the sound discretion of the district court." *In re Fitch Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). As the Subpoena requires the disclosure of Mr. Je's private information, which has nothing to do with the claims (or contract) at issue, this Court should exercise its discretion and quash the Subpoena.

### A. Mr. Je Has Standing to Move to Quash the Subpoena.

"Whether a non-party has standing to quash a subpoena served on another non-party depends on the nature of the information sought." *First Indem. of Am. Ins. Co. v. Shinas*, No. 03 CIV.6634 (KMW) (KNF), 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005). When a non-party has a privacy or proprietary interest in the information requested from another non-party, the former has standing to move to quash a subpoena directed toward the latter. *See id*. Mr. Je's privacy interest in his own financial documents, including his billing records, provides him with standing. *See, e.g., Catskill Dev., L.L.C. v. Park Place Enter. Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (non-party Native American tribe had standing to move to quash subpoena directed to tribe's bank because tribe had privacy interest in its banking documents); *Carey v. Berisford Metals Corp.*, No. 90 CIV. 1045 (JMC), 1991 WL 44843, at *8 (S.D.N.Y. Mar. 28, 1991) (individual's "contention that he has a privacy interest" in his bank records was "sufficient to give him standing to contest the propriety of discovery"); *Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (a claim to "personal privacy rights in the records sought" was "sufficient" to provide standing for motion to quash); *Trump v. Hyatt Corp.*, No. 93 CIV. 5242 (CSH), 1994 WL 168021, at *1 (S.D.N.Y. Apr. 29, 1994) (defendant had "personal privacy rights in the banking and financial records sought to be discovered" from non-parties and thus had "standing to question the relevance of the documents

to plaintiff's claim within the context of permissible discovery").[4] Mr. Je also has privacy rights in his personal identifying information—and, self-evidently, in the information described in the "Privacy Policies." *See* Ex. A.

In addition, Mr. Je, like any other internet user, has a privacy interest in the personal identifying information held by Google, along with a "First Amendment privacy interest in anonymous Internet usage." *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012). These privacy interests also afford Mr. Je standing to move to quash the Subpoena. *See, e.g., Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (recognizing that an individual may challenge a subpoena directed at his ISP to preserve anonymity); *Malibu Media, LLC v. Doe*, No. 15-CV-3147 (AJN), 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016) (defendant had standing to move to quash subpoena directed to non-party ISP "because he ha[d] a privacy interest in the personal identifying information held by" the ISP); *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. 08-347 ARR MDG, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010), report and recommendation adopted in part, No. 08MC347 ARR MDG, 2010 WL 1686811 (E.D.N.Y. Apr. 26, 2010) (non-party individual had standing to move to quash subpoenas served on his ISP when individual "clearly ha[d] a

---

[4] The privacy interest is not limited to financial records. Instead, standing may be found any time the movant "has a sufficient privacy interest in the confidentiality of the records sought." *ADL, LLC v. Tirakian*, No. CV 2006–5076 (SJF)(MDG), 2007 WL 1834517, at *2 (E.D.N.Y. June 26, 2007) (recognizing a privacy interest in employment and personnel files); *see also Chemical Bank v. Dana*, 149 F.R.D. 11, 13 (D. Conn. 1993) (recognizing that compliance with a subpoena can infringe upon "privacy rights" in "financial and business dealings").

6

sufficiently significant interest in the information covered by that subpoena," which sought information about "his identity and whereabouts" and "at the very least affect[ed] [his] right to engage in anonymous speech"). Undoubtedly, Mr. Je has standing to move to quash the Subpoena aimed at unmasking private information about his personal Gmail Account.

### B. The Information Strategic Seeks Impinges on Mr. Je's Privacy Interests and is Wholly Irrelevant to the Claims at Issue.

"Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011); *see also During v. City Univ. of N.Y.*, No. 05 CIV. 6992 (RCC), 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) ("Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement."); *Hughes v. Twenty-First Century Fox, Inc.*, 2018 WL 1936086, at *2 (S.D.N.Y. April 24, 2018) (same). The party issuing the subpoena "must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 CIV.1382 RWS, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003). Strategic cannot possibly establish as much.

As described *supra*, neither Mr. Je nor ACA Cap is mentioned in the Second Amended Complaint. ECF No. 93. In its fifty-four-page Answer and Counterclaims, Strategic references Mr. Je once, in passing (ECF No. 114 ¶ 7), and Strategic's only allegations relating to ACA Cap concern payments ACA Cap purportedly made to Strategic. ECF No. 114 ¶¶ 5, 7, 8, 22, 59, 101. Because these allegations have nothing to do with Mr. Je's Gmail Account, the Counterclaims do not reference it, explicitly or implicitly, in any way. ECF No. 114. Courts grant motions to quash subpoenas when the information sought is of "doubtful and tangential relevance." *Eisemann v. Greene*, 1998 WL 16421, at *2 (S.D.N.Y. April 8, 1998). Under Strategic's own allegations, the

information it seeks is not even of "tangential relevance." It has absolutely nothing to do with this dispute.

Information is relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2017) (citing Fed. R. Evid. 401). None of the information Strategic seeks satisfies this standard. Put differently, even if Strategic had documents to show, for example, three years of time-stamped logins and the billing records for Mr. Je's Gmail Account, it would not help Strategic prove any of its claims or defenses. Accordingly, the Subpoena should be quashed. *See Salvatorie Studios, Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001) (granting motion to quash when defendant "failed to establish that the settlement agreement it seeks is in any way relevant to the claims or defenses raised in this action"); *see also Catskill*, 206 F.R.D. at 93 (holding that Magistrate Judge properly quashed a subpoena when plaintiffs could "present no legitimate need" for information they sought, which was "nothing more than a fishing expedition"); *Estate of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005), *aff'd*, 332 F. App'x 643 (2d Cir. 2009) (quashing subpoena after assessing "the unlikelihood of obtaining relevant information").

Given the highly irrelevant (and highly private) information Strategic seeks, Mr. Je is left with the inescapable conclusion that Strategic issued the Subpoena solely to harass Mr. Je. *See, e.g, KGK Jewelry LLC v. ESDNetwork*, 2014 WL 1199326, at *6 (S.D.N.Y. Mar. 21, 2014) ("Given that there is no colorable basis for the issuance of the subpoenas, it appears that they were issued either to harass or to delay the resolution of this action."); *McCarthy v. Sarroff*, 2003 WL 21145573, at *1 (S.D.N.Y May 16, 2003) (quashing subpoena "served to harass and embarrass"). To protect Mr. Je from further intrusion, this Court should issue a protective order precluding

Strategic from pursuing information about Mr. Je or his activities via any additional subpoenas. *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

### C. Mr. Je Should Be Awarded His Attorney's Fees.

This Court should also award Mr. Je his attorney's fees. Under Rule 45: "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(c)(1). "The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee." *Id*.

Sanctions are particularly appropriate when a party refuses to withdraw an improperly issued non-party subpoena at the non-party's request. *See Night Hawk*, 2003 WL 23018833, at *9 ("Sanctions are properly imposed and attorney's fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash."). On December 19, 2019 and again on December 22, 2019, undersigned counsel for Mr. Je requested that Strategic voluntarily withdraw the Subpoena, but Strategic declined to do so. As a result, Mr. Je should recover his attorneys' fees incurred in bringing this motion to quash. *See, e.g., Night Hawk*, 2003 WL 23018833, at *8-9 (awarding attorney's fees incurred in bringing motion to quash when party refused to withdraw improperly issued subpoena seeking information that was neither relevant nor material to the claims at issue); *American Int'l Life Assurance Co. v. Vasquez*, No. 02 Civ. 141, 2003 WL 548736, at *2–3 (S.D.N.Y. Feb. 25, 2003) (awarding attorney's fees incurred in bringing motion to quash after attorney issuing subpoena refused to comply with non-party's request to voluntarily withdraw it).

## CONCLUSION

For the aforementioned reasons, Mr. Je requests that this Court GRANT his motion to quash, issue a protective order preventing other discovery abuses by Strategic aimed at Mr. Je, award Mr. Je his attorneys' fees, and grant any other further relief as this Court deems just and proper.

Dated: December 23, 2019

Respectfully submitted,

**SCHULMAN BHATTACHARYA, LLC**

By: /s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

Jeffrey S. Gavenman (JG3738)
Schulman Bhattacharya, LLC
7500 Old Georgetown Road, Suite 901
Bethesda, Maryland 20814
Telephone: (240) 356-8550
Email: jgavenman@schulmanbh.com

*Counsel for Non-Party Kin Ming "William" Je*

## **CERTIFICATE OF COMPLIANCE**

I, the undersigned, hereby certify that this memorandum of law contains 3,157 words and complies with the formatting rules in Your Honor's Individual Rule 2(D).

<div style="text-align: right;">

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

</div>