**SCHULMAN**BHATTACHARYA

The Clark Building | 7500 Old Georgetown Rd, Ste 901, Bethesda, MD 20814 | 240.356.8550

**JEFFREY S. GAVENMAN**
**direct dial** 240.356.8553   **email** jgavenman@schulmanbh.com

December 26, 2019

**VIA ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007

Re:   <u>Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC</u>, Case No. 18-cv-2185 (JGK)-DCF

Dear Judge Freeman:

Non-party Kin Ming "William" Je hereby files this letter in support of his Motion to Quash (ECF No. 226) (the "<u>Motion</u>") and in response to the letter filed by Defendant/Counterclaimant Strategic Vision US, LLC ("<u>Strategic</u>") on December 24, 2019. (ECF No. 229) ("<u>Strategic's Letter</u>"). Strategic's Letter only serves to reinforce the need to quash the subpoena at issue.

As discussed in detail in the Memorandum in Support of the Motion (ECF No. 227) ("<u>Memo</u>"), the Motion seeks to quash a subpoena from Strategic to Google, LLC ("<u>Google</u>") for a host of information pertaining to the "william.je8@gmail.com" Gmail Account (the "<u>Subpoena</u>") (ECF No. 227-1).  Strategic attempts to downplay the information sought as "account-related information, but not the contents of any of Mr. Je's emails" and "only names, addresses, registration, account and billing information." (Strategic's Letter, pp. 1, 3.)  However, Strategic has greatly misrepresented the scope of the Subpoena; the Subpoena is far more intrusive, and far more insidious, than what Strategic represents to this Court.  Most notably, as discussed in the Memo, Strategic seeks "[a]ll account related information associated with [william.je8@gmail.com], as described in [Google's] Privacy Policy."  (ECF No. 227-1, p. 9.)  The Subpoena defines the term "Privacy Policy" to mean "the policy posted at: https://policies.google.com/privacy?hl=en," a copy of which is attached hereto as Exhibit A.  A simple review of the Privacy Policy shows that Google collects, and Strategic now requests, the following information related to Mr. Je's personal Gmail Account:

- the content he "create[s], upload[s], or receive[s] from others when using [Google's] services.  ***This includes things like email you write and receive***, photos and videos you save, docs and spreadsheets you create and comments you make on YouTube videos." (Ex. A, p. 2) (emphasis added);
- ***payment information*** (Ex. A, p.2);
- Mr. Je's "***browsing history***," including "[t]erms [he] search[ed] for; [v]ideos [he] watch[ed];" "voice and audio information"; "***purchase activity***"; "[p]eople with whom [he] communicate[d] or share[d] content; and "[a]ctivity on third-party sites and apps" (Ex. A, p.3) (emphasis added);
- interaction of his "apps, browsers, and devices" with Google's services (Ex. A, p.3); and

SCHULMAN BHATTACHARYA

December 26, 2019
Page | 2

- location data.

Strategic's attempt to downplay the scope of the Subpoena is akin to telling the Court that it is just seeking permission to glance around the outside of the house, while, in reality, it is attempting to kick in the back door and raid all of Mr. Je's information.[1]

Of course, Strategic fails to provide any basis whatsoever to meet its burden of showing the relevance of the broad swath of information it seeks. Rather, it tells the Court about information it would like to get from a deposition of Mr. Je[2], but entirely fails to provide a connection between those "questions" and the documents sought via the Subpoena. This is not surprising, as those questions have essentially no relationship with the documents sought via the Subpoena. Indeed, Strategic only attempts to defend three pieces of information it seeks: "who set up and operates Mr. Je's Google account; where Mr. Je may be found when he comes to the U.S., which may aid in serving a trial subpoena; and most importantly, whether Mr. Je has been accessing his Google account from the Mainland." (Strategic Letter, p. 2.) However, those efforts fall entirely flat. As to the first piece of information, Strategic offers no explanation of how the identity of the person that "set up and operates" Mr. Je's personal Gmail account has a tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Nor does Strategic offer any basis to suggest the owner and operator of Mr. Je's personal Gmail Account is anyone other Mr. Je himself, which places the entire inquiry into the realm of the impermissible fishing expedition. Finally, Strategic fails to explain how the business records could reveal the operator was someone else besides Mr. Je; indeed, there is no way to know from the business records sought whether it is Mr. Je or some other person (authorized by Mr. Je or not), that is accessing his Gmail Account.

The relevance of the second piece of information Strategic attempts to defend—Mr. Je's U.S. location—is equally unpersuasive. Obviously, simply that information may aid an attempt to serve a trial subpoena does not satisfy the standard to defeat a motion to quash, which requires a showing that the information is "relevant to the claims or defenses raised in this action." *See Salvatorie Studios, Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001). Serving a trial subpoena is not a claim or a defense.

---

[1] Strategic attempts to buoy its case for this sensitive information by noting that there is a protective order in this case. (Strategic Letter, p. 1.) However, Strategic does not state that it informed Google of the protective order or asked that Google produce information in a manner marked "confidential" or any other way that protects the information. In fact, Exhibit A (ECF No. 227-1) to the Memo contains Strategic's communication to Google, including the Subpoena itself and a related cover letter. A review of that communication reveals that Strategic neglected to inform Google of the protective order and gave Google no opportunity to mark the records "confidential." Additionally, it is clear from Strategic's Letter that it does not view the material sought as worthy of privacy or protection, so, certainly, it cannot be trusted to handle the information appropriately.

[2] Notably, Strategic's "story" of Mr. Je's importance is heavily premised on Strategic's representation that Lianchao Han identified Mr. Je as the person managing Mr. Guo's money and one of the people that advised Guo on whether to file the instant lawsuit. (Strategic Letter, pp. 1, 3.) However, Strategic's own exhibit containing that testimony belies its position; Mr. Han, in fact, DENIED that he was talking about William Je, and stated it was a different person named William. (ECF No. 229-1).

SCHULMAN BHATTACHARYA

December 26, 2019
Page | 3

Strategic has also failed to show the relevance of the third piece of information.  Strategic's admission that it does not know who operates Mr. Je's Gmail Account (and that it needs discovery on that question) effectively defeats the only explanation offered in the Strategic Letter for any of the requested information—wanting to know if Mr. Je is on the Mainland.  Of course, if others are operating the account (a question which will not and cannot be answered via the documents sought), then any access data would not serve the purpose of identifying Mr. Je's whereabouts, as any particular access could be from another user.  Thus, Strategic has failed to show the relevance of any of the documents sought by the Subpoena.

Furthermore, Strategic vastly overstates its position when it states that a "party will not have standing to object to a subpoena directed to a third-party in the absence of a claim of privilege." (Strategic Letter, p.3.)  As demonstrated by the cases cited in the Memo, there are numerous types of information and documents that will give a person standing to object to a third-party subpoena.  Even the Wright & Miller passage *quoted* in Strategic's Letter contradicts the self-servingly narrow interpretation of standing offered, erroneously, by Strategic; it notes that the objecting party has standing so long as it "claims some personal right or privilege with regard to the documents sought."  Once Strategic's misrepresentation to the Court about the scope of the Subpoena is corrected, Strategic's standing argument has no legs whatsoever.  Indeed, Strategic tacitly admits that if it were seeking financial records of Mr. Je and the content of his communications, then Mr. Je would indeed have standing to bring a motion to quash.  While it seeks to mislead the Court about the scope of the Subpoena in furtherance of its standing argument (Strategic Letter, p. 3), the above shows that Strategic is requesting exactly such information.  Also, as recently recognized by the United States Supreme Court in *Carpenter v. U.S.*, 138 S. Ct. 2206 (2018), Mr. Je also has a privacy interest in the whole of his physical movements, meaning he has standing to quash a subpoena seeking location information provided by a third-party that provides constant updates of physical location, such as the case with personal email account login information that is likely tied to a personal cell phone.

Finally, please note that undersigned counsel did indeed bring this motion upon his interpretation of the procedures outlined in Your Honor's Individual Rules.  Rule II(A), which governs when pre-motion conferences and discovery dispute procedures are required, specifically instructs that the parties "follow Local Civil Rule 37.2."  Local Civil Rule 37.2 instructs that motions brought "under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure" cannot be heard until the moving party has "first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference…"  There is no such requirement for a motion brought under Rule 45, such as the instant Motion.  Therefore, as Local Rule 37.2 exempts Rule 45 motions from these requirements, it was my understanding the Your Honor's Individual Practice Rules do as well, and the Motion falls under the category of a motion for which neither a letter motion nor a pre-motion conference is required.  If this interpretation is incorrect, of course, undersigned counsel asks Your Honor to set a time for such conference or to review the Motion as filed and, upon seeing that it is meritorious, find that a conference is not necessary and only serve the purpose of further delaying the resolution of this issue.  Notably, as mentioned in the Memo, undersigned counsel for Mr. Je and counsel for Strategic did indeed meet and confer about the Subpoena on multiple occasions, including a 38 minute phone call on December 19, 2019 and several lengthy follow-up emails.  Thus, the meet and confer requirement has already been met and the two sides of this motion have already considered and rejected the arguments of the other side.

SCHULMAN**BHATTACHARYA**

December 26, 2019
Page | 4

Best regards,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

*Counsel for Non-Party Kin Ming "William" Je*

Enclosures

Copies to counsel of record (via ECF)