**Erin N. Teske**
Direct Dial: 646.218.7517
*eteske@hodgsonruss.com*

December 31, 2019

**VIA ECF**

Hon. Debra C. Freeman
United State District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York 10007-1312

Re:   *Eastern Profit Corporation Limited v. Strategic Vision US, LLC, et al.*,
      Case No. 18-CV-2185-JGK

Dear Judge Freeman:

We represent non-parties Guo Wengui ("Mr. Guo"), Golden Spring (New York) ("GSNY"), and Karin Maistrello in connection with the above-entitled action and submit this letter in response to the letter filed by Strategic on December 23, 2019 ("Letter"). The Letter seeks an order enforcing subpoenas to AT&T and Google requesting the production of invasive personal information including, but not limited to, nearly three-years' worth of telephone records and text messages, geographic tracking data,[1] financial information, a listing of each date, time, and IP address used to log-in to various accounts, and the identification of other accounts associated with any of the addresses, phone numbers, or email addresses responsive to the subpoenas. The very breadth and type of information requested by the subpoenas evidences the harassing intent of the subpoenas, which we respectfully request to quash.[2]

Subpoenas requesting this type of personal information without narrowly tailoring the requests are routinely quashed. *See Benn v. City of New* York, 2019 WL 4857339 (S.D.N.Y. October 2, 2019) (denying plaintiff's motion to compel the production of phone records as the records were not sufficiently relevant); *see also Go v. Rockefeller Univ.*, 280 F.R.D. 165, 176-77 (S.D.N.Y. 2012) (denying motion to compel telephone records because they would not prove the

---

[1]   While Strategic purports to have withdrawn its request for geographic tracking data, such data may be responsive to requests for "IP addresses," "protocol data," "tracking data," "geographic data," "data related to mobile applications," "Whois data," and "data collected by cookies and similar technologies" – all of which are requested by the subpoenas. It is unclear which of these categories of data Strategic has "withdrawn" from its requests. Indeed, it seems clear from Strategic's Letter that it continues to seek at least some geographic tracking data. *See* Letter, p. 4.

[2]   In opposition to Strategic's Letter, Mr. Guo also refers to and adopts the arguments presented in the letter addressed to Judge Freeman from Mark Harmon, dated October 28, 2019 (Docket No. 188), the letter addressed to Judge Freeman from GSNY dated November 4, 2019 (Docket No. 191), and the letter to Judge Freeman from non-parties Mr. Guo and GSNY, dated November 8, 2019 (Docket No. 192), which concern the subpoenas to AT&T and Google.

Hon. Debra C. Freeman
December 31, 2019
Page 2

content of the calls reflected in the record, which is what plaintiff really sought to prove); *Barbara v. MarineMax, Inc.*, 2013 WL 12358268 (E.D.N.Y. March 7, 2013) (denying plaintiffs' appeal of a decision denying plaintiffs' motion to compel the production of phone records); *Smith v. Pefanis*, 2008 WL 11333335 (N.D. Ga. October 30, 2008) (granting a non-party's motion to quash a subpoena to AT&T seeking movant's personal phone records, because the subpoena was overbroad and granting a second non-party's motion to quash a subpoena because "allowing defendants unfettered access to [movant's] personal cell phone records would enable them to conduct a fishing expedition based on an overly broad subpoena").  Indeed, in a telephone conference with counsel concerning the subpoenas, Your Honor informed Strategic that it would need to tailor its requests to a narrow topic, clearly disputed in this case and that the party seeking discovery would have to show the relevance of the discovery sought in the first instance.

Despite Your Honor's directives, Strategic refused, during a meet-and-confer, to provide the basis for the subpoenas at issue and would not discuss the relevance of the phone records, billing information, or tracking data it requested in the subpoenas.  Deferring responsibility entirely, Strategic continued to demand that the non-parties prove their standing to object to the subpoenas and provide Strategic with information concerning the accounts subject to the subpoenas.

In its Letter seeking to enforce the subpoenas, Strategic still does not provide a narrowly tailored basis for its request, instead arguing that by obtaining all phone records over a nearly-three-year period, the records might show that Mr. Guo and others had contact with Mainland China – without being able to identify with whom in China the callers may be speaking or what may have been discussed.  Strategic has not attempted to identify the phone numbers of a specific individual with whom it believes Mr. Guo was speaking; instead, it seeks permission to undertake a fishing expedition of Mr. Guo's phone records to see if he might have called Mainland China (where he spent most of his life and still has family and friends).  The fact of calls to Mainland China will not prove the content of such calls or that Mr. Guo is not a dissident, which is what Strategic seeks to show.  Thus, the call records themselves are not relevant.  *See Go v. Rockefeller Univ.*, 280 F.R.D. 165, 176-77 (S.D.N.Y. 2012) (denying motion to compel telephone records because they would not prove the content of the calls reflected in the record, which is what plaintiff really sought to prove).

Strategic's meandering explanation for its subpoenas to Google and YouTube is equally frivolous.  On the one hand, Strategic hopes to show that accounts of Mr. Guo and others were accessed from Mainland China (despite that it also purports to have withdrawn its request for geographic tracking data) and on the other hand acknowledges that – if the accounts were accessed from Mainland China – such access could be by William Je, which does nothing to show that Mr. Guo is not a dissident.

Finally, Strategic's argument that Mr. Guo does not have standing to quash these subpoenas ignores the relevant facts and case law.  Indeed, the Western District of New York has expressly held that a non-party has "a legitimate interest in preserving the confidentiality of the [phone] records against disclosure." *Syposs v. U.S.*, 181 F.R.D. 224 (W.D.N.Y. 1998).  This Court, too, has cited to *Syposs* holding that "a party whose records have been subpoenaed has 'a sufficient privacy interest in the confidentiality of [the] records' so as to assert standing to

Hon. Debra C. Freeman
December 31, 2019
Page 3


challenge the subpoena."[3] *Olympic Chartering, S.A. v. Ministry of Industry and Trade of Jordan*, 134 F. Supp. 2d 528, 535 (S.D.N.Y. 2001).

If the Court wishes, we are available for a conference to discuss further.

Respectfully submitted,

*/s/ Erin N. Teske*

Erin N. Teske

---

[3]  A contrary holding would encourage inefficiencies in the discovery process, as parties would be able to obtain from non-parties through subpoena practice what it would not be able to obtain from parties directly. Such a result would also, under circumstances such as we have here, encourage parties to seek by subpoena invasive personal information concerning non-parties, who may or may not have standing to object, without providing such non-parties with notice of the subpoena, which seems an unjust result to non-parties.