

Edward D. Greim
Direct Dial: (816) 256-4144
edgreim@gravesgarrett.com

January 2, 2020

<u>VIA ECF</u>
Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007

Re:   **Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC**, Case No. 18-cv-2185 (JGK)-DCF
Reply in Support of Its Motion to Enforce Subpoenas to Nonparties

Dear Judge Freeman:

This letter addresses the Response of non-parties Guo Wengui ("Mr. Guo"), Golden Spring (New York) ("GSNY"), and Karin Maistrello (collectively, "the non-parties") to Strategic Vision's letter motion of December 23, 2019 (Dkt. No. 228), seeking enforcement of subpoenas to nonparties AT&T, Google, and GoDaddy. For the following reasons, this Court should grant Strategic Vision's motion to enforce the subpoenas and reject the arguments made in the non-parties' untimely response.[1]

Despite submitting three pages of argument in opposition to the Motion to Enforce, counsel for the non-parties still refuse to specify on which clients' behalf they object. Indeed, they fail to inform the Court which of the subpoenas' listed accounts even belong to their clients. They offer no defense to their continued interference in lawfully served subpoenas to nonparties, and provide no facts to support any claim of a personal right or privilege with regard to the documents sought by the subpoenas. Instead, the non-parties double down on their "overbreadth" and "burden" arguments (which are, of course, improper objections to subpoenas issued to third parties) and raise general complaints about relevance. What is ultimately fatal to their objection, however, is the non-parties' failure to show **any personal right or privilege** that would be impacted by the information sought; they lack standing to object.

The Response makes no meaningful attempt to distinguish this Court's own holdings requiring a showing of a personal right or privilege to object to a third-party subpoena. *See* Dkt.

---

[1] The non-parties' response was filed on December 31, 2019, more than a week after the filing of Strategic Vision's letter motion, in violation of Your Honor's Individual Practice Rule I(D (specifying that "opposition to any letter motion shall be filed within three (3) days of the moving letter..."). Counsel for Strategic notified counsel for the non-parties on December 30 that any response had been due on December 27, 2019, and informed counsel that it would seek the Court's availability for a phone hearing the following week.

1



No. 228, *citing Wood v. Mut. Redevelopment Houses, Inc.,* 2019 WL 6174369, at *8 (S.D.N.Y. Nov. 19, 2019) (Freeman, J.), *Arista Records LLS v. Lime Group*, 2010 WL 11586794, at *1 (S.D.N.Y. Oct. 10, 2010) (Freeman, J.). Nor does the Response offer a factual basis to support the non-parties' assertion of a personal right or privilege in the requested materials; indeed, no claim of privilege is raised. There is no argument that Guo, GSNY, or Maistrello have a personal right to the information sought. (Nor do the non-parties admit that their confidentiality concerns are undercut by the protective order, as this Court has held.) This is not surprising. Because the subpoenas seek only names, addresses, registration, account and billing information—not contents of communications, attorney-client privileged communications, or proprietary data—the non-parties cannot raise a plausible claim of privilege or right that the subpoena would impair.

The non-parties cite only one case from this district for the proposition that they have standing; this case, they claim, holds that a party whose information resides within another party's subpoenaed records automatically enjoys a privacy interest in those records' confidentiality that is sufficient to create standing. *See* Dkt. No. 233 at 2-3, *citing Olympic Chartering, S.A. v. Ministry of Industry and Trade of Jordan*, 134 F. Supp. 2d 528, 535 (S.D.N.Y. 2001). But that cannot be. The *Olympic* case, which concerned a subpoena for *bank records*, involved a party who *made the requisite factual showing* to establish a privacy right. The party therefore had standing. Of course a party may establish standing if it demonstrates, with facts, a sufficient privacy interest in the confidentiality of records subpoenaed, but the objecting party must still make that requisite showing of privilege or some privacy right. *Freydl v. Meringolo*, 2011 WL 1226226, at *1 (S.D.N.Y. Mar. 25, 2011).

Here, the non-parties offer no facts to support a claim of privilege or sufficient privacy interest in the subpoenaed records. The Response, at 2, casually references "relevant facts" to support standing, but does not specify what relevant facts establish any privilege or personal right to object. The Response fails to distinguish, and indeed ignores entirely, the *fifteen* cases cited by Strategic Vision in its arguments related to standing. Its reliance on the *Olympic* case is unavailing: this Court's recent *Malibu Media* case (relied on by Strategic in its principal brief) cites *Olympic* to explain what showing is required to object to a third-party subpoena:

"[A] party usually does not have standing to object to a subpoena directed to a non-party," *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975), unless there is "a claim of privilege," *id.*, or the party **shows** "a sufficient privacy interest in the confidentiality of [the] records," *Olympic Chartering, S.A. v. Ministry of Indus. & Trade of Jordan*, 134 F. Supp. 2d 528, 535 (S.D.N.Y. 2001).

*Malibu Media, LLC v. Doe*, 2018 WL 5985284, at *3 (S.D.N.Y. 2018) (emphasis added). This Court has repeatedly held that a party objecting to a third-party subpoena must either (a) claim a privilege, or (b) *make a showing* of a sufficient privacy interest to establish standing to object. The non-parties have done neither here.

That leaves only the non-parties' objections about overbreadth, undue burden, and relevance. The Court should reject entirely their arguments about overbreadth and undue burden: these non-parties lack standing to object to the subpoenas to *other, producing non-parties* on that



basis. As argued at length in the Motion, Dkt. No. 228, at 6-7, an "undue burden" objection cannot succeed on these facts. It is the subpoena recipients themselves, not Guo and GSNY, who have standing to challenge the third-party subpoenas as overly broad or unduly burdensome. *See* Fed. R. Civ. P. 45(c)(2)(B), 45(c)(3), *Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 7180662, at *4 (N.D. Cal. Nov. 16, 2015); *Malibu Media, LLC v. Doe*, 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016); *Malibu Media, LLC v. Doe No. 4*, No. 12-CV-2950, 2012 WL 5987854, at *2 (S.D.N.Y. Nov. 30, 2012) ("[C]ourts in various jurisdictions around the country have extensively addressed this issue ... and those courts have held that John Doe Defendants generally have no standing to move to quash [a] subpoena that is issued to a third party, such as an ISP, on the basis of undue burden." (internal quotation marks omitted)). The non-parties ignore this binding black letter law, objecting to the subpoenas' "breadth" and scope.

The requested material is directly relevant to Strategic Vision's breach of contract defense and fraud counterclaim, and the non-parties fail to address the substance of Strategic Vision's three pages of detailed argument in favor of relevance. *See* Dkt. No. 228, at 3-5. And while the non-parties appear to claim the subpoenas should be more narrowly tailored, *see* Dkt. No. 233 at 2, they refuse to provide even basic details about which clients correspond to the accounts listed in order for the subpoenas to be modified. The non-parties' blanket objections are insufficient to identify which of the eight phone numbers, six email addresses, and eight YouTube accounts belong to their clients, which do not provide Strategic Vision sufficient information to offer to narrow the requests, much less allow this Court to quash the discovery. (Again, note that Strategic believes that at least a few of the accounts are associated with the Chinese; if this is so, why is Guo objecting to learning more about who controls the YouTube accounts that are supposedly harassing him?) Moreover, the non-parties discount Strategic's good-faith efforts to narrow the subpoenas by withdrawing the requests for geographic tracking information, and wrongly claim that such information is still being sought. It is not.[2]

Courts regularly enforce subpoenas to nonparties where, as here, the subpoena seeks relevant information under Rule 45. *Id.* at 3 (collecting cases). As Strategic Vision argued in its principal brief—and the non-parties do not dispute—a subpoena to a nonparty should be enforced where it seeks information designed to ascertain the contacts and financial relationships among entities that are "extraordinarily intertwined" with parties. *See Ross v. UKI Ltd.*, 2004 WL 67221 at *7 (S.D.N.Y. 2004) (allowing plaintiffs to take discovery regarding relationships among defendants where there were allegations suggestive of an alter ego relationship); *Zinter Handling v. General Electric Co.*, 2006 WL 3359317, at *4 (N.D.N.Y. 2006) (denying motion to quash where movant argued that non-party and defendant were two distinct and separate entities where evidence proffered on motion showed that two companies, although distinct legal entities, were "extraordinarily intertwined"); *State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C.*, 2007 WL 2993840, *1 (E.D.N.Y. Oct. 10, 2007) (denying motion to quash subpoenas served on non-parties) ("[T]he scope of the subpoenas is appropriate for ascertaining the financial relationship of the moving defendants and non-parties.").

---

[2] Strategic Vision sent counsel for the non-parties confirmation of this withdrawal, submitted in writing to the subpoena recipient providers, showing clearly that Strategic did more than "purport to withdraw" the request for geographic tracking data.



Finally, Strategic Vision renews its request for an Order enjoining counsel for Guo and GSNY from further interference with third-party subpoenas. Tellingly, counsel for the non-parties do not dispute that they unlawfully interfered with duly-served subpoenas on at least one third party, GoDaddy, before any motion to quash had been filed. Nor do they attempt to explain their inappropriate interference. The law is clear: Advising a third party to ignore a subpoena is sanctionable behavior. *See Price v. Trans Union, LLC*, 847 F.Supp.2d 788, 794 (E.D.Pa.2012) ("Nowhere in the Rule is it contemplated that the adversary of the party seeking the information may advise, no matter the reasons, the person commanded by the subpoena to produce the information to ignore the subpoena's command. Yet, that is exactly what happened here. Mr. Soumilas took it upon himself to limit or attempt to "quash" the subpoenas by sending his Advice Letters. In doing so he arrogated to himself a power assigned to the Court under the Rule. The violation is clear and it is sanctionable.").

In any event, the Response does not attempt to argue that the subpoenas to GoDaddy suffer from any of the same alleged defects as the Google and AT&T subpoenas. The GoDaddy subpoenas should be enforced for the same reasons as those to AT&T and Google—counsel for Guo and GSNY lack standing to object to those subpoenas; six of the eight domains for which registration information is sought belong to entities *other than* Guo or GSNY that did not object; and Guo and GSNY have made no attempt to show a claim of privilege or personal right to any information responsive to those subpoenas.

In sum, the non-parties lack standing to move to quash the subpoenas to AT&T, Google, and GoDaddy in the absence of a proven privilege or personal right; the subpoenas seek relevant information; breadth and scope are not proper objections by one non-party to another non-party subpoena; and the non-parties' blanket objections are insufficient to identify which of the phone numbers, email addresses, and YouTube accounts even belong to their clients. The subpoenas should be enforced.

We look forward to a conference call with the Court to discuss these issues, and will continue to work to schedule the same.

Respectfully submitted,

Edward D. Greim
Attorney for Defendant/Counterclaimant

cc: Counsel of record via ECF