# Exhibit A

| | |
|---|---|
| **From:** | Greim, Edward D. |
| **To:** | Jeffrey Gavenman |
| **Cc:** | Badell, Rebekah; Luetkemeyer, Lucinda; Donnelli, Jennifer |
| **Subject:** | RE: Je Google Subpoena |
| **Date:** | Monday, December 23, 2019 8:37:44 AM |

Jeff,

Thanks for the follow-up, and I am sorry I haven't been able to respond until this morning.

For the reasons we discussed, information about your client is highly relevant to our defenses and our claim. This means that we are willing to withdraw the Google subpoena if Mr. Je is willing to provide sworn testimony in this case; the subpoena only became necessary due to the fact that he has absented himself from this jurisdiction, and no one (not even you) has been able to provide information on his whereabouts. We would certainly want Mr. Je to talk about his role in approving payments from ACA on Mr. Guo's behalf; the benefits he expected to receive from the Strategic Vision contract and the reports he received on it from Golden Spring's staff (who actually answer to Guo); his purported negotiation of what Eastern Profit claims is a "loan" it received from Eastern Profit; his attempts to enforce the loan; and his own contacts with the CCP and PRC from 2017 on. As it stands now, let me remind you that the subpoenaed information will not include the contacts of Mr. Je's emails, or other information in which he might claim a privacy interest. But it will confirm whether, as we suspect, Mr. Je's account is being accessed from the Mainland by authorized users. If so, that will destroy the narrative being pushed by Eastern Profit, Golden Spring, and Guo that Je is himself a dissident who has taken an active interest in funding and receiving the results of Strategic Vision's work for Guo/Eastern Profit. (This reminds me: I have not yet had a chance to review the LinkedIn results myself, but since they're equally accessible to you, I won't give you details that disclose our work product other than to say that they have been quite helpful.)

One final question. I asked you to provide notices that Mr. Je may have received on behalf of what you claimed were Mr. Je's companies, including ACA and an entity called Hamilton Investments, although as our discussion progressed it sounded as if you may have disavowed the connection between these entities and Je. You have not provided any other notice(s) you mentioned, and I am not entirely clear on your ultimate position on this issue. Still, it got me thinking, and I would like to know whether you yourself serve as an agent for Mr. Je or ACA. For example, have you registered under FARA for work on behalf of either? If we cannot reach an agreement along the lines I suggested above, would you accept service of a subpoena directed to Mr. Je or to ACA?

Please advise. I am in the office and at my desk if you'd like to talk more about this.

Eddie