# Exhibit B

| | |
|---|---|
| **From:** | Luetkemeyer, Lucinda |
| **To:** | "google-legal-support@google.com" |
| **Cc:** | Greim, Edward D. |
| **Subject:** | Request for Call Today-Google Ref No. 3164222) |
| **Date:** | Friday, December 27, 2019 10:20:00 AM |
| **Attachments:** | GoogleObjection 3164222.pdf |
| | Ltr EDG 111919 Google re Subpoenas 3101988 3097957 3101994.pdf |
| **Importance:** | High |

To: Laura Devine

Laura, we spoke on December 11 regarding our subpoena (Ref. No. 3164222), which we are currently litigating in S.D.NY. During that call, we discussed outstanding subpoenas in this matter (including Nos. 3109888, 3097957, and 3109944) where there were then motions to quash pending. I explained that in those subpoenas, we had withdrawn request no 6. for account information related to the privacy policy, including geotracking information, as outlined in our 11-19 letter (attached). For all of these subpoenas, I explained that we were not seeking content of communications.

During our call, we also discussed the status of Google's processing of a response to the outstanding subpoena No. 316422 for registration and other information related to the WILLIAM.JE8@GMAIL.COM email address, which at that time on December 11 there had been no motion to quash filed. You indicated that Google was still in the 21-day window of notifying the user to allow a time for any objections, and said that time period expired on Dec. 24, 2019. You said that your colleague Madeline Byers was handling the response to this subpoena, but that you had spoken with her about it. �You indicated that there was responsive data, such that if there was no motion to quash filed by that date, Google would produce responsive data, which would be "subscriber information." I reiterated that we were not seeking the content of communications, and it was my understanding that Google did not plan to produce any contents of communications.

Following our call, as promised, I sent you the protective order in this matter as well as the docket sheet, to address any confidentiality concerns and to provide context, and indicated we would be in touch on the subpoenas where there had been motions to quash (3097957, 310988, and 310994) once those were resolved by the Court.

After our call-and just a few days ago, as you are aware, a motion to quash was filed on Ref. NO. 3164222 for the William.Je8 gmail address. As part of the briefing in that matter, just filed early this morning, counsel for the user has claimed that our subpoena's Request 6 for account information associated with the account as included in the privacy policy would result in the production of wide-ranging information, including the content of communications. It was certainly not our intention to seek that information, as you know based on our December 11 call—and the inclusion of Request 6 was inadvertent after we had withdrawn the request seeking privacy policy related information from subpoenas 3097957, 310988, and 310994. In any event, based on our December 11 discussion, it was my understanding that Google's responsive information and planned production (had there been no motion to quash) would not have included any contents of communications, and instead would have been for account and subscriber information only.

Can you please give me a brief call today at your earliest convenience to confirm this? We need to confirm that for the subpoena to the William.Je8@gmail.com email, Ref. No. 3164222, our understanding (and Google's plan) as outlined in our call on December 11 was that the responsive production—assuming no motion to quash was filed by the expiration of the user notice period—was to produce subscriber information and *not* the contents of communications. Following our call, we represented to the Court and opposing counsel that we are not seeking the contents of any communications through this subpoena, and indeed that Google's planned response (if there had been no motion to quash) would <u>not</u> have included the contents of communications or the broad account information listed in the privacy policy.

My direct line is 816-645-5884. Please call me at your earliest convenience.

Thank you,

Lucinda Luetkemeyer