

Edward D. Greim
Direct Dial: (816) 256-4144
edgreim@gravesgarrett.com

January 2, 2020

**VIA ECF**
Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
Courtroom 14A
500 Pearl Street
New York, New York 10007

Re:    Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC, 18-cv-2185 (JGK)

Dear Judge Koeltl:

At the January 14, 2020 conference, Strategic Vision will show why the four claims pled by Eastern Profit in its Second Amended Complaint (ECF 93) are appropriate for dismissal on summary judgment. Strategic Vision also will seek summary judgment on certain elements of its Counterclaims for breach of contract and fraudulent misrepresentation (ECF 127).

<u>Background Facts for Contract and Fraud Claims and Defenses</u>

Strategic Vision entered into a Research Agreement with Eastern only because of the representations of Guo Wengui (attributable to Eastern by its recent admission, ECF 142, ¶ 4) that he was a Chinese dissident who would use the fruits of the Agreement to support regime change. The undisputed evidence will show this was false. Guo is not a dissident. Instead, he is a supporter of the Chinese Communist Party ("CCP"). On August 26, 2017, just a few months before he began negotiating with Strategic, Guo wrote CCP officials to confirm his personal loyalty to "Chairman Xi," asking CCP leadership to convert Guo's "influence and resources" to "best serve Chairman Xi Jinping's China Dream!"

To corroborate Guo's direct admissions for purposes of Strategic Vision's fraud claim, as well as to support its contract defense, Strategic Vision has amassed other evidence of Guo's significant contacts with China after he claims to have become its most-wanted dissident. For example, the $1 million payment Eastern is seeking to "recover" under its contract (and other) claims was actually made by ACA Capital Group Limited, a Hong Kong entity. Despite ACA's public association with Guo, who claims his assets were frozen by the Chinese government, ACA's assets have been freely transferred from Hong Kong to the U.S. for Guo-related projects, including the Agreement, *without* the Chinese government interference that Eastern claims prevented it from directly paying Strategic Vision. ACA, in turn, is controlled by an individual, William Je, whom Guo introduces to close associates as his "money man." Guo and his network claim Je is a dissident who was to receive Strategic's work product under the Agreement, but in fact, Je maintains close Mainland and CCP ties. He has served as an economic adviser to Mainland cities; serves on the Chinese People's Political Consultative Conference; and is a member of a "patriotic



group" of the type that the CCP uses to exert political influence in Hong Kong. That ACA rather than Eastern made the $1 million payment to Strategic Vision (and expected to access Strategic's research) is significant, then, for two reasons. First, as shown below, it defeats Eastern's breach of contract, fraud, and unjust enrichment claims. Second, for purposes of Strategic's fraud claim, it is the missing link that proves the Mainland's continued control of Guo and his non-dissident status.

## Breach of Contract (Count I) and Strategic Vision's Affirmative Defense Thereto

The elements of breach of contract for pecuniary damages are:  (1) formation of a contract between the parties (undisputed); (2) performance by the plaintiff (Eastern cannot prove); (3) non-performance by the defendant (disputed); and (4) resulting damages to the plaintiff.  *Terwilliger v. Terwilliger,* 206 F.3d 240, 245–46 (2d Cir.2000) (quotation omitted). Given the brevity of this submission, Strategic Vision focuses on element (4) but will also address (2) at the briefing stage.[1]

"Causation is an essential element of damages in a breach of contract action; and, as in tort, a plaintiff must prove that a defendant's breach directly and proximately caused his or her damages." *Wilder v. World of Boxing LLC*, 310 F.Supp.3d 426, 445 (S.D.N.Y. 2018) (citation omitted). "Where a party has failed to come forward with evidence sufficient to demonstrate damages flowing from the breach alleged and relies, instead, on wholly speculative theories of damages, dismissal of the breach of contract claim is in order." *Lexington 360 Assocs. v. First Union Nat'l Bank of N.C.*, 234 A.D.2d 187, 190, 651 N.Y.S.2d 490 (1st Dep't 1996). Eastern seeks pecuniary damages in the form of a "return" of the $1 million payment ACA made to Strategic (ECF 93, ¶ 29). However, it cannot show that Strategic's alleged breach of the Agreement caused Eastern to lose $1 million. ACA, not Eastern, paid Strategic. No funds ever passed through Eastern's hands. Indeed, even had the parties completed performance, Eastern never had the assets to pay $1 million back to ACA (if ACA's wire to Strategic is viewed as a "loan" to Eastern), nor did it have the assets to make the additional periodic payments to Strategic required by the Agreement. That is because Eastern's assets were (and are) frozen in Hong Kong, which Eastern claims is a result of a CCP crackdown on dissidents. Eastern did not pay under the contract—and never could have. *F.D.I.C. v. First Intern. Bank*, No. 98 Civ. 8374(LLS), 1999 WL 1114692, at *1 (S.D.N.Y. 1999) *citing Katz v. Dime Sav. Bank,* 992 F. Supp. 250, 255 (W.D. N.Y. 1997) ("Plaintiff's claims of fraud and breach of contract are dismissed for lack of any showing of pecuniary damage suffered by plaintiff either as a result of … breach of contract"). Since Eastern was and is in no position to obtain $1 million from anyone, its "recovery" of ACA's transfer to Strategic would place it in a better position than it occupied pre-contract. *Assured Guar. Mun. Corp. v. RBS Sec. Inc.*, 2014 WL 1855766, at *1 (S.D.N.Y. 2014) (Koeltl, J) ("rescissory damages restore a plaintiff to the position occupied before the defendant's wrongful acts.") (internal citations omitted). Count I fails.

## Fraudulent Misrepresentation Inducing the Research Agreement, Count II

Fraud requires "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it,

---

[1] Eastern cannot prove it performed under the Agreement.  Eastern never paid on the Agreement, and its other actions were not in compliance with its express and implied contractual obligations.



justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Mandarin Trading Ltd. v. Wildenstein*, 919 N.Y.S.2d 465, 469 (Sup. Ct. 2011). Eastern alleges that Strategic Vision misrepresented its qualifications and resources. The claim fails because Eastern cannot show any false statement of fact by Strategic Vision regarding its qualifications or resources, made with knowledge of its falsity. What Strategic Vision said about itself was true. Also, for the same reason Eastern cannot show damages on its contract claim, above, it cannot show them here. *See*, *e.g.*, *VariBlend Dual Dispensing Systems LLC v. Crystal International (Group) Inc.*, No. 18 Civ. 10758 (ER), 2019 WL 4805771, at *21–22 (S.D.N.Y. 2019); *Warren v. John Wiley & Sons*, No. 12-cv-5070, 2013 U.S. Dist. Lexis 93040, at *30-31 (S.D.N.Y. July 2, 2013) ("a failure of proof on direct out-of-pocket losses will subject a fraud claim to dismissal").

### Declaratory Judgment that the Research Agreement is Illegal and Unenforceable, Count III

Summary judgment properly will dispose of Count III, a declaration sought even though Eastern alternatively alleges the contract is valid and enforceable. Strategic Vision purportedly was not state-licensed when performing under the contract but Eastern previously acknowledged uncertainty about which law would apply, advising the Court that it may be that of New York, Virginia, D.C, or Nevada, ECF 122. There is no evidence that Strategic Vision performed any activity in Virginia that that state would label as a private investigation. At most, Strategic Vision signed the contract in Virginia. The gathering of the original research occurred overseas, not under any state's laws, and it was performed by specially-assembled teams of contractors who were not Strategic Vision employees. The advice generated concerning that original research overseas was conveyed to Eastern in New York, but no New York case has applied its private investigation statute in these circumstances. Finally, neither Nevada nor D.C. law applies.

### Unjust Enrichment Seeking Disgorgement of the $1 Million ACA Payment, Count IV

Eastern seeks disgorgement of the "benefit" of the $1 million payment from ACA to Strategic under an unjust enrichment theory but Eastern must prove that *it* "conferred a benefit upon defendants and that defendants will obtain such benefit without adequately compensating plaintiff." *Lake Erie Distributors, Inc. v. Martlet Importing Co.*, 221 A.D.2d 954, 956, 634 N.Y.S.2d 599, 601 (1995) (citation and quote marks omitted). Eastern conferred no benefit on Strategic, never itself paid even a nominal amount to Strategic under the contract, and is not entitled to a "return" of the $1 million ACA sent to Strategic from ACA's Hong Kong bank account. The only benefit in connection with Eastern on Count IV is the one it would receive if it were awarded ACA's $1 million payment to Strategic. To allow such a result would be to place Eastern in a better position (*i.e.*, as recipient of $1 million from ACA's Hong Kong account) than it would have been absent the Agreement.

### Partial Summary Judgment on Strategic Vision's Claims

Strategic Vision's claims are for breach of contract/contractual duties and fraudulent misrepresentation. Strategic Vision will prove fraud based on Guo's materially false claims regarding his dissident status and his intended uses of Strategic Vision's work. To prove fraud, Strategic Vision will show "a misrepresentation or a material omission of fact which was false and



known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Mandarin,* 919 N.Y.S.2d at 469. The undisputed evidence will show that, in negotiating the contract, Guo falsely represented: (1) that he was a Chinese dissident, opposed to the CCP; and (2) that he planned to use Strategic's research to weaken the Chinese regime. There is no dispute that these representations were made, and Strategic Vision will provide summary-judgment-quality evidence they were false and material to Strategic Vision's decision to enter the Agreement.

We look forward to discussing these matters with you on January 14, 2020.

Respectfully submitted,

Edward D. Greim

cc: Counsel of record via ECF