

Edward D. Greim
Direct Dial: (816) 256-4144
edgreim@gravesgarrett.com

January 6, 2020

**VIA ECF**
Hon. Debra Freeman
Daniel Patrick Moynihan Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007

    Re:    Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC, Case No. 18-cv-2185 (JGK)-DCF
            Opposition to Motion to Strike Strategic Vision's Reply in Support of Motion to Compel

Dear Judge Freeman:

    Defendant/Counterclaimant Strategic Vision US, LLC, submits this letter in opposition to the Motion to Strike filed by non-party Stephen Bannon. Strategic Vision opened a miscellaneous action in the District of D.C. to compel Bannon's compliance with a deposition subpoena, and that court agreed with Strategic that the action should be transferred here under Rule 45's "exceptional circumstances" provision. Before the transferring court sent the dispute back, however, Bannon moved to strike Strategic's reply in support of its motion to compel, because it was filed 17 minutes late.

    This Court should deny the Motion to Strike and reject Bannon's request for this drastic and harsh remedy as a waste of the Court's time. Bannon's motion to strike makes no attempt to demonstrate prejudice by the 17-minute delay. Strategic regrets the fact that its reply papers were filed minutes late, but its efforts to upload the brief and its six exhibits to ECF began well before the 5 p.m. ET deadline set by the transferring court. (Strategic's counsel was also in the process of filing its reply in support of its motion to transfer by the same deadline—which the D.D.C. court granted, despite it being uploaded at 5:11 PM). In any event, Bannon cannot show he was prejudiced by receiving the filing and its six exhibits 17 minutes past 5 p.m. At most, the delay was inadvertent and excusable.

    As a threshold matter, Bannon's motion is procedurally incorrect.[1] Motions to strike exist only to excise "from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). A motion to strike under Rule 12(f) is only proper as to *pleadings*—not for papers in support or opposition to motions. The reply in support of the motion to compel is neither a pleading nor does it contain any redundant, immaterial, impertinent, or scandalous matter. Bannon's motion does not suggest otherwise. His motion should thus be denied for failing to satisfy the standard for a motion to strike. Courts in this Circuit routinely deny motions to strike that target legal briefs and memoranda as opposed to pleadings. *Innovation Ventures LLC v. Pittsburg Wholesale Grocers Inc.*, 2019 WL 3817389, at *1

---

[1] Bannon cites no rule as support for his motion. However, his silence tacitly acknowledges that the traditional basis for a motion to strike, Fed. R. Civ. P. 12(f), is unavailable here.

Case 1:18-cv-02185-LJL   Document 238   Filed 01/06/20   Page 2 of 3



(E.D.N.Y. 2019), *citing Dekom v. New York*, No. 12–CV–1318, 2013 WL 3095010, at *6 (E.D.N.Y. June 18, 2013) (denying motion to strike because a party can strike only pleadings pursuant to Rule 12, not legal briefs); *Huelbig v. Aurora Loan Servs., LLC*, No. 10–CV–6215, 2011 WL 4348281, at *2 (S.D.N.Y. May 18, 2011) ("[The] [p]laintiff's [m]otion to [s]trike is improper because Federal Rule of Civil Procedure 12(f) allows a court to strike pleadings only."), adopted by 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011); *Marshall v. Webster Bank, N.A.*, No. 10–CV–908, 2011 WL 219693, at *12 (D. Conn. Jan. 21, 2011) (finding that a "reply memorandum is not a 'pleading' " and was therefore not subject to being struck pursuant to Rule 12); *Del Col v. Rice*, No. 11-CV-5138, 2014 WL 1834983, at *9 (E.D.N.Y. May 7, 2014) ("[Defendants'] memorandum of law ... opposing the [putative-intervenors'] motion to intervene is not a pleading, and therefore, the [putative-intervenor] cannot properly strike portions of those documents pursuant to Rule 12(f)."); *See Utah Republican Party v. Herbert*, 2015 WL 6394534, at *3 (D. Utah 2015) (denying motion to strike because "[t]here was little actual prejudice by [the] untimely filing because the opposition was received the same day it was due, even if it was after the 4:30 deadline").

Lacking any basis in the rules for his filing, Bannon is left to appeal to this Court's inherent authority to manage its docket. When faced with similar motions seeking to strike filings delayed by mere minutes, a multitude of courts have denied motions to strike, finding no prejudice. *See O'Brien v. Napolitano*, 2012 WL 423732, at *9 (N.D.Cal. Feb. 8, 2012) (excusing the filing of documents 35 minutes after deadline for filing "[b]ecause the delay was minimal and [opposing party] has not demonstrated prejudice"); *Rogers v. Fukase*, 2011 WL 2939851, at *1 (D.Haw. July 18, 2011) (denying motion to strike two filings, one filed 8 minutes late, and the other 10 minutes after midnight, where there is no evidence of prejudice to opposing party); *Lopez v. United Parcel Serv., Inc.*, 2010 WL 728205, at *4 FN5 (N.D.Cal. Mar. 1, 2010) (overruling party's objection to documents supporting a motion for summary judgment being filed as much as 46 minutes after midnight, where it found no prejudice to opposing party's ability to prepare an opposition and because the dispute should be resolved on its merits and all of the evidence the parties submitted should be considered); *Davis v. Joseph J. Magnolia, Inc.*, 640 F.Supp.2d 38, 41 FN2 (D.D.C. 2009) (Court overlooks the late filing by 10 minutes of opposition to a motion for summary judgment); *Schultz v. Burton-Moore Ford, Inc.*, 2008 WL 4276911, *1 n.2 (E.D.Mich. 2008) (refusing to strike opposition on the grounds that it was e-filed 23 minutes after midnight deadline because "Plaintiffs response brief was twenty-three minutes tardy. Plaintiff should not be precluded from presenting an argument to the Court on such a technicality.").

At least one court famously criticized a party who sought to strike pleadings filed four and 72-minutes past the deadline as a waste of the court's time. *Hyperphrase Technologies, LLC v. Microsoft Corp.*, 56 Fed. R. Serv. 3d 467, 2003 WL 21920041, at *1 (W.D.Wis. 2003) (forgiving the tardiness of party filing its motion for summary judgment five minutes after the midnight deadline and supporting documents up to 72 minutes after the deadline).[2] In denying the motion to strike the 72-minutes late filing, the court noted that it had "spent more than that amount of time on" the motion to strike and had previously ordered the parties "not to flyspeck each other." *Id.*

---

[2] "Judge Plants Tongue Firmly in Cheek in Microsoft Ruling," *Seattle Post Intelligencer*, https://www.seattlepi.com/business/article/The-Insider-Judge-plants-tongue-firmly-in-cheek-1120863.php; *see also* "Federal Judge Not Impressed with Nine Lawyers Who Tried to Nitpick Deadline," https://www.courtdeadlines.com/federal-judge-not-impressed-with-nine-lawyers-who-tried-to-nitpick-deadline/

1100 Main Street, Suite 2700   Kansas City, MO 64105   ph 816.256.3181   www.gravesgarrett.com

2



Bannon's motion to strike relies on cases with different facts, primarily where courts agreed to strike pleadings (again, not motions) made *days*—not minutes—past a deadline. And, the only two orders Bannon cites where a court struck pleadings filed just minutes late are entirely distinguishable. In the first, a court struck a Rule 50 motion for new trial or judgment as a matter of law filed less than a minute after a midnight deadline, because Fed. R. Civ. P. 6(b)(2) expressly barred the court from extending that 28-day deadline. *Weatherly v. Alabama State University*, 2012 WL 2998316, 4* (M.D. Ala. July 23, 2012). The other case Bannon cited for the argument that a minutes-late filing should be stricken is similarly inapposite: there the court struck a six-minute-late filing after counsel had received "not just one but three separate extensions" and had a history of "us[ing] these excuses, in various forms, in other cases in this court." *Tomson v. Weitz Co., L.L.C.*, 2008 WL 4540986, at *3 (D.Kan. 2008) (striking the filing and admonishing counsel for making "the same tired excuses he has offered time and time again").

Striking the filing here "would contravene the established policies disfavoring motions to strike." *Canady v. Erbe Elektromedizin GmbH*, 307 F.Supp.2d 2, 8 (D.D.C.2004) (citations omitted); *see also Am. S. Ins. Co. v. Buckley*, 748 F.Supp.2d 610, 626–27 (E.D.Tex. 2010) (denying motion to strike because granting it on the sole basis that responsive pleadings were untimely "would be a drastic and harsh remedy").

Bannon's motion to strike is procedurally incorrect, demonstrates no prejudice, and wastes this Court's time. Strategic Vision's filing of its reply and six exhibits 17 minutes late does not warrant the drastic and harsh" remedy" of striking the filings. For all of these reasons, the Court should deny the motion to strike.

Respectfully submitted,

Edward D. Greim
Attorney for Defendant/Counterclaimant

cc:   Counsel of record via ECF