**SCHULMAN**BHATTACHARYA

The Clark Building | 7500 Old Georgetown Rd, Ste 901, Bethesda, MD 20814 | 240.356.8550

**JEFFREY S. GAVENMAN**
**direct dial** 240.356.8553  **email** jgavenman@schulmanbh.com

January 6, 2020

**VIA ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007

Re:   *Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC*, Case No. 18-cv-2185 (JGK)-DCF

Dear Judge Freeman:

Non-party Kin Ming "William" Je ("Mr. Je") hereby files this letter for the limited purpose of responding to several deeply offensive misrepresentations contained in the Sur-Reply filed by Defendant/Counterclaimant Strategic Vision US, LLC ("Strategic") on January 2, 2020. (ECF No. 235) ("Sur-Reply").

Strategic opens the Sur-Reply by suggesting that Mr. Je has mischaracterized "Request No. 6, which seeks information covered by the Google Privacy Policy, [as] supposedly a sweeping request for the contents of Je's account." Far from mischaracterizing Request No. 6, Mr. Je quoted that request in its entirety; pointed out that "Privacy Policy" referenced in that request was a defined term (Definition No. 17); and provided the Court with an exact copy of the Privacy Policy incorporated into that definition (ECF No. 230-1). (ECF No. 230.) Account information collected pursuant to the Privacy Policy, which is specifically requested in Request No. 6, unequivocally includes emails written and received, photos, videos, documents and spreadsheets created, payment information, browsing history, purchasing activity, location data and a host of other private information that is not relevant to this action. (ECF No. 230-1, pp. 1-3.)

Despite its suggestion that Mr. Je mischaracterized Request No. 6, Strategic does not even attempt to argue how that request has a smaller scope than that described by Mr. Je. Instead, Strategic only states that "Request No. 6 is neither being enforced by Strategic nor complied with by Google." ECF No. 235. Of course, that Strategic is now not seeking to enforce Request No. 6 and that Google will not comply with that request does not, in any way, change the scope of Request No. 6 as stated in the Subpoena. Rather, it is a tacit admission by Strategic that Request No. 6 was inappropriate in the first place. Far from showing that Mr. Je mischaracterized the sweeping scope of Request No. 6, this admission confirms exactly what Mr. Je wrote in the Memo and the Reply about the scope of the Subpoena. That Strategic is not currently seeking to enforce Request No. 6 does not alter the impact of that request on Mr. Je's standing to bring a motion to quash (and standing is afforded via other items sought in the Subpoena in any case).

Strategic next makes the outrageous assertion that "[c]ounsel for Strategic informed Mr. Je's counsel of this fact repeatedly, including on Monday, December 23, before Je's motion was filed, explaining that the subpoenaed information would *not* include the contents of Mr. Je's emails or

SCHULMAN BHATTACHARYA

January 6, 2020
Page | 2

other information in which he might claim a privacy interest." (emphasis in original)  It is ambiguous whether Mr. Greim is telling the Court that he informed undersigned counsel that Request No. 6 is not being enforced by Strategic (or complied with by Google) or merely that the responsive information would not include the contents of Mr. Je's emails.  To the extent it is the former, that is a blatant and obvious falsity.  His only support for such a position appears to be in footnote 1, where Strategic argues that "Counsel for Mr. Je is well aware that the subpoena does not seek the contents of Mr. Je's communications" because, according to Strategic, that point was not raised in the principal motion to quash.  However, Strategic's position is clearly wrong; Request No. 6 was squarely at issue in the Memorandum in Support of the Motion to Quash (ECF No. 227) ("Memo").  Request No. 6 states "All account related information associated with the Gmail Account, as described in your Privacy Policy."  The Memo specifically addresses that request repeatedly: "In the Subpoena, Strategic demands that Google produce, within four business days (eight calendar days), private information regarding Mr. Je's personal Gmail Account, ***including information described in Google's 'Privacy Policy*…'"  (ECF No. 227, pp. 2-3.) (emphasis added)  The Memo further argues that "Mr. Je also has privacy rights in his personal identifying information—and, self-evidently, in the information described in the 'Privacy Policies.'  *See* Ex. A."[1]

Yet, in the letter opposition filed by Strategic on December 24, 2019 (ECF No. 229) ("Strategic's Letter"), Strategic's counsel ***never stated that he had, in fact, withdrawn Request No. 6 or that he was no longer seeking to enforce Request No. 6.***  To the contrary, he argued that Mr. Je's Motion to Quash should be denied in its entirety, including arguments that the information sought in the Subpoena was entirely relevant and that Mr. Je did not have sufficient privacy rights in the information sought by the Subpoena to succeed on the Motion, or even to have standing to bring the motion.  This omission is damning to Mr. Greim's claim now that he was forthright in any way about his alleged current intent not to enforce Request No. 6.  In fact, one could easily imagine that if the Court had denied the Motion to Quash, Strategic's counsel would have taken that ruling back to Google and, based on the fact that the Court had upheld the Subpoena in its entirety, demanded compliance on Request No. 6 as well.  That is really the only explanation for Strategic's failure to inform the Court of its "intention" not to enforce Request No. 6 and attempt to have the Subpoena upheld in its entirety.

If Mr. Greim is only suggesting that he previously informed undersigned counsel that the subpoenaed information would not include the contents of Mr. Je's emails, Strategic's Letter fails on that point as well.[2]  Strategic cites to Exhibit A to the Sur-Reply as its sole support for the proposition that Mr. Greim informed undersigned counsel that "the subpoenaed information would *not* include the contents of Mr. Je's emails…" (ECF No. 235.)  However, Exhibit A belies Mr.

---

[1] In addition to those specific references, the Memo is replete with discussion of the "highly private" information sought by the Subpoena, which was meant to incorporate the information sought under the Privacy Policy as well as highly private information sought pursuant to other requests in the Subpoena.

[2] In fact, Exhibit B to the Sur-Reply (ECF No. 235-2) shows that as of December 27, 2019, the day after the Reply was filed, Strategic itself was not certain whether Google planned to produce "any contents of communications" and needed to speak to the attorney at Google at her "earliest convenience" to determine if that was accurate.

SCHULMAN BHATTACHARYA

January 6, 2020
Page | 3

Greim's contention. In fact, the email he cites does not say that the subpoenaed information will not include the *contents* of Mr. Je's emails; rather, it states that "the subpoenaed information will not include the **_contacts_** of Mr. Je's emails…" (ECF No. 235-1) (emphasis added)

Notably, while Strategic points the Court to private communications it had with Google, it does not tell the Court that it shared the content of those communications with Mr. Je's counsel. Nor can it; quite simply, Strategic's counsel never shared with Mr. Je's counsel that it was withdrawing, limiting, or failing to enforce Request No. 6, or that Google was not going to comply with that request.[3] As can be seen in ECF No. 235-1, this appears to have been a clearly intentional choice by Strategic's counsel, as he was attempting to horsetrade a reduction or withdrawal of the Subpoena in return for an agreement to submit Mr. Je to a deposition. This lack of transparency underscores the propriety of awarding Mr. Je his attorney's fees.[4]

Best regards,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

*Counsel for Non-Party Kin Ming "William" Je*

Copies to counsel of record (via ECF)

---

[3] In Strategic's Letter, it stated that if the motion was overruled, Google would "produce account-related information, but not the contents of Mr. Je's emails" (ECF No. 229, p. 1), but did not state the reason why that would be the case. Indeed, it did not exclude the possibility that Google would produce the account-related information immediately and then produce the contents of Mr. Je's emails at a later date. In fact, later in Strategic's Letter, it made the point that "Google has not refused to produce the documents…" ECF No. 229, p. 4.

[4] While it is outside the scope of this letter, out of an abundance of caution, undersigned counsel notes that even if Strategic withdraws Request No. 6 at this time, it would not moot the Motion to Quash, as the motion sets forth a sufficient basis to quash the subpoena in its entirety and to issue a protective order to prevent further harassment of Mr. Je.