

1313 N. Market Street
Suite 5100
Wilmington, DE  19899-1709
302.777.6500
Fax 302.421.8390

Joanna J. Cline
direct dial:  302.777.6542
clinej@pepperlaw.com

January 9, 2020

BY CM/ECF

Judge John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:  *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*,
           C.A. No. 18-cv-2185 (JGK)

Dear Judge Koeltl:

      I write on behalf of Eastern Profit Corporation Limited ("Eastern") in opposition to Strategic Vision US LLC's ("Strategic Vision") request for a pre-motion conference regarding its contemplated motion for summary judgment (Dkt. No. 237).  As set forth below, each of the bases on which Strategic Vision seeks to move is without merit and/or involves questions of fact that are not ripe for disposition at the summary judgment stage.

      A.    **Eastern's Breach of Contract Claim (Count I)**

      First, Strategic Vision seeks summary judgment regarding Eastern's breach of contract claim (Dkt. No. 93, Count I) on the basis that Eastern has not been damaged by Strategic Vision's breach.  It claims that because Eastern financed the $1 million deposit paid in connection with the Agreement rather than paying out-of-pocket, Eastern has not performed or suffered any damages.

      Such a proposition would turn basic contract law on its head and is particularly misplaced here, where the parties expressly agreed in the very contract at issue that Eastern would be entitled to "direct other entities to pay [Strategic Vision], and that such payments will be deemed satisfactory compensation by [Strategic Vision]."   EASTERN-000005 at 09. Consistent with that agreement, on December 29, 2017, Eastern borrowed $1 million from ACA Capital Group Limited pursuant to a Loan Agreement to fund the $1 million deposit called for under the Agreement.  EASTERN-000278; Dep. Tr. of Chungaung Han ("Han Tr.") at 124:14-129:2   On January 2, 2018, Eastern caused ACA Capital Group Limited to wire the $1 million

| Philadelphia | Boston | Washington, D.C. | Los Angeles | New York | Pittsburgh | Detroit |
| Berwyn | Harrisburg | Orange County | Princeton | Rochester | Silicon Valley | Wilmington |

www.pepperlaw.com



Judge John G. Koeltl
January 9, 2020
Page 2

deposit to Strategic Vision. *Id.* Strategic Vision has acknowledged that this $1 million payment was the deposit that the parties anticipated during contract negotiations. Dep. Tr. of French Wallop, dated February 12, 2019 ("Wallop Tr.") at 192:09-194:16. What is more, Strategic Vision accepted the $1 million payment and it claims to have utilized it to cover expenses associated with the investigation called for under the Agreement. Dkt. No. 127, Answer ¶ 17; Wallop Tr. at 246:16-247:23; Dep. Tr. of Michael Waller, dated February 8, 2019 ("Waller Tr.") at 157:9-22; Dep. Tr. of Michael Waller, dated November 19, 2019 ("Waller II Tr.") at 66:10-16, 93:22-94:6. Eastern has performed and suffered cognizable and recoverable damages. Even if Eastern had delegated the duty of payment to ACA without any obligation to repay ACA (which is not the case), Strategic must accept performance by ACA as performance by Eastern. *Restatement (Second) Contracts* § 318 cmt b; *see also* 3 *Farnsworth on Contracts* § 11.10 at 129 (2004).

> B.   **Eastern's Fraud Claim (Count II)**

Next, Strategic Vision seeks to move on Eastern's fraud claim on the basis that "Eastern cannot show any false statement of fact by Strategic Vision." As an initial matter, whether a verifiable statement of fact is false typically raises questions of fact that are not ripe for resolution on summary judgment. Moreover, contrary to Strategic Vision's contention otherwise, there is ample evidence in the record, including testimony by Yvette Wang and Guo Wengui, supporting Eastern's claim that Strategic Vision misrepresented its qualifications, including that Strategic Vision was licensed to conduct private investigations. *See e.g.* Dep. Tr. of Guo Wengui at 150:5-151:6. Strategic Vision cannot show that it is entitled to summary judgment when there are clearly factual issues to be resolved.

> C.   **Eastern's Declaratory Judgment Claim (Count III).**

Strategic Vision also contemplates moving for summary judgment regarding Count III of Eastern's complaint. In that count, Eastern's seeks a declaratory judgment that the Agreement is void as against public policy because Strategic Vision agreed to provide and did in fact provide private investigation services without a license.

Under the laws of Virginia, it is illegal for a person to solicit, perform, or contract to perform a private investigation without a private investigator's license. *See* Va. Code Ann. § 9.1-139. In its summary judgment letter (Dkt. No. 237), Strategic Vision claims that although neither it nor its principal and sole employee, French Wallop, was licensed to conduct private investigations in Virginia (or in any other state), there is no evidence that Strategic Vision solicited, performed, or contracted to perform private investigation services in the Commonwealth of Virginia. But that is belied by the record. Strategic Vision has *admitted*, among other things, that: (i) Strategic Vision's principal place of business was in Arlington, Virginia, Answer ¶ 2; (ii) the parties executed the Agreement—under which Strategic Vision contracted to perform investigation services for Eastern—in Virginia, Answer ¶ 7; (iii) Strategic



Judge John G. Koeltl
January 9, 2020
Page 3

Vision coordinated its efforts to perform under the Agreement out of the Commonwealth of Virginia, *see* Strategic Vision's Responses to Eastern's Request for Admissions ¶ 36; (iv) Michael Waller and French Wallop (on behalf of Strategic Vision) met on an almost daily basis to "handle this investigation," at French Wallop's home in Arlington, Virginia, Wallop Tr. 183:09-183:18; 8:02-8:03; (v) and French Wallop and Michael Waller met with members of one of the investigative teams assembled by Strategic Vision—referred to by Strategic Vision as "Team 1"—on a number of occasions in Ms. Wallop's home in Arlington, Virginia. *See* Dep. Tr. of French Wallop, dated November 19, 2019 ("Wallop Tr. II") at 6:4-13:9; Waller Tr. at 19:6-19.

Strategic Vision has therefore very plainly solicited, contracted to perform, and actually performed private investigation services in Virginia without a private investigator's license. Strategic Vision's conduct was therefore illegal, and the Agreement is accordingly void. *See Massie v. Dudley*, 3 S.E.2d 176, 178 (Va. 1939); *Clark v. Moore*, 86 S.E.2d 37, 39 (Va. 1955) ("[W]here a licensing statute is a police regulation, having for its object the protection of the public, making it unlawful for a person to engage in a business without a license, and imposing a penalty for its violation, a contract made by an unlicensed person is void and unenforceable."). Strategic Vision's proposed motion will fail.

D. **Eastern's Unjust Enrichment Claim (Count IV)**

Strategic Vision also contends that summary judgment is warranted on Eastern's unjust enrichment claim (Count IV) because, according to Strategic Vision, Eastern conferred no benefit on Strategic Vision because ACA wired the $1 million deposit to Strategic Vision rather than Eastern. This argument fails for the same reasons stated in Section A above.

E. **Strategic Vision's Fraud Claim (Count II)**

Finally, Strategic Vision also seeks to move for summary judgment *on its own fraud claim*, claiming that it can adduce undisputed evidence of the falsity of Guo Wengui's purported representations that he "was a Chinese dissident" and that "he opposed the Chinese Communist Party."

First, whether a factual statement is knowingly false is not ripe for resolution on a motion for summary judgment. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 2019 U.S. Dist. LEXIS 160087, at *44 (S.D.N.Y. Sep. 17, 2019). Moreover, as set forth in Eastern's summary judgment letter (Dkt. No. 199), Strategic Vision's fraud claim will necessarily fail because the statements at issue are not factual statements that are material and provably false, and Strategic Vision's cannot, as a matter of law, establish "reasonable reliance."

For these reasons, Strategic Vision's contemplated summary judgment motion will fail. We look forward to addressing these issues with Your Honor at the January 14, 2020 pre-motion conference.



Judge John G. Koeltl
January 9, 2020
Page 4

                                          Respectfully submitted,

                                          */s/ Joanna J. Cline*

                                          Joanna J. Cline

cc:      All Counsel of Record (By CM/ECF)