UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EASTERN PROFIT CORP. LTD.,

Plaintiff,

-against-

STRATEGIC VISION US, LLC,

Defendant.

18cv02185 (JGK) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

Discovery as between the parties in this case has been completed, but, prior to the close of the discovery period, defendant Strategic Vision, LLC ("Defendant") served certain subpoenas that have been contested either by the non-parties served, or by other non-parties claiming to have standing to challenge the subpoenas. One of those subpoenas – a deposition subpoena issued to Stephen K. Bannon ("Bannon") – was challenged by Bannon in the United States District Court for the District of Columbia (the district where it was served), but, by a recent order of that court, the dispute was transferred to this Court for resolution. *See* Order in Case No. 19-mc-0209 (TSC) (D.D.C. Jan. 5, 2020).[1] This Court having held conferences with counsel for the parties and for Bannon, and having heard extensive argument with respect to the propriety of the Bannon subpoena, it is hereby ORDERED as follows:

    1.    This Court finds that the scope of the questioning of Bannon sought by Defendant is overbroad and that the topics sought to be explored by Defendant with this witness are largely

---

[1] This Court is not aware of a miscellaneous action having yet been formally opened here, as a result of the District of Columbia court's transfer order, but, as this Court has already been dealing with the parties' discovery disputes, and as it has been made aware of the transfer order, it will proceed to address the issues raised.

1

irrelevant to the claims or defenses asserted in this case. Therefore, so as to avoid undue burden to the witness, modification of the subpoena under Rule 45(d)(3)(A)(iv) of the Federal Rules of Civil Procedure is warranted. As discussed preliminarily with counsel, and as further informed by the parties' written communications to this Court thereafter,[2] the subpoena shall be modified to allow written questions (the answers to which shall be sworn or answered under penalty of perjury by Bannon in lieu of his providing sworn in-person testimony), limited to the following, in words or substance:[3]

    a.    Whether, in meeting with the Chinese official Wang Qishan ("Wang") in or about September 2017, and, shortly before and/or after that meeting, in separately meeting with Guo Wengui ("Guo"), Bannon conveyed information from Guo to Wang, and/or conveyed information from Wang to Guo; and

---

[2] After holding a telephone conference with counsel on January 9, 2020, this Court invited Defendant to fax a supplemental submission to this Court's Chambers. When the fax machine then malfunctioned, this Court gave permission to Defendant to email that submission to Chambers. Unfortunately, counsel for both Defendant and Bannon then began sending numerous emails to this Court, squabbling and finger-pointing. This Court will undertake to place those email communications on the Court's public Docket and cautions counsel that they are not to use the Court's email address unless they have been granted express permission to do so.

[3] While this Court does not mean to dictate the exact wording of the written questions that may be posed, and while the questions as drafted by this Court may be parsed or modified for clarity and so as to avoid the asking of compound questions, it should be noted that this Court has deliberately sought to frame the questions so as to avoid the need for lengthy narrative responses, and that it expects Defendant to do the same. (*See infra* ¶ 2.) In addition, this Court's granting of permission to Defendant to revise the wording of these questions should not be read as inviting Defendant to ask additional, off-point questions under the guise of its seeking "background" or "context," or for any other reason. The questions included here generally correlate to those listed by Defendant in its January 9, 2020 submission to the Court (entitled "Bannon Questions"), at Nos. 11 and 14 under the heading "The Meeting," and at Nos. 4, 7, and 8 under the heading "Payment for Bannon's Business Relationship with Guo." To the extent questions on other topics have been proposed by Defendant and are not included here, this Court has found those topics to be irrelevant to the claims and defenses raised in this action, and is not permitting them to be included in Defendant's questioning of Bannon.

        b.        Whether, during the period from 2017 through 2019, in connection with Bannon's negotiating or doing business with Guo or any entity known to be affiliated with Guo,

            i.        Bannon received any payments from ACA Capital ("ACA");

            ii.        Bannon and Guo discussed ACA and/or an individual named William Je ("Je"); and

            iii.        ACA and/or Je had any involvement – in the negotiations, in any resulting contracts, and/or, to Bannon's knowledge, in facilitating financial transfers.

2.        If Bannon answers any of these questions in the affirmative, then this Court will allow a brief deposition so that a full narrative response may be provided on the record. Any such deposition shall be scheduled at the witness's convenience, but not later than January 31, 2020.

3.        The written questions contemplated by this Order shall be served on counsel for Bannon no later than January 14, 2020, and, absent an extension by this Court for good cause shown, written responses (sworn or expressly made under penalty of perjury) shall be provided no later January 17, 2020.

Dated: New York, New York
       January 13, 2020

                                                  SO ORDERED

                                                  DEBRA FREEMAN
                                                  United States Magistrate Judge

Copies to:

All counsel (via ECF)