# Exhibit B2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

EASTERN PROFIT CORPORATION )
LIMITED, )
 )
    Plaintiff/Counterclaim Defendant, )
 )   Case No. 18-cv-2185 (JGK)
    v. )
 )
STRATEGIC VISION US, LLC, )
 )
    Defendant/Counterclaim Plaintiff. )
_____)

### NOTICE OF SUBPOENA TO NON-PARTY
### FOR DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that the Defendant/Counterclaim Plaintiff shall cause the attached subpoena, directed to non-party ACA Capital Group Limited, to be served through its director Karin Maistrello after service of this notice.

Dated July 24, 2019

                 Respectfully submitted,

                 GRAVES GARRETT LLC

                 *s/ Edward D. Greim*
                 Edward D. Greim, #4240172
                 1100 Main Street, Suite 2700
                 Kansas City, MO 64105
                 Telephone: (816) 256-3181
                 Fax: (816) 256-5958
                 edgreim@gravesgarrett.com
                 ATTORNEYS FOR
                 DEFENDANT/COUNTERCLAIM PLAINTIFF

PLFF 3
EXHIBIT Maistrello
DATE _____
Kathleen T. Keilty, CSR

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2019, the foregoing was emailed and mailed by First Class U.S. Mail to the following parties:

Zachary Grendi
Zeichner Ellman & Krause LLP
35 Mason Street
Greenwich, CT 06830
zgrendi@zeklaw.com

*s/ Edward D. Greim*
Attorneys for Defendant/Counterclaim Plaintiff

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| Eastern Profit Corporation Limited | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:18-cv-02185-JGK |
| Strategic Vision US LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      ACA Capital Group Limited, to be served through its director Karin Maistrello
17 Gifford Avenue, Apt. 5F, Jersey City, NJ 07304
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attached Exhibit A.

| Place: Bryan Cave Leighton Paisner, 1290 Avenue of the Americas, New York, New York | Date and Time: 08/23/2019 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic and video recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A. Notwithstanding the foregoing instructions, you may produce the materials requested within Exhibit A electronically or by mail no later than August 22, 2019 by making arrangements with counsel for the Defendant/Counterclaim Plaintiff, Edward Greim, whose contact information is set forth below.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/24/2019

*CLERK OF COURT*

                                                              OR

_____        s/Edward D. Greim
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Strategic Vision
_____, who issues or requests this subpoena, are:

Edward Greim, 1100 Main Street, Kansas City, MO, 64105, EDGreim@gravesgarrett.com, (816) 256-4144

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:18-cv-02185-JGK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __51.70__ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

*Eastern Profit Corporation, Ltd. v. Strategic Vision US, LLC*, 1:18-cv-02185-JGK (S.D.N.Y.)

Strategic Vision's Subpoena to ACA Capital Group Limited

## EXHIBIT A

### Documents to be produced pursuant to Fed. R. Civ. P. 45

1. Any and all documents reflecting the ownership, management, governance, and structure of ACA, between November 1, 2014, and July 1, 2019.
2. Any and all documents relating to a communication between ACA and any other party regarding the negotiation, extension, servicing, or collection of a loan from ACA to Eastern Profit Corp., Ltd., between January 1, 2017, and July 1, 2019.
3. Any and all documents relating to a communication between ACA and any party regarding ACA's transfer of funds to, or attempted retrieval of funds from, Strategic Vision, between December 2017 and January 2018.
4. Any and all financial statements or tax returns reflecting the income, expenses, assets, or liabilities of ACA, between November 1, 2014 and July 1, 2019.
5. Any and all documents relating to communications between ACA and any of its agents (including but not limited to Karin Maistrello or William Je), on the one hand, and on the other hand, Guo Wengui, between November 1, 2014 and July 1, 2019.
6. Any and all documents regarding transfers of funds between ACA and any person or entity working directly or indirectly on behalf of Guo Wengui, Eastern Profit, or Golden Spring (New York), including but not limited to law firms, investigative or research firms, intelligence firms, security firms, or other professional service providers between January 1, 2015, and July 1, 2019.
7. Any and all documents regarding transfers of funds from ACA to any other person or entity at the suggestion, request, or direction of Guo Wengui, Eastern Profit, or Golden Spring (New York) or any person working on behalf of the foregoing, between November 1, 2014 and July 1, 2019.

### Topics of testimony pursuant to Fed. R. Civ. P. 30(b)(6)

1. The documents requested above, including their authentication, preparation, or contents.
2. The ownership, management, governance, and structure of ACA between November 1, 2014 and July 1, 2019.
3. The identification of all parents of ACA, subsidiaries of ACA, joint ventures of ACA, or entities in which ACA held shares, membership interests, or voting rights, between November 1, 2014 and July 1, 2019.
4. ACA's line of business.
5. ACA's relationship and business dealings with Guo Wengui, Eastern Profit Corp., Golden Spring (New York), or any other entity controlled in whole or in part by Guo Wengui, between November 1, 2014 and July 1, 2019.

6. ACA's income, expenses, assets, and liabilities between November 1, 2014 and July 1, 2019.
7. ACA's transfers of funds to entities (including but not limited to Strategic Vision) at Guo's instruction or direction, or for the benefit of Guo or his entities, between November 1, 2014 and July 1, 2019.
8. The background, qualifications, appointment or hiring, and duties of William Je, Karin Maistrello, and the other directors, managers, or officers of ACA.
9. The location of ACA's business records and assets.

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).