# Exhibit 1

# CODE OF VIRGINIA
# 1950

With Provision for Subsequent Pocket Parts

## ANNOTATED

*Prepared under the Supervision of*

The Virginia Code Commission

BY

The Editorial Staff of the Publishers

*Under the Direction of*

D. P. HARRIMAN, S. C. WILLARD, SYLVIA FAULKNER,
AND K. S. MAWYER

## VOLUME 7A

1982 REPLACEMENT VOLUME

*(Including Acts of the 1982 Session and annotations taken
from South Eastern Reporter, 2d Series,
through Volume 287, page 522.)*



THE MICHIE COMPANY
*Law Publishers*
CHARLOTTESVILLE, VIRGINIA

APR 4 1983
U. VA.
LAW LIBRARY

Copyright 1949, 1958, 1964, 1966, 1967, 1972, 1974, 1978, 1982
BY
THE MICHIE COMPANY

J
Virg. 22
1950
[superseded]

**Law Review.** — For survey of developments in Virginia administrative law for the year 1973-1974, see 60 Va. L. Rev. 1446 (1974).

**§§ 54-1.5, 54-1.6:** Repealed by Acts 1977, c. 640.

**§§ 54-1.7 through 54-1.12:** Repealed by Acts 1979, c. 408.

**§ 54-1.13:** Repealed by Acts 1975, c. 67.

**§§ 54-1.14 through 54-1.16:** Repealed by Acts 1979, c. 408.

**§ 54-1.17. Legislative findings; policy of Commonwealth.** — The Virginia General Assembly finds that the right of every person to engage in any lawful profession, trade or occupation of his choice is clearly protected by both the Constitution of the United States and the Constitution of the Commonwealth of Virginia. The Commonwealth cannot abridge such rights except as a reasonable exercise of its police powers when it is clearly found that such abridgment is necessary for the preservation of the health, safety and welfare of the public.

It is hereby declared to be the policy of the Commonwealth of Virginia that no regulation shall be imposed upon any profession or occupation except for the exclusive purpose of protecting the public interest when:

1. Their unregulated practice can harm or endanger the health, safety and welfare of the public and when the potential for such harm is recognizable and not remote or dependent upon tenuous argument.

2. Their practice has inherent within it qualities peculiar to it that distinguish it from ordinary work and labor.

3. Their practice requires specialized skill or training and the public needs, and will benefit by, assurances of initial and continuing professional and occupational ability.

4. The public is not effectively protected by other means.

Provided, however, no such regulation shall be imposed which is in conflict with the Constitution of the United States, the Constitution of Virginia, the laws of the United States, or the laws of the Commonwealth of Virginia, and periodically, but no less than annually, all existing regulations shall be reviewed by the agency imposing such regulations to ensure that no such conflict exists. (1979, c. 408.)

**Law review.** — For survey of developments in Virginia administrative law for the year 1973-1974, see 60 Va. L. Rev. 1446 (1974).

**§ 54-1.18. (Effective until July 1, 1983) Definitions.** — As used in this chapter the following words and terms shall have the following meanings, unless the context clearly indicates otherwise:

1. *"Certification"* means the process whereby the Department or any regulatory board on behalf of the Commonwealth issues a certificate to any person certifying that he has minimum skills properly to engage in his profession or occupation and that it knows of no character defect that would make him a bad practitioner of the same.

2. *"Board"* means Virginia Board of Commerce.

3. *"Department"* means the Department of Commerce.

4. *"Director"* means the Director of the Department of Commerce.

5. *"Inspection"* means a method of regulation whereby a state agency periodically examines the activities and premises of practitioners of an occupa-

tion or profession in order to ascertain if the practitioner involved is carrying out his profession or occupation in a fashion consistent with the public safety, health and welfare.

6. *"Licensing"* means a method of regulation whereby the practice of the profession or occupation licensed is unlawful without the issuance of a license.

7. *"Registration"* means a method of regulation whereby any practitioner of a profession or occupation may be required to submit information concerning the location, nature and operation of his practice.

8. *"Regulatory board"* means (i) the State Board of Accountancy, (ii) State Board of Architects, Professional Engineers, Land Surveyors and Certified Landscape Architects, (iii) Virginia Athletic Commission, (iv) Virginia Board of Examiners for Audiology and Speech Pathology, (v) Board of Barber Examiners, (vi) Virginia Board of Behavioral Science, (vii) Virginia Board of Professional Counselors, (viii) Virginia Board of Psychology, (ix) Virginia Board of Social Workers, (x) Virginia Collection Agency Board, (xi) State Registration Board for Contractors, (xii) Board of Commercial Driver Training Schools, (xiii) Virginia State Board of Examiners of Professional Hairdressers, (xiv) Virginia Board of Hearing Aid Dealers and Fitters, (xv) State Board for the Certification of Librarians, (xvi) State Board of Examiners for Nursing Home Administrators, (xvii) Virginia State Board of Opticians, (xviii) State Board of Commissioners to Examine Pilots, (xix) Virginia Real Estate Commission, (xx) State Board of Sanitarians, (xxi) Board for the Certification of Water and Wastewater Works Operators, and (xxii) Virginia Board of Geology. (1979, c. 408; 1980, c. 757; 1981, c. 132.)

**Cross reference.** — For this section as amended effective July 1, 1983, see the following section, also numbered § 54-1.18.

**The 1981 amendment** added "and (xxii) Virginia Board of Geology" to the end of subdivision 8.

§ **54-1.18. (Effective July 1, 1983) Definitions.** — As used in this chapter the following words and terms shall have the following meanings, unless the context clearly indicates otherwise:

1. *"Certification"* means the process whereby the Department or any regulatory board on behalf of the Commonwealth issues a certificate to any person certifying that he has minimum skills properly to engage in his profession or occupation and that it knows of no character defect that would make him a bad practitioner of the same.

2. *"Board"* means Virginia Board of Commerce.

3. *"Department"* means the Department of Commerce.

4. *"Director"* means the Director of the Department of Commerce.

5. *"Inspection"* means a method of regulation whereby a state agency periodically examines the activities and premises of practitioners of an occupation or profession in order to ascertain if the practitioner involved is carrying out his profession or occupation in a fashion consistent with the public safety, health and welfare.

6. *"Licensing"* means a method of regulation whereby the practice of the profession or occupation licensed is unlawful without the issuance of a license.

7. *"Registration"* means a method of regulation whereby any practitioner of a profession or occupation may be required to submit information concerning the location, nature and operation of his practice.

8. *"Regulatory board"* means (i) the State Board of Accountancy, (ii) State Board of Architects, Professional Engineers, Land Surveyors and Certified Landscape Architects, (iii) Virginia Athletic Commission, (iv) Virginia Board of Examiners for Audiology and Speech Pathology, (v) Board of Barber Examiners, (vi) Virginia Board of Behavioral Science, (vii) Virginia Board of Professional Counselors, (viii) Virginia Board of Psychology, (ix) Virginia Board of

Social Workers, (x) Virginia Collection Agency Board, (xi) State Registration Board for Contractors, (xii) Board of Commercial Driver Training Schools, (xiii) Virginia State Board of Examiners of Professional Hairdressers, (xiv) Virginia Board of Hearing Aid Dealers and Fitters, (xv) State Board for the Certification of Librarians, (xvi) State Board of Examiners for Nursing Home Administrators, (xvii) Virginia State Board of Opticians, (xviii) State Board of Commissioners to Examine Pilots, (xix) Virginia Real Estate Commission, (xx) State Board of Sanitarians, (xxi) Board for the Certification of Water and Wastewater Works Operators, (xxii) Virginia Board of Geology and (xxiii) Virginia Auctioneers Commission. (1979, c. 408; 1980, c. 757; 1981, c. 132; 1982, c. 538.)

**Cross reference.** — For this section as in effect until July 1, 1983, see the preceding section, also numbered § 54-1.18.

**The 1982 amendment,** effective July 1, 1983, deleted "and" preceding "(xxii)" and inserted "and (xxiii) Virginia Auctioneers Commission."

**§ 54-1.18:1. Appointments, removals, and limitation of terms of members of regulatory boards.** — All members of regulatory boards shall be citizens of the United States and residents of Virginia. A "citizen member" of a regulatory board shall be a person who (i) is not by training or experience a practitioner of the profession or occupation regulated by the board, (ii) is not the spouse, parent, child, or sibling of such a practitioner, and (iii) has no direct or indirect financial interest, except as a consumer, in the practice of the profession or occupation regulated by the board. Except as otherwise expressly provided, members shall be appointed by the Governor and may be removed by him as provided in § 2.1-43 B of the Code of Virginia. Any vacancy occurring other than by expiration of term shall be filled for the unexpired term. Members shall hold office after expiration of their terms until their successors are duly appointed and have qualified. No member shall serve more than two successive full terms on any regulatory board. This section shall not apply to the State Board of Commissioners to Examine Pilots. (1981, c. 447.)

**§ 54-1.19. Appeals and reviews.** — Any person who has been aggrieved by any action of the Board or any regulatory board shall be entitled to all requests for reviews of such actions and appeals from such actions as are provided in the Administrative Process Act. (1979, c. 408.)

**§ 54-1.20. Unlawful acts; prosecution; proceedings in equity.** — A. It shall be unlawful for any person, partnership, corporation or other entity to engage in any of the following acts:

1. Practicing a profession or occupation, for the practice of which a license is required by law or rule of a regulatory board, without holding the requisite valid license.

2. Making use of any designation provided by law or rule to denote a standard of professional or occupational competence without being duly certified or licensed by the appropriate regulatory board.

3. Making use of any title, words, letters or abbreviations which may reasonably be confused with a designation provided by law or rule to denote a standard of professional or occupational competence without being duly certified or licensed by the appropriate regulatory board.

4. Performing any act or function, the performance of which is restricted by law or rule to those holding a professional or occupational license or certification, without being duly certified or licensed by the appropriate regulatory board or failing to register as a practitioner of a profession or occupation as required by law or rule.

5. Materially misrepresenting facts in an application for licensing, certification or registration.

6. Willfully refusing to furnish a regulatory board information of records required or requested pursuant to law or rule.

7. Violating any law or regulation governing the practice of any profession or occupation regulated pursuant to this title.

Any person, partnership, corporation or other entity who engages in any unlawful act enumerated in this section shall be guilty of a Class 3 misdemeanor.

It shall be the duty of the attorney for the Commonwealth of the jurisdiction in which such act occurs or is engaged in to prosecute the same.

B. In addition to the provisions of subsection A of this section or any other existing remedy at law, the Department may institute proceedings in equity to enjoin any person, partnership, corporation or any other entity from engaging in any unlawful act enumerated in this section. Such proceedings shall be brought in the name of the Commonwealth at the relation of the Department in the circuit court of the city or county in which the unlawful act occurred or in which the defendant resides. The Commonwealth at the relation of the Department shall not be compelled to allege or prove that an adequate remedy at law does not exist. (1979, c. 408.)

**Cross reference.** — As to punishment for Class 3 misdemeanors, see § 18.2-11.

**Law Review.** — For comment on "Design-Build Contracts in Virginia," see 14 U. Rich. L. Rev. 791 (1980).

§ **54-1.21. Prior convictions not to abridge rights.** — Notwithstanding any other provision of law, a person shall not be refused a permit, license, registration or certificate by a regulatory board to practice, pursue, or engage in any occupation, trade, vocation, profession or business for which a permit, license, registration or certificate is required by the State solely by reason of a prior conviction of a crime, unless such criminal conviction directly relates to the trade, occupation or profession for which the permit, license, registration or certificate is sought. Such board shall, however, have the authority in its discretion to refuse a permit, license, registration or certificate, if based upon all the information available, including the applicant's record of prior convictions, it finds that the applicant [is] unfit or unsuited to engage in such occupation, trade, vocation, profession or business. (1979, c. 408.)

§ **54-1.22. Monetary penalty.** — Any person licensed or certified by a regulatory board who violates any provision of law or regulation pertaining to that regulatory board, and who is not criminally prosecuted, shall be subject to the monetary penalty provided in this section. If it shall have been determined by a regulatory board that a respondent is guilty of the violation complained of, that board shall proceed to determine the amount of the monetary penalty for such violation, which shall not exceed the sum of $1,000 for each violation. Such penalty may be sued for and recovered in the name of the Commonwealth. (1979, c. 408.)

ARTICLE 2.

*Board of Commerce.*

§ **54-1.23. Creation of Board of Commerce; members, terms, chairman.** — There is hereby created within the Department of Commerce, the Board of Commerce. The Board shall consist of nine members appointed by

# CODE OF VIRGINIA
## 1950

THE LAW LIBRARY

JUN 1 6 1987

UNIV. OF VIRGINIA

## 1987 Cumulative Supplement

### ANNOTATED

*Prepared under the Supervision of*

**The Virginia Code Commission**

BY

**The Editorial Staff of the Publishers**

*Under the Direction of*

A. D. KOWALSKY, S. C. WILLARD, W. L. JACKSON,
P. R. ROANE, K. S. MAWYER, AND S. S. WEST



## VOLUME 7A

1982 REPLACEMENT

*Annotated through South Eastern Reporter, 2d Series, through Volume 353, page 14. For complete scope of annotations, see foreword to Volume 1.*

**Place in Pocket of Corresponding Volume of Main Set.
This Supersedes Previous Supplement, Which
May Be Retained for Reference Purposes.**

THE MICHIE COMPANY
*Law Publishers*
CHARLOTTESVILLE, VIRGINIA

THE LAW LIBRARY

UNIV. OF VIRGINIA

COPYRIGHT © 1983, 1984, 1985, 1986, 1987
BY
THE MICHIE COMPANY

All rights reserved.

**Section set out twice.** — The section above is effective until July 1, 1988. For this section as amended effective July 1, 1988, see the following section, also numbered § 54-1.18.

**The 1983 amendments.** — The first 1983 amendment in subdivision 8 substituted "the (i)" for "(i) the," and deleted the Virginia Board of Behavioral Science, Virginia Board of Professional Counselors, Virginia Board of Psychology, and Virginia Board of Social Workers from the list of regulatory boards.

The second 1983 amendment in subdivision 8 inserted "the" preceding "(i)," deleted "the" following "(i)," substituted "The Virginia Board of Social Work" for "Virginia Board of Social Workers," and substituted "Virginia Auctioneers Board" for "Virginia Auctioneers Commission."

**The 1984 amendments.** — The first 1984 amendment deleted the subdivision designations 1 through 8 from the second through ninth paragraphs, respectively, and deleted "State Board of Sanitarians" from the list of regulatory boards in the last paragraph.

The second 1984 amendment deleted the Virginia Collection Agency Board from the list of regulatory boards in subdivision 8.

**The 1985 amendment** in the definition of "regulatory board" substituted "Virginia Athletic Board" for "Virginia Athletic Commission," substituted "State Board for Contractors" for "State Registration Board for Contractors," and substituted "Virginia Real Estate Board" for "Virginia Real Estate Commission."

**§ 54-1.18. (Effective July 1, 1988) Definitions.** — As used in this chapter the following words and terms shall have the following meanings, unless the context clearly indicates otherwise:

"*Certification*" means the process whereby the Department or any regulatory board on behalf of the Commonwealth issues a certificate to any person certifying that he has minimum skills to engage properly in his profession or occupation and that it knows of no character defect that would make him a bad practioner of the same.

"*Board*" means Virginia Board of Commerce.

"*Department*" means the Department of Commerce.

"*Director*" means the Director of the Department of Commerce.

"*Inspection*" means a method of regulation whereby a state agency periodically examines the activities and premises of practitioners of an occupation or profession in order to ascertain if the practitioner involved is carrying out his profession or occupation in a fashion consistent with the public safety, health and welfare.

"*Licensing*" means a method of regulation whereby the practice of the profession or occupation licensed is unlawful without the issuance of a license.

"*Registration*" means a method of regulation whereby any practitioner of a profession or occupation may be required to submit information concerning the location, nature and operation of his practice.

"*Regulatory board*" means the (i) State Board of Accountancy, (ii) State Board of Architects, Professional Engineers, Land Surveyors and Certified Landscape Architects, (iii) Virginia Athletic Board, (iv) [Repealed.] (v) Board of Barber Examiners, (vi) through (x) [Repealed.] (xi) State Board for Contractors, (xii) Board of Commercial Driver Training Schools, (xiii) Virginia Board of Cosmetology, (xiv) Virginia Board of Hearing Aid Dealers and Fitters, (xv) State Board for the Certification of Librarians, (xvi) [Repealed.] (xvii) Virginia State Board of Opticians, (xviii) State Board of Commissioners to Examine Pilots, (xix) Virginia Real Estate Board, (xx) [Repealed.] (xxi) Board for the Certification of Water and Wastewater Works Operators, (xxii) Virginia Board of Geology and (xxiii) Virginia Auctioneers Board. (1979, c. 408; 1980, c. 757; 1981, c. 132; 1982, c. 538; 1983, cc. 115, 322; 1984, cc. 82, 203; 1985, c. 448; 1987, c. 686.)

Article 3.

**Department of Commerce.**

Sec.
54-1.30. Department continued, appointment of Director.
54-1.31. Supervision of Department.
54-1.33. Powers and duties of the Director with respect to regulatory boards.

Sec.
54-1.36. [Repealed.]
54-1.37. Presiding officer; participation of board in hearing; disqualification of board member.
54-1.38. [Repealed.]

ARTICLE 1.

*General Provisions.*

**§ 54-1.17. Legislative findings; policy of Commonwealth.**

Law Review.

For article, "Constitutional Limitations on State-Imposed Continuing Competency Requirements for Licensed Professionals," see 25 Wm. & Mary L. Rev. 253 (1983).

**§ 54-1.18. (Effective until July 1, 1988) Definitions.** — As used in this chapter the following words and terms shall have the following meanings, unless the context clearly indicates otherwise:

"*Certification*" means the process whereby the Department or any regulatory board on behalf of the Commonwealth issues a certificate to any person certifying that he has minimum skills properly to engage in his profession or occupation and that it knows of no character defect that would make him a bad practitioner of the same.

"*Board*" means Virginia Board of Commerce.

"*Department*" means the Department of Commerce.

"*Director*" means the Director of the Department of Commerce.

"*Inspection*" means a method of regulation whereby a state agency periodically examines the activities and premises of practitioners of an occupation or profession in order to ascertain if the practitioner involved is carrying out his profession or occupation in a fashion consistent with the public safety, health and welfare.

"*Licensing*" means a method of regulation whereby the practice of the profession or occupation licensed is unlawful without the issuance of a license.

"*Registration*" means a method of regulation whereby any practitioner of a profession or occupation may be required to submit information concerning the location, nature and operation of his practice.

"*Regulatory board*" means the (i) State Board of Accountancy, (ii) State Board of Architects, Professional Engineers, Land Surveyors and Certified Landscape Architects, (iii) Virginia Athletic Board, (iv) Virginia Board of Examiners for Audiology and Speech Pathology, (v) Board of Barber Examiners, (vi) through (x) [Repealed.] (xi) State Board for Contractors, (xii) Board of Commercial Driver Training Schools, (xiii) Virginia Board of Cosmetology, (xiv) Virginia Board of Hearing Aid Dealers and Fitters, (xv) State Board for the Certification of Librarians, (xvi) State Board of Examiners for Nursing Home Administrators, (xvii) Virginia State Board of Opticians, (xviii) State Board of Commissioners to Examine Pilots, (xix) Virginia Real Estate Board, (xx) [Repealed.] (xxi) Board for the Certification of Water and Wastewater Works Operators, (xxii) Virginia Board of Geology and (xxiii) Virginia Auctioneers Board. (1979, c. 408; 1980, c. 757; 1981, c. 132; 1982, c. 538; 1983, cc. 115, 322; 1984, cc. 82, 203; 1985, c. 448.)

**Section set out twice.** — The section above is effective July 1, 1988. For this section as in effect until July 1, 1988, see the preceding section, also numbered § 54-1.18.

**Cross reference.** — For section transferring the Virginia Board of Examiners for Audiology and Speech Pathology and State Board of Examiners for Nursing Home Administrators to the Department of Health Regulatory Boards, effective July 1, 1988, see § 54-950.2.

**Editor's note.** — Acts 1987, c. 686, cl. 4 provides: "That as of July 1, 1988, the Department of Health Regulatory Boards shall be deemed the successor in interest to the Department of Commerce to the extent that this act transfers powers and duties. All rightful title and interest in and to any real or tangible personal property or records vested in the Department of Commerce as of July 1, 1988, shall be transferred to and taken as standing in the name of the Department of Health Regulatory Boards to the extent that this act transfers powers and duties."

**The 1987 amendment,** effective July 1, 1988, substituted "to engage properly" for "to properly engage" in the definition of "Certification," and in the definition of "Regulatory board" repealed clause (iv), referring to the Virginia Board of Examiners for Audiology and Speech Pathology, and clause (xvi), relating to the State Board of Examiners for Nursing Home Administrators.

**§ 54-1.22:1. Recovery of cost after grant of formal fact-finding.** — If, after the conduct of a formal fact-finding pursuant to § 9-6.14:12, a sanction is imposed to fine, or to suspend, revoke or deny renewal of any license, certificate or registration, and unless the board or the Department is of the opinion that the act complained of was inadvertent or done in a good faith belief that such act did not constitute a violation of a law, rule or regulation, the regulatory board or the Department where it has final authority to grant such license, certificate or registration may assess the holder thereof the cost for conducting such fact-finding. Such cost shall be limited to (i) the reasonable hourly rate for the hearing officer and (ii) the actual cost of recording the proceedings. (1983, c. 401.)

## Article 2.

### Board of Commerce.

**§ 54-1.25. Powers and duties of Board.** — A. The Board shall have the following powers and duties, and such others as may be provided by law:

1. Provide a means of citizen access to the Department.
2. Provide a means of publicizing the policies and programs of the Department in order to educate the public and elicit public support for Department activities.
3. Monitor the policies and activities of the Department and have the right of access to departmental information.
4. Advise the Governor and the Director on matters relating to the regulation of professions and occupations.
5. From time to time make such rules and regulations as may be necessary to carry out its responsibilities.
6. The Board shall evaluate constantly each profession and occupation in the Commonwealth not regulated by other provisions of this title within the criteria established in this chapter for consideration of whether or not each such profession or occupation should be regulated and, if so, the degree of regulation that should be imposed. Whenever it determines that the public interest requires that a profession or occupation which is not then regulated by law should be regulated, the Board shall recommend to the General Assembly next convened for approval a regulatory system accompanied by comprehensive rules and regulations necessary to conduct the degree of regulation required.

B. Upon the regulation of a profession or occupation as hereinabove set forth, the Board shall have the following powers and duties:

# CODE OF VIRGINIA

## 1950

With Provision for Subsequent Pocket Parts

---

### ANNOTATED

---

Prepared by the Virginia Code Commission Under Authority of Chapter 262 of the Acts of the General Assembly of 1948

---

IN TEN VOLUMES

## VOLUME 7



THE MICHIE COMPANY, LAW PUBLISHERS
CHARLOTTESVILLE, VIRGINIA

Copyright 1949
BY
The Michie Company

5
Virg. 22
1950
[superseded]

authorized to enter an appearance in behalf of such nonresident person or any foreign corporation. Upon the filing of such power of attorney the provisions of §§ 13-214 to 13-216, with reference to service of process and notice, and judgments, decrees and orders entered therein, shall be applicable as to such nonresident person or any foreign corporation. (1938, p. 974; Michie Code 1942, § 4359(117).)

§ **54-141. Exemptions from chapter.**—The provisions of this chapter shall not apply to the practice of general contracting or subcontracting as defined in § 54-113 by any authorized representative or representatives of the United States of America or any of its instrumentalities or agencies, the Commonwealth of Virginia or of its instrumentalities, agencies or institutions, or of any county, city, town or other political subdivision of, or any district, zone, local subdivision or area in, the State of Virginia, or the construction, reconstruction, repair, or improvement of any highway or bridge, constructed, reconstructed or repaired by the State Highway Commission. (1938, p. 974; 1940, p. 742; Michie Code 1942, § 4359(118); 1944, p. 636.)

§ **54-142. Penalty for violation of chapter.**—Any person not being duly authorized who shall contract for or bid upon the construction of any of the projects or works or any part thereof enumerated in § 54-113, without having first complied with the provisions hereof, or who shall attempt to practice general contracting or subcontracting in this State, except as provided for in this chapter, and any person presenting or attempting to file as his own the registration certificate of another or who shall give false or forged evidence of any kind to the Board or to any member thereof in maintaining a certificate of registration or who falsely shall impersonate another or who shall use an expired or revoked certificate, and any awarding authority, who knowingly receives or considers a bid from any one not properly registered under this chapter, shall be deemed guilty of a misdemeanor. (1938, p. 973; Michie Code 1942, § 4359(114); 1944, p. 635.)

§ **54-143. Defraying expenses of prosecution.**—The Board may in its discretion use its funds to defray the expense, legal or otherwise in the prosecution of any violations of this chapter. (1938, p. 973; Michie Code 1942, § 4359(114); 1944, p. 635.)

§ **54-144. Investigation of violations.**—All alleged violations of this chapter when reported to the Board and duly substantiated by affidavits, or other satisfactory evidence, shall be investigated by it. The Board may employ a special investigator who shall be paid out of funds appropriated to the Board. If the evidence of violations is substantiated, the Board shall report the same to the attorneys for the Commonwealth of the cities or counties in which the violations are alleged to have occurred. (1940, p. 742; Michie Code 1942, § 4359(118a).)

§ **54-145. Prosecutions by attorneys for the Commonwealth.**—Upon receiving reports, together with proper evidence, from the Board, that any of the provisions of this chapter have been violated, the attorneys for the Commonwealth of the counties or cities in which it is claimed such violations occurred shall institute and conduct the proper proceedings in the appropriate court to prosecute and punish such alleged offenders. (1940, p. 743; Michie Code 1942, § 4359-(118b).)