```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
EASTERN PROFIT CORPORATION LIMITED,                              :
                                                                 :
                              Plaintiff,                         :
                                                                 :        18-cv-2185 (LJL)
           -v-                                                   :
                                                                 :           ORDER
STRATEGIC VISION US LLC,                                         :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/2020

LEWIS J. LIMAN, United States District Judge:

The parties each have waived their rights to a jury trial and consented to a bench trial before the Court. *See* Dkt. No. 291. Pending before the Court are two applications by letter brief. Plaintiff Eastern Profit Corporation Limited ("Eastern") moves pursuant to Fed. R. Civ. P. 42 to separate its claim for declaratory relief from the other issues for trial, including the parties' contract claims and the claim of Defendant Strategic Vision US, LLC ("Strategic") for fraud. *See* Dkt No. 292. Strategic moves to adjourn the trial currently scheduled for November 9, 2020. *See* Dkt. No. 293. Each opposes the other's application.

Eastern takes the position that the trial should proceed as scheduled on November 9, 2020 and is willing to do so remotely. Strategic argues that going forward on November 9, 2020 would subject counsel and the parties to "a punishing, expensive, and prolonged period of self-isolation just before trial," that the alternative of a remote trial is not viable, and that putting the trial off for "ten weeks or so" would not impose hardship. Dkt No. 293.

For the following reasons, the Court DENIES the motion to try the issues for trial separately and ADJOURNS the trial to January 11, 2021.

1.      Request for bifurcation.  Rule 42(b) of the Federal Rules of Civil Procedure provides in relevant part: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Fed. R. Civ. P. 42(b).  "The party seeking separate trials . . . has the burden of proving that separation of the cases is necessary."  9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. 2020) (hereinafter, "Wright and Miller"); see Plew v. Limited Brands, Inc., 2012 WL 379933, at *9 (S.D.N.Y. Feb. 6, 2012); Dallas v. Goldberg, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2000).  Moreover, "[t]he piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course."  Wright and Miller § 2388; see Mensler v. Wal-Mart Transp., LLC, 2015 WL 7573236, at *2 (S.D.N.Y. Nov. 24, 2015) (stating that "bifurcation is the exception rather than the rule" and is "to be employed only in exceptional circumstances") (citations omitted).  The decision whether to bifurcate rests "firmly within the discretion of the trial court."  Katsaros v. Cody, 744 F.2d 270, 278 (2d Cir. 1984) (citing In re Master Key Antitrust Litig., 528 F.2d 5, 14 (2d Cir. 1975)).

Eastern argues that the Court should first try its declaratory judgment claim, which seeks a declaration that the research agreement at issue is void under the Virginia Private Security Services Statute ("Security Services Statute").  It argues that "[i]f Eastern were to prevail on its declaratory judgment count, the Court could then proceed to what effectively would amount to a damages hearing," without the need for the Court to address Strategic's fraud claim.  Dkt. No. 292 at 2.  Recognizing that the Court has held that the plain language of the agreement does not resolve whether it is void under the Security Services Statute, Eastern argues that the evidence with respect to the services for which Eastern contracted and that Strategic provided and agreed to provide is limited and could be heard in a one-day hearing.  See id. at 3.

Strategic has essentially two responses.  First, it notes that the testimony relevant to the declaratory judgment claim will come from the same witnesses who will be called as witnesses on the breach of contract and fraud claims and that the facts relevant to the declaratory judgment claim will also be relevant to the breach of contract and fraud claims.  *See* Dkt. No. 293 at 2.  It also argues that in response to Eastern's declaratory judgment claim, Strategic raises *in pari delicto* and unclean hands defenses that involve the same evidence that forms the basis for Strategic's fraud counterclaim.  *Id.* at 2-3.  Second, it points out that a resolution in favor of Eastern on the bifurcated issue would not resolve the matter.  In what Eastern calls the damages phase, the Court would have to confront the issues of fact regarding whether Eastern conferred a benefit on Strategic or was damaged by Strategic's alleged breach.  All of this highlights, in Strategic's view, that the issues for trial cannot be easily or efficiently or fairly separated.  *Id.* at 3.

Courts have held that "bifurcation may be appropriate where 'the two phases involve[] different types of evidence,' or 'where the litigation of the first issue might eliminate the need to litigate the second issue.'"  *Crown Cork & Seal Co. Master Ret. Tr. v. Credit Suisse First Bos. Corp.*, 288 F.R.D. 335, 338 (S.D.N.Y. 2013) (internal citations omitted).  In addition to the consideration of prejudice to each side, a court considers the following questions in deciding whether severance is appropriate: "(1) whether the issues sought to be tried separately are significantly different from one another, [and] (2) whether the sperate issues require the testimony of different witnesses and different documentary proof."  *German by German v. Federal Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995).  Analyzing those factors, the Court is not convinced that trying claims separately would provide sufficient efficiency to justify departure from the ordinary rule that all issues are to be tried together.

Eastern has not established that the witnesses and documents relevant to the declaratory judgment claim would not also be relevant to the other claims or that a trial on the declaratory judgment claim would avoid the need to litigate the facts that would be relevant to the fraud and contract claims.  The request for bifurcation is denied.

        2.      <u>Request to adjourn the trial date</u>.  The Court applies the "good cause" standard to Strategic's motion to adjourn the trial date.  *See* Fed. R. Civ. P. 16(b)(4).  The backdrop is the COVID-19 pandemic.  Strategic's lead attorney and trial team reside in Missouri and Eastern's lead attorney resides in Delaware.  Both states are on New York's list of "Restricted States."[1]  As of the date of this Order, counsel must quarantine for 14 days in advance of trial if trial were held on November 9, 2020, pursuant to New York Executive Order No. 205.[2]  New York's Department of Health requires that an individual under quarantine must not be in public or otherwise leave their quarters, the individual must be situated in separate quarters for each individual or family group, and food must be delivered to the individual's quarters, among other onerous requirements.[3]  Non-compliance with the quarantine requirement may subject the violator to a civil penalty of up to $10,000.  During that time period, if members of either party's trial team experienced symptoms of COVID-19, they would not be able to enter the courthouse for an additional 14 days according to CDC guidelines, which would result in a delay of the

---

[1] *See* https://coronavirus.health.ny.gov/covid-19-travel-advisory.
[2] *See* Executive Order No. 205, "Quarantine Restrictions on Travelers Arriving in New York" (June 24, 2020), https://www.governor.ny.gov/news/no-205-quarantine-restrictions-travelers-arriving-new-york.
[3] *See* New York Department of Health, "Interim Guidance for Quarantine Restrictions on Travelers Arriving in New York State Following Out of State Travel" (June 24, 2020), https://coronavirus.health.ny.gov/system/files/documents/2020/06/interimguidance_traveladvisory.pdf.

trial.[4]  All agree that those circumstances would make it risky for a Court to hold an in-person trial on November 9, 2020, and that holding such a trial would impose hardship on the parties and their counsel.

Eastern is willing for the Court to hold the trial remotely.  Fed. R. Civ. P. 43(a) permits the Court upon a showing of good cause in compelling circumstances to take testimony by contemporaneous transmission from a location other than the courthouse.  Eastern notes that the case has been pending for more than two and a half years and that the Court has conducted two prior bench trials remotely, in both cases finding that the requirements of Rule 43(a) were satisfied.

Strategic does not consent to conducting the trial remotely.  It notes that two of the witnesses in this case need interpreters, making it difficult to conduct cross-examination remotely.  It also highlights examples of the witnesses resisting answering questions at deposition and argues that, in those circumstances, it is particularly important that the witnesses testify in person and in court where the moral suasion of a court compelling a witness to answer will have most impact.  It notes that Eastern is responsible for at least a portion of the delay in this case because it changed counsel in late summer 2019, resulting in a delay of discovery.

The Court finds that there is good cause for adjourning the trial and adjourns it to January 11, 2021.  Although Fed. R. Civ. P. 43(a) permits remote testimony, the language of that rule makes it clear that it is less preferred than in-person testimony.  In the two prior cases that the Court heard remotely, the parties consented to the remote trial.  Defense counsel here does not consent and for reasons that, on their face, appear to be reasonable, at least at the current time.

---

[4] *See* CDC, "When to Quarantine," https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html.

The Court has the power to keep the current trial date, requiring counsel either to quarantine for 14 days or for Strategic to obtain new counsel.  But, the circumstances do not appear to warrant it, and the short delay Strategic proposes will not prejudice Eastern in a case where the only relief sought is monetary.

The Court will schedule trial for January 11, 2021.  Trial will be held in open court, in Courtroom 15C, assuming that the courthouse remains open.  If Strategic's counsel is unable to travel to New York, Strategic will have to obtain new counsel to try this case.  Counsel should make sure to secure the presence of their witnesses as soon as possible.  The Court will entertain Fed. R. Civ. P. 43(a) applications for remote testimony on a case-by-case basis should circumstances require.

SO ORDERED.

Dated: October 13, 2020
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge