IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTERN PROFIT CORPORATION LIMITED,  <br><br>    Eastern/Counterclaim Defendant,  <br><br>    v.  <br><br>STRATEGIC VISION US, LLC,  <br><br>    Defendant/Counterclaim Eastern. | Case No. 18-cv-2185 |

### DEFENDANT'S MOTION *IN LIMINE*

Defendant Strategic Vision US, LLC ("Strategic"), pursuant to Fed. R. Evid. 402-403, seeks an order *in limine* excluding testimony (or any other form of evidence), argument, or presentation at trial relating to the identity or involvement of any financial funder for either side of this litigation, whether for Plaintiff Eastern Profit Corp. Ltd. ("Eastern") or Defendant. Strategic's witnesses should not be cross-examined by Eastern so that it can glean at trial what Magistrate Freeman did not allow them to discover. Eastern should not be allowed to offer circumstantial evidence or otherwise speculate about direct or indirect payors of Strategic's legal fees. The subject is irrelevant and otherwise inadmissible.

In fall 2019, Eastern sought deposition testimony about how Strategic's legal bills in this case were being paid if Strategic itself was not paying them: "Q Did you and -- did you have any communications of any nature about Mr. [Bruno] Wu or any of his representatives regarding the payment of attorneys' fees in this case?" "Is Mr. Wu funding this lawsuit in any way, directly or indirectly?" The matter appeared partially resolved at the deposition when Strategic stipulated on the record that it was not seeking to recover its legal fees and costs from Eastern. (Nov. 19, 2019 J. Michael Waller ("Waller") testimony, 148:3-150:5, 170:16-173:13) That is one reason why the

1

subject evidence should be precluded—it is plainly irrelevant under Fed. R. Evid. 402. Following Waller's testimony as Strategic's Fed. R. Civ. P. 30(b)(6) witness, however, Eastern again raised the issue, this time with Magistrate Freeman. In a conference, Eastern claimed that if Strategic's legal fees were now being paid by someone associated with the Chinese government or CCP, it would undermine Strategic's position that it would not have entered into the Research Agreement had Strategic known that Guo Wengui was not truly a Chinese dissident, was not loyal to the United States, and did not intend to use the Research Agreement to undermine the CCP. Judge Freeman disagreed that the evidence would be relevant under this theory, stating it might have been relevant had Strategic claimed reputational injury or damages. (And Strategic is not, as it made clear in discovery and in its Strategic's proposed findings of fact/conclusions of law.)

Under Fed. R. Evid. 402, irrelevant evidence is not admissible. Evidence is irrelevant if it has no consequence in determining the action. Fed. R. Evid. 401. Moreover, under Fed. R. Evid. 403, evidence (even if relevant) can be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. The subject at hand is not relevant, as Magistrate Freeman reasoned approximately one year ago. How Strategic's litigation efforts may now be supported (if at all) has no bearing on Strategic's reliance on Guo in the fall of 2017. Additionally, uncovering this evidence could be for the improper purpose of retaliating against Strategic and those who share its views on the danger Guo poses to our China Hawk community. See Fed. R. Evid. 403.[1]

---

[1] Guo has shown a propensity for litigation with an emphasis on intentional torts. He has already personally sued Strategic Vision's principal, its agent, J. Michael Waller, lead counsel, the Down Jones Company, and reporters in New York Supreme Court alleging, inter alia, that Strategic's pleadings in this case were defamatory. It is plausible that Guo would seek to use disclosure of a third-party funder to file additional litigation *about* this litigation. Guo's claims were dismissed on June 28, 2020, but he has appealed.
https://iapps.courts.state.ny.us/fbem/DocumentDisplayServlet?documentId=kohQ2aQe/5OdIdww75vkLQ==&system=prod

This Circuit has repeatedly held that the identity of third-party funders is an improper subject of discovery—especially where, as here, the claimed relevance is to explore the litigation motives of a party that needed funding. *See, e.g., Benitez v. Lopez,* No. 17-CV-3827-SJ-SJB, 2019 WL 1578167, at *1 (E.D.N.Y. Mar. 14, 2019) ("As to the litigation funding documents, Defendants fail to establish that such discovery is 'relevant to any party's claims or defense.'" Also, "[t]he financial backing of a litigation funder is as irrelevant to credibility as the Plaintiff's personal financial wealth, credit history, or indebtedness. That a person has received litigation funding does not assist the factfinder in determining whether or not the witness is telling the truth."). *Kaplan v. S.A.C. Capital Advisors, L.P., S.A.C.*, No. 12-CV-9350 (VM)(KNF), 2015 WL 5730101, at *5 (S.D.N.Y. Sept. 10, 2015), aff'd, 141 F. Supp. 3d 246 (S.D.N.Y. 2015); *Mackenzie Architects, P.C. v. VLG Real Estates Developers, LLC*, No. 115CV1105TJMDJS, 2017 WL 4898743, at *3 (N.D.N.Y. Mar. 3, 2017) (denying the defendants' discovery request for records concerning the plaintiff's litigation funding, and criticizing the defendants' attempt to "travel down an unfruitful path in pursuit of 'litigation motivation'").[2]

Finally, if either side has a third-party litigation funder, soliciting evidence at trial would invade their legal and First Amendment privileges. Many courts have recognized that the work product doctrine and attorney-client privilege protect communications between a party and a third-party funder. *See, e.g., In re International Oil Trading Company, LLC*, 548 B.R. 825, 835 (Bankr.

---

[2] This is consistent with the overwhelming weight of authority from other jurisdictions. *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prod. Liab. Litig.,* No. CV 19-2875 (RBK/JS), 2019 WL 4485702, at *3 (D.N.J. Sept. 18, 2019) ("The Court agrees with the plethora of authority that holds that discovery directed to a plaintiff's litigation funding is irrelevant.") *MLC Intellectual Property LLC v. Micron Technology, Inc.,* Case No. 14-cv-3657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019) (denying litigation funding discovery and stating, "[t]he Court concludes that [defendant] is not entitled to the discovery it seeks because it is not relevant.") *Yousefi v. Delta Electric Motors, Inc*., No. 13-CV-1632 RSL, 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015) ("[w]hether plaintiff is funding this litigation through savings, insurance proceeds, a kickstarter campaign, or contributions from [a] union is not relevant to any claim or defense at issue.").

S.D. Fla. 2016) ("without litigation funders, parties owed money, or otherwise stymied by deep-pocketed judgment debtors, might have reduced or no ability to pursue their claims. Litigation funders may be essential to the provision of legal advice in such cases. Absent the ability to communicate with funders without waiving privilege, potential plaintiffs … might be handcuffed …"); *Charge Injection Techs. v. E.I. Dupont De Nemours & Co.*, Del. Super., 2015 WL 1540520, *4-5 (Mar. 31, 2015) (litigation financier communications are protected by privilege and work product and that the funding agreement was protected work product). The work product doctrine exists to preserve and promote the adversarial system of litigation and prevent a party from free-riding on his opponent's efforts. *Carlyle Inv. Mgmt. L.L.C. v. Moonmouth Co. S.A.,* No. CV 7841-VCP, 2015 WL 778846, at *9 (Del. Ch. Feb. 24, 2015). The First Amendment protects the identity of, and confidential discussions with, a funder who shares a political association with a litigant where that association would be chilled by compelled disclosure and the threat of resulting harassment. *See NAACP v. Alabama*, 357 U.S. 449, 460 (1953); *NAACP v. Button*, 371 U.S. 415, 433 (1963); *Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1355 (2d Cir. 1989).

Here, Eastern cannot use any alleged need to buttress its fraud defense as an excuse to obtain "opposition research" for Guo. Rather than helping this Court to find the truth, using trial time to investigate whether anyone has supported Strategic's defense of this lawsuit will simply set up Guo's network to make additional political and legal attacks against those who share Strategic's concerns. Accordingly, this Court should limit any inquiry into those who have provided financial support for Strategic's defense.

Dated October 30, 2020

        Respectfully submitted,

        GRAVES GARRETT LLC

        *s/ Edward D. Greim*
        Edward D. Greim, #4240172
        1100 Main Street, Suite 2700
        Kansas City, MO 64105
        Telephone: (816) 256-3181
        Fax: (816) 256-5958
        edgreim@gravesgarrett.com
        ATTORNEY FOR
        DEFENDANT/COUNTERCLAIMANT

## **CERTIFICATE OF SERVICE**

      This certifies that, on October 30, 2020, the foregoing was served on all counsel of record via the Court's Electronic Case Filing System.

        *s/ Edward D. Greim*
        Attorney for Defendant/Counterclaim