# Exhibit 1

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:   **HON. O. PETER SHERWOOD** | **PART**   **IAS MOTION 49EFM** |
| *Justice* | |

-----------------------------------------------------------------X

AMBAC ASSURANCE CORP., *et al.*,

                    Plaintiffs,

        - v -

COUNTRYWIDE HOME LOANS, INC., *et al.*,

                  Defendants.

-----------------------------------------------------------------X

**INDEX NO.**            651612/2010

**MOTION DATE**        12/18/2020

**MOTION SEQ. NO.**        057

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 057) 2101, 2102, 2103, 2104, 2105, 2106, 2107, 2108, 2109, 2110

were read on this motion to/for                                   **STAY**                                   .

     In ordinary times New York courts favor in-person trials conducted in a courthouse. These are not such times given the worldwide COVID-19 pandemic. On this motion (motion sequence number 057), plaintiff insists the trial of this case, currently scheduled to commence in February 2021, cannot go forward in-person in the courthouse because of the substantial risk of infection it poses and that, while potentially feasible, a virtual Bench trial may not be held absent its consent, which consent it has withheld. The court has already advised counsel that an in-person trial is not feasible, given each side expects it would require eight lawyers and four support persons present in the courtroom at the same time during the full five week long trial. Whether a trial shall be held virtually is for the court to decide in the exercise of its sound discretion based on the circumstances (*see Jackson v State*, 165 AD 3d 1523, 1528 [3d Dept 2018])..

     New York Judiciary Law §2-b(3) authorizes the court "to devise and make new process and forms of proceedings" that are "necessary to carry into effect the[ir] powers and jurisdiction." Since COVID 19, the New York courts have exercised that authority and used technology to conduct the business of the courts, including virtual hearings and trials (*see, e.g., Ciccone v One West 64th Street, Inc.*, 2020 WL 6325719 [NY Sup Ct Sep 08, 2020] and the cases cited therein). Such authority has been employed during COVID-19 despite objection by the parties (*see, e.g., A.S. v N.S.*, 68 Misc. 3d 767, 768 [NY Sup Ct 2020] [allowing case to proceed over objection where the pandemic was held an "exceptional circumstance"]).

**651612/2010  AMBAC ASSURANCE CORP. vs. COUNTRYWIDE HOME LOANS**                    **Page 1 of 4**
**Motion No. 057**

1 of 4

CPLR 4013, cited by AMBAC as authority barring a virtual absent consent, provides:

Upon stipulations of the parties, the judge who is to preside at the trial of an issue may direct trial in whole or in part at a specific place other than the courthouse.

Nothing in this provision prevents the court from holding the trial over objection in a location other than the courthouse in exceptional circumstances (*see Fiorenti v Cent. Emergency Physicians PLLC*, 39 AD 3d 804, 806 [2d Dept 2007] [where, interpreting Judiciary Law § 4, the court noted that the right to a public trial "is not, absolute . . . and has never been viewed as imposing a rigid, inflexible straitjacket on the courts." The "right to a public trial may be circumscribed by competing interests, such as . . . unhealthy conditions of justice"]; *see also, People v Knapp*, 113 AD 3d 154, 159-60 [3d Dept 1985] [rejecting manslaughter defendant's argument that he was denied a fair trial because his trial was held over the objection of both parties in a church hall during renovations at the courthouse]). Neither *Armstrong v Loveland* (99 AD28, 30-32 ([3d Dept 1904]), nor *In re Sawyer* (13 Misc 3d 497, 501-03 [Sup Ct Oneida Cty 2006]), holds otherwise. In *Armstrong*, the 3d Department held that CPA 437, the predecessor statute to CPLR 4013, required that a stipulation to hold the trial in a location other than the courthouse must be "in writing" that was "filed in the office of the clerk." The statute no longer requires a writing. In *Sawyer*, Supreme Court Justice Julian found respondent's argument that CPLR 1403 precludes testimony by video "not persuasive" and allowed a witness to testify by video over a party's objection.

Even if the court were to hold that the trial must be held in the courthouse absent consent of the parties, the conduct of this trial would qualify because it would be conducted from the courthouse in either Manhattan or White Plains (*see Jackson*, 165 AD3d at 1528), where the Appellate Division, Third Department held the trial in that case was conducted in the Court of Claims even though the claimant was required to participate "via video conference from prison" (*id.*).

Ambac argues that a trial of this size, complexity and length cannot be conducted without exposing the participants to substantial risk to their health (Ambac Br. at 7, Doc. 2107). Countrywide responds that trials and arbitrations are being held widely using videoconference applications, "often with glowing reviews" (Countrywide Br. at 9). The court agrees that current technology allows virtual trials to be held seamlessly and a growing number of courts have

**651612/2010 AMBAC ASSURANCE CORP. vs. COUNTRYWIDE HOME LOANS**     **Page 2 of 4**
**Motion No. 057**

2 of 4

endorsed expansion of its use (*see e.g., Fin. Guar. Ins., Co., v Putnam Advisory Co.*, 2020 WL 5518146 at *4 (SDNY Sep 14, 2020]).

In support of its claim that the conduct of a trial of this case virtually presents a substantial risk, Ambac submits an affidavit of Rina Marfatia, MD, who is board certified in infectious diseases and currently assists essential businesses to design COVID-19 protocols and plans to allow them to operate safely with maximum mitigation of risk. She reviewed the affirmations submitted to the court on this motion regarding the logistical and practical needs of remote trial preparation for this case and opines that "there is a high risk of COVID-19 transmission to trial participants and their contacts at home and in the community should the case . . . proceed" as presently scheduled (Marfatia Aff, ¶ 9, Doc. 2106).

She recites that even with a virtual trial, lawyers located in other states would need to travel to New York City and comply with quarantine requirements. They would have to stay in local hotels for the multi-week trial. Several lawyers and staff from four law firms representing Ambac would need to be in the same room at times. Discrete groups within the trial team would be working together in the same space for long periods each day over the course of the trial. Several attorneys and staff are in the high risk category and many family members of trial participants also fall in this category (*id.* ¶¶ 11-16). Presumably counsel for Countrywide would face similar challenges. She opines that these realities would make it difficult to form a "closed loop" during trial preparation and trial to prevent the spread of COVID-19. She concludes "performing this trial in the current pandemic is unsafe" (*id.* ¶ 17).

The facts provided by Ambac and the views expressed by Dr. Marfatia constitute persuasive evidence that proceeding with trial, even virtually, would be risky. A case of this length and complexity poses risks, particularly where it is highly likely that each side will organize a "war room" that necessarily involves several people working in close proximity indoors for long hours daily over a period of many weeks. Countrywide's observation that Ambac's conduct of trial preparation in-person at their law firms will be "the direct consequence of their own chain of decisions" (Countrywide Br. at 11) is not an adequate response.

Accordingly, the motion to stay trial (Motion Seq. No. 057) is hereby **GRANTED** and this action is stayed until trial may be safely held in person or virtually.

**12/24/2020**
**DATE**

O. PETER SHERWOOD, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

651612/2010  AMBAC ASSURANCE CORP. vs. COUNTRYWIDE HOME LOANS          Page 4 of 4
Motion No. 057

4 of 4