# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BIOVENTUS LLC,<br>      Plaintiff,<br><br>v.<br><br>TRINDENT CONSULTING INTERNATIONAL INC.,<br>      Defendant. | 1:18-CV-815 |

**PROTOCOL FOR REMOTE TRIAL PROCEEDING and SCHEDULING ORDER**

      This matter is scheduled for a bench trial beginning on July 21, 2020.  In light of the ongoing COVID-19 pandemic, the trial will proceed by video-conferencing technology.  The public health emergency, restrictions on travel, and need for a safe court environment unavailable in-person provide compelling circumstances for all testimony to be taken by contemporaneous transmission from a different location.  *See* Fed. R. Civ. P. 43(a).  The parties have largely agreed upon these protocols to provide appropriate safeguards, and the Court finds that the process herein is appropriate to safeguard the rights of the parties to a fair trial.

      The parties shall comply with the following schedule for final pre-trial preparations, and the following protocols will be followed for the trial.

      **1.  Everyone Will Be Remote.**  As agreed by the parties after the recent pre-trial conference, all attorneys, parties, and witnesses will participate in the trial remotely.  Only court personnel needed to assist the Court will be in the courtroom.  The courtroom will be open to the public with video monitors and speakers facing the gallery.  Video and audio of the proceedings will thus be publicly available.

      **2.  Deadlines to Prepare for Remote Trial.**  The following deadlines will ensure the parties and the witnesses are prepared to commence trial on July 21, 2020.

| **Date** | **Activities Required to be Completed** |
|---|---|
| June 30 | The parties shall jointly file a Supplemental Joint Exhibit List that updates their May 1, 2020 Exhibit List, Doc. 58, to indicate which exhibits are stipulated to be admissible.  While stipulations are encouraged, they are not required if there is a proper legal basis for objection to their admissibility. |
| | |

- 1 -

- 2 -

| Date | Activities Required to be Completed |
|---|---|
| June 30 | Many of the exhibits on the Exhibit List have spreadsheets attached to them.  Each party shall notify the other party of the spreadsheets they want to be included as part of the exhibit.  If a spreadsheet cannot be printed on 8 ½ x 11-inch paper in a legible fashion, the parties shall try and reach an agreement on how such spreadsheets shall be provided to the Court (e.g., on larger paper, in electronic form, etc.).<br><br>Each party shall serve on the other party any deposition designations that it intends to use at trial. |
| July 7 | Each party shall serve on the other party any deposition counter-designations.<br><br>Each party shall file its Trial Brief.<br><br>The parties shall jointly compile a Notebook containing all of the Exhibits (the "Exhibit Notebook") and a Notebook containing all of the deposition transcripts and exhibits thereto (the "Deposition Notebook"), and Plaintiff shall mail a copy of each Notebook to the Court and Defendant.  The Exhibit Notebook may have an Addendum to accommodate spreadsheets that were too large to print on 8 ½ x 1- inch paper.  The Deposition Notebook shall contain the complete depositions of each witness likely to testify.  Copies may be double-sided and deposition transcripts may be in compressed format.  The Notebooks required by this order will be color coded according to their type. |
| July 10 | The parties shall exchange any Demonstratives they intend to use at trial.  Plaintiff shall identify its Demonstratives beginning with "Plaintiff Demonstrative 1" and Defendant shall identify its Demonstratives beginning with "Defendant Demonstrative 1."<br><br>After meeting and conferring to narrow disputes, the parties shall file with the Court any objections they have to the other's deposition designations or cross-designations. |
| July 12 | The parties shall jointly compile a Notebook containing all of the Demonstratives (the "Demonstrative Notebook") and Plaintiff shall mail a copy of the Demonstrative Notebook to the Court and Defendant. |

| Date | Activities Required to be Completed |
|---|---|
| July 15 | The parties shall submit a Deposition Designation Notebook to the Court, containing only pages with designated testimony and with all designated testimony highlighted.  Any objected-to testimony shall be highlighted in a different color.<br><br>Each party shall overnight a copy of the Exhibit Notebook and Demonstrative Notebook to any witness it expects to call, or may call, at trial.  The party shall also send a Deposition notebook containing only the witness's deposition and any other deposition the parties consider potentially necessary for the witness's testimony.  Each party shall bear its own copying costs.  A party may not call a witness to testify at trial if the witness was not sent all three Notebooks.  Each party shall notify the other party, in writing, of the names of the individuals to whom it sends the Notebooks. |
|  |  |
| July 17 | The parties shall jointly file a Final Pre-Trial Report that: (a) identifies the name, email address, and phone number of every trial witness, and any other information necessary for the witness to testify remotely; (b) identifies the name, email address and phone number of every individual who intends to watch the trial (subject to the limitations for witness sequestration as explained below in section 4(c)), and any other information necessary for the individual to watch the trial; and (c) provides a schedule showing the day and time they expect to call each witness and the length of time they expect the testimony to last. |

**3.  Final Pre-Trial Conferences.**  On July 10, 2020 at 10:00 a.m., the parties shall appear via video for a Pre-Trial Conference.  The primary purpose of the Conference is to go over the parties' objections to exhibits.  On July 16, 2020, at 2:00 p.m., the parties and clients shall appear via video for a trial practice session to ensure familiarity with the video conferencing platform as it will work during trial.  The Court may also rule upon designations and cross-designations of deposition testimony.

**4.  Remote Video Trial Process:**  The parties and witness shall adhere to the following rules and processes during trial.

   a. All parties, attorneys and witnesses are expected to comport themselves in a manner consistent with a trial taking place in person and entirely within the Courtroom.  Trial shall, in all feasible respects, proceed as if all parties and witnesses were present in the Courtroom.

b. All witnesses shall testify remotely via video.  Counsel anticipate appearing from their respective offices; if counsel are in the same office, they should be on different screens.  Witnesses and party representatives will not be physically present in counsel's office.

c. Each party shall designate one current officer or employee as party representative.  If that person is also a witness, that person will not be excluded while other witnesses are testifying.  *See* Fed. R. Evid. 615(b).  All other witnesses shall be sequestered pursuant to Fed. R. Evid. 615.  No party may have more than one designated party representative.

d. Each side may also have non-witness company representatives and other individuals remotely watch the trial from one remote location; that link will always be muted.  Persons observing through this link must still behave with appropriate decorum so there are no video distractions.   Upon request, the case manager can arrange an open audio feed that interested non-witnesses can use to call in and listen to proceedings.

e. No party or witness may communicate with another witness about any previous testimony in the case until after both witnesses have testified.

f. After each witness completes his or her testimony, the Court will take a 30-minute break to allow sufficient time for each party to contact its next witness and get that witness prepared to testify using remote means.

g. Video and audio taping of the live feed is strictly prohibited.  The parties are to instruct all witnesses and clients of this prohibition.

h. If an attorney needs to speak privately with a client, the attorney shall inform the Court, and the Court will create a breakout room to allow private communications.  Timing of when a breakout room can be used, and for how long, is at the discretion of the Court.

i. During the trial and during breaks, counsel are free to use communication methods not controlled by the Court to communicate with opposing counsel, co-counsel, or clients, excluding, as previously directed, while a client-witness is testifying.  In-trial, off-record communications should be limited and non-disruptive, similar to the whispering between client and attorney or co-counsel, or momentary consultation between opposing counsel about logistical matters, that often happens during an in-person trial.

j. Ex parte communications with the Court through the video chat feature or any other means are prohibited.  Communications with witnesses during their

- 5 -

    testimony through the video chat feature or any other means are also prohibited. Counsel may use the private video chat function with each other, but the Court does not anticipate using the chat function, and no record will be kept of the chats, nor will any party or attorney send a video chat to "everyone."

k. During trial, the parties will refer to and use the exhibits, deposition transcripts, and demonstratives contained the Exhibit Notebook, Deposition Notebook, Deposition Designation Notebook, and Demonstrative Notebook.

l. Each witness must have physical access to a copy of the Exhibit Notebook, Deposition Notebook and Demonstrative Notebook. The copies of the Notebooks provided to witnesses may not contain any notes, highlighting, post-its, or any other changes that do not appear in the original versions.

**SO ORDERED** this the 26th day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE