Troutman Pepper Hamilton Sanders LLP
Hercules Plaza, 1313 N. Market St., Suite 5100, P.O. Box 1709
Wilmington, DE  19899-1709



troutman.com

**Joanna J. Cline**
302.777.6542
joanna.cline@troutman.com

January 7, 2021

**VIA CM / ECF**

Judge Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re:    *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC, C.A.* No. 18-cv-2185 (LJL) –
Briefing Requested by the Court at January 6, 2021 Hearing**

Dear Judge Liman:

In response to the Court's request, we submit this letter to supplement ECF 292 and specifically address authority from courts ordering remote trials (1) over the objection of one party, (2) despite witness credibility concerns, and (3) notwithstanding the need for translators.

A.    Remote Trials May Be Held Without the Consent of All Parties

On January 5, 2021, the SDNY entered an amended order addressing issues relating to the pandemic.  *See* First Am. Standing Order, dated Jan. 5, 2021 (the "Order").  While the Order suspended all jury trials through February 12, 2021, it emphasized that "[b]ench trials and hearings with witnesses (civil or criminal) should be conducted remotely if at all possible."  *Id.*

The Order gives presiding judges "discretion" to determine whether a remote bench trial should take place.  This discretion supplements the "wide latitude" already afforded to courts under F.R.E. 611 to determine the mode and manner in which evidence is presented.  *See Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003); *ResCap Liquidating Trust v. Primary Residential Mortg., Inc.*, 444 F.Supp.3d 967, 970 (D. Minn. 2020).

Under the Order, a bench trial in a civil matter can be conducted remotely – and "**should be conducted remotely if at all possible**" – even if all parties do not consent.  Order at 1 (emphasis added).  In contrast, under the Order, a criminal matter cannot be conducted remotely if the defendant "declines to waive the right to be physically present."  Order at 2.

Strategic has contended that a remote bench trial amounts to an unfair and constitutionally infirm trial.  Such an argument, however, is wholly undermined by the text of the Order itself.  Moreover, courts have rejected "vague and conclusory assertions that due process rights



require the trial to be held in person." *Xcoal Energy & Res. v. Bluestone Energy Sales Corp.*, No. 18-819-LPS, 2020 WL 4794533, at *2  (D. Del. Aug. 18, 2020).[1]

**As a result, over the past year, remote trials have been held across the country even where a party to the action has objected and insisted on a live in-person trial.**  *See e.g.*, *Centripetal Networks v. Cisco Sys.*, No. 2:18cv94, 2020 WL 3411385, at *2 (E.D. Va. Apr. 23, 2020) (denying motion filed by the defendant opposing remote bench trial and subsequently holding a 22-day bench trial); *Guardant Health, Inc. v. Found. Med., Inc.*, No. 17-1616, 2020 WL 6120186, at *3 (D. Del. Oct. 16, 2020) (noting that courts "are regularly determining that the ongoing COVID-19 pandemic constitutes good cause for remote [trial] testimony" and collecting such cases).  The same result should apply here.

B.        Safeguards Can Be Implemented to Address Witness Credibility Concerns

Strategic objects to a remote trial because credibility will be at issue.  Witness credibility is an issue that arises in every trial, but credibility concerns "are far less pressing" in a bench trial, where the general rule is to "err on the side of admitting evidence."  *United States v. Donzinger,* No. 19-CR-561, 2020 WL 6364652, at *2 (S.D.N.Y. Oct. 28, 2020) (allowing witnesses to testify remotely from a country that does not permit extradition on perjury charges).

Because of the "near-instantaneous transmission of video testimony," the Court will have the ability, at close range (and likely at far closer range that the courtroom setting would permit), "to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, and his calmness or consideration."  *See Argonaut Ins. Co. v. Manetta Enters.*, No. 19-cv-00842-PKC, 2020 WL 3104033, at *3 (E.D.N.Y. June 11, 2020) (citations omitted); *see also Guardant Health*, 2020 WL 6120186, at *3 ("To date, the undersigned Judge has presided over three fully remote 'video' bench trials. . . each one of which involved challenges to the credibility of one or more witnesses. In each case, the undersigned Judge felt that the examinations provided the evidence necessary to assess credibility."); Ex. 1, *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663, 2020 U.S. Dist. LEXIS 212008, at *6-7 (D. Ariz. Nov. 13, 2020) (noting that "the Court is confident it will be able, as the trier of fact in the bench trial, to evaluate the remote witnesses' credibility").

In ordering remote trials, courts have observed that the "video-conferencing format does not favor one party over the other."  *Argonaut*, 2020 WL 3104033, at *3; *see also Guardant Health,* 2020 WL 6120186, at *3 ("Skillful trial counsel will be able to conduct effective examinations, including cross-examinations, even without the witnesses … being in the courtroom…").  Here, Strategic seems to claim that witness credibility will be an issue only with respect to Eastern's witnesses.  Assuming this were true (which it is not), then as this Court observed yesterday, the

---

[1] *See also Gould Elecs. Inc. v. Livingston Cty. Rd. Comm'n*, 470 F. Supp. 3d 735, 743 (E.D. Mich. 2020) (noting that because the Federal Rules of Civil Procedure expressly allow remote testimony under Rule 43(a) and permit the use of deposition testimony under Rule 32(a)(4), "[i]t is unreasonable to suggest that these accepted methods of presenting evidence somehow violate due process"); *In re Lawrence*, No. 17-30339, 2020 WL 6875947, at *5 (Bankr. E.D. Va. July 8, 2020) (rejecting argument that a defendant has a due process right to in-person witness testimony because good cause exists under Rule 43(a) in light of the global pandemic).



remote format may actually favor Strategic to the extent witnesses appear more evasive on Zoom.

**In reality, remote testimony may in fact be a better way for the Court to assess witness credibility because it gives the court a *"closer look"* at the witnesses' faces.** *See* Ex. 2, *Raffel Sys., LLC v. Man Wah Holdings Ltd., Inc.*, No. 18-CV-1765, 2020 U.S. Dist. LEXIS 212350, at *8 (E.D. Wis. Nov. 13, 2020) (observing that a "hearing by video will allow me to properly hear their testimony, observe their demeanor, and overall evaluate their credibility" and "get an even closer look at … witnesses' faces via videoconference than I could during an in-person hearing").  In the alternative, if the Court were to postpone the case until such time an in-person trial may be held (and, given the substantial increase in COVID-19 infection rates, it is unknown when that will occur)[2] such a trial likely would require social distancing, masks, and/or plexiglass barriers, which would make it even more difficult for the Court to assess witness credibility.  *See* Ex. 3, excerpt of *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-01570, 2020 U.S. Dist. LEXIS 224721, at *248-49 (S.D.N.Y. Dec. 1, 2020).

        C.       <u>Translation Services Can Adequately Be Provided</u>

Strategic has contended that a live trial is necessary given that Mr. Guo and Mr. Han will need interpreters.  Strategic claims that problems may arise with individuals "over-speaking" and therefore will make it "impossible to conduct any sustained questioning of Mr. Guo and Mr. Han."  Strategic's Dec. 23, 2020 Letter to Court, ECF No. 311.

This Court is fully capable of managing remote testimony involving interpreters and has ordered that trials proceed with the use of remote translation services.  *See e.g.*, Ex. 4, Order, *United States v. Donziger*, No. 19-561, ECF No. 201 (S.D.N.Y. Nov. 5, 2020) (order allowing a court-certified interpreter to provide translation services remotely).  Any concerns of "over-speaking" can be addressed through appropriate protocols.  *See e.g.*, Ex. 5, Minute Entry, *Augello V. Ramskyte,* No. 1:20cv3370 (E.D.N.Y. Nov. 19, 2020) (ordering that interpreters in a remote trial "will conduct simultaneous translation [and] will need to have a separate line connected to the witness and should mute their WebEx line when they are not speaking to the Court"); Ex. 3, excerpt of *In re Terrorist Attacks on Sept. 11, 2001*, 2020 U.S. Dist. LEXIS 224721, at *252 (rejecting argument that a live deposition is necessary when translators are involved).

For these reasons, Eastern respectfully requests that the Court proceed with a remote trial on January 19, 2021.  Avoiding further delay is important.  Strategic has made this contract case about much more than damages.  It is a case in which people have been being wrongfully accused of being the antithesis of what they stand for.  Eastern looks forward to its day in court and its opportunity to clear its name.

---

[2] Many courts have determined that remote trials should proceed precisely because it is unclear when live trials will resume.  *See* Ex. 2, *Raffel*, 2020 U.S. Dist. LEXIS 212350, at *9 ("[G]iven the uncertainty with how long the COVID-19 pandemic will be interrupting our daily lives and court operations, the use of '[c]ontemporaneous transmission' for remote testimony is absolutely preferable over 'an attempt to reschedule the trial[.]'" (*citing* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment)); *Guardant Health*, 2020 WL 6120186, at *1 (noting that if the trial did not proceed as scheduled, "[i]t is entirely unclear when it would occur" due to the trial backlog); *Vitamins Online, Inc. v. Heartwise, Inc.*, No. 13-cv-00982, 2020 WL 3452872, at *9 (D. Utah June 24, 2020) (same).



Respectfully,

/s/ Joanna J. Cline

Joanna J. Cline


cc:     All Counsel of Record (By CM/ECF)