EXHIBIT 1

# EXHIBIT 1

# Cramton v. Grabbagreen Franchising LLC

United States District Court for the District of Arizona

November 13, 2020, Decided; November 13, 2020, Filed

No. CV-17-04663-PHX-DWL

**Reporter**

2020 U.S. Dist. LEXIS 212008 *

Kim Cramton, Plaintiff, v. Grabbagreen Franchising LLC, et al., Defendants.

**Prior History:** Cramton v. Grabbagreen Franchising LLC, 2018 U.S. Dist. LEXIS 190371 (D. Ariz., Nov. 6, 2018)

**Counsel:** [*1] For Kim Cramton, Plaintiff: Cara Molly Louise Rogers, Todd Feltus, LEAD ATTORNEYS, Kercsmar & Feltus PLLC, Scottsdale, AZ; Emily Dierberg Armstrong, Michelle Ray Matheson, LEAD ATTORNEYS, Matheson & Matheson PLC, Scottsdale, AZ.

For Grabbagreen Franchising LLC, Eat Clean Operations LLC, Eat Clean Holdings LLC, Keely Newman, Defendants: Joel Taylor Fugate, John Jeffrey Bouma, Larry J Cohen, Erin A Hertzog, LEAD ATTORNEYS, Cronus Law PLLC, Phoenix, AZ.

**Judges:** Dominic W. Lanza, United States District Judge.

**Opinion by:** Dominic W. Lanza

## Opinion

**WO**

**ORDER**

The bench trial in this action is scheduled to begin on December 10, 2020. During a recent status conference, Defendants Eat Clean Holdings, LLC and Keely Newman (together, "Defendants") asked whether certain out-of-state witnesses would be permitted to testify remotely at trial, via video teleconference, in light of the COVID-19 pandemic. (Doc. 348.) In response, the Court ordered the parties to meet and confer about the issue and then submit briefing if they were unable to reach an agreement. (*Id.*)

The parties have now submitted their briefing. Defendants have identified eight out-of-state witnesses they would like to call remotely. Plaintiff Kim Cramton [*2] ("Plaintiff") agrees that six of those witnesses (Price, Gitt, Mills, Ferrell, Glines, and Mavros) may testify at trial via video teleconference. (*Id.*)[1] However, Plaintiff objects to the introduction of remote testimony from the remaining two witnesses, Griffin and Modders. (*Id.* at 1-2.)

Defendants argue that Griffin and Modders should be allowed to testify remotely because (1) both witnesses "have health conditions and are afraid of the risk to their health and lives to fly to Phoenix to be in the Courthouse and to be around other people in the process who may be inflected with Covid 19" and (2) both witnesses are expected to provide important testimony, as they were percipient witnesses to some of the key events in this case (phone calls between Plaintiff and Keely Newman), and their exclusion would be prejudicial to Defendants. (Doc. 358.) Plaintiff, in turn, argues that Griffin should be required to testify in person because (1) Defendants didn't disclose Griffin as a potential witness until the final day

---

[1] Plaintiff has only agreed these witnesses may testify via video teleconference and does not agree they may testify via an audio-only link. (Doc. 359 at 2.) Midway through the briefing cycle, the Court was informed that video teleconferencing would be unavailable during trial due to logistical and bandwidth limitations. (Doc. 356.) Upon receiving this information, the Court immediately relayed it to the parties. (*Id.*) However, since then, the Court has been informed that the availability of video teleconferencing during trial has been restored. The Court sincerely apologies to the parties for providing inconsistent information on this topic. In any event, given the most recent clarification, there is no need to address Plaintiffs' audio-only objection to the other six witness and Defendants' request to submit supplemental briefing on this topic (Doc. 360) is denied as moot.

of the discovery period, (2) Griffin's expected testimony is inadmissible hearsay, and (3) because Griffin's expected testimony concerns a key issue, "this is precisely the type of witness [*3] whose credibility needs to be examined by the trier of fact." (Doc. 354 at 1-2.) Finally, Plaintiff argues that Modders should be required to testify in person because (1) "she is located in Canada and not within the United States" so this Court will be "unable to enforce her oath to testify truthfully . . . and/or hold her in contempt if such a need arose" and (2) her expected testimony is cumulative and irrelevant. (*Id.* at 1.)

The parties' dispute is governed by Rule 43(a) of the Federal Rules of Civil Procedure. Rule 43(a) provides that, although witness testimony at trial ordinarily "must be taken in open court," a district court "may permit testimony in open court by contemporaneous transmission from a different location" upon a showing of "good cause in compelling circumstances and with appropriate safeguards." The 1996 advisory committee notes to Rule 43(a) explain that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.* (quoted in *Palmer v. Valdez*, 560 F.3d 965, 969 n.4 (9th Cir. 2009)). The 1996 advisory committee notes further explain that "[g]ood cause and compelling circumstances may be established with relative [*4] ease if all parties agree that testimony should be presented by transmission."

Given these standards, the Court concludes that "good cause" and "compelling circumstances" exist to allow all eight of the above-mentioned witnesses (the six uncontested witnesses and two contested witnesses) to testify remotely at trial via video teleconference. Courts have not hesitated to find that the COVID-19 pandemic justifies allowing out-of-state witnesses to testify remotely in civil trials. *See, e.g., Guardant Health, Inc. v. Foundation Medicine, Inc.*, 2020 U.S. Dist. LEXIS 192477, 2020 WL 6120186, *3 (D. Del. 2020) ("Courts, including this Court, are regularly determining that the ongoing COVID-19 pandemic constitutes good cause for remote testimony."); *In re RFC & ResCap Liquidating Trust Action*, 444 F. Supp. 3d 967, 971-72 (D. Minn. 2020) (granting motion to allow out-of-state witnesses to testify via video teleconference because "the occurrence of COVID-19—and its impact on the health and safety of the parties and witnesses—is undoubtably an unexpected occurrence that nevertheless still permits witnesses to testify from a different place"). Moreover, Plaintiff doesn't dispute Defendants' contention that Griffin and Modders suffer from health conditions that render them particularly susceptible to complications arising from COVID-19. This constitutes a particularly compelling reason to allow [*5] them to testify remotely.

There is no merit to Plaintiff's argument that "good cause" and "compelling circumstances" are lacking because the testimony of Griffin and Modders may end up being deemed inadmissible at trial on hearsay and/or cumulativeness grounds. The inquiry under Rule 43(a) turns on whether the witness is unable to attend trial for unexpected reasons. Whether the witness's testimony may prove objectionable under the Federal Rules of Evidence is a different matter that is best resolved during trial. In any event, the Court currently lacks enough information to decide, as a categorical matter, whether Griffin's and Modders's anticipated testimony will be hearsay and/or cumulative.

Nor is there any merit to Plaintiff's argument that Modders's presence in a foreign country eliminates the possibility of remote testimony under Rule 43(a). In *Hadad v. United Arab Emirates*, 496 F.3d 658, 378 U.S. App. D.C. 67 (D.C. Cir. 2007), the defendant opposed a request for a foreign witness to testify "from Egypt by Internet video" under Rule 43(a), arguing—just as Plaintiff argues here—that the "testimony was effectively unsworn because, with no extradition treaty between the United States and Egypt, [the witness] could not be prosecuted for perjury." *Id.* at 668-69. The district court rejected this argument, [*6] allowing the foreign witness to testify, and the D.C. Circuit affirmed. *Id. Hadad* is just one of many cases in which courts have invoked Rule 43(a) to allow foreign witnesses to testify remotely and Plaintiff has not identified any decision holding otherwise. *See, e.g., Lopez v. Miller*, 915 F. Supp. 2d 373, 396 & n.9 (E.D.N.Y. 2013) (Dominican Republic); *Virtual Architecture, Ltd. v. Rick*, 2012 U.S. Dist. LEXIS 15118, 2012 WL 388507, *2 (S.D.N.Y. 2012) (Seychelles); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (Honduras); *Official Airline Guides, Inc. v. Churchfield Publications, Inc.*, 756 F. Supp. 1393, 1398 n.2 (D. Or. 1990) (United Kingdom).

Rule 43(a) also requires the Court to utilize "appropriate safeguards" when receiving remote witness testimony. Although "[t]he case law defining what constitutes appropriate safeguards is sparse . . . [t]he few cases that do address the issue appear to focus on ensuring that the purposes of Rule 43(a) are met—that the witness is giving live testimony, under oath, which is received in open court when the witness is subject to cross examination. Other important safeguards include taking steps to establish a reliable means of transmission and figuring out a fair and workable process for handling documents or other trial exhibits." *See* 1 S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 43, at 1158-59 (2018) (footnote omitted). The Court will utilize such safeguards here. And because these safeguards will be in place, the Court is

confident it will be able, as the [*7] trier of fact in the bench trial, to evaluate the remote witnesses' credibility (which is one of the reasons Plaintiff believes Griffin should be required to testify in person).

As a final matter, although the Court is otherwise persuaded that Griffin should be permitted to testify remotely at trial via video teleconference under Rule 43(a), Plaintiff's brief raises a separate issue that requires further discussion. As noted, Plaintiff objects to Defendants' remote-testimony request in part because Defendants didn't disclose Griffin as a potential witness until the final day of the discovery period. (Doc. 354 at 1.) In the Final Pretrial Order, Plaintiff has separately identified this untimely disclosure as a reason why Griffin should be precluded from testifying. (Doc. 310 at 95 ["Plaintiff objects to this witness as not being timely disclosed. This witness was not disclosed until the very last day of discovery in this case, preventing Plaintiff from deposing her or issuing any discovery related to her purported testimony."].) And in their response to Plaintiff's brief, Defendants seem to acknowledge that they disclosed Griffin on the last day of the discovery period. (Doc. 358 at 4 ["Griffin [*8] was disclosed as a witness prior to the close of discovery on January 4, 2019 . . . ."].)

The Court construes Plaintiff's objection in the Final Pretrial Order as a motion to preclude Griffin from testifying as a discovery sanction under Rule 37 of the Federal Rules of Civil Procedure. Although the parties have not briefed this issue in any depth, the Court's initial reaction is that Plaintiff's argument has some force. Courts have repeatedly held that it is improper to delay disclosing a key witness until the final day of the discovery period. *See, e.g., Jackson v. Am. Family Mut. Ins. Co.*, 2012 U.S. Dist. LEXIS 32404, 2012 WL 845646, *3 (D. Nev. 2012) ("[T]he court finds Plaintiff's disclosure of these three witnesses is not timely. . . . [T]hese three witnesses, who were disclosed on the last day of the extended discovery cutoff, are friends of the Plaintiff who knew him before the March 20, 2004, accident. They were disclosed too late for Defendant to conduct formal or informal discovery."); *Lopez v. United Parcel Serv. Gen. Serv. Corp.*, 2006 U.S. Dist. LEXIS 117511, 2006 WL 8441558, *2 (D. Nev. 2006) ("[A] party may not wait until the last day of discovery to disclose the identity of witnesses or documents that the party reasonably knows it may use in support of its claims or defenses. Such witnesses and documents should either be listed in the party's initial disclosures . . . or in a timely supplemental disclosure . . . ."). Nor [*9] does it appear to be a case where Defendants unexpectedly learned Griffin's identity during the latter stages of the discovery process and then made a prompt effort to disclose her. To the contrary, Defendants describe Griffin as "a full-time employee of GFL as Keely's assistant and full-time resident in

Keely's home/Grabbagreen office from January 2015 until her last day of employment on October 8, 2017." (Doc. 310 at 94.) Given this backdrop, the Court is struggling to understand why Defendants failed to disclose Griffin as a witness until after the time to notice depositions and conduct written discovery had effectively expired.

Having construed Plaintiff's objection as a motion, the Court will set deadlines for response and reply briefs on this issue.

Accordingly,

**IT IS ORDERED** that:

(1) Witnesses Price, Gitt, Mills, Ferrell, Glines, Mavros, and Modders may testify remotely at trial via video teleconference under Rule 43(a).

(2) Defendants must, by November 20, 2020, file a response (which may not exceed seven pages) addressing whether Griffin should be precluded from testifying as a sanction under Rule 37 based on late disclosure.

(3) Plaintiff may, by November 30, 2020, file a reply (which may not [*10] exceed five pages).

Dated this 13th day of November, 2020.

/s/ Dominic W. Lanza

Dominic W. Lanza

United States District Judge

**End of Document**

EXHIBIT 2

# EXHIBIT 2

# Raffel Sys., LLC v. Man Wah Holdings Ltd., Inc.

United States District Court for the Eastern District of Wisconsin

November 13, 2020, Decided; November 13, 2020, Filed

Case No. 18-CV-1765

**Reporter**

2020 U.S. Dist. LEXIS 212350 *

RAFFEL SYSTEMS, LLC, Plaintiff, v. MAN WAH HOLDINGS LTD., INC., MAN WAH (USA) INC., and XYZ COMPANIES 1-10, Defendants.

**Prior History:** Raffel Sys., LLC v. Man Wah Holdings Ltd., Inc., 2020 U.S. Dist. LEXIS 104321 (E.D. Wis., June 15, 2020)

**Counsel:** [*1] For Raffel Systems LLC, Plaintiff: David A Casimir, LEAD ATTORNEY, Tyler J Sisk, Casimir Jones SC, Middleton, WI; John C Scheller, LEAD ATTORNEY, Michelle L Dama, Michael Best & Friedrich LLP, Madison, WI; Joseph T Leone, LEAD ATTORNEY, DeWitt LLP, Madison, WI.

For Man Wah Holdings LTD Inc, Man Wah (USA) Inc, Defendants: Clark Bakewell, Gary M Hnath, Michael Louis Lindinger, Mayer Brown LLP, Washington, DC; Hao Tan, Shen Wang, Arch & Lake LLP, Chicago, IL; Jennifer L Gregor, Godfrey & Kahn SC, Madison, WI; Matthew M Wuest, Godfrey & Kahn SC, Milwaukee, WI.

For David E Jones, Special Master: David E Jones, LEAD ATTORNEY, Resolute Systems LLC, Milwaukee, WI.

For Man Wah (USA) Inc, Man Wah Holdings LTD Inc, Counter Claimants: Clark Bakewell, Gary M Hnath, Michael Louis Lindinger, Mayer Brown LLP, Washington, DC; Hao Tan, Shen Wang, Arch & Lake LLP, Chicago, IL; Jennifer L Gregor, Godfrey & Kahn SC, Madison, WI; Matthew M Wuest, Godfrey & Kahn SC, Milwaukee, WI.

For Raffel Systems LLC, Counter Defendant: David A Casimir, LEAD ATTORNEY, Tyler J Sisk, Casimir Jones SC, Middleton, WI; John C Scheller, LEAD ATTORNEY, Michelle L Dama, Michael Best & Friedrich LLP, Madison, WI; Joseph T Leone, LEAD [*2] ATTORNEY, DeWitt LLP, Madison, WI.

**Judges:** NANCY JOSEPH, United States Magistrate Judge.

**Opinion by:** NANCY JOSEPH

# Opinion

## DECISION AND ORDER ON DEFENDANTS' EXPEDITED MOTION TO RECONSIDER FORMAT OF INVENTORSHIP BENCH TRIAL

Man Wah sought a hearing under Fed. R. Civ. P. 42(b) to correct inventorship of the utility patents at issue in this case pursuant to 35 U.S.C. § 256. Man Wah's motion was granted, and a two-day bench trial on the inventorship issue is scheduled to begin on Monday, November 16, 2020. During a status conference on September 30, 2020, I instructed the parties to confer on whether they wished to proceed with the bench trial in person or via videoconference due to concerns related to the ongoing COVID-19 pandemic. (Docket # 223.) In a letter dated October 9, 2020, the parties informed the Court that they could not agree on whether to hold the bench trial in person or via videoconference. (Docket # 226.) The parties stated that while Man Wah prefers the inventorship hearing be conducted remotely by video, Raffel prefers an in-person hearing so that the Court could better consider the credibility of the witnesses. (*Id.*)

A final pretrial conference was held on November 9, 2020. Man Wah again expressed its desire to hold the hearing by video, [*3] citing health concerns for its staff and witnesses due to COVID-19. (Docket # 256.) Raffel argued the hearing should be in person as the credibility of Burwell will be front

and center, and his credibility can be better assessed in person. While I offered the parties the option of having a hybrid hearing (i.e., defense presenting its evidence via video while plaintiff presents its evidence in person), Man Wah argued it would be prejudiced by this method. Thus, I ordered the bench trial to be conducted in person, with one witness appearing remotely.

On November 12, 2020, Man Wah filed the current motion, imploring the Court to reconsider its decision regarding the format of the inventorship hearing. (Docket # 260.) Man Wah argues subsequent to the final pretrial hearing, on November 10, 2020, Wisconsin Governor Tony Evers announced Executive Order No. 94, recommending that all individuals stay at home whenever possible, strongly encouraging businesses to facilitate remote work and other measures to limit contact to the greatest extent possible, and to limit travel if possible. *See* Executive Order # 94, https://evers.wi.gov/Documents/COVID19/EO094-COVIDRecommendations.pdf. Man Wah further cites to the increasing [*4] problems related to COVID-19 in Wisconsin, including hospitals nearing full capacity for treating patients and the fact that all but seven Wisconsin counties reflect critically high case rates. (*Id.* at 1-2.) Man Wah reiterates its position, however, that "principles of fairness require that the format be the same for both parties involved—whether by Zoom or in person." (*Id.* at 2.)

Raffel objects to Man Wah's motion. (Docket # 261.) Raffel asserts that Man Wah is "trying to leverage the COVID-19 crisis to garner a litigation advantage" and argues that Governor Evers' order does not prohibit or prevent the bench proceedings ordered by the Court. (*Id.* at 1.) Raffel reiterates that it would suffer "significant prejudice" if "denied the opportunity to cross-examine Mr. Burwell in person," given the centrality of Burwell's credibility to the case. (*Id.* at 2.)

Although Fed. R. Civ. P. 43 generally provides that "[a]t trial, the witnesses' testimony must be taken in open court," it also provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Using the discretion afforded by Rule 43(a), courts have allowed testimony [*5] to be presented at trial via videoconference where there existed "good cause and compelling circumstances" to do so. *See Argonaut Ins. Co. v. Manetta Enterprises, Inc.,* No. 19CV00482PKCRLM, 2020 U.S. Dist. LEXIS 103625, 2020 WL 3104033, at *1 (E.D.N.Y. June 11, 2020) (collecting cases). In *In re RFC & ResCap Liquidating Tr. Action,* 444 F. Supp. 3d 967 (D. Minn. 2020), the district court held that the COVID-19 pandemic and its impact on the parties' and witnesses' ability to appear in-person in court constituted "good cause and compelling circumstances" under FRCP 43(a) to permit defense witnesses to testify at a bench trial via videoconference. *Id.* at 970. The court acknowledged that "[c]onducting a trial by videoconference is certainly not the same as conducting a trial where witnesses testify in the same room as the factfinder . . . [c]ertain features of testimony useful to evaluating credibility and persuasiveness, such as '[t]he immediacy of a living person' can be lost with video technology, and the 'ability to observe demeanor, central to the fact-finding process, may be lessened[.]'" *Id.* (internal citations and quotations omitted).

Despite these shortcomings, however, the *RFC* court concluded that advances in technology minimize these concerns. *Id.* "The near-instantaneous transmission of video testimony through current technology permits 'the jury [*6] [or, in a bench trial, the Court] to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, [and] his calmness or consideration[.]'" *Id.* (internal citation omitted). The court found that "[g]iven the speed and clarity of modern videoconference technology, where good cause and compelling circumstances are shown, such testimony 'satisfies the goals of live, in-person testimony and avoids the shortcomings of deposition testimony.'" *Id.* at 971. Furthermore, the Advisory Committee Notes to Rule 43(a) state that the use of "[c]ontemporaneous transmission may be better than an attempt to reschedule the trial[.]"

Upon further reflection, I find that there is good cause and compelling circumstances that justify conducting the inventorship hearing via videoconference. As the *RFC* court found, "the occurrence of COVID-19—and its impact on the health and safety of the parties and witnesses—is undoubtably an 'unexpected' occurrence that nevertheless still permits witnesses 'to testify from a different place,'" as contemplated by Rule 43(a). *Id.* at 971. Raffel argues that Governor Evers' November 10, 2020 Executive Order does not reflect "dramatically changed circumstances [*7] since Monday" and states that the Order does not prohibit in-person court proceedings. (Docket # 261 at 1.) While it is true that Governor Evers' Executive Order is merely a "strong recommendation," that does not lessen the severity of the current situation or the fact that the citizens of Wisconsin are being asked to conduct business online or by phone whenever possible. Indeed, the virus spread in Wisconsin is alarming. Yesterday saw the highest single-day number of positive test results—7,497—and 36.4% of those who were tested have tested positive. Wisconsin Department of Health Services, https://www.dhs.wisconsin.gov/covid-19/disease.htm. Milwaukee County has topped 54,000 cases. https://www.dhs.wisconsin.gov/covid-19/county.htm#case%20death. Hospitals in the southeast

region of the state are at 93% capacity; statewide are at 89% capacity. https://www.dhs.wisconsin.gov/covid-19/hosp-data.htm#capabilities. Specifically, as to the courthouse building, although the court has significantly reduced the number of in-person proceedings and encouraged remote working, there has been an increase in the number of workers in the building who have tested positive for COVID-19. Accordingly, [*8] although the court has taken precautions to lessen the possibility of transmission (such as plexiglass and masks), the current state of the community spread in Wisconsin and the Governor's recommendation counsel in favor of conducting the hearing via video.

Additionally, that witnesses and attorneys would have to travel from out of the state for the hearing also favors proceeding by videoconference. Air travel is not advisable right now. Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html.

While I appreciate Raffel's concerns about assessing the witnesses' credibility, particularly Burwell's, I am confident that conducting the hearing by video will allow me to properly hear their testimony, observe their demeanor, and overall evaluate their credibility. In fact, as I indicated at the final pretrial hearing, I will be able to get an even closer look at Burwell's and the other witnesses' faces via videoconference than I could during an in-person hearing. Again, this is a bench trial where there is a single fact-finder as opposed to a jury trial with multiple fact-finders needing to hear and view the testimony. As the [*9] *RFC* court aptly stated: "If this were a jury trial, [ ] concerns about clarity would perhaps be heightened. However, as this is a bench trial, [and] the Court is confident it will adequately understand [the witnesses'] testimony, even through videoconference technology." 444 F. Supp. 3d at 972. Finally, given the uncertainty with how long the COVID-19 pandemic will be interrupting our daily lives and court operations, the use of "[c]ontemporaneous transmission" for remote testimony is absolutely preferable over "an attempt to reschedule the trial[.]" *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

For these reasons, Man Wah's motion to reconsider the format of the trial is granted. The inventorship hearing will be conducted via Zoom. The Deputy Clerk is ordered to set up the videoconference for Monday, November 16, 2020 at 9:00 a.m.

Dated at Milwaukee, Wisconsin this 13th day of November, 2020.

BY THE COURT

/s/ Nancy Joseph

NANCY JOSEPH

United States Magistrate Judge

**End of Document**

**EXHIBIT 3**

# EXHIBIT 3

# In re Terrorist Attacks on September 11, 2001

United States District Court for the Southern District of New York

December 1, 2020, Decided; December 1, 2020, Filed

03-MDL-01570 (GBD)(SN)

**Reporter**
2020 U.S. Dist. LEXIS 224721 *

In re: TERRORIST ATTACKS ON SEPTEMBER 11, 2001

**Prior History:** In re Terrorist Attacks on September 11, 2001, 295 F. Supp. 2d 1377, 2003 U.S. Dist. LEXIS 22427 (J.P.M.L., Dec. 9, 2003)

**Counsel:** [*1] For Kathleen Ashton, as Administrator of the Estate of Thomas Ashton, deceased and on behalf of all survivors of Thomas Ashton, Plaintiff: Andrew Joseph Maloney, Blanca I. Rodriguez, Brian J. Alexander, David Beekman, David Charles Cook, Francis Gerard Fleming, James P. Kreindler, Justin Timothy Green, Lee S. Kreindler, Marc S. Moller, Milton G. Sincoff, Noah H. Kushlefsky, Paul S Edelman, Robert James Spragg, Steven R. Pounian, James P. Kreindler, Kreindler & Kreindler, New York, NY; Sean P. Carter, Cozen O'Connor (Philadelphia), Philadelphia, PA.

For Josephine Alger, as Co-Executor of the Estate of David D. Alger, deceased and on behalf of all survivors of David D. Alger, Angelica Allen, as Administrator of the Estate of Eric Allen, deceased and on behalf of survivors of Eric Allen, George Andrucki, as Co-Administrator of the Estate of Jean Andrucki, deceased and on behalf of all survivors of Jean Andrucki, Mary Andrucki, as Co-Administrator of the Estate of Jean Andrucki, deceased and on behalf of all survivors of Jean Andrucki, Alexander Paul Aranyos, as Co-Administrator of the Estate of Patrick Michael Aranyos, deceased and on behalf of all survivors of Patrick Michael Aranyos [*2] Andrucki, Winifred Aranyos, as Co-Administrator of the Estate of Patrick Michael Aranyos, deceased and on behalf of all survivors of Patrick Michael Aranyos, Margaret Arce, as Administrator of the Estate of David Gregory Arce, deceased and on behalf of all survivors of David Gregory Arce, Margit Arias, ad Administrator of the Estate of Adam Peter Arias, deceased and on behalf of all survivors of Adam Peter Arias, Evelyn Aron, as Executor of the Estate of Jack Charles Aron, deceased and on behalf of all survivors of Jack Charles Aron,

Christina Baksh, as Administrator of the Estate of Michael S. Baksh, deceased and on behalf of all survivors of Michale S. Baksh, Joanne Barbara, as Executor of the Estate of Gerard Barbara, deceased and on behalf of all survivors of Gerard Barbara, Plaintiffs: Blanca I. Rodriguez, Brian J. Alexander, David Beekman, David Charles Cook, James P. Kreindler, Lee S. Kreindler, Marc S. Moller, Noah H. Kushlefsky, Robert James Spragg, Steven R. Pounian, James P. Kreindler, Kreindler & Kreindler, New York, NY.

For Nancy Badagliacca, as Administrator of the Estate of John J. Badagliacca, deceased and on behalf of all survivors of John J. Badagliacca, Plaintiff: [*3]  Andrew Joseph Maloney, Blanca I. Rodriguez, Brian J. Alexander, David Beekman, David Charles Cook, Francis Gerard Fleming, James P. Kreindler, Justin Timothy Green, Lee S. Kreindler, Marc S. Moller, Milton G. Sincoff, Noah H. Kushlefsky, Paul S Edelman, Robert James Spragg, Steven R. Pounian, LEAD ATTORNEYS, Kreindler & Kreindler, New York, NY.

For Daniel F. Barkow, as Administrator of the Estate of Collen Ann Barkow, deceased and on behalf of all survivors of Colleen Ann Barkow, Nina Barnes, Personal Representative of the Estate of DURRELL PEARSALL, JR., Jeannine P. Baron, as Administrator of the Estate of Evan J. Baron, deceased and on behalf of all survivors of Evan J. Baron, Jane Bartels, as Administrator of the Estate of Carlton Bartels, deceased and on behalf of all survivors of Carlton Bartels, Kimberly Kaipaka Beaven, as Executor of the Estate of Alan Beaven, deceased and on behalf of all survivors of Alan Beaven, Michelle Bedigan, as Administrator of the Estate of Carl Bedigan, deceased and on behalf of all survivors of Carl Bedigan, Susan Berger, as Administrator of the Estate of Steven Howard Berger, deceased and on behalf of all survivors of Steven Howard Berger, Madeline [*4] Bergin, as Administrator of the Estate of John Bergin, deceased and on behalf of all survivors of John Bergin, Miriam M. Biegeleisen, as Administrator of the Estate of, deceased and on behalf of all survivors of Shimmy D. Biegeleisen, Christine Bini, as Administrator of the Estate of Carl Bini, deceased and on behalf of all survivors of Carl Bini, Neil B. Blass, as Administrator of the Estate of Craig M.

Mohammedi, Law Office of Omar T. Mohammedi, New York, NY.

For Daniel Corchado, Defendant: Christopher R. LoPalo, LEAD ATTORNEY, Napoli Shkolnik PLLC, Melville, NY.

For Kingdom of Saudi Arabia, Defendant: Michael K. Kellogg, LEAD ATTORNEY, Kellogg, Hansen, Todd, Figel & Frederick PLLC (DC), Washington, DC.

For Saudi High Commission for Relief of Bosnia [*241] & Herzegovina, Defendant: Lawrence Saul Robbins, LEAD ATTORNEY, Robbins Russell Englert Orseck Untereiner & Sauber, LLP, Washington, DC; Roy T. Englert, Jr., Robbins, Russell, Englert, Orseck & Untereiner, L.L.P., Washington, DC.

For Lynn Faulkner, Intervenor Defendant, Intervenor: James F. Peterson, LEAD ATTORNEY, PRO HAC VICE, Judicial Watch, Inc., Washington, DC; Paul J. Orfanedes, LEAD ATTORNEY, Washington, DC.

For New York Marine and General Insurance Company, ADR Provider: Jerry Stephen Goldman, Anderson Kill P.C. (N.Y.), New York, NY.

For General Reinsurance Corporation, General Reinsurance AG, Faraday Underwriting Limited on behalf of the underwriting members of Lloyds Syndicate 435, The Underwriting Members of Lloyds Syndicate 1861, National Indemnity Company, Columbia Insurance Company, Interested Partys: Scott S. Katz, LEAD ATTORNEY, PRO HAC VICE, Butler Pappas Weihmuller Katz Craig, LLP, Tampa, FL.

For Plaintiffs Executive Committees, All Plaintiffs: Jerry Stephen Goldman, Anderson Kill P.C. (N.Y.), New York, NY; Robert Turner Haefele, Motley Rice LLC (SC), Mount Pleasant, SC; Sean P. Carter, Cozen O'Connor (Philadelphia), Philadelphia, PA.

All Plaintiffs, All Plaintiffs, Pro [*242] se.

For Federal Insurance Company et al., Plaintiffs, ThirdParty Defendant, Cross Defendant: Carter G. Phillips, PRO HAC VICE, Sidley Austin LLP, Washington, DC; Richard D. Klingler, PRO HAC VICE, Sidley Austin LLP(Washington), Washington, DC.

**Judges:** SARAH NETBURN, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** SARAH NETBURN

# Opinion

## OPINION & ORDER

**SARAH NETBURN, United States Magistrate Judge:**

The global pandemic has affected every corner of society. It comes as no surprise, then, that COVID-19 has impacted this civil litigation as well.

On August 27, 2020, the Court granted in part and denied in part the Kingdom of Saudi Arabia's (the "Kingdom" or "KSA") motion for a protective order and the Plaintiffs' Executive Committees' ("Plaintiffs" or "PECs") cross-motion to compel, authorizing certain depositions and directing the KSA and the PECs to provide proposals regarding "the sequencing and logistics of the depositions subject to [the] Order."[1] ECF No. 6408 (the "Deposition Order"). By submissions dated September 22, 2020, and September 25, 2020, the KSA and PECs provided separate proposals and responsive letters for the Court's consideration. See ECF Nos. 6465, 6466, 6469, 6470.

In light of the global pandemic, and in [*243] particular the surge of cases in the United States and international travel restrictions, the Court directs that depositions be conducted by remote means. See Fed. R. Civ. P. 30(b)(4).

## BACKGROUND

Following the Court's Deposition Order, the Kingdom informed the Plaintiffs that 16 current and former Saudi government employees would sit for deposition; certain other individuals have refused to voluntarily testify, and a few other individuals remain unidentified. See KSA Ltr., dated Sept. 22,

---

[1] Plaintiffs' motion for reconsideration of portions of the Deposition Order remains pending.

2020, at ECF 6465. Following a meet-and-confer, the parties have agreed in principle to a sequencing of witnesses based on certain categories. Accordingly, the primary dispute concerns how and where depositions shall be conducted.

The Plaintiffs propose that depositions be conducted in person in the United States. Based on consultations with an expert in infectious disease, pandemic preparedness, and biosecurity, the Plaintiffs contend that in-person depositions are "entirely feasible and can be conducted with minimal risk." PEC Ltr., dated Sept. 22, 2020, at ECF 6466. Specifically, Plaintiffs propose that the depositions be held in New York City (one of the Court's previously authorized Presumptively Acceptable Locations), [*244] Washington, D.C., or a warm-weather state like Arizona, where depositions could be held outdoors. These depositions would be held "at a large venue," where "at least 25 participants" could participate under safety guidelines including social distancing. "Most participants" would wear masks and be separated by plexiglass. The Plaintiffs make only passing reference to "duties imposed on visitors," such as quarantine requirements.

The Kingdom opposes in-person depositions conducted in the United States. It argues that remote depositions are authorized by the Federal Rules, have been successfully conducted in this case, and are the new normal for pandemic-era litigation. Fourteen of the witnesses live abroad, with the majority living in Saudi Arabia. All will face travel restrictions and/or quarantine periods. Many witnesses are current high-level government employees who cannot afford weeks of quarantining to accommodate a single deposition. Some witnesses are in high-risk categories due to age or health concerns.

**DISCUSSION**

The Court has reviewed the parties' submissions and orders that depositions proceed by remote means. Below, the Court briefly addresses the parties' arguments.

**I. Remote [*245] Depositions**

**A. Saudi Arabia's Legitimate Sovereign Interests**

Pre-pandemic, the Court addressed how and where the depositions of Saudi witnesses would be conducted. See ECF No. 6204. In light of the serious health risks posed by COVID-19, the Court must weigh more heavily the comity concerns when considering whether to order an employee of a sovereign nation to travel to the United States to be deposed.

The Supreme Court has "long recognized the demands of comity in suits involving foreign states, either as parties or as sovereigns with a coordinate interest in the litigation." Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa, 482 U.S. 522, 546, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987) (citing Hilton v. Guyot, 159 U.S. 113, 16 S. Ct. 139, 40 L. Ed. 95 (1895)). Accordingly, American courts are advised to "take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state." Id.

Plaintiffs intend to depose 14 current and former Saudi government employees, at least four of whom hold or have held the title of minister or ambassador, who reside outside the U.S. On the basis of comity and out of the special solicitude owed regarding discovery under these circumstances, the Court will not require these current or former [*246] government employees who reside outside the U.S. to travel to be deposed. The Court has previously authorized Saudi Arabia to apply to conduct the depositions of current high-ranking officials who serve at the apex of a government agency at a different location, see ECF No. 3894, at P 31, and finds that, especially given the global COVID-19 pandemic, it is not appropriate to order any current and former government employees to travel outside Saudi Arabia or to the United States.

**B. Remote Depositions are Safe, Effective and Efficient**

Rule 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "'Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request [for a remote] deposition . . . the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship . . . and conduct a careful weighing of the relevant facts.'" Rouviere v. DePuy Orthopaedics, Inc., No. 18-CV-04814 (LJL)(SDA), 2020 U.S. Dist. LEXIS 122184, 2020 WL 3967665, at *2 (S.D.N.Y. July 11, 2020) (quoting RP Family, Inc. v. Commonwealth Land Title Ins. Co., No. 10-CV-01149 (DLI) (CLP), 2011 U.S. Dist. LEXIS 137334, 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011) (citations & internal quotation marks omitted)); [*247] see also 2 Civil Practice in the Southern District of New York § 17:3 (2d ed. 2020) ("While Rule 30(b)(4) does not specify the standard for evaluating motions to have depositions conducted remotely, courts generally consider the hardship on the party to be deposed,

and the prejudice to the party seeking the deposition.").

Since the beginning of the pandemic, courts have considered the serious health risk posed by the coronavirus and concluded that remote depositions do not cause undue hardship and can be conducted with relative ease given current technology. See, e.g., Joffe v. King & Spalding LLP, No. 17-CV-3392 (VEC), 2020 U.S. Dist. LEXIS 111188, 2020 WL 3453452, at *2, n.7 (S.D.N.Y. June 24, 2020) (requiring party to take depositions remotely over its objection and noting that "[c]ourts in this circuit have been cognizant of the risks of in-person testimony and have encouraged remote depositions as a matter of course."). Indeed, judges in this District are conducting trials by remote technology. See, e.g., Amtrust N. Am., Inc. v. KF&B, Inc., 2020 U.S. Dist. LEXIS 137590, 2020 WL 4365280, at *1 (S.D.N.Y. July 29, 2020) ("[T]he current COVID-19 pandemic constitutes compelling circumstances and provides good cause to allow this trial to be conducted remotely through the use of telephonic and video conferencing solutions.").

Plaintiffs raise several objections to proceeding by remote means. These objections do not overcome the substantial weight [*248] the Court assigns to the health risk implicated to lawyers, witnesses, deposition staff, and all of their families, by ordering people to travel and gather.

## 1. The Need to Assess the Witness's Demeanor

First, Plaintiffs argue that because "the witnesses to be deposed are implicated in an extraordinary criminal investigation," they have a compelling incentive "to evade, dissemble, and lie, all the more so given that they reside in Saudi Arabia and have no concerns about exposure to a mere U.S. perjury or obstruction charge." ECF No. 6470 at 2. This, Plaintiffs argue, requires that "the depositions to go forward outside of Saudi Arabia and that Plaintiffs' counsel be in the room with the witnesses during their testimony to properly gauge the responses and see the actual circumstances under which the testimony is being given." Id. at 2-3.

Plaintiffs' argument assumes a position not shared by the Court. There is no evidence that the Saudi witnesses will lie under oath. And any ruling that assumes that they will would require the Court to assume also that Saudi Arabia's American lawyers are similarly engaging in such misconduct. But, even accepting the Plaintiffs' proposition for the moment, Plaintiffs [*249] have not demonstrated how in-person depositions will solve those problems. Deposition by video allows the party "to view [the witness's] demeanor during questioning." Usov v. Lazar, No. 13-CV-818 (RWS), 2015 U.S. Dist. LEXIS 113100, 2015 WL 5052497, at *2

(S.D.N.Y. Aug. 25, 2015); see also Tangtiwatanapaibul v. Tom & Toon Inc., No. 17-CV-00816 (LGS)(KHP), 2017 WL 10456190, at *3 (S.D.N.Y. Nov. 22, 2017); DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 30 (2d Cir. 2002) ("videotaped depositions . . . could afford the jury an opportunity to assess the credibility of [foreign] witnesses" in fraud case).

Moreover, Plaintiffs' alternative proposal would not meaningfully improve the ability to assess witness credibility. Plaintiffs propose that in-person depositions be conducted at a "large venue," potentially outside, where people are wearing masks, separated by plexiglass, and socially distant. Such protocols would presumably diminish any value to in-person depositions.

Finally, although the lawyers might gain some marginal value by observing the witness in person, ultimately the purpose of a deposition is to gather information and commit a witness's testimony. The product of the deposition is the transcript and video footage, which will be unaffected whether the deposition is conducted remotely or in person. Thus, because neither the Court nor the jury would be present at the deposition, any argument that the witness [*250] is being intentionally evasive will have to rely on the record regardless of whether the lawyers were in the room where it happened.

## 2. The Need to Prevent Witness Tampering

Plaintiffs next argue that during the depositions, counsel to KSA will attempt to "obstruct" questioning by consulting privately with witnesses and that the parties will likely make applications to the Court regarding objections. These scenarios—which remain hypothetical—plausibly arise during all remote depositions. And yet remote depositions are presumptively valid under the Federal Rules. Plaintiffs have not specifically demonstrated that KSA's counsel's obstruction is so likely or would be so disruptive as to overcome the presumptive validity of remote depositions and require in-person depositions despite the significant comity and health considerations. See Tom & Toon Inc., 2017 WL 10456190, at *3 (finding that the fact of a deposition by videoconference does not necessarily make it more likely that a witness will be coached). The parties have already conducted remote depositions and there have been no allegations of witness tampering or improper coaching. The Court assumes that the parties will work together to accommodate one another's reasonable [*251] requests in designing a remote videoconferencing setup to ensure transparency and professionalism. Counsel for all parties are reminded that attorneys are subject to discipline if they are found in violation of the New York State Rules of Professional

Conduct concerning activities connected to this action, which would include, for example, improper behavior during depositions. See Local Civil Rule 1.5(b)(5).

### 3. The Need to Maintain Confidentiality of Certain Documents

Third, Plaintiffs argue that the use of documents subject to the FBI Protective Order necessitates in-person depositions. To the extent this issue is raised on account of the remote nature of the proceedings, Plaintiffs' use of documents subject to the FBI Protective Order during a remote conference before the Court undermines Plaintiffs' argument. Plaintiffs also state that KSA's use of local counsel would be irreconcilable with the use of documents subject to the FBI Protective Order. The parties should ensure that the format of the deposition allows the parties to comply with the FBI Protective Order and should make use of the security features of the available videoconferencing technology.

### 4. The Need for Plaintiffs' Counsel to Conference

Plaintiffs [*252] argue that all counsel for the PECs must be together in the same room in order to conduct the depositions effectively. It is hard to understand how being in the same room, while socially distanced and wearing masks, is better than using email, texts or separate phone lines when lawyers want to pass information or suggest questions for the witness. But lawyers are free to assemble in person on their own terms to coordinate their participation in the remote proceedings. To the extent counsel desire to be in the same room, they will need to comply with any limit on the number of people who may gather indoors.

### 5. The Need to Engage Translation Services

Fifth, Plaintiffs argue that the necessary translation services require in-person depositions. The "need" for Plaintiffs' and KSA's translators to "consult during the depositions with each other and counsel" does not require the translators or counsel to be physically present in the same room. To the extent remote interpreting services cause delays, the Court has already authorized extra time to complete depositions where interpreters are used, ECF No. 6204 at 2, and finds this allowance sufficient to cover remote circumstances as [*253] well.

### 6. Technical Difficulties

Finally, Plaintiffs cite issues that have allegedly arisen in

previous video depositions in this litigation as a reason for the Court to compel in-person depositions. These issues include "dramatic time zone differences, technical issues with the internet and real time connections . . .." ECF No. 6470 at 4. As with most of Plaintiffs' arguments for holding the depositions in-person, the case would be different if all else were equal and the world were not in the throes of a global pandemic. But, as another court in this District has observed, "pandemic circumstances render all other things not equal, and many cases are proceeding through discovery despite these conditions, aided by the ability to conduct remote depositions through video conferencing." Joffe, 2020 U.S. Dist. LEXIS 111188, 2020 WL 3453452, at *2 (emphasis added). In particular, the Court does not find that the occasional technical difficulty that can occur with videoconferencing software—and which can be addressed by the Court and parties if and when it occurs—is a sufficient reason not to use videoconferencing for depositions. There are also potential solutions to the problem of time-zone issues—for example, "holding the deposition in two- to four-hour [*254] blocks." Sec. & Exch. Comm'n v. Aly, 320 F.R.D. 116, 120 (S.D.N.Y. 2017).

In sum, Plaintiffs have not demonstrated how, on balance, potential issues posed by remote depositions outweigh the burden of requiring high-ranking and former Saudi government officials to travel and potentially quarantine abroad in the midst of a global pandemic.[2]

## II. Scheduling

---

[2] As of November 18, 2020, all four Presumptively Acceptable Locations for depositions would or could require witnesses and counsel to meet COVID testing requirements and/or quarantine upon arrival and some do not allow visitors from the U.S. See https://it.usembassy.gov/covid-19-information/ (travelers to Italy from the USA are not permitted); http://www.salute.gov.it/portale/nuovocoronavirus/dettaglioContenut iNuovoCoronavirus.jsp?lingua=italiano&id=5412&area=nuovoCoro navirus&menu=vuoto&tab=6 (travelers to Italy from Saudi Arabia are subject to 14 day quarantine and health surveillance); https://www.gov.uk/uk-border-control/self-isolating-when-you-arrive (travelers to the UK from the U.S. and Saudi Arabia must self-isolate for 14 days upon arrival); https://es.usembassy.gov/covid-19-information/ (travelers to Spain from U.S. generally prohibited, and other travelers subject to testing requirements). On September 28, 2020, New York Governor Andrew M. Cuomo signed an executive order maintaining the mandatory quarantine for anyone arriving to New York from any "Level 2" or "Level 3" country (including Saudi Arabia), separate from the National Center for Disease Control's guidance regarding incoming foreign travelers. See Executive Order # 205.1, available at https://www.governor.ny.gov/news/no-2051-quarantine-restrictions-travelers-arriving-new-york.

The Kingdom believes that depositions can be completed in approximately 90 days. Plaintiffs believe they need "at least" 45 days to prepare for the first round of depositions, and that they will require at least 100 days of deposition testimony. Plaintiffs propose that any deadline to complete all depositions be set after the second round of depositions is completed, at some indeterminate time. In the alternative, Plaintiffs suggest that depositions should be held in abeyance until the pandemic is over and the parties can safely conduct in-person depositions.

The Court recognizes the importance of these depositions but further delay is no longer appropriate. Accordingly, the parties must complete all depositions by June 30, 2021.[3] This deadline will not be adjourned. To the extent the public health situation changes, Plaintiffs may timely seek leave to travel abroad to conduct depositions safely [*255] in the witness's country of residence. But the Court will not extend or stay this deadline in response to such application.

### III. Proposed Topics and Objections

Finally, KSA requests the Court enter a schedule for the KSA and Plaintiffs to submit, in advance of the depositions, topics of examination and objections, respectively, to address preemptively likely disputes. Plaintiffs oppose this proposal, arguing that such an order would amount to a requirement that Plaintiffs disclose privileged work product. The Court declines to rule in advance on deposition topics. Regarding the scope of permissible questioning, the parties should take guidance from the Court's Deposition Order. Plaintiffs shall advise the Court, by email to chambers with copy to Defendants, when the depositions are scheduled so that, if possible, the Court can make itself available should any applications arise during a deposition.

### CONCLUSION

All fact depositions shall be completed by June 30, 2021. The depositions shall be conducted remotely by reliable videoconferencing method. The Court will not extend the fact witness deposition deadline. KSA's request for the Court to require pre-deposition submissions on the topics [*256] for the depositions is denied.

### SO ORDERED.

/s/ Sarah Netburn

SARAH NETBURN

UNITED STATES MAGISTRATE JUDGE

DATED: December 1, 2020

New York, New York

End of Document

---

[3] The Court takes judicial notice that Ramadan begins on or around April 12, 2021, through May 11, 2021. The parties should take steps now to avoid any conflict with that holiday.

**EXHIBIT 4**

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------

UNITED STATES OF AMERICA

     -against-

STEVEN DONZIGER,

          Defendant.

---------------------------------------

19-CR-561 (LAP)
11-CV-691 (LAK)

ORDER

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

By order dated October 28, 2020, the Court directed Mr. Donziger to propose procedures for taking remote trial testimony of defense witnesses. (Dkt. no. 196.) Mr. Donziger has filed his proposals, and the Government has responded. (Dkt. nos. 197, 198.) Having considered the parties' proposals, the Court approves the following procedures for remote testimony of defense witnesses:

(1) The defense shall identify for the Court each witness and the specific location from which the named witness will be testifying at least 48 hours before the testimony.

(2) To the extent the defense intends to introduce any exhibits during the direct examination, the defense shall identify and provide copies of those exhibits to be used during that examination to the Court and the special prosecutors at least 24 hours before the witness's testimony. The defense will arrange for a copy of those exhibits to be available at the location where the witness is testifying.

(3) Insofar as any witness requires an interpreter, a court-certified interpreter will provide the translation from the courtroom at 500 Pearl Street. Thus, to ensure such services will be available, the defense must provide notification of the need for an interpreter and the language at issue by November 9.

(4) The witness may not consult with anyone other than the Court, the attorney conducting the examination, and, if applicable, the court-certified interpreter while he or she is testifying. This rule does not apply to consultation during breaks in testimony.

(5) Other than the transcription by the official court reporter, the testimony and court proceedings may not be recorded, live-streamed, or otherwise broadcast. Photographs of the testimony are also prohibited.

(6) The defense will use the S.D.N.Y. videoconference platform "Jabber" for the witness's remote testimony and must successfully test that platform at least 72 hours before the testimony. To the extent there is an issue with that platform, the defense will immediately advise the Court. If the defense wants to use another videoconference platform for a witness's remote testimony, the defense must make an application no later than November 9, 2020.

(7) The oath will be administered by the Court's courtroom deputy.

(8) Witnesses providing remote testimony shall be instructed to follow the following guidelines:

   a. To the extent possible, please choose a location that can provide you with the best and most consistent internet access.

   b. To the extent possible, please choose a location that can provide you quiet and solicitude so that you will not be interrupted or distracted while testifying.

   c. To the extent possible, choose a location where you can be alone. While you are testifying, you may not consult or communicate with anyone other than the Judge, the attorney conducting the examination, and, if applicable, the court-certified language interpreter.

   d. Even though you are not in a courtroom, you shall testify as if you were in court. You will take an oath to tell the truth, your testimony will be recorded and will become part of the official court record for this case. Mr. Donziger or his counsel

will ask you questions, and the prosecutors may or may not ask you questions.

e. Your testimony and the court proceedings may not be recorded, live-streamed, or otherwise broadcast. Photographs of the testimony are also prohibited.

f. Once you are finished testifying, the Judge will thank you and you will be free to disconnect and your "court session" will be complete.

SO ORDERED.

Dated:  November 5, 2020
        New York, New York


_____
LORETTA A. PRESKA, U.S.D.J.

**EXHIBIT 5**

# EXHIBIT 5

# 1:20cv3370, Augello V. Ramskyte

US District Court Docket

US District Court for the Eastern District of New York

(Brooklyn)

**This case was retrieved on 07/27/2020**

## Header

**Case Number:** 1:20cv3370
**Date Filed:** 07/27/2020
**Assigned To:** Judge Ann M Donnelly
**Referred To:** Magistrate Judge Sanket J. Bulsara
**Nature of Suit:** Other Statutory Actions (890)
**Cause:** Fed. Question
**Lead Docket:** None
**Other Docket:** None
**Jurisdiction:** Federal Question

**Class Code:** Closed
**Closed:** 12/04/2020
**Statute:** 28:1331
**Jury Demand:** None
**Demand Amount:** $0
**NOS Description:** Other Statutory Actions

## Litigants

## Attorneys

Dario Augello
**Petitioner**

Michael Banuchis
ATTORNEY TO BE NOTICED

420 Lexington Avenue    Ste 2834
New York, NY 10170
USA
212-681-6400    Email:Mbanuchis@bgmlaw-Nyc.Com

Nancy M. Green
ATTORNEY TO BE NOTICED
Burger Green & Min LLP
420 Lexington Avenue Suite 2834
New York, NY 10021
USA
212-681-6400    Fax: 212-681-6999    Email:Ngreen@bgmlaw-Nyc.Com

Richard Min
ATTORNEY TO BE NOTICED
Burger Green & Min LLP
420 Lexington Avenue Suite 2834
New York, NY 10170
USA
212-257-1944    Fax: 212-681-6999    Email:Rmin@bgmlaw-Nyc.Com

Kristina Ramskyte
**Respondent**

Michael S. Pascazi
LEAD ATTORNEY;ATTORNEY TO BE NOTICED

1:20cv3370, Augello V. Ramskyte

## Litigants

## Attorneys

Pascazi Law Offices PLLC
1065 Main Street Suite D
Fishkill, NY 12524
USA
845-897-4219    Fax: 845-468-7117
Email:Mpascazi@gmail.Com

## Proceedings

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 1 | 07/27/2020 | COMPLAINT for Return of Child to Italy Pursuant to Hague Convention against Kristina Ramskyte filing fee $ 400, receipt number BNYEDC-13121191 Was the Disclosure Statement on Civil Cover Sheet completed -YES,, filed by Dario Augello. (Attachments: # 1 Exhibit Hague Convention Treaty, # 2 Exhibit ICARA, # 3 Exhibit Certificate of Residence, # 4 Exhibit Custody Decision, # 5 Exhibit Appeal Decision, # 6 Exhibit School Attendance, # 7 Exhibit Emails) (Min, Richard) (Entered: 07/27/2020) | |
| 2 | 07/27/2020 | MOTION to Expedite Proceedings for Return of Child to Italy pursuant to Hague Convention by Dario Augello. (Attachments: # 1 Memorandum in Support Memorandum of Law, # 2 Civil Cover Sheet Civil Cover Sheet, # 3 Proposed Summons Summons) (Min, Richard) (Entered: 07/27/2020) | |
| -- | 07/27/2020 | Case Assigned to Judge Ann M Donnelly and Magistrate Judge Sanket J. Bulsara. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Bowens, Priscilla) (Entered: 07/28/2020) | Events since last full update |
| 3 | 07/27/2020 | Summons Issued as to Kristina Ramskyte. (Bowens, Priscilla) (Entered: 07/28/2020) | Events since last full update |
| 4 | 07/28/2020 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that if all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent. (Bowens, Priscilla) (Entered: 07/28/2020) | Events since last full update |
| 5 | 07/28/2020 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Bowens, Priscilla) (Entered: 07/28/2020) | Events since last full update |
| -- | 08/04/2020 | ORDER TO SHOW CAUSE: The respondent is directed to show cause before this Court via telephone conference line (888) 363-4734, access code 9057625, on August 13, 2020 at 2:30 p.m., as to why an order should not be entered granting the petitioner the relief requested in the petition. The petitioner is directed to serve the respondent with the petition and accompanying exhibits, the motion to expedite proceedings and accompanying exhibits, and this order on or before August 7, 2020. The petitioner must file a return proof of service within 24 hours of | Events since last full update |

1:20cv3370, Augello V. Ramskyte

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | service. Ordered by Judge Ann M. Donnelly on 8/4/2020. (Singer, Julie) (Entered: 08/04/2020) | |
| 6 | 08/08/2020 | AFFIDAVIT of Service for Order to Show Cause, Petition and Supporting Documents served on Kristina Ramskyte on August 7, 2020, filed by Dario Augello. (Min, Richard) (Entered: 08/08/2020) | Events since last full update |
| 7 | 08/08/2020 | AFFIDAVIT of Service for Order to Show Cause, Petition and Supporting Documents served on Kristina Ramskyte on August 7, 2020, filed by Dario Augello. (Min, Richard) (Entered: 08/08/2020) | Events since last full update |
| 8 | 08/11/2020 | NOTICE of Appearance by Nancy M. Green on behalf of Dario Augello (aty to be noticed) (Green, Nancy) (Entered: 08/11/2020) | Events since last full update |
| 9 | 08/12/2020 | NOTICE of Appearance by Michael S. Pascazi on behalf of Kristina Ramskyte (aty to be noticed) (Pascazi, Michael) (Entered: 08/12/2020) | Events since last full update |
| -- | 08/13/2020 | Minute Entry for proceedings held before Judge Ann M. Donnelly: Show Cause Hearing held on 8/13/2020. Appearances by Richard Min and Nancy Green for petitioner and Michael Pascazi for respondent (present). Case called. Discussion held. For the reasons stated on the record, the respondent is prohibited from relocating the child pending a resolution of this action. The respondent's opposition to the petition 1 is due on or before August 20, 2020. The petitioner's reply is due on or before August 27, 2020. Next conference set for September 10, 2020 at 10:30 a.m. via telephone conference (line (888) 363-4734, access code 9057625). (Court Reporter Linda Marino.) (Eisen, Allison) (Entered: 08/13/2020) | Events since last full update |
| 10 | 08/13/2020 | Letter regarding passport and venue by Dario Augello (Min, Richard) (Entered: 08/13/2020) | Events since last full update |
| 12 | 08/20/2020 | NOTICE of Appearance by Michael Banuchis on behalf of Dario Augello (aty to be noticed) (Banuchis, Michael) (Entered: 08/20/2020) | Events since last full update |
| 13 | 08/20/2020 | VERIFIED ANSWER to 1 Complaint, a/k/a Verified Petition by Kristina Ramskyte. (Attachments: # 1 Exhibit Ex H Private Agreements, # 2 Exhibit Ex I Pending Rome Custody Modification Application, # 3 Exhibit Ex J Domestic Violence Reports, # 4 Exhibit Ex K Letter from GA to Petitioner, # 5 Exhibit Ex L Invitations for Petitioner to Come to USA, # 6 Exhibit Ex M Emails re Lack of Hygiene of GA) (Pascazi, Michael) (Entered: 08/20/2020) | Events since last full update |
| 14 | 08/27/2020 | REPLY in Support re 13 Answer to Complaint, 1 Complaint, filed by Dario Augello. (Attachments: # 1 Exhibit Ex A - Dismissal of Complaint, # 2 Exhibit Ex B - Photos) (Min, Richard) (Entered: 08/27/2020) | Events since last full update |
| 15 | 09/09/2020 | AMENDED ANSWER to the Petition Pursuant to the Hague Covention 1 Complaint, by Kristina Ramskyte. (Attachments: # 1 Exhibit Ex H Private Agreements, # 2 Exhibit Ex I Pending Rome Custody Modification Application, # 3 Exhibit Ex J Domestic Violence Reports, # 4 Exhibit Ex K Letter from GA to Petitioner, # 5 Exhibit Ex L Invitations for Petitioner to Come to USA, # 6 Exhibit Ex M Emails re Lack of Hygiene of GA, # 7 Exhibit Ex N CV of Alan Tepp Ph.D., # 8 Exhibit Ex O Declaration of Clinical &amp; Forensic Psychology Expert Alan Tepp Ph.D.) (Pascazi, Michael) (Entered: 09/09/2020) | Events since last full update |
| -- | 09/10/2020 | Minute Entry for proceedings held before Judge Ann M. Donnelly: Status Conference held on 9/10/2020. Appearances by Richard Min, Michael Banuchis and Nancy Green for petitioner and Michael Pascazi for respondent (present). Case called. Discussion held. The parties are directed to schedule a conference with Judge Bulsara to discuss discovery and possible settlement. Next conference set for October 15, 2020 at 4:30 p.m. via telephone conference (line (888) 363-4734, access code 9057625). (Court Reporter Lisa Schmid.) (Eisen, Allison) (Entered: 09/10/2020) | Events since last full update |
| -- | 09/11/2020 | SCHEDULING ORDER: A settlement conference will be held via videoconference on 10/5/2020 at 10:30 AM before Magistrate Judge Sanket J. Bulsara. Parties are to submit their respective ex parte settlement positions via Chambers email no later than three days before | Events since last full update |

1:20cv3370, Augello V. Ramskyte

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | 10/5/2020. Counsel are to refer to the Settlement Section of this Court's Individual Rules in preparation for the conference, which is available on the Court's website. Counsel must also provide email addresses and phone numbers for counsel and a client representative to the Court so that the Court may connect the parties to a video conference. So Ordered by Magistrate Judge Sanket J. Bulsara on 9/11/2020. (Farrell, Gillian) (Entered: 09/11/2020) | |
| -- | 10/05/2020 | Minute Entry: A settlement conference was held by video on 10/5/2020 before Magistrate Judge Sanket J. Bulsara. Both parties and their counsel were present. A settlement was not reached. So Ordered by Magistrate Judge Sanket J. Bulsara on 10/5/2020. (Log #10:30 AM - 12:04 PM.) (Altreuter, Sylvia) (Entered: 10/05/2020) | Events since last full update |
| -- | 10/15/2020 | SCHEDULING ORDER: A telephonic status conference will be held on 10/21/2020 at 2:00 PM before Magistrate Judge Sanket J. Bulsara. The parties are directed to call the toll-free number 877-336-1274. The access code is 6534420. The parties shall dial in five (5) minutes before the 2:00 PM conference. The parties are directed to provide a proposed discovery schedule for discussion at the conference, and to electronically file the same no later than one day prior to the status conference. So Ordered by Magistrate Judge Sanket J. Bulsara on 10/15/2020. (Farrell, Gillian) (Entered: 10/15/2020) | Events since last full update |
| -- | 10/15/2020 | Minute Entry for proceedings held before Judge Ann M. Donnelly: Status Conference held on 10/15/2020. Case called; discussions held. Appearances by Michael Banuchis, Nancy Green, and Richard Min for the petitioner. Michael Pascazi for the respondent. The parties are to meet and confer regarding case management, including facts or issues that may be the subject of stipulation and the exchange of relevant documents. Judge Bulsara will schedule a conference to address discovery issues. By November 9, 2020, the parties are to file a statement of stipulated facts, a list of witnesses with a brief narrative statement of the expected testimony of each witness, and a list of exhibits to be offered into evidence, including a one-sentence description of each exhibit and the basis for any objections to the admissibility of any exhibits. By November 16, 2020, the parties are to file proposed findings of fact and conclusions of law, and all exhibits must be pre-marked for the trial and exchanged with the other parties. By November 16, 2020, the parties must file any motions in limine. By November 30, 2020, the parties are to deliver 3 courtesy copies of all pre-marked trial exhibits. The parties are directed to the Court's Individual Practices and Rules regarding pre-trial filings. Each party is responsible for arranging, at its own expense, the assistance of a court-certified interpreter for any witness it will present who cannot testify in English. A final pre-trial conference is set for Wednesday, December 2, 2020 at 2:30 p.m. in Courtroom 4G-North. Trial is scheduled to begin on December 7, 2020. (Court Reporter Denise Parisi.) (Eisen, Allison) (Entered: 10/15/2020) | Events since last full update |
| 16 | 10/20/2020 | Letter regarding Discovery Schedule by Dario Augello (Banuchis, Michael) (Entered: 10/20/2020) | Events since last full update |
| -- | 10/21/2020 | Minute Entry and Order: A status conference was held on 10/21/2020 by telephone before Magistrate Judge Sanket J. Bulsara. As stated on the record, each side is permitted to serve five document requests by 10/23/2020. The parties shall agree on mutually convenient dates for responses and objections and productions. Interrogatories and requests for admission are not permitted. Expert reports shall by exchanged by 11/6/2020, and any rebuttal expert reports shall be exchanged by 11/13/2020. Each side will be permitted to take up to three depositions, which shall be completed by 11/20/2020. So Ordered by Magistrate Judge Sanket J. Bulsara on 10/21/2020. (AT&T Log #1:59 - 2:20 PM.) (Altreuter, Sylvia) (Entered: 10/21/2020) | Events since last full update |
| 17 | 11/09/2020 | Witness List by Dario Augello (Banuchis, Michael) (Entered: 11/09/2020) | Events since last full update |

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 18 | 11/09/2020 | Exhibit List by Dario Augello. (Banuchis, Michael) (Entered: 11/09/2020) | Events since last full update |
| 19 | 11/09/2020 | Witness List by Kristina Ramskyte (Pascazi, Michael) (Entered: 11/09/2020) | Events since last full update |
| 20 | 11/09/2020 | Letter re: extension to file objections and statement of stipulated facts by Dario Augello (Banuchis, Michael) (Entered: 11/09/2020) | Events since last full update |
| -- | 11/09/2020 | SCHEDULING ORDER: The petitioner's request for an extension of time to file objections to proposed exhibits and a statement of stipulated facts is granted. The parties' statement of stipulated facts and any objections to proposed exhibits are now due by November 12, 2020. Ordered by Judge Ann M. Donnelly on 11/9/2020. (Eisen, Allison) (Entered: 11/09/2020) | Events since last full update |
| 21 | 11/12/2020 | Letter MOTION for Hearing Adjournment by Kristina Ramskyte. (Pascazi, Michael) (Entered: 11/12/2020) | Events since last full update |
| 22 | 11/12/2020 | Letter re: adjournment request by Dario Augello (Banuchis, Michael) (Entered: 11/12/2020) | Events since last full update |
| 23 | 11/12/2020 | STIPULATION of facts by Dario Augello (Banuchis, Michael) (Entered: 11/12/2020) | Events since last full update |
| -- | 11/12/2020 | SCHEDULING ORDER: Status conference set for November 13, 2020 at 11:30 a.m. via telephone conference (line (888) 363-4734, access code 9057625). Ordered by Judge Ann M. Donnelly on 11/12/2020. (Eisen, Allison) (Entered: 11/12/2020) | Events since last full update |
| -- | 11/13/2020 | Minute Order for proceedings held before Judge Ann M. Donnelly: denying 21 Motion for Hearing; Status Conference held on 11/13/2020. Case called; discussions held. Appearances by Michael Banuchis and Richard Min for the petitioner. Michael Pascazi for the respondent. For the reasons stated on the record, the respondent's motion to adjourn trial is denied. Pre-trial deadlines are amended as follows: By November 20, 2020, the parties are to file proposed findings of fact and conclusions of law. By November 27, 2020, the parties are to file an updated list of witnesses, if necessary, and a list of exhibits to be offered into evidence, including a one-sentence description of each exhibit and the basis for any objections to the admissibility of any exhibits. The exhibits must be pre-marked for the trial and exchanged with the other parties by that date. Expert reports must be exchanged by November 27, 2020, and any rebuttal expert reports shall be exchanged by December 2, 2020. No further extensions will be granted. (Court Reporter Andronikh Barna.) (Eisen, Allison) (Entered: 11/13/2020) | Events since last full update |
| -- | 11/16/2020 | SCHEDULING ORDER: Status conference set for November 19, 2020 at 2:30 p.m. via telephone conference (line (888) 363-4734, access code 9057625). Ordered by Judge Ann M. Donnelly on 11/16/2020. (Eisen, Allison) (Entered: 11/16/2020) | Events since last full update |
| -- | 11/19/2020 | Minute Entry for proceedings held before Judge Ann M. Donnelly: Status Conference held on 11/19/2020. Case called; discussions held. Appearances by Michael Banuchis and Richard Min for the petitioner. Michael Pascazi for the respondent. Trial will proceed on December 7, 2020 at 9:30 a.m. via Cisco WebEx. The parties should download WebEx in advance of trial; creating an account is not necessary. The Court will circulate a link to the WebEx site via email. All witnesses and interpreters should have access to a webcam and microphone. In the event a witness does not have a webcam on his or her computer, the witness may download the WebEx mobile app on a smartphone or tablet. Interpreters will conduct simultaneous translation; they will need to have a separate line connected to the witness and should mute their WebEx line when they are not speaking to the Court. The parties should be prepared to share their screens to show exhibits in real time as they enter them into evidence. In addition to sending hard copies of pre-marked exhibits to the Court by November 30, the parties must also email all pre-marked exhibits by this date. Following trial, the parties must jointly | Events since last full update |

1:20cv3370, Augello V. Ramskyte

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | send the Court two flash drives with all admitted exhibits marked. (Court Reporter Anthony Frisolone.) (Eisen, Allison) (Entered: 11/19/2020) | |
| 24 | 11/20/2020 | Proposed Findings of Fact by Kristina Ramskyte (Pascazi, Michael) (Entered: 11/20/2020) | Events since last full update |
| 25 | 11/20/2020 | TRIAL BRIEF Pre Trial Brief by Dario Augello (Banuchis, Michael) (Entered: 11/20/2020) | Events since last full update |
| 26 | 11/27/2020 | Witness List by Kristina Ramskyte (Pascazi, Michael) (Entered: 11/27/2020) | Events since last full update |
| 27 | 11/27/2020 | Proposed Findings of Fact by Kristina Ramskyte (Pascazi, Michael) (Entered: 11/27/2020) | Events since last full update |
| 28 | 11/27/2020 | Exhibit List Revised Exhibit List by Dario Augello. (Banuchis, Michael) (Entered: 11/27/2020) | Events since last full update |
| 29 | 11/28/2020 | Exhibit List by Kristina Ramskyte. (Pascazi, Michael) (Entered: 11/28/2020) | Events since last full update |
| -- | 12/01/2020 | SCHEDULING ORDER: The final pre-trial conference set for Wednesday, December 2, 2020 at 2:30 p.m. will proceed by video. The Court will email the parties a link to access the video conference. The public may call the conference number: 650-479-3207; access code 1800502282. Ordered by Judge Ann M. Donnelly on 12/1/2020. (Eisen, Allison) (Entered: 12/01/2020) | Events since last full update |
| 30 | 12/01/2020 | MOTION to Stay Virtual Trial, MOTION for Judgment on the Pleadings as to Removal, MOTION for Protective Order Not Allowing Petitioner's Witnesses to Testify at Trial Remotely, and Allowing GA to Testify In Camera by Kristina Ramskyte. (Attachments: # 1 Memorandum in Support Memorandum of Law in Support, # 2 Declaration Declaration of Ramskyte in Support, # 3 Declaration Declaration of Pascazi in Support, # 4 Exhibit Ex A Father's Verified Petition with Exhibits, # 5 Exhibit Ex B Mother's Amended Verified Answer with Exhibits, # 6 Exhibit Ex C 2014 Minor's Curt of Rome Order &amp; 2015 Appeal's Court Decision, # 7 Exhibit Ex D Administrative Order 2020-26 EDNY 112420, # 8 Exhibit Ex E Declaration of Alan Tepp PhD 090820, # 9 Exhibit Ex F Italian Civil Code Article 315-bis, # 10 Exhibit Ex G CV of Alan Tepp PhD) (Pascazi, Michael) (Entered: 12/01/2020) | Events since last full update |
| 31 | 12/01/2020 | Letter re: motion and objections by Dario Augello (Banuchis, Michael) (Entered: 12/01/2020) | Events since last full update |
| 32 | 12/01/2020 | Exhibit List Petitioner's Objections to Respondent's Proposed Exhibits by Dario Augello. (Banuchis, Michael) (Entered: 12/01/2020) | Events since last full update |
| -- | 12/01/2020 | ORDER: The petitioner should be prepared to respond to the respondent's motion 30 during the final pre-trial conference set for Wednesday, December 2, 2020 at 2:30 p.m. Ordered by Judge Ann M. Donnelly on 12/1/2020. (Eisen, Allison) (Entered: 12/01/2020) | Events since last full update |
| -- | 12/02/2020 | Minute Order for proceedings held before Judge Ann M. Donnelly: denying 30 Motion to Stay; denying 30 Motion for Judgment on the Pleadings; taking under advisement 30 Motion for Protective Order; Final Pretrial Conference held on 12/2/2020. Case called; discussions held. Appearances by Michael Banuchis and Richard Min for the petitioner. Michael Pascazi for the respondent. For the reasons stated on the record, the respondent's motions to stay the upcoming trial and for a judgment on the pleadings are denied; the respondent's motion for a protective order will be taken under advisement. A written order on the respondent's motion to stay will follow. (Court Reporter Georgette Betts.) (Eisen, Allison) (Entered: 12/02/2020) | Events since last full update |
| -- | 12/04/2020 | SCHEDULING ORDER: The trial set for Monday, December 7, 2020 at 9:30 a.m. will proceed by video. The Court will email the parties a link to access the video conference. The public may call the conference number: 650-479-3207; access code 1804349976. Ordered by Judge Ann M. Donnelly on 12/4/2020. (Eisen, Allison) (Entered: 12/04/2020) | Events since last full update |
| 33 | 12/04/2020 | Letter advising Court of settlement agreement by Dario Augello | Events since last full update |

1:20cv3370, Augello V. Ramskyte

| # | Date | Proceeding Text | Source |
|---|------|----------------|--------|
| | | (Attachments: # 1 Executed Agreement, # 2 Executed Agreement) (Banuchis, Michael) (Entered: 12/04/2020) | |
| 34 | 12/04/2020 | Stipulation for voluntary return order. In light of the parties settlement, the trial scheduled for December 7, 2020 will be removed from the Courts calendar. Ordered by Judge Ann M. Donnelly on 12/4/2020. (Greene, Donna) (Entered: 12/04/2020) | Events since last full update |
| 35 | 12/14/2020 | Letter Seeking Pick-Up From the Court of Child's Passport by Kristina Ramskyte (Pascazi, Michael) (Entered: 12/14/2020) | Events since last full update |
| -- | 12/14/2020 | ORDER: A passport belonging to the respondent is currently being held in the Sealed Record Room. In light of the settlement in this matter 33 , the respondent may retrieve the passport at any time. Ordered by Judge Ann M. Donnelly on 12/14/2020. (Greene, Donna) (Entered: 12/14/2020) | Events since last full update |
| 37 | 12/30/2020 | Letter confirming return of Child by Dario Augello (Banuchis, Michael) (Entered: 12/30/2020) | Events since last full update |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

End of Document