UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
EASTERN PROFIT CORPORATION LIMITED, :
:
Plaintiff, :
:                    18-cv-2185 (LJL)
-v- :
:                    ORDER
STRATEGIC VISION US LLC, :
:
Defendant. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

A bench trial in this case had been scheduled to commence on January 19, 2021. On January 6, 2021, the U.S. District Court for the Southern District of New York issued Standing Order M-10-468 that adjourned jury trials through February 12, 2021. *See* No. 20-mc-622 (Jan. 6, 2021), Dkt. No. 3. It further stated, "Bench trials and hearings with witnesses (civil or criminal) should be conducted remotely if at all possible. Presiding judges may, in their discretion and after consultation with the parties, conclude that a bench trial or hearing with witnesses (i) cannot be conducted remotely, and (ii) is of sufficient urgency that it cannot be adjourned and must be conducted in person." *Id.* Trials that are not urgent should not be conducted in person at least until February 12, 2021 or such later date as they can be held without significant risk to the public health.

On January 6, 2021, the Court held a conference to discuss rescheduling the trial or, in the alternative, conducting the trial remotely. Each side submitted letters on January 7, 2021 setting forth their positions on conducting the trial remotely. Plaintiff Eastern Profit Corporation Limited ("Eastern") advocates for conducting the trial remotely, arguing principally that the case

is ready for trial and that it should not have to wait for an indeterminate period until the Court is able to conduct trials in person without risk.  Defendant Strategic Vision US LLC ("Strategic") objects to a remote trial.  Although it contends that it is ready for trial, it argues that it will be disproportionately prejudiced by conducting the trial remotely because two of the key witnesses from Eastern whom it intends to call at trial do not speak English and exhibited obstructive behavior in deposition.  It expresses concern that if the witnesses do not testify in person in open court, it will be difficult to elicit the information it needs to make a factual record and its case because of the parry among the witnesses, translators, objecting counsel, witnesses' counsel, and the Court.

Federal Rule of Civil Procedure 43 sets forth the standards this Court is to apply in determining whether to conduct a remote trial and, in particular, whether to conduct a remote trial against the objection of one of the parties.  That rule sets forth the preference and default that trial be conducted "in open court" from the location where the court is sitting.  A court "may permit testimony in open court by contemporaneous transmission from a different location" only with "good cause in compelling circumstances and with appropriate safeguards."  Fed. R. Civ. P. 43(a).

At this stage, the Court cannot find such good cause or compelling circumstances.  This case was filed on March 12, 2018 and has been ready for trial only since October 5, 2020 when the Court ruled on the motions for summary judgment.  The delay Eastern has experienced to date is not out of the ordinary in this Court or so long as to deprive Eastern of justice.  Eastern has not argued that the monetary damages at issue in the case are of such significance to the parties that delaying the trial to a date when it could be held in person would cause substantial harm to either party.  Moreover, although Eastern had expressed concern about the continued

impact of the fraud claim in the case, it has not produced evidence that the fraud claim is creating such an overhang on Eastern's principals that there is any exigency in trying this case. Finally, and significantly, trying the case remotely will not impact the parties equally. Strategic notes that only it, and not Eastern, would be prejudiced by going forward with a remote trial because only the witnesses that Strategic intends to call from Eastern require translators and exhibited evasive behavior in their depositions. Such continued behavior would impede its ability to elicit testimony and to obtain an accurate and complete record for trial. Thus, although the Court believes that "appropriate safeguards" could be designed to hold the trial remotely, it does not find "good cause in compelling circumstances." Fed. R. Civ. P. 43(a).

In the respects laid out above, the case is different from *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967 (D. Minn. 2020) and *Argonaut Ins. Co. v. Manetta Enterprises, Inc.*, 2020 WL 3104033 (E.D.N.Y. June 11, 2020), the two principal cases identified by the parties that have considered remote trial. In neither case did proceeding with a remote trial disproportionately and negatively impact one side to the dispute. In *RFC & ResCap*, the question was whether to conduct the last two days of trial remotely when trial had already commenced in person prior to the national emergency created by the COVID-19 pandemic. The court ruled that not proceeding remotely would, in fact, disadvantage one party because "the prospect of a delay until late April would prejudice Plaintiff, as it would give [Defendant] an additional seven to eight weeks to prepare their damages expert." 444 F. Supp. 3d at 973. It also noted that the "trial has been spread out over nearly a month and a half, and it is unclear precisely when the Court could schedule additional trial days in the near future." *Id.* at 972. In *Argonaut*, the court ruled that trial could proceed remotely without having a disproportionate impact on either party. The court observed that because "parties will be in the same position" in

terms of witness examination, "the video-conferencing format does not favor one party over the other with respect to the presentation, or cross-examination, of witnesses." 2020 WL 3104033, at *3.

The Court denies the request for a remote trial. The Southern District's standing order is scheduled to expire on February 12, 2021. The parties are directed to be ready for trial in person on 48 hours' notice on any date after February 12, 2021.

In light of the time sensitivity, this Order is being emailed to the parties on Sunday, January 10, 2021. It will be docketed on January 11, 2021.


SO ORDERED.

Dated: January 10, 2021
      New York, New York

                                  LEWIS J. LIMAN
                                 United States District Judge