

Troutman Pepper Hamilton Sanders LLP
Hercules Plaza, 1313 N. Market St., Suite 5100, P.O. Box 1709
Wilmington, DE  19899-1709

troutman.com

**Joanna J. Cline**
302.777.6542
joanna.cline@troutman.com

April 2, 2021

**VIA CM/ECF**

The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, C.A. No. 18-cv-2185 (LJL)

Dear Judge Liman:

I write on behalf of Eastern Profit Corporation Limited in response to Strategic Vision US LLC's letter seeking leave to add Bob Fu to its witness list (Dkt. 325).  Strategic's request should be denied pursuant to Rule 37(c)(1) because it did not timely identify him as a witness.

Rule 37(c)(1) provides that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The purpose of Rule 37(c)(1) is to prevent "sandbagging." *Ebewo v. Martinez*, 309 F.Supp.2d 600, 607 (S.D.N.Y. 2004).  The party that fails to timely disclose a witness "bears the burden of proving that its failure was both substantially justified and harmless." *Paulus v. Holimont, Inc.*, 315 F.R.D. 13, 17 (W.D.N.Y. 2016).

To assess whether that dual-burden has been met, a court considers the following four so-called *Softel* factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Softel, Inc. v. Dragon Med. & Sci. Commn's, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).  Under these factors, courts within the Second Circuit routinely preclude testimony from witnesses who were not timely identified—even where, unlike in this case, the testimony is relevant—given the prejudice that allowing such testimony would cause to the opposing party.[1]

Here, the parties' deadline to identify witnesses was October 30, 2020.  (Dkt. 297, 298).  Strategic did not identify Fu as a potential witness until January 29, 2021, three months late.  (Dkt. 322).  As such, Strategic has the burden of showing that allowing Fu to testify is "both substantially justified and harmless" under the rubric of the four *Softel* factors.  It has failed to satisfy that burden.

---

[1] *See e.g.*, *Amtrust N. Am., Inc. v. KF&B, Inc.*, 2020 WL 5578817, at *1 (S.D.N.Y. 2020) (Liman, J.); *Downey v. Adloox Inc.*, 2018 WL 794592, at *2 (S.D.N.Y. 2018); *Star Ins. Co. v. A&J Constr. of New York, Inc.*, 2017 WL 6568061, at *6 (S.D.N.Y. 2017); *In re Gen. Motors LLC Ignition Switch Litig.*, 2017 WL 2880882, at *4 (S.D.N.Y. 2017); *Simon v. City of New York*, 2017 WL 57860, at *6 (S.D.N.Y. 2017); *Paulus*, 315 F.R.D. at 18; *GlobalRock Networks, Inc. v. MCI Commc'ns Servs., Inc.*, 943 F. Supp. 2d 320, 330-32 (N.D.N.Y. 2013); *Shea v. Royal Enters., Inc.*, 2011 WL 2436709, at *7 (S.D.N.Y. 2011).


---

***First***, Strategic does not offer a defensible explanation for its untimeliness, as required under the first *Softel* factor.  Indeed, Strategic is unable to show that it could not have, with reasonable due diligence, timely identified Fu as a witness. The following timeline illustrates that.

- <u>March 2018</u>.  Eastern filed this action more than three years ago.  (Dkt. 1).  Trial was initially scheduled to take place on 48 hours' notice on or after February 15, 2019 (Dkt. 42).  It was subsequently continued until April 12, 2019 (Dkt. No. 60), then June 14, 2019 (Dkt. No. 76), then September 16, 2019 (Dkt. No. 86), then November 22, 2019 (Dkt. No. 113), then October 13, 2020 (Dkt. No. 259), and then November 2, 2020 (Dkt. No. 287).

- <u>November 2019</u>.  Fact discovery ended on November 29, 2019.  (Dkt. 172).

- <u>September 2020</u>. Per agreement between Eastern and Strategic, the parties exchanged witness lists on September 18, 2020.  ***Fu was not listed on either party's list***.

- <u>October 2020</u>.  At Strategic's request (Dkt. 289, 293), on October 13, 2020, the Court adjourned the trial until January 11, 2021. (Dkt. 296).  As required by subsequent Court order (Dkt. 297, 298), on October 30, 2020, the parties submitted the proposed pre-trial order, including witness lists. (Dkt. 299).  ***Fu was not listed on either party's list***.

- <u>November 2020</u>.  Due to ongoing circumstances surrounding the COVID-19 pandemic, on November 23, 2020, the Court adjourned the trial until January 19, 2021.  (Dkt. 308).

- <u>December 2020</u>.  The Court resolved the motions in limine on December 18, 2020.  (Dkt. 310).  ***Strategic never attempted to add Fu as a witness from the date of the Court's in limine rulings until just days before the then-scheduled January 19, 2021 trial***.

- <u>January 2021</u>.  By January 10, 2021, there was just over one week until the then-scheduled January 19, 2021 trial.  The parties were ready to conduct trial—***without Fu as a witness***—until, on that day, the trial was postponed again at Strategic's request.

***As made clear above, during the nearly three years from the filing of the complaint until roughly one week before the then-January 19, 2021 trial date, Strategic never properly identified Fu as a witness***.  Fu was not listed in any Rule 26(a) initial disclosures (because there were none served) and he was not properly identified as a witness until *more than one year* after the discovery period had ended, more than four months after the deadline to exchange witness lists, and more than three months after the deadline to file witness lists with the Court.  Strategic's failure is inexcusable, as it was clearly aware of Fu before the October 30 deadline.  Indeed, it included on its exhibit list—filed along with its Fu-less witness list—two exhibits (DX-98; DX-119) detailing a number of adversarial interactions between Guo and Fu.  Despite this, Strategic did not list Fu as a witness, and has offered no convincing explanation for its failure to do so.

The best Strategic has been able to come up with is that it "needed to confirm [Fu's] willingness to travel to New York" to testify before adding him to the list. (Dkt. 325).  That assertion is makeweight.  There was nothing preventing Strategic from adding Fu as a witness and later confirming his ability to testify.  In fact, that is precisely what Strategic did with William Je—it listed him as a witness that will testify at trial "***if he can be found.***"  (Dkt. 299-7, 322-1) (emphasis added).  The reality is that Strategic is trying to take advantage of another trial-date extension that it secured over Eastern's objection.  Thus, the first *Softel* factor weighs heavily in Eastern's favor.

Case 1:18-cv-02185-LJL   Document 326   Filed 04/02/21   Page 3 of 3

The Honorable Lewis J. Liman
April 2, 2021
Page 3



---

***Second***, Fu is neither an important nor a relevant witness.  Fu and Guo are adversaries in a lawsuit in the Western District of Texas.  Each man accuses the other of being a double agent for the Chinese Communist Party. Fu's testimony has nothing to do with the contract at issue. And, as Strategic's own letter demonstrates, he has no firsthand knowledge as to whether Guo is a Chinese dissident and has no foundation from which to testify as to the reasons for Guo's alleged actions.  Instead, what Strategic seeks to do with Fu is to have him testify that: (i) he is a Chinese dissident who opposes the Chinese Communist Party; (ii) Guo "attacked" him over social media in September and October 2020,[2] nearly two years after the Research Agreement at issue in this dispute had been entered into and, we contend, breached, and after discovery in this case had ended; and (iii) therefore, Guo must be a communist.  Eastern disputes every link in this logic chain, which is so attenuated as to be meaningless.  What's more, to establish whether Fu is in fact a dissident would require a trial within a trial—a sideshow that would consume a great deal of time and resources—certainly not the 30 minutes Strategic suggests.[3]  The second *Softel* also supports preclusion.

***Third***, Eastern will be severely prejudiced if Fu is permitted to testify.  Because he has neither produced documents in this litigation nor been deposed, Eastern has no way to effectively cross-examine Fu.  For instance, Eastern will have no way to test Fu's contention that he is a Chinese dissident.  Strategic has been given the latitude to spend *years* attempting to prove that Guo is not a Chinese dissident, including through document discovery, double-digit depositions, and a barrage of third-party subpoenas to the likes of Google, GoDaddy, and Steve Bannon.  With just over two weeks until trial, there is no way for Eastern to level that playing field and do the diligence necessary to effectively examine Fu.  As such, the third *Softel* factor weighs strongly in Eastern's favor.

***Finally***, another continuance is not warranted.  Trial has already been continued ***ten*** times. (Dkt. 42, 60, 76, 86, 113, 259, 287, 296, 308, 318, 321), including two times over Eastern's objections (Dkt. 292, 293, 296, 311, 312, 313).  This matter has been pending for more than three years.  Discovery has been closed for more than one year.  Dispositive and *in limine* motions have been decided for months.  And trial is scheduled to take place just two weeks from now.  Strategic's failure to timely identify a witness that is, at best, only tangentially relevant does not justify an eleventh continuance.

For all of these reasons, Bob Fu should be precluded from testifying pursuant to Rule 37(c)(1).

Respectfully,

*/s/ Joanna J. Cline*

Joanna J. Cline

  cc:   All Counsel of Record (By CM/ECF)

---

[2] To the extent Strategic offers Fu's testimony for the proposition that "Guo has attacked true Chinese dissidents," the testimony is by Strategic's own admission duplicative of Sasha Gong's anticipated testimony.

[3] In fact, the nature of the allegations exchanged between Fu and Guo—each accusing the other of supporting communists—exemplifies the difficulties inherent in establishing a provably false statement of fact in connection with someone's political affiliations or beliefs. If Strategic's logic were correct, then a Republican or Democrat's criticism of someone of his party would be grounds to challenge his party affiliation.