

Edward D. Greim
edgreim@gravesgarrett.com

April 2, 2021

Hon. Lewis J. Liman
United States Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007

    Re:    Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC, Case No. 18-cv-2185 (LJL)-DCF/ Use of Plexiglass Rather than Masks for Testifying Witnesses

Dear Judge Liman:

    At the telephone conference on March 31st, Eastern Profit indicated a possible objection to the use of masks by witnesses testifying at trial, and the Court directed Eastern to set forth its position by April 2nd. Strategic Vision would respond on April 5th. Following the conference, however, Eastern advised that it does not oppose the use of masks by testifying witnesses. Strategic Vision *does* oppose masks by testifying witnesses for the compelling reasons below.

    As this district recently held, "there can be no question that mask-wearing significantly diminish[es] the value of in-person testimony." *Joffe v. King & Spalding LLP*, No. 17-CV-3392 (VEC), 2020 WL 3453452, at *6 (S.D.N.Y. June 24, 2020). The Court has, over Eastern's objections, allowed this trial to be conducted in person, even though that necessitated moving the trial date several times, a sacrifice and inconvenience for the parties, their witnesses, and this Court. Now that this dearly-won in-person trial is about to occur, its efficacy should not be diminished by mask-wearing when multiple other layers of protection will exist. This includes plexiglass to divide the testifying witness from others in the courtroom, social distancing in the courtroom, and the fact that several counsel and at least one witness will have been fully or partially vaccinated. Further, the parties are in agreement that the rule of exclusion will apply and that each party will have only one representative at trial, thus limiting the number of people in the courtroom.

    Masks create a significant barrier to effective communication, creating challenges for the translator, check translator, court reporter, and anyone else who receives or better comprehends communication through lip reading. A speaker's words are not understood as well when spoken through a mask. Likely we all have failed to recognize a friend or colleague when meeting them unexpectedly simply because his or her face is covered. These types of inevitable consequences from mask wearing are particularly a concern because two witnesses require translators and two other witnesses do not speak English as their first language. Masks will make the efforts of the translator, check translator, and court reporter more difficult. Masks will make the efforts of the Court, counsel, and parties more difficult.

    Moreover, the face is one of the most expressive parts of the body and a central focus for anyone judging the witness's credibility. Mask wearing compromises a fair evaluation of a witness's demeanor and credibility, for the Court, counsel, and the party representatives



themselves. For some witnesses, it also can create (or heighten) a sense of unease and self-consciousness that many understandably feel while on the stand. This can unfairly portray the witness in a negative light.

      Strategic requests that the Court arrange for plexiglass dividers between the testifying witness and the courtroom, and instruct witnesses that they are not allowed to wear a mask while testifying. Strategic also requests that counsel or others who need to address the Court or a witness remove their masks while speaking.

Respectfully submitted,

Edward D. Greim
Attorney for Defendant/Counterclaimant

cc: Counsel of record via ECF