```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
EASTERN PROFIT CORPORATION LIMITED,                              :
                                                                 :
                        Plaintiff,                               :
                                                                 :         18-cv-2185 (LJL)
            -v-                                                  :
                                                                 :         OPINION & ORDER
STRATEGIC VISION US LLC,                                         :
                                                                 :
                        Defendant.                               :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __4/5/2021__

LEWIS J. LIMAN, United States District Judge:

Defendant-Counterclaimant Strategic Vision US LLC ("Strategic") moves to supplement its witness list to add Bob Fu ("Fu") as a witness at trial. Dkt. No. 325. Strategic's witness list was due and was filed on October 30, 2020. Fu was not on the witness list. The issue of adding Fu to the witness list was first raised with the Court by a joint letter of March 29, 2021 that obliquely stated that the parties were requesting a pretrial conference "at the earliest possible date, including to resolve, among other items, an objection by Eastern Profit to an out-of-state witness designated on Strategic Vision's January 29, 2021 amended witness list." Dkt. No. 323. The Court held a conference on March 31, 2021 and invited a letter submission by Strategic on April 1, 2021 and a response by Eastern on April 2, 2021. Dkt. Nos. 325, 326. It turns out that the issue is not that the witness is from outside New York (many witnesses will be from outside New York), but that the witness was not included in the witness list in the joint pretrial order. The Court denies the motion to supplement the witness list.

## BACKGROUND

Trial is scheduled to go forward in open court on April 19, 2021. It has been rescheduled several times due to the COVID-19 pandemic, to accommodate the health concerns of Strategic

and its counsel, and also in response to Strategic's demand that the trial proceed in-person rather than remotely.

On March 2, 2020, the Court scheduled a ready trial date for October 13, 2020. Dkt. No. 259. On September 4, 2020, the Court issued an order, informing the parties that it had secured a civil jury for an in-person trial to begin on November 2, 2020. Dkt. No. 287. Strategic requested a conference to discuss the trial, in particular, its request to delay the jury trial because of the need for its out-of-state counsel and certain witnesses to quarantine for fourteen days before trial. Dkt. No. 289. The Court scheduled a conference for September 29, 2020. At that conference, and at Strategic's request, the Court scheduled a conference for the following Monday, October 5, 2020, at which time the states in which Strategic's counsel and witnesses resided might be removed from New York's restricted state list.

At the October 5, 2020 status conference, Strategic informed the Court that the state in which one of its witnesses resided was no longer on New York's restricted state list, but the states in which its counsel and certain other witnesses resided were still on the list. Both parties also consented to a bench trial. The Court stated it would keep the trial date of November 2, 2020, which could proceed in-person or remotely. Eastern was ready to proceed with either, but Strategic requested that the trial be held in-person. At the same time, Strategic asked for the in-person bench trial to be adjourned because of the need for travel and quarantine. The Court asked the parties to brief whether the bench trial should proceed in-person and be adjourned, or proceed remotely and held sooner.

On October 13, 2020, the Court adjourned the trial to January 11, 2021, holding that "the short delay Strategic proposes will not prejudice Eastern in a case where the only relief sought is monetary." Dkt. No. 296. The Court then adjourned the trial to January 19, 2021 pursuant to

Standing Order M-10-468 that suspended in-person operations through January 15, 2021.  Dkt. No. 308.  On December 18, 2020, the Court asked the parties to file letters by December 23, 2020, indicating their positions on proceeding with a remote bench trial in the event the Standing Order was extended past January 15, 2021.  Dkt. No. 309.  Strategic again resisted proceeding remotely, while also "urging the Court to simply reschedule" the in-person bench trial "until the next available 4-day setting."  Dkt. No. 311 at 3.

On January 6, 2021, the Southern District of New York issued a Standing Order adjourning jury trials through February 12, 2021 and providing that "[b]ench trials and hearings with witnesses (Civil or criminal) should be conducted remotely if at all possible."  No. 20-mc-622 (Jan. 6, 2021), Dkt. No. 3.  On the same day, the Court held a status conference to discuss the possibility of proceeding with a remote bench trial and asked the parties to submit letters with authority that supported their positions.  Eastern consented to a remote trial.  Dkt. No. 314.  Strategic did not.  Dkt. No. 315.

On January 10, 2021, the Court denied the request for a remote trial, but required the parties to be ready for trial in person on 48 hours' notice after February 12, 2021.  Dkt. No. 318.  On January 28, 2021, at the joint request of the parties, the Court set a firm date of April 19, 2021 for the in-person bench trial.  Dkt. Nos. 320, 321.

## DISCUSSION

Strategic's motion to add Fu is denied for several reasons.  First, based on Strategic's proffer, Fu's testimony is irrelevant under Fed. R. Evid. 401 and, even if it had some probative value, such probative value would be substantially outweighed by the dangers of unfair prejudice, confusing the issues, undue delay, wasting time, and presenting cumulative evidence under Fed. R. Evid. 403.  Second, Strategic has offered no excuse for the late disclosure of Fu.

As to the Rule 401 and 403 issues, Strategic argues in this case that it was not required to

3

comply with a Research Agreement it entered into with Eastern in January 2018 for Strategic to provide research that would expose corruption within and undermine the Chinese Communist Party ("CCP") because the agreement was procured by fraud.  In essence, Strategic claims that it was induced to enter into the agreement by false representations by Guo Wengui (referred to by the parties as "Guo"), an agent of Eastern, that Guo was a longtime opponent of the CCP, Guo desired to undermine, sow disruption and bring about the regime's downfall, and Guo intended to accomplish this through publicizing research about the regime's corruption.  Dkt. No. 325 at 1-2.  Strategic asserts that in fact, Guo is not a true dissident and holds sympathy for the CCP and its leadership, and it claims that it would never have entered into the agreement but for the alleged misrepresentations about Guo's sympathies.  Eastern has consistently argued that the factual predicate for Strategic's claim is false: Guo is an opponent of the CCP.

To supports its argument, Strategic intends to offer Guo's own statements to show that he had a favorable or at least productive continuing relationship with the CCP, as well as evidence of Guo's financial transactions, which Strategic claims supports an inference that Guo was a proponent of the CCP  at the time the Research Agreement was signed.  Strategic also intends to offer other criticisms Guo made of Chinese dissidents to show that Guo is not himself a dissident.  Guo is on Strategic's witness list and is prepared to testify live or through his deposition testimony if unavailable.  *See* Dkt. Nos. 299-3, 322-1.

Fu's testimony has only the most attenuated relationship to Strategic's claim and, to the extent it has a relationship, it is cumulative.  Fu and Guo are adversaries in a lawsuit in the Western District of Texas.  Each man accuses the other of being a double agent for the CCP.  Strategic proposes to offer Fu to show that Fu is himself an opponent of the CCP who emigrated from China to escape religious persecution and who since has established a non-profit

4

organization with a mission to "expose the systematic persecution, harassment, torture and imprisonment of Chinese Christians and human rights lawyers in China." Dkt. No. 325 at 3. Strategic proposes to offer evidence that Guo issued a message on social media in September 2020 that threatened to start a campaign against Fu, despite Fu being an opponent of the CCP. *Id.* Strategic claims that the events involving Fu began only in September and October 2020. *Id.*

The question raised by Strategic's claim in this case, however, concern Guo's political involvements in 2017—at the time the Research Agreement was negotiated and then executed in 2018. Guo's political activities after that date would be relevant, if at all, only to the extent that they showed that in 2017, when the parties negotiated the Research Agreement, he supported the CCP. Strategic has not established the relevance of statements made by Guo in September and October *2020* to Gou's activities years earlier. Moreover, in order for the proposed testimony to have the relevance Strategic imputes to it, Strategic would have to establish (1) Fu was an opponent of the CCP; (2) Guo knew that Fu was an opponent of the CCP; and (3) Guo attacked Fu because he was an opponent of the CCP. Each of those facts is hotly disputed; to permit the testimony of Fu would result in a trial-within-a-trial that would be a complete sideshow to the issues presented by this case.

Finally, the testimony is cumulative. Guo is on Strategic's witness list. *See* Dkt. Nos. 299-3, 322-1. Particularly because this is a bench trial where the Court can permit Strategic some latitude, the Court will permit Strategic to cross-examine Guo about statements he has made in an attempt to establish Guo's political affiliations during the relevant time period in 2017 and 2018. For the same reason, the Court will permit Strategic to offer Guo's statements with respect to Fu—if it can establish a proper foundation for the admission of those

statements. Strategic has not proffered that Fu has any knowledge of Guo's political activities even in 2020, much less in 2018 and before. It thus is unclear that Fu has anything of value to offer in this case.

Strategic also has not established any good cause for its failure to include Fu on the witness list if it believed that his testimony was relevant and supported its case. It offers three excuses. First, Strategic claims that it did not know of Fu's relevance until Guo's statements in September 2020. Crediting the argument that Fu's only relevance is with respect to conduct in late 2020, that argument supports the Court's Rule 401 and 403 determinations. More importantly, as to the witness list, the witness list was due at the end of October 2020. *See* Dkt. No. 299-3. Strategic's exhibit list contains two exhibits (DX-98, DX-119) detailing adversarial interactions between Guo and Fu. *See* Dkt. Nos. 299-7, 322-2. There is no reason, if Strategic included those exhibits, it could not also have listed Fu as a witness and thus given Eastern fair notice. Second, Strategic argues that it did not know as of October 2020 that Fu would be willing to travel to New York and waited until it confirmed his willingness to travel to New York to inform Eastern that he might be a witness. That does not excuse Strategic's late disclosure. The witness lists for both parties included actual and potential witnesses and was intended to give each side and the Court notice of who might be called. Strategic listed another person, William Je, as a witness "if he can be found." Dkt. No. 299-3. There is no reason Strategic could not have made a similar disclosure with respect to Fu. Third, Strategic argues that it did not know it would need to call Fu as a witness until after the Court issued its ruling in limine, precluding Strategic from relying on several news articles to prove Guo's political activities and affiliations in 2017. The Court excluded those articles as inadmissible hearsay in an in limine ruling on December 18, 2010. *See* Dkt No. 310. The Court's ruling should not have

come as a surprise to Strategic; the articles plainly were hearsay as offered for the truth. The ruling thus does not provide an excuse for Strategic's failure to list Fu on a timely basis.

Finally, permitting Fu to testify will be unfairly prejudicial to Eastern. Fu has neither produced documents in this litigation nor been deposed and thus Eastern has no way to fairly and effectively cross-examine him, including on his claim that he is a Chinese dissident. To require Eastern to subpoena him now for documents and to take a pretrial deposition—with trial 19 days away from the date of Strategic's request and with trial having been adjourned ten times since the first amendment of the case management plan in August 2018, *see* Dkt. Nos. 42, 60, 76, 86, 113, 259, 287, 296, 308, 318, 321—would be unfair both in terms of cost and in delay to Eastern.

Strategic's motion to supplement Fu as a witness is therefore DENIED. Dkt. No. 325.

SO ORDERED.

Dated: April 5, 2021
       New York, New York

                                    LEWIS J. LIMAN
                                    United States District Judge