UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EASTERN PROFIT CORPORATION LIMITED, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 18-CV-2185 (LJL) |
| STRATEGIC VISION US, LLC, | ) ) ) |
| Defendant. | ) ) ) |

### PARTIES' ADVANCED RULING REQUESTS ON TRIAL EXHIBITS

Plaintiff Eastern Profit Corporation Limited ("Eastern") and Defendant/Counterclaimant Strategic Vision US, LLC ("Strategic") respectfully request the Court to make advanced rulings on the following proposed trial exhibits on Strategic's Exhibit List (DX113 at Exhs. C-H, DX118, DX119, DX112 (incl. DX112 A-E) & DX97 (incl. DX97 A-F)) and on Eastern's Exhibit List (PX-30, PX-54, PX-59, PX-61, and PX-52(a)).

### I.   EASTERN'S ADVANCED RULING REQUESTS

**A.   DX113 (Exhs. C-H), DX118, DX119**

**1.   Eastern's Basis to Exclude – F.R.E. 401, 403, 801.**

These articles should be excluded for the reasons set forth in the Court's motion *in limine* decision. They are hearsay and not appropriate for judicial notice. Dkt. 310 at 2-9. DX 118 and 119, which are articles about Bob Fu, should also be excluded under Rules 401 and 403. Dkt. 331 at 3-7.

**2.   Strategic's Response regarding DX113 (Exhs. C-H) (Descriptions of Hong Kong Patriotic Groups, Article with Photo of William Je participating in CPPCC Meeting, Creaders.net Article "China's Most Dangerous Woman Takes Another Shot to Stop Guo Wengui").**

The Court can take judicial notice of the existence of these groups without deciding William Je's involvement in them or Je's association with Guo. There is no dispute that these groups exist and for what they stand.

**3.   Strategic's Response regarding DX118 ("Steve Bannon Ally Guo Wengui is Targeting Chinese Dissidents").**

A true dissident would not attack a true dissident, unleashing through social media statements by Guo a protest outside Bob Fu's residence. Guo agreed to preliminary injunctive relief, admitting the protestors were there.

### 4. Strategic's Response regarding DX119 ("The Long Arm of the Chinese Communist Party").

These contain statements against interest by a party opponent. The Court's decision on Bob Fu permits Strategic to offer Guo's statements with respect to Fu—on proper foundation.

## B. DX112 (incl. DX112 A-E) & DX97 (incl. DX97 A-F) – F.R.E. 401, 403, 602, 701.

### 1. Eastern's Basis to Exclude – F.R.E. 401, 403, 602, 701.

Strategic proffers these to show that websites allegedly connected to Guo have connections to China to somehow prove that Guo is a CCP double agent. Strategic has no expert to testify that such supposed connections are inconsistent with being a dissident.

### 2. Strategic's Response regarding both DX112 and DX97:

This is not a matter of expert testimony; it is a matter of common knowledge. Strategic witness S. Gong will testify as to her personal experience in how communications are severely curtailed between dissidents and the mainland.

### 3. Strategic's Response regarding DX97 (IT Administrator Overlap Across Guo-Affiliated Youtube Channels)

Eastern does not challenge the accuracy of the indicated information, which was contained in materials produced during the discovery process and have been authenticated. This is not a matter of expert testimony per above.

## II. STRATEGIC'S ADVANCED RULING REQUESTS

### A. PX-30 (Gertz article, "China Intervenes to Block Businessman from Revealing Spying Secrets on VOA")

### 1. Strategic's Basis to Exclude – F.R.E. 901, 402, 602, 403.

*In limine* ruling excluded news articles as hearsay. Filled with opinions of author who admitted failing to fully investigate Guo and taking $100,000 from William Je (ACA close associate of Guo), leading his newspaper to terminate him for violation of journalistic principles.

### 2. Eastern's Response - F.R.E. 401-403, 801, 902(6)

Exhibit is not being offered for truth. Offered to show that Strategic could have done due diligence to explore Guo's relationship with CCP. *See* Dkt. 310 at 9. It was authenticated by Gertz in his deposition (pp. 61-63) and under R. 902(6), is relevant to fraud claim, and not unduly prejudicial.

B. **PX-54 (Twitter Safety article entitled Information Operations Directed at Hong Kong)**

1. **Strategic's Basis to Exclude – F.R.E. 602, 701, 801.**

Not authenticated and based on opinion. China's purported cyber operations against Hong Kong in 2019-2020 has no relevance. Ex is inadmissible hearsay without opportunity for cross-examination by Strategic to understand the limits of the cited analysis.

2. **Eastern's Response - F.R.E 801(c)(2), 807901(b)(4),**

PX-54 is a Twitter disclosure regarding accounts it blocked for violations of company policies. It is authentic under Rule 901(b)(4),[1] not hearsay pursuant to F.R.E 801(c)(2) because it is being offered to show that *CCP* regards Guo as an enemy, and F.R.E 807,[2] and subject to judicial notice.[3]

C. **PX-61 (US DOJ Press Release re Nickie Mali Lum Davis guilty plea)**

1. **Strategic's Basis to Exclude – F.R.E. 801.**

Hearsay that PRC tried to lobby for deportation of Guo in May 2017 through US agents and opinion that Guo is a dissident, except that hearsay sources never say and could not know whether the PRC's alleged request was an illusion, disinformation, or a real plan.

2. **Eastern's Response – F.R.E. 201, 803(8), 807.**

PX-61 is not hearsay because it is a record of a public officer and inherently trustworthy. F.R.E. 803(8), 807. It is also appropriate for judicial notice.[4]

D. **PX-52a (Compilation of Guo Anti-CCP video clips) (associated PX-52B and 53)**

1. **Strategic's Basis to Exclude – F.R.E. 801, 602.**

A compilation of short snippets of interpreted statements, all inadmissible hearsay. No exception applies: it is not a prior consistent statement. Guo lacks personal knowledge to opine about others, Rule 602, including what others are doing to fight the CCP. Not disclosed in discovery.

---

[1] *Lebewohl v. Heart Attack Grill LLC*, 890 F. Supp. 2d 278, 298 (S.D.N.Y. 2012); *Luv N' Care, LTD. v. Regent Baby Prods. Corp.*, 986 F. Supp. 2d 400, 408 n.40 (S.D.N.Y. 2013).

[2] *Chase Manhattan Bank v. Traffic Stream (BVI) Infrastructure Ltd*, 86 F. Supp. 2d 244, 254-255 (S.D.N.Y. January 31, 2000).

[3] *Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, 2013 U.S. Dist. LEXIS 48513, at *2-4 n.1 (S.D.N.Y. Mar. 29, 2013).

[4] *Contant v. Bank of Am. Corp.*, 385 F. Supp. 3d 284, 294 (S.D.N.Y. 2019) ("The Court may take judicial notice of the . . . DOJ plea agreement and similar public documents.").

1.  **Eastern's Response – F.R.E. 801(d)(1)(B), 602.**

Not hearsay. Strategic has challenged Guo's dissident status by offering prior, purportedly inconsistent statements. PX-52a is a compilation of *public* prior consistent statements to rebut Strategic's attacks. Strategic has put Guo's opinions of CCP and others at issue in case.

| | |
|---|---|
| */s/ Joanna J. Cline* | */s/ Edward D. Greim* |
| Joanna J. Cline (*Pro Hac Vice*) | Edward D. Greim (NY Bar ID No. 4240172) |
| Christopher B. Chuff (*Pro Hac Vice*) | |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | Jennifer Donnelli (*Pro Hac Vice*) |
| | Lucinda Luetkmeyer (*Pro Hac Vice*) |
| 1313 North Market Streets, Suite 5100 | 1100 Main Street, Suite 2700 |
| Wilmington, DE  19801 | Kansas City, MO 64105 |
| Telephone: 302.777.6500 | Telephone: (816) 256-3181 |
| Fax: 302.421.8390 | Fax: (816) 256-5958 |
| | |
| Francis J. Lawall (Admitted to S.D.N.Y.) | *Attorneys for Strategic Vision US LLC* |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | |
| 3000 Two Logan Square | |
| Eighteenth and Arch Streets | |
| Philadelphia, PA  19103 | |
| Telephone: 215.981.4000 | |
| Fax: 215.981.4750 | |

*Attorneys for Eastern Profit Corporation*