```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
EASTERN PROFIT CORPORATION LIMITED,                              :
                                                                 :
                              Plaintiff,                         :
                                                                 :       18-cv-2185 (LJL)
            -v-                                                  :
                                                                 :          ORDER
STRATEGIC VISION US LLC,                                         :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2021

LEWIS J. LIMAN, United States District Judge:

The Court has received the attached letter. The Court intends to take no action on the letter since it is not framed as a motion.

Counsel for each party should let the Court know by Friday, April 16, 2021 at 5:00 p.m. whether it requests that the Court to take any action on the letter.

SO ORDERED.

Dated: April 15, 2021
       New York, New York                             _____
                                                              LEWIS J. LIMAN
                                                          United States District Judge



```
                    The Knows
               % Rocco Castoro
        2699 ½ Beachwood Dr. Suite 420
              Los Angeles, CA 90068
               rocco@theknows.net
```

April 15, 2021

**VIA EMAIL MESSAGE**

Hon. Judge J. Lewis Liman
℅ Ruby J. Krajick, Clerk of Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
Courtroom 15C
500 Pearl St.
New York, NY 10007-1312

      RE:    **Request for Open Trial,** *Eastern Profit Corp. Ltd. v. Strategic Vision, US*, **No. 2018-cv-02185**

Dear Judge Liman:

My name is Rocco Castoro.

I'm a member of the press writing to request that the Court keep open the case *Eastern Profit Corp. Ltd. v. Strategic Vision US*, no. 2018-cv-02185, currently scheduled for trial on April 19, 2021.

The case is vital to a series of investigative reports that my team and I intend to publish over the next month via the new platform and documentary studio I will be launching soon: The Knows (available at [www.theknows.net](www.theknows.net), following launch.) Previously, I was the editor-in-chief of VICE Media.

I understand from news reports that Eastern Profit Corporation ("Eastern Profit") has asked that the courtroom be closed. *See* "Guo Wengui with Stephen Bannon Cited Sued Strategic Vision Now Talk of Bob Fu 5th Column" *Inner City Press* (April 1, 2021) (Accessed at: [Guo Wengui With Stephen Bannon Cited Sued Strategic Vision Now Talk of Bob Fu 5th Column](#)) I request that the courtroom remain unsealed because:

(1) as a member of the press, I have standing to challenge any protective order should it issue;
(2) as a member of the press I have a qualified First Amendment right to attend judicial

Hon. J. Lewis Liman
April 15, 2021
Page 2

proceedings; (3) as a member of the press, I possess a common law right to public access to judicial proceedings; and (4) there is no extraordinary circumstance or compelling need outweighing the public's right to know about the trial which is of national and international import. The case is currently scheduled for trial on April 19. I ask the Court to deny Eastern Profit's reqeust to seal the courtroom in this case. I write this letter in the hopes that the sealing will not occur, and that I (I am based in LA) or a NYC-based freelancer may be able to attend the proceedings, and that motions need not be filed to secure access.[1]

**Background**

The case is a breach of contract action between Eastern Profit Ltd., believed to be owned by Guo Wengui, a Chinese billionaire wanted in the People's Republic of China (the "PRC") and the United Arab Emirates (the "UAE"), and the owner of Strategic Vision US ("Strategic Vision"), its principal French Wallop, and her business partner, J. Michael Waller. Guo, a fugitive Chinese billionaire sought confidential information regarding certain individuals in order to obtain political leverage in his efforts to obtain political asylum in the United States and get the PRC to drop criminal charges against him. Wallop and Waller are long-time conservative activists who, through Wallop's Strategic Vision corporate vehicle, offered Guo advisory services regarding his public crusade against the PRC in the U.S. and access to special investigatory services of third parties who could obtain information Guo sought to use as political leverage. Guo did not accept the advisory services, but agreed to use Strategic Vision

Guo, (who disclaims ownership interest in Eastern Profit Ltd.), filed suit in early 2018, claiming that Strategic Vision breached its contract to provide him with political information. Depositions in the matter reveal that Strategic Vision hired two teams to obtain information. The first, referred to "Team 1" and "Hill" in the litigation, appears to involve a U.S.-based contract vehicle for a team in Europe, likely Ukraine or the Russian Federation, given descriptions of the dangers faced by Team 1 outlined by Mr. Waller in his deposition testimony. The second, referred to as "Team 2" was a Texas corporation, Allied Special Operations Group, LLC, led by Russell Ramsland Jr. a former Republican candidate for U.S. Representative and businessman. In addition, Strategic Vision hired a U.K. firm, described as "Fletcher" to do some intelligence gathering. Strategic Vision also hired an unidentified computer specialist in the U.S. to check on the work of Team 1.

Beginning late last year, Ramsland has appeared as an expert witness in a number of trials alleging election fraud in the Presidential election of 2020. Several of these trials are ongoing.

On January 10, 2021, the Court denied a request by one or more of the parties to hold a remote trial. Note Order, Doc. 318 (Jan. 10, 2021). On January 28, the court set this matter for trial on April 19, 2021. On March 29, 2021, the parties filed a Joint Letter Motion for Conference. Joint Letter Motion for Conference, Doc. 323. That same day, an order issued scheduling the requested conference on March 31. After the conference was held, press reports indicated that Eastern Profit is seeking to close some the trial because it asserts one witness may invoke his or her Fifth

---

[1] I gratefully acknowledge the help of The Reporter's Committee for the Press' Hotline in directing The Knows to the resources used to write this letter.

Hon. J. Lewis Liman
April 15, 2021
Page 3

Amendment. *See* "Guo Wengui With Stephen Bannon Cited Sued Strategic Vision Now Talk of Bob Fu 5th Column" *Inner City Press* (March 31, 2021) (Accessed at: [Guo Wengui With Stephen Bannon Cited Sued Strategic Vision Now Talk of Bob Fu 5th Column](#)) This request followed.

**Analysis**

The courtroom should remain open because (1) as a member of the press, I have standing to challenge any protective order should it issue; (2) as a member of the press I have a qualified First Amendment right to attend judicial proceedings; (3) as a member of the press, I possess a common law right to public access to judicial proceedings; and (4) there is no extraordinary circumstance or compelling need outweighing the public's right to know about the trial which is of national and international import.

   A.   **Standing**

As a member of the press, I have a presumptive right to access the courts. Under well-settled law of the Second Circuit, my right to public access to courts finds its "twin sources" in the common law right of public access to judicial documents and the qualified First Amendment right to attend judicial proceedings. *In re Omnicom Grp., Inc. Sec. Litig.*, No. 02 CIV. 4483 RCC/MHD, 2006 WL 3016311, at *1 (S.D.N.Y. Oct. 23, 2006).

As members of and surrogates for the public, news agencies and reporters such as myself have standing to challenge protective orders in cases of public interest. Although I hope to avoid such a filing, motions to intervene and unseal may be made at any time. *See, e.g., In re Pineapple Antitrust Litig.*, No. 04 MD. 1628 RMB MHD, 2015 WL 5439090, at *2 (S.D.N.Y. Aug. 10, 2015) ("There is no legal authority of which we are aware … to the effect that there is a deadline by which such a journalistic request for access to documents must be asserted, and certainly no requirement that the application be made before the lawsuit is closed.")  Therefore, a member of the media may seek to intervene in a case that has been dismissed or settled for the purpose of unsealing records.

I am a member of the media. Formerly, I served as the Editor-in-Chief of *Vice News*, a magazine, internet and video journalism company. Currently, I serve as CEO and Editor-in-Chief of *The Knows*, an investigative journalism start up combining reporting features with public access to journalism tools. We seek to report on facts revealed during discovery and trial in this case as one of our first stories.

Because I am a member of the media and the public, I possess standing to seek an open trial in this case.

   B.   **A Qualified First Amendment Right to Attend Judicial Proceedings Exists**

I have a qualified First Amendment right to attend the judicial proceedings in this matter. The U.S. Supreme Court and the Second Circuit have consistently recognized that the public and

Hon. J. Lewis Liman
April 15, 2021
Page 4

press have a presumptive First Amendment right of access to judicial proceedings in criminal cases. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980) (plurality opinion). Though the right of access to criminal trials is not "explicitly mentioned in terms in the First Amendment . . . [the U.S. Supreme Court has] long eschewed any 'narrow, literal conception' of the Amendment's terms." *Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 604, (1982). The Second Circuit has also extended this right to civil proceedings. *See, e.g., Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir.1984) (asserting that "the First Amendment does secure to the public and to the press a right of access to civil proceedings"). Because the Second Circuit has extended this right to the public and the press and I am a member of both the press and the public, I possess the right to attend the proceedings.

The right of access applies to the trial and specific witnesses therein. The Court may close the courtroom for particular witnesses or the entire trial. I urge that the Court apply the Second Circuit's "experience and logic" test for judicial documents to any requests for the trial or specific witnesses' testimony to be closed, as this test itself is derived from the right to access to hearings.

This test is articulated by the Supreme Court in *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9 (1986). In this case, the test would require the court to consider both (1) whether the hearing has "have historically been open to the press and general public" and (2) whether "public access plays a significant positive role in the functioning of the particular process in question." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Press-Enter. Co.*, 478 U.S. at 8). As further explained by the Second Circuit in *Lugosch*, 453 F.3d at 120, "courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness. The second approach considers the extent to which the judicial documents are derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." (internal quotation marks and citations omitted).

The presumption of access under the First Amendment is not absolute. Once the court finds that a qualified First Amendment right of access to certain judicial documents exists, documents may still be sealed, but only if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

Here, there is no reason to seal the courtroom because historically, civil and criminal trials have been open to the public. *E*Trade Fin. Corp. v. Deutsche Bank AG*, 582 F. Supp. 2d 528, 531 (S.D.N.Y. 2008) (citing *Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 n.17 (1980)). In addition, public access would play a significant role in the functioning of this process because the case is of national importance.

This case is of national importance for several reasons: *First*, it impacts directly on the United States' relationship with both the PRC and the UAE matters of great public import. *Second*, it involves a matter impacting the former President of the United States and his handling of multiple criminal matters and pardons revolving around national figures such as Elliott Brodiy, Stephen Bannon and others. *Third*, it involves issues of computer privacy and intrusion, a

Hon. J. Lewis Liman
April 15, 2021
Page 5

national problem. *Fourth*, it concerns the background and credibility of Russell Ramsland III, a prominent witness in multiple national civil trials asserting that the Presidential election of 2020 was "stolen." These interests must outweigh any privacy interests of any witnesses, as the witnesses and litigants have themselves inserted themselves into controversies of national import via their own conduct. Eastern Profit entered into a contract to obtain information for a media campaign. It now seeks to prevent the public from learning of its efforts by sealing the courtroom in this matter. The interest of any one private witness in hiding their assertion of their Fifth Amendment right to avoid self-incrimination cannot outweigh the public interest in knowing the facts of this matter.

### C. A Common Law Right to Attend the Trial Exists

Historically, at common law, "both civil and criminal trials have been presumptively open." *E*Trade*, 582 F. Supp. 2d at 531(citations omitted).  As with the First Amendment, the right of access also extends to judicial documents.  The Second Circuit has emphasized that "the common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch*, 435 F.3d at 119.

### D. The Court should not close this Matter

The Court should not close this matter. Closure requires judicial review and "specific, on the record findings demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *In re N.Y. Times Co.*, 828 F.2d at 116. Therefore, in most cases, "a judge must carefully and skeptically review sealing requests to ensure that there really is an extraordinary circumstance or compelling need." *Software Dealers Assoc. v. Orion Pictures, Corp.*, 21 F.3d 24, 27 (2d Cir.1994).

Here, the compelling need cited, the purported private exercise of the Fifth Amendment right of a witness is not an extraordinary circumstance or compelling need. The litigants and witnesses in this matter have, by their own conduct, put any potential criminal jeopardy in play. In addition, they are public figures who entered into the contract at issue in the litigation for the express purpose of providing information for public release to media outlets. Mr. Guo has engaged in a four-year media campaign inside and outside of the United States. Mr. Waller is a nationally recognized authority on international security matters. Their private need cannot outweigh the strong public interest in knowledge of matters of national and international political import. The Court should therefore deny any request to seal any portion of the trial.

### Conclusion

The courtroom should remain open because (1) as a member of the press, I have standing to challenge any protective order should it issue; (2) as a member of the press I have a qualified First Amendment right to attend judicial proceedings; (3) as a member of the press, I possess a common law right to public access to judicial proceedings; and (4) there is no extraordinary circumstance or compelling need outweighing the public's right to know about the trial which is of national and international import.

Hon. J. Lewis Liman
April 15, 2021
Page 6

Sincerely,

_____
Rocco Castoro
Editor-in-Chief, *The Knows*
rocco@theknows.net