

Troutman Pepper Hamilton Sanders LLP
Hercules Plaza, 1313 N. Market St., Suite 5100, P.O. Box 1709
Wilmington, DE  19899-1709

troutman.com

**Joanna J. Cline**
302.777.6542
joanna.cline@troutman.com

April 21, 2021

**VIA CM/ECF**

The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, C.A. No. 18-cv-2185 (LJL)

Dear Judge Liman:

We write in response to Strategic's Motion to Strike PX 71 and PX 67.

<u>PX 71</u>

Strategic does not contest that PX71 is authentic.  Nor could it.  The document is self-authenticating because it is a domestic public document that is sealed and signed (see Rule 902(1)) and is a certified copy of a public record (see Rule 902(4)).  See PX71 at 23 (bearing the seal of the U.S. District Court for the District of Columbia, and signed by the deputy clerk).

The document is not hearsay—it is a public record of the United States Government as to a plea agreement and related Statement of Offense, and Strategic has done nothing to challenge its trustworthiness.  FRE 803(8); 803(22).  It also is admissible under the residual exception for the same reasons.  FRE 807.

As to relevance, the document is not only probative, but also goes to the very heart of Strategic's fraud claim, as it "establish[es] a relationship between Defendant and the CCP and its supporters and make[s] it less likely"—and very difficult to believe—"that Defendant relied on Plaintiff's alleged statements that Guo was an opponent of the CCP or that such statements were important to Defendant in deciding to enter the Research Agreement."  (Dkt. 310).  The Statement of Offense shows that in the same year in which Strategic and Eastern entered the Research Agreement, Mr. Broidy—who we now know manages the entity paying Strategic's legal fees—was involved in a "Campaign to Remove [Guo Wengui] from the United States" at the behest of a high ranking member of the CCP—a Minister of the People's Republic of China.  PX71.  It shows that despite Strategic's attestation to the contrary, its legal fees were being paid by someone affiliated with the CCP/PRC. There is no need for a mini-trial on this issue.  Broidy expressly admits in his Statement of Offense that from approximately March 2017 through at least January 2018, Broidy "agreed to lobby the Administration and the DOJ to arrange for the removal and return of [Guo Wengui]—a citizen of the PRC living in the United States—on behalf of Foreign National A.  This involved, among other things, advocating for meetings between **PRC Minister A** and United Stated government officials."  PX71.  In fact, an entire section of Broidy's Statement of Offense is devoted to "Broidy's Travels to the PRC to Meet  With **PRC Minister A**." [Id. Paras. 27-37.] For example, Paragraph 28 of his Statement of Offense provides: "On or about May 18, 2017, BROIDY . . . traveled to the PRC,

The Honorable Lewis J. Liman
April 21, 2021
Page 2



where they met with Foreign National A and **PRC Minister A**.  **PRC Minister A** asked BROIDY to use his influence with high-ranking United States government officials to advocate for [Guo Wengui's] removal and return to the PRC.  PRC Minister A also states that he would be visiting Washington, D.C. soon and was having trouble scheduling meetings with certain high-ranking United States government officials." Strategic cannot contend that the subject of affiliation with the CCP mattered materially when it came to entering the contract with Eastern, but was irrelevant when it came to securing its funding from Broidy so that it could continue with this litigation.

Further, Eastern only agreed not to further pursue discovery on the subject of Strategic's funder and its connection to the CCP because Strategic had stipulated that its fees were "***not being paid by any person or entity that is or ever was a member of, associated with, or affiliated with the Chinese Communist Party or the People's Republic of China.***"  Stipulation at Para 2.  Had Strategic not signed that stipulation, Eastern would have pursued its motion to compel and properly vetted this issue in discovery.  To deny Eastern discovery and now argue that Eastern is unable to lay a proper foundation to get Mr. Broidy's plea agreement into evidence is, at a minimum, unfairly prejudicial.

PX71 is also properly subject to judicial notice because it was obtained from a government source and certified as accurate by the clerk of court.  *Aigbekaen v. Nielson*, No. 18-CV-6529 (KAM), 2019 WL 1865200 (E.D.N.Y. Apr. 25, 2019); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings*, LLC, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("Courts routinely take judicial notice of ... governmental records [retrieved from official government websites]."  *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 333 F. Supp. 3d 135, 152 (E.D.N.Y. 2018) (holding that documents obtained from "U.S. government-operated websites" are the proper subject of judicial notice); see also *Force v. Facebook, Inc*., 934 F.3d 53, 60 (2d Cir. 2019), cert. denied, 140 S. Ct. 2761, 206 L. Ed. 2d 936 (2020) (taking judicial notice of content pulled from website).[1]

PX67

PX67 is not hearsay because it is being offered for the sole purpose of showing that it was in the public domain and that J. Michael Waller was aware of the document before Strategic signed the stipulation certifying that the entity or person funding its legal fees had no affiliation or association with anyone from the CCP or PRC.

Respectfully,

*/s/ Joanna J. Cline*

Joanna J. Cline

cc:     All Counsel of Record (By CM/ECF)

---

[1] The absence of a sponsoring witness is not a reason for exclusion.  There is no "freestanding sponsoring witness" requirement under the federal rules.  *Tek Glob., S.R.L. v. Sealant Sys. Int'l*, No. 11 cv-00774-VC, 2017 US Dist. LEXIS 37595 (N.D. Cal. Mar. 12. 2017); *In Re Neurontin Mktg. & Sales Practices Litig.*, 799 F. Supp. 2d 110, 117 (D. Mass. 2011); *Adams v. United States*, No. 03-0049, 2009 WL 18843987 (D. Idaho June 28, 2009).