```
                              l4fdeasc
                                         Videoconference
 1     UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK
 2     ------------------------------x

 3     EASTERN PROFIT CORPORATION
       LIMITED,
 4
                      Plaintiff,             New York, N.Y.
 5
                 v.                          18 Civ. 2185(LJL)
 6
       STRATEGIC VISION US LLC,
 7
                      Defendant.
 8
       ------------------------------x
 9
                                              April 15, 2021
10                                            2:00 p.m.

11     Before:

12                          HON. LEWIS J. LIMAN,

13                                           District Judge

14                  APPEARANCES (via Zoom platform)

15     TROUTMAN PEPPER HAMILTON SANDERS LLP
            Attorneys for Plaintiff
16     BY:  JOANNA J. CLINE
            CHRISTOPHER B. CHUFF
17
       GRAVES GARRETT, L.L.C.
18          Attorneys for Defendant
       BY:  EDWARD DEAN GREIM
19          JENNIFER A. DONNELLI

20

21

22

23

24

25
```

1           (Video conference established)

2           THE CLERK:  Let me just remind everyone again, before

3    the Judge begins, that this is a public proceeding.  Members of

4    the public and press are able to access this proceeding through

5    the audio-only line that has been set on the public docket.  So

6    anyone on that line, anyone on this Zoom is reminded that any

7    recording or rebroadcasting of any portion of this proceeding

8    is strictly prohibited.

9           THE COURT:  Very well.  This is Judge Liman.

10          Would counsel identify themselves for the record,

11   starting with the plaintiff?

12          MS. CLINE:  Yes.  Good afternoon, your Honor.  This is

13   Joanna Cline, at Troutman Pepper, for Eastern Profit, and with

14   me on the Zoom is my colleague Chris Chuff.

15          MR. CHUFF:  Good afternoon, your Honor.

16          THE COURT:  Good afternoon, Ms. Cline, Mr. Chuff.

17          For defendants.

18          MR. GREIM:  Your Honor, this is Eddie Greim, Graves

19   Garrett, for Strategic Vision, and with me just off screen is

20   Jennifer Donnelli.

21          THE COURT:  Good afternoon, Mr. Greim.

22          Before we get started, I want to reiterate some things

23   that my deputy clerk said.  The first point is to highlight

24   that it is illegal for anybody to record or rebroadcast any

25   portion of these proceedings, including by live casting or

1    putting it on YouTube or any of those other vehicles.  Anyone

2    who does so can be subject to civil and criminal penalties for

3    contempt of court.

4              Second of all, I would ask each counsel when they

5    speak to please identify themselves for the record for the

6    benefit of the court reporter.  Please speak slowly and

7    clearly.  I'll try to make sure that I give each party an

8    opportunity to speak.

9              And, third, please do not interrupt each other or me.

10   It's difficult sometimes to do things by Zoom without being

11   able to be in one's presence, and it is a little bit easier if

12   you do not interrupt one another.

13             So, with that said, this is a pretrial conference.

14   We're prepared to go to trial Monday.  There are a couple of

15   preliminaries that I want to go through and some rulings that I

16   will be able to give each of you, and then I'm prepared to hear

17   each counsel if there is anything else that they would like to

18   address.

19             The first thing that I would like to ask the parties

20   about is that I understand there is a request with respect to

21   one of the witnesses, that that witness enter the courthouse

22   through a secure or some other entrance other than the regular

23   court entrance.  I'm not sure which counsel has made that

24   request with respect to which witness, but I'm prepared to hear

25   that application now.

l4fdeasc
Videoconference

1           MS. CLINE:  Yes, your Honor.  Thank you.  This is

2   Joanna Cline on behalf of the plaintiff.

3           We're making the request actually on behalf of Mr. Guo

4   Wengui, who is a third-party witness here, basically.  So, we

5   do not represent him but we have been informed by his counsel

6   that he typically travels with security, with a security

7   detail, and he has asked whether he may be permitted to access

8   the court through sort of a nonpublic entrance with his

9   security guards.  He just -- he fears for his own safety, and

10  he thinks that the trial -- the happenings at trial are likely

11  to get some attention, and he is just nervous that there will

12  be some risk to his safety.

13          THE COURT:  Does the other side have a position?

14          MR. GREIM:  No, your Honor.  We have no position.

15          THE COURT:  OK.  I'm going to deny that application,

16  subject to it being renewed if there are additional facts that

17  come to my attention.  This courthouse is a courthouse that

18  attracts people with some name and notoriety and in the past

19  has also attracted people who claim that they have some

20  security issues.  So, I don't hear anything with respect to

21  this particular witness that distinguishes him from others of

22  similar notoriety who appear in this court as witnesses.

23          If there is some specific threat to the witness'

24  safety, then I would be prepared to hear a new application, but

25  absent there being something specific and concrete, and based

1     upon the application right now, that application is denied.

2             THE COURT:  Second, I have before me a number of
3     requests to enter the courthouse with electronic devices.  I
4     will sign those.  Those appear to be in order.  If they are not
5     in order, I will let you know, but from my review those appear
6     in order.  Those will be signed.

7             The next point that I would like to mention is that
8     with respect to the schedule of the trial, my expectation is
9     that we will start each day at 9:30 in the morning and go until
10    about 4 p.m. in the afternoon.  Later in this conference, I am
11    going to ask each side how long we expect each witness to
12    testify so that we can get some sense of both the length of the
13    trial -- you know that I have limited you to -- we are
14    finishing on Thursday of next week.  My expectation from the
15    list of witnesses is that we will finish before then.  So, I
16    want to get some sense of the length of the trial.  I also will
17    try to sequence the witnesses so that we don't have people
18    waiting unnecessarily, with the health risks that those
19    present.

20            The next thing is that I would like to command to each
21    counsel and direct each counsel to review on the court's
22    website the Court's standing order with respect to COVID
23    restrictions and the questionnaire that the witnesses and the
24    lawyers and anybody entering the courthouse has to fill out
25    before they enter the courthouse.  Although we're starting at

1 9:30 in the morning, each of you should arrive before that time

2 so as to make sure that you get into the courthouse without

3 there being any delay.

4     Let me direct myself first to Ms. Cline with respect

5 to that and then to Mr. Greim.

6     Ms. Cline, do you anticipate any issues with respect

7 to any of your witnesses being able to enter the courthouse?

8     MS. CLINE:  No, your Honor, other than the application

9 which has been denied.

10     THE COURT:  Mr. Greim?

11     MR. GREIM:  No, your Honor.  And if I recall, there

12 may be a separate entrance which is faster for attorneys that

13 looks out onto -- towards Chinatown.  Is there a certain

14 entrance we ought to be using just to save time?

15     THE COURT:  I believe that that is the only entrance

16 that the parties can use right now.  There is an entrance on

17 that end of the courthouse for lawyers.  There is also a

18 separate entrance again on that side of the courthouse for

19 people who are not admitted to the bar.  So the same side of

20 the courthouse for both lawyers and for nonlawyers, but the

21 lawyers, you should be able to get in a little bit more

22 quickly.  Thank you for raising that.

23     We'll start with opening arguments on Monday.  My

24 anticipation is that each side will have half an hour for

25 opening arguments, and then we'll proceed immediately after

l4fdeasc
Videoconference

1  that to the first witness.
2       I've indicated before that with respect to closing
3  statements, those will take place after the trial is concluded
4  and with some delay, and I think we've entered an order
5  indicating that I'll hear closing arguments remotely on
6  April 30th at 1 p.m.  Those will be limited to one hour each.
7       Both with respect to openings and with respect to
8  closings, the plaintiff will go first and then the defendant
9  will go second.
10       Particularly with respect to closings, I would
11  highlight for both of you that the closings will be most useful
12  to me to the extent that they are able to identify concrete
13  pieces of evidence and concrete documents or transcript cites
14  that the parties want me to focus on.
15       As I've also indicated, I will review the depositions
16  separately and will review them prior to closing statements on
17  the 30th, but those are not to be presented in court except to
18  the extent that anybody is going to use any portion of a
19  deposition, for example, to cross-examine a witness.
20  Obviously, my ruling is not intended to prohibit or limit the
21  ability to use a deposition excerpt to cross-examine a witness.
22       I've got a series of evidentiary objections.  I
23  indicated to the parties that they could submit to me documents
24  as to which they requested a preliminary ruling as to
25  admissibility and that I would give those rulings, to the

1    extent that I could, to help inform you with respect to the

2    admissibility of documents otherwise.  I'll give you those in a

3    moment.

4           Let me tell you with respect to documents and exhibits

5    otherwise during the trial, my intent is to receive exhibits

6    subject to a motion to strike.  I'm doing that for efficiency

7    purposes.  It's a bench trial.  There is no risk of undue

8    prejudice (inaudible) by showing me a document.  I would have

9    to see the document anyway if I am going to rule with respect

10   to evidentiary issues, and I'm confident in my ability to focus

11   on what's admissible and not admissible.  My guess, if this

12   case is anything like past cases, is that there will be some

13   documents as to which I don't need to rule as to admissibility

14   because regardless of my ruling, they wouldn't make a

15   difference and I wouldn't be relying upon them either way.  So

16   just in terms of judicial efficiency, it's easier that way.

17          And my request would be that the parties make their

18   objections as to exhibits at the end of each trial day.  By the

19   close of that trial day, you can submit on ECF a letter

20   indicating the exhibits to which you object.  Why don't we say

21   by 8 p.m. on the end of each day, the party who is objecting

22   will just tell me what they are objecting to and simply the

23   basis on which you are objecting much as if you were in court.

24   No speaking objections by letter any more than there would be

25   in court.  If I need argument, I'll let you know.

With respect to the particular exhibits that I identified -- I'm sorry, that the parties identified, here are my rulings:

DX113C to H, the objection is sustained. Strategic seeks to offer these articles for the truth of the matter asserted, but does not identify a hearsay exception that would permit receipt of the documents. They are not the appropriate subject of judicial notice. The documents are also irrelevant under Rule 401, and their probative value is outweighed by their prejudicial impact under Rule 403. The ruling does not preclude Strategic from using the document to confront witnesses on cross-examination without receipt of them into evidence or use for the truth absent an appropriate foundation being laid.

DX118, the objection is sustained. My ruling is identical as to the ruling with respect to 113 and for the same reasons.

As to DX119, the Court reserves judgment. The document may be used at trial subject to a motion to strike, and the parties will need to -- the proponent of the exhibit will need to establish an appropriate foundation for the document.

DX112, the objection is sustained. The exhibit is excluded under Federal Rules of Evidence 401, 403, and is hearsay.

l4fdeasc
Videoconference

1       DX97 A through F, the Court reserves judgment.  The
2  exhibit may be used at trial subject to a motion to strike.
3  The proponent of the exhibit will need to make sure to lay a
4  proper foundation.
5       PX30, the objection is overruled.  The exhibit will be
6  received but not for the truth.
7       PX54, the Court reserves judgment.  The document may
8  be used at trial subject to a motion to strike.  Again, the
9  proponent will need to establish an appropriate foundation and
10 the relevance.
11      PX52A, the Court reserves judgment.  The exhibit may
12 be used at trial subject to a motion to strike.  The proponent
13 of the exhibit will need to establish a proper foundation,
14 including that the exhibit can be used as a prior consistent
15 statement.  That is, with respect to 52A, my understanding is
16 that that exhibit is being offered to show prior consistent
17 statements.  It is admissible only if the witness is impeached
18 as to his current testimony based upon a claim of recent
19 fabrication under the rules.
20      So those are my rulings and that concludes what I had
21 intended to address today.
22      Let me turn first to you, Ms. Cline, and then to
23 Mr. Greim with respect to any additional matters we should
24 cover?
25      Ms. Cline, you are on mute.

l4fdeasc
Videoconference

1           MS. CLINE:  Apologies.  Too many screens.

2           THE COURT:  I can hear you now.

3           MS. CLINE:  OK.  Thank you.

4           I guess -- I think the only remaining -- well, two

5  issues from our perspective and I guess they are interrelated.

6           Following up on the Court's comments regarding sort of

7  an order of witnesses, number one, Mr. Greim and I have

8  conferred and we think we can submit to the Court sort of our

9  best guess as to who will testify when.

10          THE COURT:  Great.

11          MS. CLINE:  So we have that figured out.

12          And then I guess relatedly from our perspective we

13 wanted to confirm the Court's understanding that each side --

14 basically you have given us a maximum of four days, that each

15 of us is to go no longer than two days with our respective

16 testimony.

17          THE COURT:  That's correct, and I'll have a clock just

18 to make sure.  I keep track of the time and I'll do it from

19 9:30 to -- Ms. Cline, I'm glad that you raised it.  You know,

20 the trial day will be 9:30 to 4 with a one-hour break for lunch

21 and two 15-minute breaks during the day.  So you can do the

22 math, I can't do it right here, but we'll do the math and then

23 we'll divide by two and that will be the allocated time for

24 each side.

25          Are you prepared right now to -- well, I should say

l4fdeasc
Videoconference

1     one other thing before I ask the question.  I understand that
2     the parties have also agreed that the scope of
3     cross-examination may exceed the scope of direct, given the
4     parties' agreement and my ruling that each witness will only go
5     once absent a showing of good cause.  With that said,
6     Ms. Cline, are you prepared right now to tell me your estimate
7     of length of time and when each witness would appear?
8              MS. CLINE:  Sure.  Let me start by just kind of -- I
9     can share with the Court what Mr. Greim and I tentatively
10    agreed to.  We didn't put it in terms of hours but in terms of
11    days and then we can drill down, if you would like, in terms of
12    hours.
13             Shall I proceed?
14             THE COURT:  Just give me one moment just to call up
15    your list of witnesses.
16             (Pause)
17             OK.  Please proceed.
18             MS. CLINE:  OK.  So we had contemplated on day one of
19    trial, obviously the parties would do openings and then we
20    would proceed with Ms. Wallop, W-a-l-l-o-p, and presumably
21    start Mr. Waller, W-a-l-l-e-r.
22             THE COURT:  All right.
23             MS. CLINE:  On day two, we believe we can finish with
24    Waller and then start Ms. Wang, W-a-n-g.
25             THE COURT:  OK.

                                Videoconference

1              MS. CLINE:  On day three, we would continue Ms. Wang

2      if she is not done.  Then we would go to Mr. Han, H-a-n, and

3      then we would start with Mr. Guo, G-u-o.  And on day four, we

4      would anticipate finishing with Mr. Guo.  And Mr. Greim, I'll

5      let him chime in with respect to what he wants to say about

6      that, but he also has an additional witness, Ms. Gong, G-o-n-g,

7      who would be called on day four.

8              THE COURT:  Is there any objection, Ms. Cline, to that

9      last witness, G-o-n-g?

10             MS. CLINE:  No.  And I'm sorry for being unclear.  I

11     think Mr. Greim would say that prior to calling Ms. Gong, he

12     wants to reserve a right, upon a showing of good cause, to

13     recall prior witnesses.  We don't agree with that, but I didn't

14     want to be misleading about what his position is.

15             THE COURT:  I understand that that's Mr. Greim's

16     position, and I've given him leave, upon a showing of good

17     cause, to recall just Wallop and Waller.

18             That order is fine and those estimates are fine.

19             What I would ask the parties to do is tomorrow and

20     over the weekend meet and confer with respect to the estimated

21     time for each witness and by Sunday night to submit to me the

22     time estimates.  And you should have the succeeding witnesses

23     lined up.  So, for example, if Wallop and Waller are day one, I

24     would expect that Han would be in a location where, if we move

25     quickly enough, you know, you will be able to bring Han down to

l4fdeasc
Videoconference

1    the courthouse.
2             Mr. Greim, what else should we -- do you have to add?
3             MR. GREIM:  Well, I think between you, your Honor, and
4    Ms. Cline, you have basically stated my position.
5             My only hope is that we could move a little quicker so
6    that just in case we hear things from the plaintiff's witnesses
7    that weren't somehow covered because my main witnesses will be
8    done, then I will be able to put on either Ms. Wallop or
9    Mr. Waller and have them cover whatever that new matter was.
10   But I'm just repeating what we've already discussed, so -- and
11   I know I would have to make an application to do that, your
12   Honor.
13            THE COURT:  Right.  So just to have in mind, you know,
14   in terms of recalling Wallop and Waller, my view doesn't tie
15   completely into the amount of time that it would take as much
16   as the efficiency issues.  So even if we finish very early, you
17   should not count on the ability to recall Wallop and Waller.
18   But I hear your comment with respect to the efficiency of the
19   trial, and that's the reason why I want to make sure that the
20   witness -- first witness who would begin on the next day is
21   available to testify on the prior day so that if the parties
22   are wrong on their estimates, we can go more quickly.
23            All right.  Anything else, Mr. Greim?
24            MR. GREIM:  I'm checking with my team here.
25            Oh, yes.  Yes, there is.  I almost forgot.  Your

1    Honor, we wondered whether our -- Ms. Midell, who is our

2    paralegal, could have maybe 30 minutes of access to the

3    courtroom on Friday just to make sure everything plugs in

4    properly and that we've got the right adapters and things like

5    that.  I'm guessing the plaintiff might want the same thing.

6             THE COURT:  Is that true, Ms. Cline?

7             MS. CLINE:  We actually don't plan to be in the

8    courtroom on Friday, but we don't object to Mr. Greim's

9    request.

10            THE COURT:  Let me ask my courtroom deputy.  I'm sure

11   that we can figure out a way to arrange that with the

12   courthouse staff, but, Mat, what's the best thing for Strategic

13   to do?

14            THE CLERK:  I can arrange for the courtroom to be

15   opened for whatever time they would like to go in, and then I

16   will have someone lock it up once them leave.

17            THE COURT:  Mr. Greim, why don't you email chambers

18   with whatever your request is and copy Ms. Cline, obviously,

19   and we'll make sure that that happens.

20            I should have said this, but, you know, obviously --

21   maybe not "obviously."  The proceedings will be -- the parties

22   will be able to listen to the proceedings by telephone, so will

23   the public, and the courthouse is open.  So to the extent that

24   there is room in the courtroom, members of the public can sit

25   in the courtroom itself.  It's all socially distanced.  You

l4fdeasc
Videoconference

1    will see that from the court's standing order.
2             One last thing.  The parties should order at the end
3    of the day the transcript on an expedited basis and should
4    split the cost of the transcript.
5             Ms. Cline, anything else from you?
6             MS. CLINE:  Just what time is the courtroom open on
7    Monday morning?
8             THE COURT:  Mat, will it be open by 9 o'clock or
9    earlier?
10            THE CLERK:  It will definitely be open by 9., probably
11   earlier.  I'm guessing by about 8:30.
12            MS. CLINE:  Good.  Thank you.
13            THE COURT:  All right.  Well, I look forward to seeing
14   everybody on Monday.  Thank you for the work.  Have a good
15   weekend.  Stay safe and stay healthy.
16            MR. GREIM:  You, too, your Honor.
17            MS. CLINE:  Thank you, your Honor.
18            (Adjourned)
19
20
21
22
23
24
25