

Edward D. Greim
edgreim@gravesgarrett.com

April 21, 2021

Hon. Lewis J. Liman
United States Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007

Re:  Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC, Case No. 18-cv-2185 (LJL)-DCF/Strategic Vision's Motion to Strike PX-11

Dear Judge Liman:

Strategic Vision moves to strike PX-11, the purported ACA-Eastern Profit loan agreement by which Eastern allegedly borrowed the $1 million deposit called for by the Research Agreement. PX-11 was offered during Eastern's direct examination of its witness Chunguang Han ("Mr. Han"). At the time of its proffer by Eastern, Strategic objected for lack of foundation and authenticity. The objections are well-founded and, on the additional grounds described below, PX-11 should be stricken.

Mr. Han does not read English. He testified during his direct examination that his English "is not so good." An interpreter was used today by both parties in relation to testimony and exhibits for Mr. Han. Although Mr. Han claimed to recognize his signature on the document and testified that he signed the document, there were no other witnesses at trial who had personal knowledge of his signature. The only other witness to Mr. Han's signature when it was made is William Je, who did not testify. Je is the sole owner of ACA Capital Group, a Hong Kong company that evaded discovery through the resignation of its then-sole U.S.-based representative (Karin Maistrello) in the brief period between notice of intent to serve the subpoena to ACA (under Rule 45) and actual service. Neither William Je nor ACA has given discovery or appeared in this case.

At the "loan closing" in the lobby of the Plaza Hotel, Mr. Je had to read the document to Mr. Han, and Mr. Han is not in a position to testify to anything except that his signature appears on the document. Even that testimony is suspect, because Mr. Han's signature has appeared on two other key documents—the Research Agreement and a Substitution of Counsel filed in this Court, that Mr. Han did not sign and did not see or have explained to him before someone else signed his name. The signature on both documents is similar to the signature on the supposed loan document. Further, Mr. Han testified, as to the Power of Attorney document (PX-17) that he placed his signature on a document prepared by counsel. His practices regarding signing documents he does not read or understand eliminates his ability to authenticate PX-11.

Moreover, Mr. Han admitted that he did not tell Eastern about the purported loan document after it was signed (135:6-20) and did not keep a copy (134:21-24). Mr. Han could not identify at trial how it was that Eastern came to obtain the copy of the purported loan



agreement during the litigation. The loan document was produced after Yvette Wang's first deposition as Eastern's Rule 30(b)(6) witness. It came from counsel's file. In these circumstances, the document cannot be authenticated.

Eastern is seeking to prove the contents of the purported loan document (that there is a loan) but has never produced a blue-ink original or explained how the copy proffered today in Court came into Eastern's possession. It is hearsay that should not be admitted.

Respectfully submitted,

Edward D. Greim
Attorney for Defendant/Counterclaimant

cc:   Counsel of record via ECF