

Troutman Pepper Hamilton Sanders LLP
Hercules Plaza, 1313 N. Market St., Suite 5100, P.O. Box 1709
Wilmington, DE  19899-1709

troutman.com

**Joanna J. Cline**
302.777.6542
joanna.cline@troutman.com

April 23, 2021

**VIA CM/ECF**

The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, C.A. No. 18-cv-2185 (LJL)

Dear Judge Liman:

Eastern Profit moves to strike DX35, DX37, DX76A, DX114, and portions of Sasha Gong's testimony.  The grounds for this motion are below.

I.      <u>DX37 (Video # 1 and 4)</u>

First, DX37 should be stricken pursuant to Rules 901 and 1002.  Under Rule 1002, "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."  F.R.E. 1002.  Further, under Rule 901, "[a] video recording may be authenticated by testimony from the operator, recorder, installer, or maintainer of the equipment that the videotape is an accurate representation of the subject matter depicted.  In general, a party may provide proper foundation for the admission of a videotape by providing 1) testimony demonstrating that the videotape fairly and accurately illustrates the events filmed; 2) testimony regarding the checking, operation, and handling of the recording equipment; 3) testimony that the videotape admitted at trial is the same as the one the witness inspected previously, or 4) testimony that the videotape has not been edited and fairly and accurately recorded the actual appearance of the area and events that transpired." *Leo v. Long Island R. Co.*, 307 F.R.D. 314, 324 (S.D.N.Y. 2015) (internal quotations omitted) (citations omitted).

Strategic has not met the requirements of Rules 901 and 1002.  DX 37 contains two videos:

- Video #1 is a three-minute video that consists of an audio recording set against the backdrop of a blurry photograph of recording equipment, with scrolling characters in Mandarin and English that purport to transcribe the voice of a male speaker who is speaking Mandarin but is not pictured on screen.  It purports to have been recorded on March 5, 2017 according to the text on the screen, but there is no evidence to corroborate that date, and no reliable evidence to authenticate the voice.



- Video #4 is a thirty-one-minute video of an undated interview of Mr. Guo, with an audio recording that does not match the timing of the movements of the speakers' mouths in the video.

Strategic Vision does not even contend that these are the original videos. Moreover, it fails proffer any testimony to support any of the four methods of authentication. It presents no evidence of when and where either recording supposedly took place, who operated the equipment, who witnessed it, the chain of custody of the recordings since they were first made, or evidence that the recordings had not been altered. In fact, the recordings on their face appear to have been edited. Further, the witness to whom these videos were shown denies their authenticity. Tr. (Guo) at 737, 745-746.

Without proof that the contents of the videos are accurate and original, the videos are inadmissible. Fed. R. Evid. 901, 1002. This is especially important where the content is retrieved from archived internet pages. To the extent the videos were purportedly retrieved from archived internet pages (and we do not know whether they were or not, because Strategic does not establish their provenance), Strategic fails to provide any evidence to support proper preservation. *Cf. United States v. Gasperini*, 894 F.3d 482 (2d Cir. 2018) (affirming the admissibility of archived screenshots where proponent offered testimony explaining how the archived pages capture and preserve the true and accurate contents of the actual videos).

On top of that, the poor quality of the recordings and the suspect timing of lips moving out of synch with the audio precludes the ability to authenticate them. Particularly because "current technologies allow for substantial alterations and substitutions of material in videotape," this court has held that Rules 901(b)(1) and (9) define a "base-level burden" for admission into evidence. *Leo*, 307 F.R.D. at 324. To meet that base level, Strategic is required to demonstrate that the videos are genuine, and it has failed to do so. Thus, these videos should be stricken under Rules 901 and 1002.

## II.   **DX35, DX76A, and DX114 should be excluded under F.R.E 403, 801, 901 and 1002.**

DX35, DX76A, and DX114 should also be excluded under F.R.E 801, 901 and 1002.

DX114, Exhibit B contains transcripts of these videos and are inadmissible to the same extent that DX37 is inadmissible. DX35 is a purported translation of the letter in Video #4 and is therefore inadmissible for the same reasons. On top of that, DX35 was not even transcribed by anyone in this case. Instead, it was filed in a separate action by someone other than Strategic Vision or its counsel (Tr. at 751), and Lianchao Han disagreed with substantial portions of the translations contained in DX35 letter. *See* JX6 (L. Han) at 80, 105-108, 110-111, 113, 115, 117. Thus, DX35 should be excluded on hearsay grounds as well. F.R.E. 801.

In addition, PX76A is a declaration by the host at Mirror Media, purportedly to authenticate DX37, Video #4. The declaration is inadmissible hearsay and fails to authenticate DX37, Video #4 because the declarant is not the records custodian of the video and did not even review the actual video shown in Court. He declares that a true and complete recording of his August 31, 2017 interview can be found at https://www.youtube.com/watch?v=_Bf2huTkYzs, but Strategic did not establish that that was what was shown at trial. Even if the declarant had reviewed the



actual video shown in Court, his declaration still constitutes inadmissible hearsay because Eastern had no opportunity to cross-examine his statement regarding the authenticity of the YouTube video, and he did not establish any of the four factors set forth above necessary to authenticate videos. F.R.E. 801, 901.

For these reasons, DX35, DX76A, and DX114 should be excluded under Federal Rules of Evidence 801, 901 and 1002.

III.    **Sasha Gong's Testimony**

Eastern also moves to strike the following lines from the testimony of Sasha Gong:  765:17; 765:19-766:6.  Ms. Gong is a lay witness, and the referenced testimony is not based on her perception. Instead, it is expert testimony in which this witness is offering her opinion on the definition of what makes one a "dissident," which is a central issue underlying Defendant's fraud claim.  Defendant took effort to establish Ms. Gong's educational and professional credentials, and then asked a question about judgments she needed to make "in her line of work."   Ms. Gong was not disclosed as an expert witness and her testimony should be stricken.  F.R.E. 701; Fed. R. Civ. P. 26(a)(2); *Dynamic Concepts, Inc. v. Tri-State Surgical Supply & Equip. Ltd.*, 716 F. App'x 5, 10-11 (2d Cir. 2017) (explaining that to constitute lay opinion, an opinion must be the product of a reasoning process familiar to the average person, and finding proffered testimony to be impermissible expert testimony); *see also 523 IP LLC v. CureMD.Com,* 48 F. Supp. 3d 600 (S.D.N.Y. 2014) (describing difference between lay and expert testimony).


Respectfully,

*/s/ Joanna J. Cline*

Joanna J. Cline

cc:     All Counsel of Record (By CM/ECF)