Troutman Pepper Hamilton Sanders LLP
Hercules Plaza, 1313 N. Market St., Suite 5100, P.O. Box 1709
Wilmington, DE 19899-1709

troutman.com



**Joanna J. Cline**
302.777.6542
joanna.cline@troutman.com

June 29, 2021

**VIA CM/ECF**

The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, C.A. No. 18-cv-2185 (LJL)**

Dear Judge Liman:

I write jointly on behalf of Eastern Profit Corp. ("Eastern") and Strategic Vision US LLC ("Strategic"). In its June 22, 2021 Findings of Fact and Conclusions of Law, the Court directed the parties "to meet and confer regarding a proposed form of judgment and to file with the Court a joint stipulation or judgment by June 29, 2021." Dkt. No. 372 at 89. The parties have met and conferred and have agreed to a proposed form of judgment, with one exception. As reflected in the attached proposed form of judgment, the parties disagree as to whether Eastern is entitled to an award of prejudgment interest. Eastern's position is that it is entitled to $208,767.12 in pre-judgment interest, which was calculated using Virginia's statutory interest rate of 6%, Va. Code § 6.2-302(B), accruing for 1270 days (from January 6, 2018 through June 29, 2021). Strategic contends that Eastern is not entitled to any pre-judgment interest. The bases for the parties' respective positions are below.

**<u>Eastern's Position</u>**

The Court should grant Eastern pre-judgment interest. "Where prejudgment interest is sought on a claim brought pursuant to state law in a federal diversity action, the award is a substantive issue that is governed by state law." *Nature's Plus Nordic A/S v. Nat. Organics, Inc.*, 108 F. Supp. 3d 52, 55 (E.D.N.Y. 2015), aff'd, 646 F. App'x 25 (2d Cir. 2016); *In re Crazy Eddie Sec. Litig.*, 948 F. Supp. 1154, 1167 (E.D.N.Y. 1996). Here, Eastern's declaratory judgment claim seeking a declaration that the Agreement was void was premised upon Virginia state law, and its entitlement to pre-judgment interest is likewise governed by Virginia state law. Under Virginia law, the award of pre-judgment interest is within the sound discretion of the trier of fact in the absence of a contract provision granting entitlement to pre-judgment interest. Va. Code § 8.01-382; *see also Gill v. Rollins Protective Services Co.*, 836 F.2d 194 (4th Cir. 1987). Generally, such discretion should be exercised in favor of pre-judgment interest. Indeed, under Virginia law, pre-judgment interest is "***designed to make the plaintiff whole*** and is ***part of the actual damages*** sought to be recovered." *Upper Occoquan Sewage Authority v. Blake Const. Co., Incorporated/Poole & Kent*, 275 Va. 41, 655 S.E.2d 10 (2008); *Shepard v. Capitol Foundry*, 262 Va. 715 (2001); *Dairyland Insurance Co. v. Douthat*, 248 Va. 627 (1994). Pre-judgment interest is generally "allowed because it is natural justice that ***he who has the use of another's money should pay interest for it***." *J.W. Creech, Inc. v. Norfolk Air Conditioning Corp.*, 237 Va. 320 (1989). If the contract is silent as to the rate of interest, then the interest rate is the 6% statutory judgment rate. Va. Code § 6.2-302(B).



Here, the Court held that "[b]ecause Strategic undertook work that fell within the scope of Virginia's Private Security Services Statute, but failed to secure the requisite license therein, the Agreement is void and unenforceable." Dkt. No. 372 at 54. In short, the wrong here is Strategic offering and agreeing to provide services to Eastern it was not licensed to provide. *Id.* For that reason, the Court found that "Strategic is not entitled to retain the $1 million deposit" and that "Eastern is entitled to restitution." *Id.* at 62. As the Court stated, "[a] restitution measure of damages aims to restore the nonbreaching party to as good a position as the one she occupied before the contract was made." *Id.* at 62.

Based on these findings, Eastern is entitled to pre-judgment interest for at least two reasons. As an initial matter, pre-judgment interest is necessary to make Eastern "whole" and restore it to "as good a position as the one [it] occupied before the [Agreement] was made." Indeed, given the time value of money—*i.e.*, that a dollar today is worth more than a dollar tomorrow—limiting Eastern's recovery to the $1 million deposit without prejudgment interest would certainly not put it in "as good a position as the one [it] occupied before the [Agreement] was made" or make it "whole." Pre-judgment interest is warranted for that reason alone.

In addition, given the Court's finding that "Strategic is not entitled to retain the $1 million deposit," "natural justice" requires that Strategic—which has had the "use of [Eastern's money]" for three and a half years—"should pay interest for" such use. *J.W. Creech, Inc. v. Norfolk Air Conditioning Corp.*, 237 Va. 320 (1989). A contrary result would be inequitable to Eastern. For these reasons, the Court should award Eastern $208,767.12 in pre-judgment interest.

**<u>Strategic's Position</u>**

For four reasons, this Court should not now exercise its judgment to grant Eastern pre-judgment interest as a matter of Virginia law.

***First***, and most importantly, prejudgment interest is inappropriate where legitimate legal issues were litigated in good faith. The leading case in this area is *Glover Const. Co. v. Hampton Roads Sanitation Dist.*, 166 F.3d 332 (4th Cir. 1998), which dealt with an ambiguous contract between a city and a construction company for the construction of a sewer line. The construction company ultimately prevailed, but was denied prejudgment interest. The Fourth Circuit affirmed:

> Under Virginia law, it is within the discretion of the trial court to award prejudgment interest. The district court stated that because the disputes in this case were legitimate, it would not award costs, fees, or prejudgment interest. We find that the district court's decision not to award prejudgment interest was not an abuse of discretion. Therefore, we affirm the district court's ruling denying Glover . . . pre-judgment interest.

Federal courts continue to apply the rule that prejudgment interest is uncalled for under Va. Code Ann. § 8.01-382 so long as the defendant litigated in good faith. See *Bocek v. JGA Assocs., LLC*, No. 111CV0546JCCJFA, 2016 WL 1161401, at *14 (E.D. Va. Mar. 23, 2016), *aff'd*, 705 F. App'x 165 (4th Cir. 2017) ("Virginia law vests discretion with the trial court as to whether a party is entitled to such interest . . . In cases where liability is fiercely contested and damages owed are not certain prior to judgment, such as this one, it is within the trial court's discretion to deny prejudgment interest.") (quoting *First Union Commercial Corp. v. GATX Capital Corp.*, 411 F.3d 551, 556 (4th Cir. 2005)); *Int'l Fid. Ins. Co. v. W. Virginia Water Auth.*, No. 7:11-CV-00441, 2012 WL 4503191, at *7 (W.D. Va. Sept. 28, 2012) ("IFIC also seeks prejudgment interest under Va.Code Ann. § 8.01–382 on any claim for which it is successful . . . The court finds in this case that an award of prejudgment interest is not warranted. The basis for the



court's decision is that the dispute between the parties involved a genuine legal question that the parties were entitled to litigate, and that neither party appears to have acted in bad faith.").

The lawsuit between Strategic Vision and Eastern Profit presented legitimate, fiercely-contested legal questions. The fact that many of these questions were not resolved until trial proves that both parties "were entitled to litigate." Indeed, Eastern apparently did not discover and plead its declaratory judgment theory until its third set of counsel filed an amended complaint April 15, 2019, 13 months after the case was filed and soon before the then-contemplated close of discovery. See Docket 88 (adding Count III for the first time). Strategic's defense to this new theory survived a motion for summary judgment in the fall of 2020, which had been fully briefed earlier that year. Further, Eastern Profit switched its response to Strategic's theory late in the case. For the entirety of the case, Eastern argued that the $1 million it sought under this theory was a loan. Long after the close of discovery and after summary judgment was decided, Eastern raised the "gift" argument for the first time in its Proposed Findings and Conclusions in November 2020. It was this theory that was ultimately adopted by the Court.

Federal case law is clear: because Strategic Vision prosecuted genuine claims in good faith, prejudgment interest should not be awarded.

***Second***, prejudgment interest is inappropriate where it is unnecessary to make the plaintiff whole. "Prejudgment interest is not awarded as a penalty; it is merely an element of just compensation." *Hardey v. Metzger*, No. 2628-07-4, 2008 WL 3895686, at *9 (Va. Ct. App. Aug. 26, 2008). The goal of prejudgment interest is to place the plaintiff in the position he would have occupied if the party in default had fulfilled his obligated duty." *Blake Const. Poole & Kent A Joint Venture v. Upper Occoquan Sewage Auth.*, 71 Va. Cir. 248 (2006) (quoting *Marks v. Sanzo,* 231 Va. 350, 356, 345 S.E.2d 263 (1986)). Prejudgment interest is not required to make Eastern Profit whole. According to the Court's findings of fact, Eastern Profit is a "shell" and "essentially a defunct entity." FOF and COL at 15. According to the Court's conclusions of law, the $1 million paid to Strategic Vision was a gift from ACA to Eastern – a gift that presumably would not have been given but for the illegal contract. FOF and COL at 24. Since the position Eastern would have occupied had the invalidated contract never occurred was that of a "defunct shell" with meager assets and no $1 million gift, an award of prejudgment interest would represent a windfall to Eastern, not compensation.

***Third***, prejudgment interest is inappropriate where the damages alleged were "unliquidated" or "disputed." Courts applying Va. Code Ann. § 8.01-382 agree that "prejudgment interest normally is not awarded for unliquidated damages." *Jennifer Hartley, v. Mark Hartley*, No. CL08-2443-03., 2015 WL 12591836, at *3 (Va. Cir. Ct. Oct. 9, 2015); *Skretvedt v. Kouri,* 248 Va. 26, 36, 445 S.E.2d 481, 487 (1994). Accordingly, prejudgment interest was denied in *Gaynor v. Hird*, No. 0927-94-4, 1995 WL 452293, at *3–4 (Va. Ct. App. Aug. 1, 1995) where the parties – a divorced couple – "continued to dispute the monetary award" before and throughout litigation. While the amount paid by ACA to Strategic Vision was clear from the outset of the litigation, the parties' liability to one another under the Agreement was hotly disputed and largely unliquidated at every step along the way. The normal rule would not give Eastern prejudgment interest on its "unliquidated, disputed claim." *Gaynor v. Hird*, 1995 WL 452293, at *3.

***Finally***, prejudgment interest is inappropriate where final judgment was delayed by events outside of the unsuccessful party's control. In this case, two events conspired to delay final judgment: (1) Eastern Profit's failure to promptly prosecute its claims, and (2) the COVID-19 pandemic.

The Supreme Court has consistently held that filing delays "can bar an otherwise valid claim for [prejudgment] interest." *W. Virginia v. United States*, 479 U.S. 305, 311, 107 S. Ct. 702, 706, 93 L. Ed. 2d 639 n.3 (1987) (citing *Board of Comm'rs of Jackson County v. United States,* 308 U.S. 343, 352–353, 60 S.Ct. 285, 289, 84 L.Ed. 313 (1939)). "[I]t may be appropriate to limit prejudgment interest, or perhaps




even deny it altogether, where the [plaintiff] has been responsible for undue delay in prosecuting the lawsuit." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657, 103 S. Ct. 2058, 2063, 76 L. Ed. 2d 211 (1983). Virginia courts have likewise held that "it would been unfair to award prejudgment interest . . . where the prevailing plaintiff participated in the delay." *Farmville Inv. Grp., LLC v. Prospect Homes of Richmond, Inc.*, 79 Va. Cir. 69 (2009).

Here, as noted above, Eastern's claim for prejudgment interest was raised by its third set of counsel, more than a year after the lawsuit was filed. Eastern's delay in filing its claim weighs against an award of prejudgment interest.

Additionally, Virginia courts also tend to deny prejudgment interest when a delay arises which is not caused by either party. In *Advanced Marine Enterprises, Inc. v. PRC Inc.*, 256 Va. 106, 501 S.E.2d 148 (1998), an engineering service prevailed in an action against its former employees and a competitor. Nevertheless, the engineering service could not recover prejudgment interest on portions of judgment which remained unliquidated for a year due to the chancellor's delay in issuing a final decree. Similarly, in *Shepard v. Capitol Foundry of Virginia, Inc.*, 262 Va. 715, 722, 554 S.E.2d 72, 76 (2001), the Virginia Supreme Court upheld a jury's decision to limit prejudgment interest to "from the date of trial," since litigation delays up to that point were "something that [wa]s not attributable to either side." In the present case, trial was delayed many months by protocols set up to combat the spread of a historic virus. COVID-19 was "not attributable to either side," and neither party should be penalized for the delays caused thereby.

For all of these reasons, Eastern, a defunct shell company, should not receive the additional windfall of prejudgment interest.

Respectfully,

*/s/ Joanna J. Cline*

Joanna J. Cline

cc: All Counsel of Record (By CM/ECF)