```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
EASTERN PROFIT CORPORATION LTD.,                                       :
                                                                       :
                                    Plaintiff,                         :
                                                                       :          18-cv-2185 (LJL)
                 -v-                                                   :
                                                                       :              ORDER
STRATEGIC VISION US LLC,                                               :
                                                                       :
                                    Defendant.                         :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

LEWIS J. LIMAN, United States District Judge:

Plaintiff Eastern Profit Corporation Limited ("Plaintiff" or "Eastern") asserts that it is entitled to prejudgment interest on its restitution award for $1 million. Defendant Strategic Vision US LLC ("Defendant" or "Strategic") claims that the award of prejudgment interest would be inappropriate in this case. For the following reasons, the Court agrees with Defendant and declines to grant prejudgment interest.

Because this is a diversity case, Virginia law governs the award of prejudgment interest. *See Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999); *Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 340 (S.D.N.Y. 2018) ("In a diversity case, state law governs the award of prejudgment interest.") (quoting *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir. 2008)). Specifically, Va. Code § 8.01-382 dictates that "[i]n any . . . action at law or suit in equity . . . the final order . . . *may* provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." (emphasis added). The award of prejudgment interest under Va. Code § 8.01-382 is firmly within the discretion of the district court. *See BioVeris Corp. v. Wohlstadter*, 69 F. Supp. 3d 574, 580 (W.D. Va. 2014). In deciding whether to grant prejudgment interest, courts "must weigh the equities . . . to determine

whether an award of prejudgment interest is appropriate." *Wells Fargo Equipment Fin., Inc. v. State Farm Fire and Cas. Co.*, 823 F. Supp. 2d 364, 366 (E.D. Va. 2011) (quoting *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 727 (4th Cir. 2000)).

First, "[p]rejudgment interest is normally designed to make the plaintiff whole and is part of the actual damages sought to be recovered." *Dairyland Ins. Co. v. Douthat*, 449 S.E.2d 799, 801 (Va. 1994). Prejudgment interest compensates "for the loss of use of money due as damages from the time the claim accrues until judgment is entered." *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 196 (1995) (quoting *West Virginia v. United States*, 479 U.S. 305, 310–311, n.2 (1987)); *see also Cooper v. Paychex, Inc.*, 960 F. Supp. 966, 974 (E.D .Va. 1997) ("The basic purpose in awarding prejudgment interest is to correct for the fact that a dollar yesterday was worth more than a dollar today"). In Virginia, the establishment of prejudgment interest can be traced back to 1799, where the court in *Jones, Ex'r v. Williams* observed that "it is *natural justice* that he who has the use of another's money should pay interest for it." 6 Va. (2 Call) 102, 106 (Va. 1799) (emphasis added). Courts have continued to cite this principle with approval. *See, e.g., Upper Occoquan Sewage Auth. v. Blake Const. Co.*, 655 S.E.2d 10, 22 (Va. 2008) ("The justification for the award of interest on damages—whether pre-judgment, post-judgment, or both—in a civil lawsuit, has been recognized since the earliest days of this Commonwealth.").

The parties dispute whether prejudgment interest is needed to make Eastern "whole." *Dairyland Ins. Co.*, 449 S.E.2d at 801. Referencing the "time value of money" and this Court's holding that Eastern is entitled to restitution, Eastern argues that prejudgment interest is necessary to place it in the position it would have been in had the contract never been made. Dkt. No. 373 at 2. Strategic, meanwhile, contends that prejudgment interest is not necessary to

fully compensate Eastern because: 1) Eastern is a "defunct entity" and "shell" corporation; and 2) ACA, on behalf of Eastern, paid the $1 million deposit to Strategic as a "gift." *Id.* at 3. Therefore, Eastern would not necessarily have had access to or use of the $1 million in funds if the contract had never been formulated. The Court agrees with Defendant on this point. In accordance with the Restatement (Third) of Restitution and Unjust Enrichment § 32, this Court ordered restitution because Strategic provided a service which violated the Virginia Private Security Services Statute. *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, 2021 WL 2554631, at *30 (S.D.N.Y. June 22, 2021). Strategic was not entitled to keep a deposit for services "rendered in connection with an illegal and consequently void contract." *Id.* Thus, restitution was ordered to account for Strategic's violation, not necessarily to provide Eastern with compensation. Moreover, ACA, not Eastern, provided $1 million to Strategic in order to satisfy the terms of the Agreement. The Court therefore rejects the assertion that Eastern, a defunct corporation with one frozen bank account, would have invested the money such that prejudgment interest is now needed to make the company whole.

Additionally, on the facts here, requiring Strategic to pay back the $1 million deposit *with* interest could be viewed as bordering on the punitive. "Natural justice" may compel the court to award prejudgment interest where a wrongdoer has been able to enjoy "the use of another's money." *Jones*, 6 Va. (2 Call) at 106. However, "prejudgment interest has no punitive, but only compensatory, purposes." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 2011 WL 4899922, at *5 (E.D. Va. Oct. 14, 2011) (quoting *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996)); *see also LeBrun v. Yakeley*, 2005 WL 832207, at *1 (Va. Cir. Ct. Mar. 7, 2005) ("The purposes of pre-judgment interest (to make the plaintiff whole) and punitive damages (to punish the defendant and serve as a deterrent to others) are antithetical."). This is

not a case where the Court has determined that Eastern is entitled to $1 million on a breach of contract theory; the Court did not have to determine (and did not determine) that Eastern was damaged in the amount of $1 million.  Nor is there evidence that Strategic was able to enjoy the full $1 million without incurring some expenses to perform its end of the agreement with Eastern.  Part of the deposit was paid out in expenses and part of it was used to fund initial research, which will not be recouped.  Thus, in this case, awarding Plaintiff prejudgment interest on the $1 million award, which would amount to $208,767.12, when it would not in fact have been able to enjoy that interest during the pendency of this lawsuit, is inequitable.

Other factors similarly weigh against the provision of prejudgment interest.  As Defendant notes, some courts have expressed concerns about awarding prejudgment interest where the legal issues within the case were closely disputed or presented novel questions of law. *Wells Fargo Equipment Fin., Inc.*, 823 F. Supp. 2d at 367.  Courts do not want to discourage or "penalize" parties for litigating meritorious claims by imposing an excessive additional sum. *Hewitt v. Hutter*, 432 F. Supp. 795, 800 (W.D. Va. 1977), *aff'd*, 574 F.2d 182 (4th Cir. 1978) ("the court is particularly mindful of the judicial admonition that awards of prejudgment interest are sometimes inappropriate in cases involving a bona fide dispute on the merits").  The existence of a novel or challenging legal issue does not necessarily prevent the court from awarding prejudgment interest.  *Gill v. Rollins Protective Servs. Co.*, 836 F.2d 194, 199 (4th Cir. 1987); *see also Breton, LLC v. Graphic Arts Mut. Ins. Co.*, 2010 WL 678128, at *4 (E.D. Va. Feb. 24, 2010) ("[T]he existence of a 'bona fide legal dispute' does not preclude an award of prejudgment interest.").  Rather, the nature of the dispute is *one factor* that courts may consider when exercising their discretion to award prejudgment interest.  *Wells Fargo Equipment Fin., Inc.*, 823 F. Supp. 2d at 367.

As this case presented new issues under Virginia law related to the interpretation of Virginia's Private Security Services Statute, this factor similarly weighs against awarding prejudgment interest. The Court was asked to consider whether certain investigatory work completed by Strategic could be classified as "private security services" under Va. Code Ann. § 9.1-138. After noting that there was limited caselaw interpreting the statute, and applying traditional canons of statutory construction, the Court decided that Strategic was indeed providing security services without an appropriate license. As the case involved "a bona fide dispute on the merits," this factor weighs against prejudgment interest. *Hewitt*, 432 F. Supp. at 800.

Defendant also claims that prejudgment interest is not allowed when damages are unliquidated. *Skretvedt v. Kouri*, 445 S.E.2d 481, 487 (Va. 1994); *see also Advanced Marine Enters, Inc. v. PRC Inc.*, 501 S.E.2d 148, 160 (Va. 1998) (overturning the award of prejudgment interest because "as of the date of the bench ruling, the amount of [the defendant's] liability remained unliquidated as to all amounts except the original compensatory damage award"). Defendant asserts that "the parties' liability to one another under the Agreement was hotly disputed and largely unliquidated at every step along the way." Dkt. No 373 at 3.

While the judicial inclination against awarding prejudgment interest on unliquidated damages is not disputed, the Court is unconvinced that this case involved unliquidated damages. Unliquidated damages are those in which "the amount to be settled rests in the discretion, judgment, or opinion of a jury and there are no data for computation and the damages cannot be ascertained by any mode of calculation." *Builders Equity Corp. v. Hurwitz*, 530 F.2d 1072, 1074 (D.C. Cir. 1976) (quoting *United Cigarette Machine Co. v. Brown*, 89 S.E. 850, 855 (Va. 1916)). The fact that liability was *disputed* does not necessarily imply that damages were *unliquidated*.

5

In fact, Defendant concedes the "amount paid by ACA to Strategic Vision was clear from the outset." Dkt. No 373 at 3. The exact amount of damages was therefore not determined based on "the discretion, judgment, or opinion" of the factfinder and may not be classified as "unliquidated." *Builders Equity Corp.*, 530 F.2d at 1074.

Finally, Defendant argues that "prejudgment interest is inappropriate where final judgment was delayed by events outside of the unsuccessful party's control." Dkt. No. 373 at 3-4. Defendant references *Farmville Investment Group*, where the court declined to award the full extent of prejudgment interest, "because [the] dispute has taken more than two years to progress from the date of filing until the trial [and] it would be unfair to award prejudgment interest . . . where the prevailing plaintiff participated in the delay." *Farmville Inv. Group, LLC v. Prospect Homes of Richmond, Inc.*, 2009 WL 7388850, at *5 (Va. Cir. Ct. Apr. 27, 2009). But Defendant has not presented facts from which the Court could infer that Plaintiff created unreasonable delay.

Although Defendant's arguments regarding unliquidated damages and unreasonable delays are not persuasive, the Court nevertheless agrees with Defendant that Plaintiff is not entitled to prejudgment interest in this case and that an award of such prejudgment interest would be inequitable for the reasons stated above.

SO ORDERED.

Dated: July 12, 2021  
      New York, New York

                                                 LEWIS J. LIMAN  
                                                 United States District Judge