IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EASTERN PROFIT CORPORATION LIMITED,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**STRATEGIC VISION US, LLC,**<br><br>        **Defendant.** | Case No. 18-cv-2185 (LJL) |

### DEFENDANT STRATEGIC VISION US, LLC's OBJECTION TO PLAINTIFF'S NOTICE OF TAXATION OF COSTS

Pursuant to Local Rule 54.1(b), Defendant Strategic Vision respectfully submits this Objection to Plaintiff Eastern Profit's August 16, 2021 Notice of Taxation of Costs (Dkt. 378 and 379). Eastern's Notice came too late. Its request for costs is deemed waived, as it was filed more than 30 days after this Court's July 14, 2021 entry of Final Judgment. "Any party failing to file a notice of taxation of costs within the applicable thirty (30) day period will be deemed to have waived costs." Local Rule 54.1(a).

### ARGUMENT

**I.  Plaintiff's motion is untimely and should be denied in its entirety.**

Local Rule 54.1(a) provides a 30-day deadline for filing Notice of Taxation of Costs, and where, as here, a party misses that deadline, it is deemed to have waived costs. "Within thirty (30) days after the entry of final judgment, . . . any party seeking to recover costs shall file with the Clerk a notice of taxation of costs by Electronic Case Filing. . . indicating the date and time of taxation which shall comply with the notice period prescribed by Fed. R. Civ. P. 54, and annexing

a bill of costs. . . Any party failing to file a notice of taxation of costs within the applicable thirty (30) day period will be deemed to have waived costs." L.R. 54.1(a).

The Court entered final judgment on July 14, 2021. Dkt. 377. The Judgment reminded Eastern that "Following entry of this judgment, Eastern may apply for allowable costs pursuant to Fed. R. Civ. P. 54(d) and Local Rule 54.1." *Id*. at 2. Thirty days from July 14, 2021, was Friday, August 13, 2021. Eastern filed its application on Monday, August 16, 2021. Dkt. 378, 378-1, and 378-2. Under the plain text of Local Rule 54.1(a), Eastern's costs are waived and cannot be taxed.

Local Rule 54.1(a) does allow for the period to be extended by the Court "for good cause shown," but if any such cause existed, Eastern made a calculated decision not to raise it. Eastern's filing was not preceded, accompanied, or followed by any showing of good cause for an extension. Nor did Eastern file a late request even the following week, on August 23, 2021, when it re-filed its Notice, Bill of Costs, and Declaration to correct a clerical error. Dkt. 379, 379-1.[1] Having elected not to show "good cause," Eastern made its August 16, 2021 filing and service outside Local Rule 54.1's 30-day period, and therefore, is "deemed to have waived costs." *Id*.

## II.     Plaintiff's request for interpretation costs should be denied.

One portion of Plaintiff's request is improper for another reason: interpretation costs for Guo and Han are not taxable. Local Rule 54.1(c)(4) states: "[t]he reasonable fee of a competent

---

[1] Far from requesting an extension, Eastern's August 16 and August 23 filings seemed to take the opposite approach, implying that Eastern had actually been timely. The Declaration of Counsel on page 2 of this Court's Bill of Costs Form is dated August 13, 2021, bears the typed-in electronic signature of counsel, and states, "A copy of this bill *has been served* on all parties in the following manner: Electronic service." See Dkt. 378-1 (filed August 16, 2021) and 379-2 (filed August 23, 2021) (emphasis added). A casual reader of these Declarations could be forgiven for erroneously concluding that Bill of Costs was in fact served and perhaps e-filed on August 13. Of course, neither Declaration of Counsel is correct, because "electronic service" occurred not on August 13, but with ECF filing and service on August 16, 2021. And even if Eastern had emailed Strategic its Bill of Costs packet on August 13 (which it did not), it is *filing* with the Court, not service, which must be completed within 30 days. Rule 54.1(a). Here, that did not happen.

interpreter is taxable if the fee of the of the witness involved is taxable." Whether a witness fee is taxable is governed by Local Rule 54.1(c)(3), which prohibits parties to the action from receiving "witness fees, travel expenses, or subsistence." Here, Eastern requests interpretation costs for its witnesses Han Chunguang and Guo Wengui. But "Eastern is a shell for Guo and his family." (Dkt. 372, Findings of Fact and Conclusions of Law, p.15). And at trial, Han Chunguang was the "purported representative of Eastern" (*id*. at p.23) and "Eastern's agent" for purposes of attempting to prove its loan from ACA. *Id*. at p.25. Accordingly, the witness fees of Guo and Han, as, respectively, Eastern's alter ego and key agent, would not be recoverable; under Local Rule 54.1(c)(4), the same must hold true for interpretation costs. Thus, even if Plaintiff had made a timely filing, it could not recover interpretation costs for Guo and Han.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully request that Plaintiff's Bill of Costs be denied in its entirety as untimely and having been waived. Additionally, even if the Bill had been timely filed, Guo and Han's interpretation costs cannot be recovered.

Dated: August 27, 2021

                                          Respectfully submitted,

                                          GRAVES GARRETT LLC

                                          *s/ Edward D. Greim*
                                          Edward D. Greim, #4240172
                                          1100 Main Street, Suite 2700
                                          Kansas City, MO 64105
                                          Telephone: (816) 256-3181
                                          Fax: (816) 256-5958
                                          edgreim@gravesgarrett.com
                                          ATTORNEY FOR
                                          DEFENDANT/COUNTERCLAIM PLAINTIFF

## **CERTIFICATE OF SERVICE**

This certifies that, on August 27, 2021, the foregoing was served on all counsel of record via the Court's Electronic Case Filing System.

*s/ Edward D. Greim*
Attorneys for Defendant/Counterclaim Plaintiff