

Troutman Pepper Hamilton Sanders LLP
Hercules Plaza, 1313 N. Market St., Suite 5100, P.O. Box 1709
Wilmington, DE  19899-1709

troutman.com

**Joanna J. Cline**
302.777.6542
joanna.cline@troutman.com

August 30, 2021

**VIA CM/ECF**

The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, C.A. No. 18-cv-2185 (LJL)

Dear Judge Liman:

We write to respectfully request an extension of the deadline to file Eastern's Notice of Taxation of Costs.

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), the Court may, for good cause shown, extend time on motion made after the time has expired "if the party failed to act because of excusable neglect." *See also* Local Rule 54.1 (providing that the court may extend the period within which a party may file a bill of costs for good cause shown). Excusable neglect takes into consideration the following four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Invs. Servs Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Excusable neglect is an "elastic concept" and is not strictly limited to circumstances beyond the control of the movant. *See id.* at 388 (stating further that "late claims may be permitted even if caused by inadvertence, mistake or carelessness.") (citation omitted). *See also Colon v. Fashion Inst. of Tech. (State Univ. of N.Y.)*, No. 12cv7405 (HB), 2014 WL 1979875, at *1 (S.D.N.Y. May 15, 2014) (noting that a brief delay of a day or less because of car trouble did not "significantly prejudice[] defendants"); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (permitting filing of bill of costs nine days late because counsel was on their honeymoon).

Here, Eastern's Notice of Taxation of Costs was filed the next business day following the thirty-day period after judgment was entered.  Strategic was not prejudiced at all by the delay of one business day, nor does it even contend so.  Further, it is clear that Eastern acted in good faith.  As Defendant notes, the Notice of Taxation of Costs and accompanying papers were dated and signed on August 13, 2021.  Eastern fully intended to file the documents on August 13, 2021,

118939806v1

**The Honorable Lewis J. Liman**
August 30, 2021
Page 2



but because of a breakdown in communication, the actual filing did not occur until August 16. This short delay did not prejudice Strategic's rights in any way.

Eastern has not previously requested an extension of time with respect to this deadline. We have reached out to Counsel for defendant Strategic Vision US LLC to obtain its consent to this application, but have not yet heard back. We note that in its Objections to Eastern's Bill of Costs, Strategic took the position that Eastern had waived its right to costs. (Dkt. 381). There are no further scheduled appearances before the Court.

Respectfully,

*/s/ Joanna J. Cline*

Joanna J. Cline

cc:     All Counsel of Record (By CM/ECF)

118939806v1