

Edward D. Greim
edgreim@gravesgarrett.com

August 30, 2021

Hon. Lewis J. Liman
United States Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007

    Re:    Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC, Case No. 18-cv-2185 (LJL)
           Strategic Response to Eastern's Motion to Extend Deadline to Tax Costs

Dear Judge Liman:

    This letter responds to and opposes Eastern's Motion to Extended Deadline to Tax Costs (Dkt. 382), filed early this morning after counsel received notice last night. Eastern's request must be denied. Eastern knew for weeks that its filing was late, but waited to seek an extension until Strategic caught the fact that it was late, forcing Strategic to undergo the expense of preparing an objection to establish what Eastern would not acknowledge on its own.

    The deadline for Eastern to file its Notice to Tax Costs was Friday, August 13, 2021. Eastern did not file by the deadline. Eastern did not serve Strategic, or at least notify Strategic and the Court, by email, letter, or voicemail, that a failure of communication of some kind had occurred, and that the document would follow on Monday. And midday on the following Monday, August 16, when Eastern did file, Eastern still failed to notify Strategic or the Court that it acknowledged its lateness and was seeking relief. Instead, Eastern simply filed its Notice with no further explanation. Eastern did the same thing a week later, August 23, 2021. Importantly, both filings falsely contained a certification of counsel that the underlying Notice had in fact been electronically served on August 13, 2021. That was untrue. Again, there was no mention of lateness or the need for relief. That did not come until late last night, and first thing this morning.

    On these facts, Eastern has not shown "excusable neglect" under Rule 6(b)(1)(B) or good cause under Local Rule 54.1. In contrast to the movants in the cases Eastern cites, it provides no facts regarding its alleged "breakdown in communication" several weeks ago. It does not explain whether the circumstances were within its reasonable control, and it does not explain how it acted in good faith in waiting until now to acknowledge its lateness for the first time.

    Eastern's tight-lipped filing means that we can never know what happened back on August 13, on August 16, or again on August 23, but Eastern's ongoing conduct has prejudiced Strategic. Eastern knew it was late, but twice (on August 16 and again on August 23), it filed a certification of counsel that the papers had been served on August 13. At any time over the past few weeks, Eastern could have notified the Court and parties of its plan to seek an extension of time. Had Eastern done so, and had it been immediately forthcoming regarding the reason for its late filing, Strategic could at least have given its request informed consideration. Strategic could have avoided a search of its own systems to determine whether Eastern had in fact served



the Notice, as was twice incorrectly certified. And Eastern could have avoided a wasted filing focusing on the lateness of Eastern's response—something that seemed necessary because Eastern twice filed its Notice out of time, with an incorrect certification of counsel that service was timely made on August 13, and with no explanation or even an acknowledgment that it was late. In short, had Eastern simply laid its cards on the table at some time over the last few weeks, rather than hoping that Strategic or the Court would miss the fact that the filing was late, Strategic could have directed its filing to the reasons for lateness that are now being proffered by Eastern.

Local Rule 54.1 deems a party to have waived costs when it misses the deadline. We are unaware of any case allowing a retroactive extension of the deadline over two weeks after the fact. That is particularly true were, as here, the requesting party missed several opportunities to lay its cards on the table and thereby spare its opponent the time and trouble of searching its own system for the filing, and then, not finding it, having to prepare a separate objection to establish that the opponent's filing was late and the certification of counsel was false. Under these circumstances, Eastern's calculated decision to wait to seek relief until Strategic "caught" its late filing must be rejected.

Respectfully submitted,

Edward D. Greim
Attorney for Defendant/Counterclaimant

cc:     Counsel of record via ECF